**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | | |
|---|---|---|
| CHARLES L. WALDEN | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| ENTERPRISE SERVICES GROUP, LLC, | ) | |
| CLARENCE M. HOWARD, and | ) | |
| NATIONAL INDEMNITY GROUP OF | ) | |
| INSURANCE COMPANIES OR | ) | |
| NATIONAL INDEMNITY COMPANY | ) | |
| | ) | |
|     Defendants | | |

---

**NOTICE OF REMOVAL**
***Electronically Filed***

---

The Defendant, National Indemnity Company ("NICO")(incorrectly identified as National Indemnity Group of Insurance Companies), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby notifies this Court that it is removing the above-captioned action, currently pending as Civil Action No. 22-CI-00345 in the Madison Circuit Court in Madison County, Kentucky, to the United States District Court for the Eastern District of Kentucky, Lexington Division.

In support of this Notice of Removal, Defendant states as follows:

1.      On or about August 10, 2022, Plaintiff, Charles L. Walden ("Walden"), filed a Complaint in the Madison Circuit Court in Madison County, Kentucky styled, *Charles L. Walden v. Enterprises Services Group LLC et al.,* Civil Action No. 22-CI-345 (*See* State Court Record in the Action, attached hereto as Exhibit A).  The Plaintiff's Complaint in the Action sets forth several

causes of action stemming from a motor vehicle accident in which purportedly a Freightliner truck owned by Enterprises Services Group LLC ("Enterprises") and driven by Clarence Howard ("Howard") collided with Walden's vehicle while in Madison County, Kentucky causing Walden serious personal injuries.  The Complaint alleges common law negligence and negligence *per se* claims against Howard; derivative liability on the part of Enterprise for Howard's alleged negligence, as well as direct claims against Enterprises for negligence in the hiring, training, and supervision of Howard and negligent entrustment and negligence in inspecting the relevant Freightliner truck; statutory bad faith claims under KRS 304.12-230 against NICO and its former claims adjuster Vince Kline ("Kline"); and an underinsured motorist/UIM claim against Progressive Casualty Insurance Company ("Progressive").

2.      This Notice of Removal was filed on September 19, 2022. It is timely under 28 U.S.C. § 1446 in that it was filed within thirty (30) days of service of the complaint and summons upon NICO on August 22, 2022, which is the date upon which the Kentucky Secretary of State's return was filed in the record with the Madison Circuit Court. *See Wells v. GEICO Gen. Ins. Co.*, 2020 U.S. Dist. LEXIS 260071 at *4 (E.D.Ky., Jan. 23, 2020*); Hicks v. City of Hopkinsville*, 2022 Ky.App. LEXIS 32 at *17 (Ky. App., April 8, 2022) (service is deemed effectuated upon return of service from the Secretary of State under KRS 454.210(3)).

3.      All other Defendants in this action have also been served, and consistent with 28 U.S.C. § 1446 (b)(2)(A) all have consented to removal of this action to this Court.

4.      The above-described action is one which may be removed by Defendants pursuant to the provisions of 28 U.S.C. § 1441 on the basis of diversity jurisdiction and amount in controversy, as indicated by the following circumstances:

**Diversity**

5.      The Plaintiff Walden was and is a citizen of the Commonwealth of Kentucky." (*See* ¶ 1 of the Plaintiff's Complaint).

6.      In his Complaint, Plaintiff named "National Indemnity Group of Insurance Companies or National Indemnity Company."  In truth there is no such legal entity as "National Indemnity Group of Insurance Companies".  It is thus an improperly named defendant which has no citizenship to be considered in assessing whether there is proper diversity of citizenship among the parties to support removal.

7.      The Defendant NICO was and is the underwriting company which issued the relevant policy under which Plaintiff seeks liability coverage.  It was at the time of the commencement of this action and remains, and is presently, a corporation organized under the laws of the State of Nebraska, with its principal place of business in Omaha, Nebraska.  The citizenship of a corporation is determined by both its state of incorporation and its principal place of business.  Thus, NICO is and was at the time of the commencement of this action (and continues to be) a citizen of Nebraska, and not Kentucky.

8.      The Defendant Kline was and is a citizen of Nebraska, and not Kentucky.

9.      The Defendant Enterprises was incorporated in Georgia and its principal registered office is in Alpharetta, Georgia. Thus, Enterprises is and was at the time of the commencement of this action (and continues to be) a citizen of Georgia, and not Kentucky.

10.     The Defendant Howard is believed to be a citizen of Georgia, not Kentucky.

11.     The Defendant Progressive was incorporated in Ohio and its principal registered office is in Cleveland, Ohio. Thus, Progressive is and was at the time of the commencement of this action (and continues to be) a citizen of Ohio, and not Kentucky.

12.     Therefore, there is complete diversity of citizenship between the relevant parties to this lawsuit.

**Amount in Controversy**

12.     The amount in controversy in this case, exclusive of interest and costs, exceeds $75,000 as required by 28 U.S.C. § 1332(a).

13.     In determining whether the amount in controversy is satisfied, the court need only be convinced that it is more likely than not that the amount at issue exceeds $75,000. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (stating that a removing defendant must only "show by a preponderance of the evidence that the amount in controversy requirement has been met"). "This standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.'" *Id.* (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (abrogated on other grounds).

14.     In the Complaint, the Plaintiff seeks compensatory damages to compensate him for the "temporary and permanent injuries, causing physical and mental pain and anguish, loss of enjoyment of life, loss of earning capacity and he has suffered an increased risk of likelihood of future complications and he has incurred medical expenses," he contends were caused by the negligence of Defendants Enterprise and/or Howard.  (*See* Plaintiff's Complaint, ¶ 15).

15.     Plaintiff has advised NICO that Plaintiff attributes a broken hip and/or costs of surgery to repair it on the accident and the negligence or Enterprises and/or Howard.  Upon information and belief, NICO believes that the Plaintiff is seeking $75,000 or more for his accident-related bodily injury damages.

4

16.    In addition, Plaintiff also alleges in the Complaint that Howard committed gross negligence (See Complaint at ¶7) and thus also seeks punitive (in addition to compensatory damages) against Enterprises and Howard.  (*See* Prayer for Relief in Plaintiff's Complaint).

17.    In this case, and as shown in the attached declarations page, the NICO policy at issue provides for $1 million in liability coverage.  (*See* Declarations Page at Exh. B). Yet, Plaintiff also seeks UIM coverage against Progressive, which would only be available if the NICO liability coverage did not fully compensate Plaintiff for his accident-related damages.  That Plaintiff is seeking UIM coverage in this action is thus further evidence that the amount in controversy in this case far exceeds $75,000, exclusive of costs and interests.

18.    The Complaint also seeks recovery for statutory bad faith against NICO and Kline, including compensatory and punitive damages.  (*See* Prayer for Relief in Plaintiff's Complaint). These damages, too, should also be included in the determination of the amount in controversy. *E.g. Hampton v. Safeco Ins. Co. of Am.,* 2013 U.S. Dist. LEXIS 63545, at *1-2 (E.D. Ky. May 3, 2013).

19.    Based on the foregoing, a reasonable and fair reading of Plaintiff's Complaint demonstrates that the Plaintiffs' claims exceeds the amount in controversy in this action and removal is thus proper.

## Conclusion

20.    Given the facts and circumstances set forth above, this constitutes an action which originally could have been brought before this Court pursuant to 28 U.S.C. § 1332 and which may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

21.     The Eastern District of Kentucky is the proper judicial district for removal, as it embraces the location, Madison County, where the action is currently pending. The Lexington Division is the proper division within the district pursuant to Local Rule 3.1(b)(1) and 3.2(b).

22.     Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place, Madison County, where the action is pending.

23.     This action is not an action described in 28 U.S.C. § 1445.

24.     By virtue of this Notice of Removal, Defendant does not waive its rights to answer the Complaint and/or assert any claims, defenses, or other motions.

25.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Allstate in this action as of the date of filing of this Notice of Removal is attached hereto. (*See* Exhibit A).

26.     This Notice of Removal will be served on all adverse parties in accordance with 28 U.S.C. § 1446.

27.     A true and correct copy of this Notice of Removal will be filed with the clerk of the Madison Circuit Court in accordance with 28 U.S.C. § 1446.

WHEREFORE, this action is properly removed from the Circuit Court of Madison County, Kentucky, to this Court for all further proceedings.

Respectfully submitted,

*/s/ Mindy G. Barfield*
Mindy G. Barfield
Shaye Page Johnson
DINSMORE & SHOHL LLP
100 West Main Street, Suite 900
Lexington, Kentucky  40507
(859) 425-1000
(859) 425-1099 (Facsimile)
*Counsel for Defendant National Indemnity*
*Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via First Class Mail, Postage Prepaid, and via the Court's electronic case management system (CM/ECF) on this 13th day of September, 2022, upon the following:

Robert A. Morrin, Esq.
MORRIN LAW OFFICE
214 West Main Street
Richmond, KY  40475
*Counsel for Plaintiff*

Marcia Milby Ridings, Esq.
HAMM, MILBY & RIDINGS, PLLC
120 N. Main Street
London, KY  40741
*Counsel for Defendants, Enterprise*
*Services Group, LLC and*
*Clarence M. Howard*

Gregg Thornton, Esq.
WARD HOCKER THORNTON
333 West Vine Street, Suite 1100
Lexington, KY  40507
*Counsel for Progressive Casualty*
*Insurance Company*

*/s/ Mindy G. Barfield*
*Counsel for Defendant NICO*

26067030.1