# Exhibit A

NOT ORIGINAL DOCUMENT
09/01/2022 09:59:51 AM
88910

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
CASE NO.: 22-CI-_____
DIVISION: __

***(ELECTRONICALLY FILED)***


CHARLES L. WALDEN                                                           PLAINTIFF,

v.

ENTERPRISE SERVICES GROUP, LLC

     Serve:     Via Kentucky Secretary of State, KRS 454.210
                C/O Jovir Jimenez
                135 Nakomis Place,
                Alpharetta, GA, 30004

                And Via Kentucky Secretary of State, KRS 454.210
                255 SW Walker Street
                Atlanta, GA 30313

-and-

CLARENCE M. HOWARD

     Serve:     Via Kentucky Secretary of State, KRS 454.210
                320 Fairburn Road SW
                Atlanta, GA 30331

                Via Kentucky Secretary of State, KRS 454.210
                2350 Cobb Pkwy SE
                Apt 19K
                Smyrna, GA 30080

-and-

NATIONAL IDEMNITY GROUP OF INSURANCE
COMPANIES OR NATIONAL IDEMNITY COMPANY

     Serve:     Via Kentucky Secretary of State, KRS 454.210
                C/O Raj R. Mehta
                1314 Douglas Street
                Suite 1400
                Omaha, NE 68102-1944

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000001 of 000011

1

Filed                    22-CI-00345        08/10/2022        David M. Fernandez, Madison Circuit Clerk
NOT ORIGINAL DOCUMENT
09/01/2022 09:59:51 AM
88910

-and-

VINCE KLINE

> Serve :        Via Kentucky Secretary of State, KRS 454.210
> P.O. Box 31361
> Omaha, NE 68131

-and-

PROGRESSIVE CASUALTY INSURANCE COMPANY                    DEFENDANTS

> Serve :        Via Certified Mail
> CT Corporation System
> 306 West Main Street Suite 512
> Frankfort, KY 40601

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
## COMPLAINT
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Comes the Plaintiff, Charles L. Walden, by counsel, and for his Complaint, states as follows:

### PRELIMINARY ALLEGATIONS

1.      That on August 10, 2020, the Plaintiff, Charles L. Walden, was a resident of

Richmond, Madison County, Kentucky.

2.      That on August 10, 2020, the relevant time of this action, Defendant Clarence

Howard (hereinafter "Howard") was an individual living at 320 Fairburn Road SW, Atlanta, GA

30331; and, while negligently operating a 2012 Freightliner XCL Chassis on behalf of Defendant,

Enterprise Services Group, LLC, caused a tortious injury to the Plaintiff, Charles L. Walden, while

in Richmond, Kentucky, giving this Court jurisdiction under KRS 452.450.

3.      That on August 10, 2020, the relevant time of this action, Defendant Enterprise

Services Group, LLC (hereinafter "Enterprise") is and was a Limited Liability Company formed

in the state of Georgia, licensed to do business and doing business in the State of Kentucky, with

2

Filed                    22-CI-00345        08/10/2022        David M. Fernandez, Madison Circuit Clerk

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000002 of 000011

Filed                22-CI-00345      08/10/2022        David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/01/2022 09:59:51 AM
88910

a principal office located at 135 Nakomis Place, Alpharetta, GA, 30004, and a registered agent of service of Jovir Jimenez, 135 Nakomis Place, Alpharetta, GA, 30004. At the time of the subject incident, Defendant Enterprise was the registered owner of the 2012 Freightliner XCL Chassis mentioned in Paragraph 2, and was believed to be the employer of Defendant Howard.

4.      The amount in controversy exceeds the $5,000 jurisdictional minimum of the Madison Circuit Court.

5.      The two-year Statute of Limitations in this case under KRS 304.39-230(6) has not run.

6.      That Madison County, Kentucky is the proper venue in which to bring this action pursuant to KRS 452.450, KRS 454.210(2), and KRS 454.210(4).

## COUNT I: STATUTORY NEGLIGENCE OF DEFENDANT HOWARD

7.      That on August 10, 2020, the Defendant, Howard, operated the said 2012 Freightliner XCL Chassis, and did so with gross negligence, causing tortious injury to the Plaintiff.

8.      That on August 10, 2020, Plaintiff, Charles L. Walden, was traveling north on the I-75 Exit 87 off ramp, in Richmond, Madison County, Kentucky, in a lawful and responsible manner, and was injured in the automobile collision described herein.

9.      At the same time and place the Defendant, Howard, was operating the said 2012 Freightliner XCL Chassis, then left the vehicle improperly parked and unattended on the I-75 Exit 87 off ramp in Richmond, Madison County, Kentucky, causing the collision.

10.     That on August 10, 2020, the Defendant, Howard, operated that vehicle in a negligent, careless, and reckless manner, causing a collision by having an improperly parked

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000003 of 000011

3

NOT ORIGINAL DOCUMENT
09/01/2022 09:59:51 AM
88910

vehicle and not taking the appropriate and required safety measures, including but not limited to not putting out the correct number of reflective triangles.

11.     At all times relevant to this action, Defendant Howard was either an employee acting within the course and scope of his employment by Defendant Enterprise, or Defendant Howard was a statutory employee or agent of Defendant Enterprise, and had permissible use to drive said 2012 Freightliner XCL Chassis as an act of his employment.

12.     Howard's actions which are imputed to his employer under the doctrine of *respondeat superior*, as set forth in Paragraph 9, *supra*, constitute violations of various sections and sub-sections of the Kentucky Revised Statutes; including, but not limited to KRS 189.290 (1), KRS 189.010*, et seq* and 189.450(3) and constitute negligence per se pursuant to KRS 446.070 and Kentucky Case Law.

13.     Howard's actions which are imputed to his employer under the doctrine of *respondeat superior*, as set forth in Paragraph 9, *supra*, constitute violations of various sections and sub-sections of the Kentucky Revised Statutes, including KRS 411.184, and were carried out with a flagrant indifference to the rights of the Plaintiff.

14.     That the injuries sustained by Plaintiff, Charles L. Walden, are of the type which these statutes seek to prevent, and that Plaintiff was a member of the class of persons these statutes were designed to protect, and that such injuries were proximately caused by Howard's violations of these statutes.

15.     As a direct and proximate result of the negligence and the statutory violations of Defendant Howard, which are imputed to his employer, set forth in Paragraphs 11 and 12, *supra*, Plaintiff suffered property damage, temporary and permanent injuries, causing physical and mental pain and anguish, loss of the enjoyment of life, wage loss, loss of earning capacity, and he has

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000004 of 000011

Filed          22-CI-00345          08/10/2022          David M. Fernandez, Madison Circuit Clerk

Filed                    22-CI-00345    08/10/2022                David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/01/2022 09:59:51 AM
88910

suffered an increased risk of the likelihood of future complications and he has incurred medical expenses.

16.     Defendant Enterprise had a duty under statutory, regulatory and common law, to properly hire, train, and supervise the activities of its employees, including Howard, in the operation and maintenance of its commercial vehicles. Defendant Enterprise negligently failed to do so.

## COUNT II: COMMON LAW NEGLIGENCE OF DEFENDANT HOWARD

17.     The Plaintiff hereby reaffirms, reiterates, and incorporates all of the allegations previously stated as if they had been fully stated herein.

18.     At the time and place referred to in Paragraphs 2, 8, & 9, *inter alia, supra*, (COUNT I), Defendant Howard, individually and/or whose actions are imputed to his employer under the doctrine of *respondeat superior*, operated the said vehicle in a grossly negligent, careless, and reckless manner, causing the collision mentioned in Paragraphs 8 & 10 (COUNT I) and causing the injuries and damages to the Plaintiff referred to in Paragraph 14 (COUNT I).

19.     Defendant Enterprise had a duty, under statutory, regulatory, and common law, to properly hire, train, and supervise the activities of its employees, including Howard, in the operation and maintenance of its commercial vehicles. Defendant Enterprise negligently failed to do so.

## COUNT III: NEGLIGENCE PER SE OF DEFENDANT HOWARD

20.     The Plaintiff hereby reaffirms, reiterates, and incorporates all of the allegations previously stated as if they had been fully stated herein.

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000005 of 000011

Filed                    22-CI-00345    08/10/2022                David M. Fernandez, Madison Circuit Clerk

Filed                                                22-CI-00345     08/10/2022                David M. Fernandez, Madison Circuit Clerk
NOT ORIGINAL DOCUMENT
09/01/2022 09:59:51 AM
88910

21.     At the time and place referred to in Paragraphs 2, 8, & 9, *inter alia, supra*, (COUNT

I), Defendant Howard and Defendant Enterprise either directly or through imputed liability

violated the Federal Motor Carrier Safety Regulations and the Motor Carrier Act, and is negligent

*per se*.

### COUNT IV: NEGLIGENT HIRING OF DEFENDANT HOWARD BY DEFENDANT, ENTERPRISE SERVICES GROUP, LLC

22.     The Plaintiff hereby reaffirms, reiterates, and incorporates all of the allegations

previously stated as if they had been fully stated herein.

23.     Defendant Enterprise was negligent in their employee hiring practices when

hiring Defendant Howard.

24.     As a direct and proximate result of the negligent employee hiring practices of

Defendant Enterprise, Plaintiff suffered temporary and permanent injuries, causing physical and

mental pain and anguish, loss of the enjoyment of life, loss of earning capacity and he has suffered

an increased risk of the likelihood of future complications and he has incurred medical expenses.

### COUNT V: NEGLIGENT RETENTION OF DEFENDANT HOWARD BY DEFENDANT ENTERPRISE

25.     The Plaintiff hereby reaffirms, reiterates, and incorporates all of the allegations

previously stated as if they had been fully stated herein.

26.     Defendant Enterprise was negligent in their employee retention practices when

hiring Defendant Howard.

27.     As a direct and proximate result of the negligent employee retention practices of

Defendant Enterprise, Plaintiff suffered temporary and permanent injuries, causing physical and

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000006 of 000011

Filed                    22-CI-00345        08/10/2022        David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/01/2022 09:59:51 AM
88910

mental pain and anguish, loss of the enjoyment of life, loss of earning capacity and he has suffered

an increased risk of the likelihood of future complications and he has incurred medical expenses.

## COUNT VI: NEGLIGENT SUPERVISION OF DEFENDANT HOWARD
## BY DEFENDANT ENTERPRISE

28.     The Plaintiff hereby reaffirms, reiterates, and incorporates all of the allegations

previously stated as if they had been fully stated herein.

29.     Defendant Enterprise was negligent in their supervision Defendant Howard.

30.     As a direct and proximate result of the negligent supervision practices of Defendant

Enterprise, Plaintiff suffered temporary and permanent injuries, causing physical and mental pain

and anguish, loss of the enjoyment of life, loss of earning capacity and he has suffered an increased

risk of the likelihood of future complications and he has incurred medical expenses.

## COUNT VII: NEGLIGENT UNDERTAKING AND TRAINING OF DEFENDANT
## HOWARD BY DEFENDANT ENTERPRISE

31.     The Plaintiff hereby reaffirms, reiterates, and incorporates all of the allegations

previously stated as if they had been fully stated herein.

32.     Defendant Enterprise undertook the training of Defendant Howard.

33.     Defendant Enterprise knew or should have known that its training program was

intended to protect the public safety, that is, the safety of others.

34.     Defendant Enterprise failed to exercise reasonable care in training its drivers.

35.     Defendant Enterprise's failure to properly train its drivers increased the risk of harm

to the Plaintiff.

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000007 of 000011

7

Filed                                                                                                   NOT ORIGINAL DOCUMENT
                                                                                                        09/01/2022 09:59:51 AM
                                                                                                        88910

## COUNT VIII: NEGLIGENT ENTRUSTMENT OF DEFENDANT ENTERPRISE

36.     The Plaintiff hereby reaffirm, reiterate, and incorporate all of the allegations previously stated as if they had been fully stated herein.

37.     At all times relevant hereto, Defendant Enterprise had exclusive possession, control, and use of the 2012 Freightliner XCL Chassis and is completely responsible for the operation of the 2012 Freightliner XCL Chassis and equipment or the duration of the lease if such vehicle was leased.

38.     Defendant Enterprise knew or should have known that Defendant Howard was inexperienced, reckless, careless, or otherwise unfit to drive the 2012 Freightliner XCL Chassis. Plaintiff's injuries were natural and probable consequences of such entrustment.

## COUNT IX: NEGLIGENT INSPECTION, MAINTENANCE, OR REPAIR OF DEFENDANT ENTERPRISE

39.     The Plaintiff hereby reaffirm, reiterate, and incorporate all of the allegations previously stated as if they had been fully stated herein.

40.     At all times relevant hereto, Defendant Enterprise had exclusive possession, control, and use of the 2012 Freightliner XCL Chassis and is completely responsible for the operation of the 2012 Freightliner XCL Chassis and equipment or the duration of the lease if such vehicle was leased.

41.     Defendant Enterprise knew or should have known that the 2012 Freightliner XCL Chassis was unfit to be traveling on I-75 and required inspection, maintenance, and/or repair. Plaintiff's injuries were natural and probable consequences of such negligence.

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000008 of 000011

8

NOT ORIGINAL DOCUMENT
09/01/2022 09:59:51 AM
88910

## COUNT X: UNFAIR CLAIMS SETTLEMENT PRACTICES

42.     The Plaintiff hereby reaffirm, reiterate, and incorporate all of the allegations previously stated as if they had been fully stated herein.

43.     In the course of the Plaintiff's attempts to settle the liability claim, Defendants, National Indemnity Company and their agent, Vince Kline, compelled Plaintiff to institute litigation to recover amounts due under an insurance policy by not making a reasonable offer in light of the Plaintiff's damages. In the course of Plaintiff's attempts to settle the liability claim, Defendants, National Indemnity Company and their agent, Vince Kline, refused to implement reasonable standards for the prompt investigation of claims arising under insurance policies related to this claim.  In the course of Plaintiff's attempts to settle the liability claim, Defendants, National Indemnity Company and their agent, Vince Kline, failed to promptly provide a reasonable explanation for the basis of the offer extended to Plaintiff.

44.     In the course of the Plaintiffs' attempts to settle the liability claim, Defendants, National Indemnity Company and their agent, Vince Kline, violated KRS 304.12-230, including but not limited to subsections (3), (4), (6), (7), and (14).

45.     In the course of settling the claim, Defendants, National Indemnity Company and their agent, Vince Kline, violated KRS 304.12-010.

46.     In the course of settling the claim, Defendants, National Indemnity Company and their agent, Vince Kline, acted in a grossly negligent manner.

## COUNT XI: UNDERINSURED MOTORIST COVERAGE

47.     The Plaintiff hereby reaffirms, reiterates, and incorporates all allegations previously stated as if they had been fully stated herein.

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000009 of 000011

9

NOT ORIGINAL DOCUMENT
09/01/2022 09:59:51 AM
88910

48.     The Plaintiff, Charles L. Walden, is insured under Underinsured Motorist Coverage and Uninsured Motorist Coverage through Progressive Casualty Insurance Company, under Policy No. 931651604. It is Plaintiff's belief that certain personal Defendants herein may be underinsured and, accordingly, Progressive Casualty Insurance Company is responsible for such Defendants' liabilities to the Plaintiff, and that therefore, Progressive Casualty Insurance Company is made a party to such claims if they arise, and to assert any subrogation claims it may have, or be barred forever from doing so.  In the event Plaintiff, Charles L. Walden, is unable to receive his lawful compensatory damages from any individual defendant, he asserts his rights as a First Party Claimant against Progressive Casualty Insurance Company, under the aforesaid policy.

**WHEREFORE**, the Plaintiff, Charles L. Walden, demands as follows:

A.  Judgment against Clarence Howard in a fair and reasonable amount for Compensatory and Punitive damages, in a sum in excess of the minimum jurisdictional limits of this Court;

B.  Judgement against Enterprise Services Group, LLC in a fair and reasonable amount for Compensatory and Punitive damages, in a sum in excess of the minimum jurisdictional limits of this Court;

C.  Judgement against National Indenity Company and their adjuster, Vince Kline, for Compensatory and Punitive damages in a sum in excess of the minimum jurisdictional limits of this Court;

D.  Judgement against Progressive Casualty Insurance Company in a fair and reasonable amount for Compensatory damages, in a sum in excess of the minimum jurisdictional limits of this Court;

E.  Plaintiff's Attorney Fees and court costs;

F.  Summons to issue as directed in the caption;

10

Presiding Judge: HON. COLE A. MAIER (625419)

COM : 000010 of 000011

Filed

NOT ORIGINAL DOCUMENT
09/01/2022 09:59:51 AM
88910

G.  Trial by Jury on all issues so triable; and

H.  Any and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

MORRIN LAW OFFICE

_/s/*Robert A. Morrin*_____

Hon. Robert A. Morrin
214 West Main Street
Richmond, Kentucky 40475
859-358-0300
*Attorney for Plaintiff*

Presiding Judge: HON. COLE A. MAIER (625419)

COM : **000011 of 000011**

11



AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

NOT ORIGINAL DOCUMENT
09/19/2022  Case #: 22-CI-00345
889080 Court:   **CIRCUIT**

County: **MADISON**

## CIVIL SUMMONS

---

*Plantiff,* **WALDEN, CHARLES L VS. ENTERPRISE SERVICES GROUP, LLC ET AL**, *Defendant*

TO:  **CLARENCE  M HOWARD**
      **320 FAIRBURN ROAD SW**
      **ATLANTA, GA 30331**

Memo:  Alternative Service Address exists.

The Commonwealth of Kentucky to Defendant:

  You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David M. Fernandez,
Madison Circuit Clerk
Date: **8/10/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

Date: _____, 20 _____        _____
                                                    Served By

                                                    _____
                                                    Title

---

Summons ID: @00001109082
CIRCUIT: 22-CI-00345 Long Arm Statute – SOS - Restricted Delivery
WALDEN, CHARLES L VS. ENTERPRISE SERVICES GROUP, LLC ET AL



Page 1 of 1

eFiled

Presiding Judge: HON. COLE A. MAIER (625419)

CI : 000001 of 000001

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14 |  | NOT ORIGINAL DOCUMENT<br>09/19/2022   Case #: 22-CI-00345 |
| Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov* | | 88968Court:   **CIRCUIT** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | County: **MADISON** |

*Plantiff,* **WALDEN, CHARLES L VS. ENTERPRISE SERVICES GROUP, LLC ET AL**, *Defendant*

TO:  **CLARENCE  M HOWARD**

    **2350 COBB PKWY SE**

    **APT 19K**

    **SMYRNA, GA 30080**

The Commonwealth of Kentucky to Defendant:
**CLARENCE  M HOWARD**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David M. Fernandez,
Madison Circuit Clerk
Date: **8/10/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____        _____

                                          Served By

                                          _____

                                            Title

Presiding Judge: HON. COLE A. MAIER (625419)

CI : 000001 of 000001



eFiled



AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

NOT ORIGINAL DOCUMENT
09/19/2022   Case #: 22-CI-00345
889060
Court:   **CIRCUIT**
County: **MADISON**

# CIVIL SUMMONS

*Plantiff,* **WALDEN, CHARLES L VS. ENTERPRISE SERVICES GROUP, LLC ET AL**, *Defendant*

TO:  **CT CORPORATION SYSTEM**
      **306 WEST MAIN STREET**
      **SUITE 512**
      **FRANKFORT, KY 40601**

Memo: Related party is PROGRESSIVE CASUALTY INSURANCE COMPANY

The Commonwealth of Kentucky to Defendant:
**PROGRESSIVE CASUALTY INSURANCE COMPANY**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                    /s/ David M. Fernandez,
                                      Madison Circuit Clerk
                                      Date: **8/10/2022**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____     _____
                                                Served By

                                            _____
                                            Title

*Presiding Judge: HON. COLE A. MAIER (625419)*

*CI : 000001 of 000001*


eFiled



AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

CR 4.02; Cr Official Form 1

NOT ORIGINAL DOCUMENT
09/19/2022 Case #: 22-CI-00345
88968 Court:   **CIRCUIT**

County:  **MADISON**

# CIVIL SUMMONS

---

*Plantiff,* **WALDEN, CHARLES L VS. ENTERPRISE SERVICES GROUP, LLC ET AL**, *Defendant*

### TO:  **ENTERPRISE SERVICES GROUP, LLC**

**255 SW WALKER STREET**

**ATLANTA, GA 30313**

The Commonwealth of Kentucky to Defendant:
**ENTERPRISE SERVICES GROUP, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David M. Fernandez,
Madison Circuit Clerk
Date: **8/10/2022**

Presiding Judge: HON. COLE A. MAIER (625419)

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

CI : 000001 of 000001

---

Summons ID: @00001109080
CIRCUIT: 22-CI-00345 Long Arm Statute – Secretary of State
WALDEN, CHARLES L VS. ENTERPRISE SERVICES GROUP, LLC ET AL



**eFiled**



AOC-E-105       Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
09/19/2022 22-CI-00345

889088 Court: **CIRCUIT**

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

County: **MADISON**

CR 4.02; Cr Official Form 1

## CIVIL SUMMONS

---

*Plantiff,* WALDEN, CHARLES L VS. ENTERPRISE SERVICES GROUP, LLC ET AL, *Defendant*

TO:  **JOVIR  JIMENEZ**
   **135 NAKOMIS PLACE**
   **ALPHARETTA, GA 30004**

Memo: Related party is ENTERPRISE SERVICES GROUP, LLC

The Commonwealth of Kentucky to Defendant:
**ENTERPRISE SERVICES GROUP, LLC**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David M. Fernandez,
Madison Circuit Clerk
Date: **8/10/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

Summons ID: @00001109085
CIRCUIT: 22-CI-00345 Long Arm Statute **–** Secretary of State
WALDEN, CHARLES L VS. ENTERPRISE SERVICES GROUP, LLC ET AL



Page 1 of 1

eFiled

Presiding Judge: HON. COLE A. MAIER (625419)

CI : 000001 of 000001

AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1



NOT ORIGINAL DOCUMENT
09/19/2022  Case #: 22-CI-00345
889049Court:   **CIRCUIT**
County: **MADISON**

# CIVIL SUMMONS

---

*Plantiff,* **WALDEN, CHARLES L VS. ENTERPRISE SERVICES GROUP, LLC ET AL**, *Defendant*

TO:  **RAJ R MEHTA**
       **1314 DOUGLAS STREET**
       **SUITE 1400**
       **OMAHA, NE 68102**

Memo: Related party is NATIONAL IDEMNITY GROUP OF INSURANCE  CO

The Commonwealth of Kentucky to Defendant:
**NATIONAL IDEMNITY GROUP OF INSURANCE  CO**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                              /s/ David M. Fernandez,
                              Madison Circuit Clerk
                              Date: **8/10/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____        _____
                                        Served By
                                        _____
                                        Title

---

Summons ID: @00001109086
CIRCUIT: 22-CI-00345 Long Arm Statute – Secretary of State
WALDEN, CHARLES L VS. ENTERPRISE SERVICES GROUP, LLC ET AL



Page 1 of 1

Presiding Judge: HON. COLE A. MAIER (625419)

CI : 000001 of 000001

eFiled



AOC-E-105   Sum Code: CI
Rev. 9-14

**NOT ORIGINAL DOCUMENT**
09/19/2022 Case #: 22-CI-00345

Commonwealth of Kentucky
Court of Justice   *Courts.ky.gov*

8890.00 Court: **CIRCUIT**

County: **MADISON**

CR 4.02; Cr Official Form 1

## CIVIL SUMMONS

---

*Plantiff,* **WALDEN, CHARLES L VS. ENTERPRISE SERVICES GROUP, LLC ET AL**, *Defendant*

TO:  **VINCE  KLINE**
   **P.O. BOX 31361**
   **OMAHA, NE 68131**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David M. Fernandez,
Madison Circuit Clerk
Date: **8/10/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____        _____

                                          Served By

                                        _____

                                          Title

---

Summons ID: @00001109084
CIRCUIT: 22-CI-00345 Long Arm Statute – SOS - Restricted Delivery
WALDEN, CHARLES L VS. ENTERPRISE SERVICES GROUP, LLC ET AL



Page 1 of 1



Presiding Judge: HON. COLE A. MAIER (625419)

CI : 000001 of 000001

**UNITED STATES**
**POSTAL SERVICE**

NOT ORIGINAL DOCUMENT
09/13/2022 04:36:42 PM
88910

Date Produced: 08/22/2022

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8386 0475 67. Our records indicate that this item was delivered on 08/17/2022 at 08:05 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

# MADISON CIRCUIT COURT

# 101 WEST MAIN STREET, #227

# RICHMOND KY 40475

TIME __10:10__ FILED A.M./P.M.

AUG 22 2022

MADISON CIRCUIT COURT
DAVID FERNANDEZ, CLERK

# RETURN RECEIPT CARD

# (GREEN CARD)

22-CI-345

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Office of the Secretary of State
Summons Branch
700 Capital Ave., Suite 86
Frankfort, KY 40601

1 22-CI-345 ENTERPRISE SVS GRP

9590 9402 7058 1225 4362 58

2. Article Number (Transfer from service label)

7020 0640 0001 3184 5223

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

BRIAN HOWARD

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ d Mail
☐ d Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

# MADISON CIRCUIT COURT

# 101 WEST MAIN STREET, #227

# RICHMOND KY 40475



TIME _____ FILED _____ A.M./P.M.
AUG 22 2022
MADISON CIRCUIT COURT
DAVID FERNANDEZ, CLERK

# RETURN RECEIPT CARD

# (GREEN CARD)

22-CI-345

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Office of the Secretary of State
Summons Branch
700 Capital Ave., Suite 86
Frankfort, KY 40601

( 22-CI-345 MEHTA )

9590 9402 7058 1225 4362 72

2. Article Number (Transfer from service label)

7020 0640 0001 3184 5209

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

BRIAN HOWARD
AUG 16 2022

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ d Mail
☐ d Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

# MADISON CIRCUIT COURT

# 101 WEST MAIN STREET, #227

# RICHMOND KY 40475



FILED
TIME ___10:10___ A.M./P.M.
AUG 22 2022
MADISON CIRCUIT COURT
DAVID FERNANDEZ, CLERK

# RETURN RECEIPT CARD

# (GREEN CARD)

22-CI-345

---

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Office of the Secretary of State<br>Summons Branch<br>700 Capital Ave., Suite 86<br>Frankfort, KY 40601<br>( 22-CI-345 HOWARD ) | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>BRIAN HOWARD<br>AUG 19 2022 |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 7058 1225 4362 27 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☒ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☒ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7020 0640 0001 3184 5254 | |
| PS Form 3811, July 2020 PSN 7530-02-000-9053 | Domestic Return Receipt |

# MADISON CIRCUIT COURT

# 101 WEST MAIN STREET, #227

# RICHMOND KY 40475

TIME ___10:10___ FILED A.M./P.M.

AUG 22 2022

MADISON CIRCUIT COURT
DAVID FERNANDEZ, CLERK

# RETURN RECEIPT CARD

# (GREEN CARD)

22-CI-345

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Office of the Secretary of State
Summons Branch
700 Capital Ave., Suite 86
Frankfort, KY 40601

(22-CI-345 JOVIR JIMINEZ )

9590 9402 7058 1225 4362 89

2. Article Number (Transfer from service label)

7020 0640 0001 3184 5216

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

BECKY HOWARD

AUG 19 2022

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt

# MADISON CIRCUIT COURT

# 101 WEST MAIN STREET, #227

# RICHMOND KY 40475



TIME_____ FILED_____ A.M./P.M.
10:10
AUG 22 2022
MADISON CIRCUIT COURT
DAVID FERNANDEZ, CLERK

# RETURN RECEIPT CARD

# (GREEN CARD)

22- CI- 345

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X                                      ☐ Agent<br>                                        ☐ Addressee<br>B. Received by *(Printed Name)*    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Office of the Secretary of State<br>Summons Branch<br>700 Capital Ave., Suite 86<br>Frankfort, KY 40601<br>( '22-CI-345  VINCE KLINE  )<br><br>‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 7058 1225 4362 41 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:   ☐ No<br><br>BRIAN HOWARD<br>AUG 1   2022 |
| | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☑ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>    Mail<br>    Mail Restricted Delivery   ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☑ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7020 0640 0001 3184 5230 | |
| PS Form 3811, July 2020 PSN 7530-02-000-9053 | Domestic Return Receipt |

# MADISON CIRCUIT COURT

# 101 WEST MAIN STREET, #227

# RICHMOND KY 40475

FILED
TIME ___10:00___ A.M./P.M.
AUG 22 2022
MADISON CIRCUIT COURT
DAVID FERNANDEZ, CLERK

# RETURN RECEIPT CARD

# (GREEN CARD)

22-CI-345

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

1. Article Addressed to:

Office of the Secretary of State
Summons Branch
700 Capital Ave., Suite 86
Frankfort, KY 40601
( 22-CI- 345  Howard ASA  )

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No


BRIAN HOWARD

AUG 19 2022

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 7058 1225 4362 34

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*
7020 0640 0001 3184 5247

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

Filed          22-CI-00345          08/25/2022          David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/13/2022 02:27:20 PM
88910

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
CASE NO.: 22-CI-00345

CHARLES L. WALDEN                                    PLAINTIFF,

v.

ENTERPRISE SERVICES GROUP, LLC, et al               DENDENDANTS.

**************************************************
**NOTICE OF COMPLIANCE WITH KRS 411.188(2) AND (4)**
**************************************************

The undersigned does hereby certify that, pursuant to the requirement of KRS 411.188(2) and (4), **no entities require notice** by certified mail that this action has commenced, that the said party may hold a subrogation right to any award received by the Plaintiff as a result of this action, and that, pursuant to Kentucky Civil Rule 24, failure to intervene in this action will result in the loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

Respectfully Submitted,

MORRIN LAW OFFICE

__/s/ Robert A. Morrin_____
Hon. Robert A. Morrin (KBA # 94368)
214 West Main Street
Richmond, KY 40475
(859) 358-0300
*Counsel for Plaintiff*

NO : 000001 of 000001



**Commonwealth of Kentucky**

**David M. Fernandez, Madison Circuit Clerk**

NOT ORIGINAL DOCUMENT
09/13/2022 04:35:58 PM
88910

| | |
|---|---|
| **Case #:** 22-CI-00345 | **Envelope #:** 4914561 |
| **Received From:** ROBERT ANDREW MORRIN | **Account Of:** ROBERT ANDREW MORRIN |
| **Case Title:** WALDEN, CHARLES L VS. ENTERPRISE SERVICES GROUP, LLC ET AL | **Confirmation Number:** 148144321 |
| **Filed On** 8/10/2022  4:22:35PM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Money Collected For Others(Postage) | $14.65 |
| 5 | Money Collected For Others(Postage) | $47.28 |
| 6 | Money Collected For Others(Postage) | $47.28 |
| 7 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 8 | Money Collected For Others(Secretary of State) | $49.05 |
| 9 | Money Collected For Others(Secretary of State) | $30.00 |
| 10 | Library Fee | $1.00 |
| 11 | Civil Filing Fee | $150.00 |
| 12 | Charges For Services(Attestation) | $0.50 |
| 13 | Charges For Services(Attestation) | $0.50 |
| 14 | Charges For Services(Copy - Photocopy) | $7.80 |
| 15 | Charges For Services(Copy - Photocopy) | $7.80 |
| 16 | Charges For Services(Copy - Photocopy) | $1.30 |
| 17 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $497.16 |

Filed          22-CI-00345     09/09/2022        David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/13/2022 02:25:18 PM
88910

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
CIVIL ACTION NO. 22-CI-00345
*ELECTRONICALLY FILED*


CHARLES L. WALDEN                                                    PLAINTIFF


V.        **PROGRESSIVE CASUALTY INSURANCE COMPANY'S
          ANSWER TO COMPLAINT AND CROSSCLAIM
          AGAINST CLARENCE M. HOWARD**


ENTERPRISE SERVICES GROUP, LLC;                          DEFENDANTS
CLARENCE M. HOWARD; NATIONAL
INDEMNITY GROUP OF INSURANCE
COMPANIES OR NATIONAL INDEMNITY
COMPANY; VINCE KLINE AND
PROGRESSIVE CASUALTY INSURANCE
COMPANY

***** ***** *****

Comes the Defendant, Progressive Casualty Insurance Company, by and through counsel,

and for its Answer to the Complaint of the Plaintiff, Charles L. Walden, states as follows:

### FIRST DEFENSE

That there may exist other policies of underinsured motorists coverage that provide

setoffs and/or credits and/or that are in primary priority to the Progressive Casualty Insurance

Company policy of underinsured coverage, and Progressive Casualty Insurance Company asserts

same as a defense.

### SECOND DEFENSE

That the Plaintiff's Complaint fails to state a claim or cause of action against this

Defendant upon which relief may be granted and therefore the same must be dismissed.

### THIRD DEFENSE

1) That this Defendant is without knowledge or information sufficient to form a belief as

to the truthfulness of the allegations set forth within numerical paragraphs 1, 2, 3, 4, 5, 7, 8, 9,

AACR : 000001 of 000006

NOT ORIGINAL DOCUMENT
09/13/2022 02:25:18 PM
88910

10, 11, 12, 13, 14, 15, 16, 18, 19, 21, 23, 24, 26, 27, 29, 30, 32, 33, 34, 35, 37, 38, 40, 41, 43, 44, 45, 46 and 48 of the Plaintiff's Complaint and therefore said allegations are denied.

2) That this Defendant admits the allegations set forth within numerical paragraph 6 of the Plaintiff's Complaint.

3) With respect to numerical paragraphs first 17, 20, 22, 25, 28, 31, 36, 39, 42 and 47 of Plaintiff's Complaint, this Defendant adopts, reiterates and incorporates by reference all previous affirmative defenses as if fully stated herein.

4) That this Defendant denies each and every remaining allegation set forth within the Plaintiff's Complaint which is not admitted herein.

## FOURTH DEFENSE

That the Plaintiff's claims and damages as alleged in his Complaint, if any, were the sole result of her own negligence.

## FIFTH DEFENSE

That the claims and damages as alleged in the Plaintiff's Complaint, if any, were due to some pre-existing condition or conditions over which this Defendant had any control.

## SIXTH DEFENSE

That the claims and damages as alleged in the Plaintiff's Complaint, if any, were the result of the conduct of some third party or parties over which this Defendant had any control.

## SEVENTH DEFENSE

That the claims and damages as alleged in the Plaintiff's Complaint, if any, were the result of some intervening and/or superseding cause and/or were the result of an unavoidable accident all for which this Defendant had any control.

AACR : 000002 of 000006

NOT ORIGINAL DOCUMENT
09/13/2022 02:25:18 PM
88910

### EIGHTH DEFENSE

That the Plaintiffs have failed to mitigate his damages, if any.

### NINTH DEFENSE

That this Defendant pleads and relies upon the provisions of KRS 304.39 et seq, the Kentucky Motor Vehicle Reparations Act, and all defenses express and implicit therein.

### TENTH DEFENSE

That the Plaintiff's Complaint against this Defendant is barred by the doctrines of waiver and/or estoppel and/or statute of limitations and therefore must be dismissed.

### ELEVENTH DEFENSE

That the vehicle operated by Defendant Clarence Howard was not uninsured or underinsured at the time of the accident referred to in the Plaintiff's Complaint and therefore said Complaint against this Defendant must be dismissed.

### TWELFTH DEFENSE

That the Plaintiff's Complaint is barred by reason of the failure of the Plaintiffs and/or any persons on the Plaintiff's behalf to satisfy all conditions precedent and/or conditions subsequent or to be covered under the relevant policies which are applicable to and required by the policy of insurance issued by this Defendant and/or the applicable laws and statutes and therefore the Plaintiff's Complaint against this Defendant must be dismissed.

### THIRTEENTH DEFENSE

That the Plaintiff's claims and damages as alleged in his Complaint, if any, are not covered under the policy of insurance issued by this Defendant and/or, in the alternative, said claims and damages are properly excluded under one or more of the applicable policy terms, provisions, definitions, endorsements and/or exclusions of the policy.

AACR : 000003 of 000006

NOT ORIGINAL DOCUMENT
09/13/2022 02:25:18 PM
88910

## FOURTEENTH DEFENSE

To the extent there exists a dispute concerning insurance coverage available to the underlying tortfeasor in this matter, such existence of coverage would negate and resolve any uninsured motorist claim made against this Defendant and/or also negate any allegation of insufficient insurance coverage and therefore negate any underinsured motorist claim against this Defendant, and as such the Complaint should be dismissed and held for naught.

WHEREFORE, the Defendant, Progressive Casualty Insurance Company, by and through counsel, respectfully demands the following relief:

1)     That Plaintiff's Complaint against it be dismissed and held for naught;

2)     For its costs herein expended, including a reasonable attorney's fee; and

3)     For any and all other relief to which it may appear properly entitled.

## CROSS-CLAIM

Comes Cross-Claimant Progressive Casualty Insurance Company, by and through counsel, and for its Cross-Claim against Clarence Howard, states as follows:

1) That in this action, the Plaintiff has demanded damages from this Defendant in the form of uninsured and/or underinsured motorist benefits under a policy of insurance issued by Progressive Casualty Insurance Company which the Plaintiffs allege provides coverage for the same.

2) That in its Answer to the Plaintiff's Complaint, Progressive Casualty Insurance Company has specifically denied and continues to deny that it is liable for the claims and damages asserted in the Plaintiff's Complaint.

3) That Progressive Casualty Insurance Company has asserted and continues to assert that neither it nor Clarence Howard is liable to the Plaintiff in this action. In the alternative, however,

AACR : 000004 of 000006

NOT ORIGINAL DOCUMENT
09/13/2022 02:25:18 PM
88910

if it is determined that the Plaintiff is entitled to uninsured and/or underinsured motorist benefits from Progressive Casualty Insurance Company, then this Defendant is entitled to reimbursement from Clarence Howard for any and all uninsured and/or underinsured motorist benefits paid by Progressive Casualty Insurance Company to or on behalf of the Plaintiff, as well as a right to subrogation by Progressive Casualty Insurance Company for any possible property damage or any other loss sustained by Plaintiff, pursuant to the applicable laws and statutes of this state and pursuant to the terms of the policy of insurance issued by Progressive Casualty Insurance Company.

WHEREFORE, Progressive Casualty Insurance Company, by and through counsel, respectfully demands the following relief:

1) Judgment against Clarence Howard in an amount equal to that which the Progressive Casualty Insurance Company is required to pay to or on behalf of the Plaintiff in uninsured and/or underinsured motorist benefits;

2) Judgment against Clarence Howard in an amount for which the Progressive Casualty Insurance Company has paid and seek compensation by subrogation;

3) For its costs herein expended, including a reasonable attorney fee; and

4) For any and all other relief to which it may appear properly entitled.

Respectfully submitted,

**WARD, HOCKER & THORNTON, PLLC**

333 W. Vine Street, Ste. 1100
Lexington, KY 40507
Telephone: (859) 422-6000
Fax: (859) 422-6001

By:  */s/ Gregg E. Thornton*
    GREGG E. THORNTON
    *Counsel for Progressive*

AACR : 000005 of 000006

Filed                22-CI-00345        09/09/2022        David M. Fernandez, Madison Circuit Clerk
NOT ORIGINAL DOCUMENT
09/13/2022 02:25:18 PM
88910

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via electronic mail upon the following:

Robert A, Morrin                           Madison County Circuit Court Clerk
Morrin Law Office                          Madison County Courthouse
214 West Main Street                       101 W. Main St.
Richmond, KY 40475                         P.O. Box 813
*Counsel for Plaintiff*                    Richmond, KY 40475

All on this the 9th day of September, 2022.

*/s/ Gregg E. Thornton*
GREGG E. THORNTON

4874-0849-4898, V. 1

AACR : 000006 of 000006

NOT ORIGINAL DOCUMENT
09/13/2022 02:26:39 PM
88910

COMMONWEALTH OF KENTUCKY
25TH JUDICIAL CIRCUIT
MADISON CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 22-CI-00345

***ELECTRONICALLY FILED***

CHARLES L. WALDEN,                                                            PLAINTIFF,

VS.

ENTERPRISE SERVICES GROUP, LLC,
CLARENCE M. HOWARD,
NATIONAL INDEMNITY GROUP OF INSURANCE
COMPANIES OR NATIONAL INDEMNITY COMPANY,
VINCE KLINE, AND
PROGRESSIVE CASUALTY  INSURANCE COMPANY,                      DEFENDANTS.

---

## SEPARATE ANSWER OF ENTERPRISE SERVICES GROUP, LLC
## AND CLARENCE M. HOWARD

---

Come the Defendants, Enterprise Services Group, LLC and Clarence M. Howard, by

counsel, and for their Separate Answer to the Complaint of the Plaintiff, Charles L. Walden, state

as follows:

### FIRST DEFENSE

These Defendants state that the Plaintiff's Complaint fails to state a cause of action

against them upon which the relief sought or any relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the absence of any breach of any duty

owed by these Defendants.

1

ANS : 000001 of 000011

NOT ORIGINAL DOCUMENT
09/13/2022 02:26:39 PM
88910

### THIRD DEFENSE

Alternatively, these Defendants state that the Plaintiff's claims are barred in whole or in part by the limitations imposed by law as to the recovery of such damages including, but not limited to, the applicable statute of limitations, and these Defendants reserve the right to take discovery for this affirmative defense.

### FOURTH DEFENSE

Alternatively, the Plaintiff may have failed to join necessary or indispensable parties in this action.

### FIFTH DEFENSE

These Defendants rely upon the provisions of the Kentucky Motor Vehicle Reparations Act as to all items covered by this Act.

### SIXTH DEFENSE

The accident referred to in the Complaint and the resulting alleged injuries and damages were the result of an unavoidable accident; or in the alternative, were the result of a superseding and/or intervening cause over which these Defendants had no control; or in the alternative, were the result of a sudden emergency; or in the alternative, were the result of the negligence of the Plaintiff, Charles L. Walden; or in the alternative, were the result of the negligence of another party and these Defendants reserve the right to take proof as to any or all of these potential affirmative defenses.

### SEVENTH DEFENSE

ANS : 000002 of 000011

Filed                    22-CI-00345    09/12/2022        David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/13/2022 02:26:39 PM
88910

Any award to the Plaintiff, Charles L. Walden, should be reduced by the percentage to which the jury determines that his negligence contributed to this accident.

## EIGHTH DEFENSE

Having not had an opportunity to conduct an investigation or discovery, and so as not to waive the right to assert such an affirmative defense should it prove to be applicable, counsel for Defendants reserve the right to ask the Court to submit to the jury an apportionment instruction as to the negligence of all parties including any potential parties that may be added at a later time.

## NINTH DEFENSE

These Defendants reserve the right to file an Amended Answer, Third-Party Complaint or any other pleadings as proof may reveal the right to do so.

## TENTH DEFENSE

To the extent there exists any person or entity who has paid any sum of money to or for the benefit of the Plaintiff and holds subrogation rights to any award claimed or received by the Plaintiff as a result of the damages complained of in the Complaint, such persons or entities are real parties in interest as defined in CR 16.01 and are indispensable parties to the adjudication of this matter under CR 19.01 and such parties not having been named, the Plaintiff are or should be precluded from recovering said benefits and the Complaint should be dismissed therefore, to that extent.

## ELEVENTH DEFENSE

ANS : 000003 of 000011

3

NOT ORIGINAL DOCUMENT
09/13/2022 02:26:39 PM
88910

If it appears that the Plaintiff, Charles L. Walden, was not wearing his seatbelt and/or safety belt at the time of the accident, these Defendants rely upon the same as a defense both as to liability and as to mitigation of damages.

## TWELFTH DEFENSE

These Defendants reserve the right to plead additional defenses which are not reasonably known to these Defendants at this time.

## THIRTEENTH DEFENSEE

These Defendants affirmatively state and allege that the plaintiff's Complaint fails to state a claim upon which punitive damages can be awarded given that the alleged conduct of these Defendants, or any agents, servants, representatives, or employees thereof, does not warrant imposition of punitive damages pursuant to any applicable Kentucky law.  Further, plaintiff's claims for punitive damages cannot be sustained because an award for punitive damages under Kentucky law by a jury that is not specifically instructed on the limits of punitive damages imposed and provided a sufficient clarity for determining such an award and is permitted to determine punitive damages under a vague arbitrary standard, not subject to judicial review on the basis of an objective standard, would violate due process and the equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated in the Fourteenth Amendment of the United States Constitution by Sections Two, Three, Thirteen, and Seventeen of the Constitution of the Commonwealth of Kentucky.

ANS : 000004 of 000011

Filed 22-CI-00345 09/12/2022 David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/13/2022 02:26:39 PM
88910

These Defendants affirmatively states and alleges that the Plaintiff's Complaint fails to allege facts sufficient to support a claim for exemplary and/or punitive damages and any claim for said damages should thereby be dismissed.

These Defendants affirmatively states and alleges that the Plaintiff's claim for punitive damages are barred and are in violation of the due process of law clause of the Fifth and Fourteenth Amendments to the United States Constitution and are in violation of the prohibition of ex post facto laws contained in Section 10, Paragraph 1 of Article 1 of the United States Constitution, and the corresponding provisions of the Constitution of the Commonwealth of Kentucky.

These Defendants affirmatively states that the Plaintiff's claims for punitive damages are in violation of and barred by the equal protection clause of Sections 2 and 3, et seq. of the Constitution of the Commonwealth of Kentucky.

Plaintiff's claims for punitive damages are unconstitutional and violate these Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Section 17 of the Constitution of the Commonwealth of Kentucky.

Plaintiff's claims for punitive damages are unconstitutional and barred by reason of Article Six of the United States Constitution.

## FOURTEENTH DEFENSE

Plaintiff's claims for attorney fees should be stricken as not being an appropriate measure of damage under Kentucky law.

## FIFTEENTH DEFENSE

5

ANS : 000005 of 000011

NOT ORIGINAL DOCUMENT
09/13/2022 02:26:39 PM
88910

Because these Defendants have yet to fully avail themselves of their right to discovery, and do not fully know the circumstances of the allegations in Plaintiff's Complaint, these Defendants notify Plaintiff and his counsel that until they can avail themselves of their right to conduct discovery, it cannot be determined whether or not these Defendants will assert the above-stated affirmative defenses and other defenses at trial or whether those will be the only such defenses asserted.  Such defenses are asserted in this Answer in order to preserve these Defendants' rights to assert such defenses at trial and to provide Plaintiff and his counsel with notice of these Defendants' intention to assert such defenses and to avoid a waiver of any such defenses.

## SIXTEENTH DEFENSE

With reference to the specific allegations contained in Complaint of the Plaintiff, Charles L. Walden, these Defendants, Enterprise Services Group, LLC and Clarence M. Howard, state as follows:

1. These Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. The allegations contained in Paragraph 2 of the Complaint are denied.

3. At this time, counsel for these Defendants is unable to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Upon information and belief, the allegations contained in Paragraph 4 of the Complaint are admitted.

5. At this time, these Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 5 of the Complaint.

ANS : 000006 of 000011

Filed          22-CI-00345      09/12/2022      David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/13/2022 02:26:39 PM
88910

6. Upon information and belief, the allegations contained in Paragraph 5 of the Complaint are admitted.

7. The allegations contained in Paragraph 7 of the Complaint are denied.

8. At this time, the allegations contained in Paragraph 8 of the Complaint are denied.

9. The allegations contained in Paragraph 9 of the Complaint are denied.

10. The allegations contained in Paragraph 10 of the Complaint are denied.

11. At this point, counsel for these Defendants is unable to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint are denied.

13. The allegations contained in Paragraph 13 of the Complaint are denied.

14. At this time, the allegations contained in Paragraph 14 of the Complaint.

15. At this time, the allegations contained in Paragraph 15 of the Complaint are denied.

16. The allegations contained in Paragraph 16 of the Complaint are denied.

17. With reference to the allegations contained in Paragraph 17 of Count II of the Complaint, these Defendants adopt and reiterate each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

18. The allegations contained in Paragraph 18 of Count II of the Complaint are denied.

19. The allegations contained in Paragraph 19 of Count II of the Complaint are denied.

20. With reference to the allegations contained in Paragraph 20 of Count III of the Complaint, these Defendants adopt and reiterate each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

21. The allegations contained in paragraph 21 of Count III of the Complaint are denied.

ANS : 000007 of 000011

Filed            22-CI-00345       09/12/2022       David M. Fernandez, Madison Circuit Clerk
NOT ORIGINAL DOCUMENT
09/13/2022 02:26:39 PM
88910

22. With reference to the allegations contained in Paragraph 22 of Count IV of the Complaint, these Defendants adopt and reiterate each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

23. The allegations contained in Paragraph 23 of Count IV of the Complaint are denied.

24. The allegations contained in Paragraph 24 of Count IV of the Complaint are denied.

25. With reference to the allegations contained in Paragraph 25 of Count V of the Complaint, these Defendants adopt and reiterate each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

26. The allegations contained in Paragraph 26 of Count V of the Complaint are denied.

27. The allegations contained in Paragraph 27 of Count V of the Complaint are denied.

28. With reference to the allegations contained in Paragraph 28 of Count VI of the Complaint, these Defendants adopt and reiterate each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

29. The allegations contained in Paragraph 29 of Count VI of the Complaint are denied.

30. The allegations contained in Paragraph 30 of Count VI of the Complaint are denied.

31. With reference to the allegations contained in Paragraph 31 of Count VII of the Complaint, these Defendants adopt and reiterate each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

32. At this point, these Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 32 of Count VII of the Complaint.

33. The allegations contained in Paragraph 33 of Count VII of the Complaint are denied.

34. The allegations contained in Paragraph 34 of Count VII of the Complaint are denied.

35. The allegations contained in Paragraph 35 of Count VII of the Complaint are denied.

ANS : 000008 of 000011

Filed            22-CI-00345       09/12/2022       David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
09/13/2022 02:26:39 PM
88910

36. With reference to the allegations contained in Paragraph 36 of Count VIII of the Complaint, these Defendants adopt and reiterate each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

37. At this time, these Defendants can neither admit nor deny the allegations contained in Paragraph 37 of Count VIII of the Complaint.

38. The allegations contained in Paragraph 38 of Count VIII of the Complaint are denied.

39. With reference to the allegations contained in Paragraph 39 of Count IX of the Complaint, these Defendants adopt and reiterate each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

40. At this time, these Defendants can neither admit nor deny the allegations contained in Paragraph 40 of Count IX of the Complaint.

41. The allegations contained in Paragraph 41 of Count IX of the Complaint are denied.

42. With reference to the allegations contained in Paragraph 42 of Count X of the Complaint, these Defendants adopt and reiterate each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

43. These Defendants lack sufficient information as to the truth of the allegations contained in Paragraph 43 of Count X of the Complaint and, therefore, same are denied.

44. These Defendants lack sufficient information as to the truth of the allegations contained in Paragraph 44 of Count X of the Complaint and, therefore, same are denied.

ANS : 000009 of 000011

Filed          22-CI-00345      09/12/2022      David M. Fernandez, Madison Circuit Clerk

Filed                22-CI-00345        09/12/2022        David M. Fernandez, Madison Circuit Clerk
NOT ORIGINAL DOCUMENT
09/13/2022 02:26:39 PM
88910

45. These Defendants lack sufficient information as to the truth of the allegations contained in Paragraph 45 of Count X of the Complaint and, therefore, same are denied.

46. These Defendants lack sufficient information as to the truth of the allegations contained in Paragraph 46 of Count X of the Complaint and, therefore, same are denied.

47. With reference to the allegations contained in Paragraph 47 of Count XI of the Complaint, these Defendants adopt and reiterate each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

48. These Defendants lack sufficient information as to the truth of the allegations contained in Paragraph 48 of Count XI of the Complaint and, therefore, same are denied.

49. Each and every allegation of the Complaint except and to the extent specifically admitted above is denied.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Charles L. Walden, these Defendants, Enterprise Services Group, LLC and Clarence M. Howard, pray that the Complaint be dismissed and the Plaintiff take nothing thereby, demand that the claim for punitive damages be dismissed, request a trial by jury, and any other relief for which they may appear entitled.

HAMM, MILBY & RIDINGS, PLLC
120 NORTH MAIN STREET
LONDON, KY 40741
PHONE: 606-864-4126
FAX: 606-878-8144
EMAIL: marcia@hmrkylaw.com

10

ANS : 000010 of 000011

NOT ORIGINAL DOCUMENT
09/13/2022 02:26:39 PM
88910

ATTORNEYS FOR DEFENDANTS,
ENTERPRISE SERVICES GROUP, LLC AND
CLARENCE M. HOWARD


By:   /s/ Marcia Milby Ridings
　　　　　MARCIA MILBY RIDINGS


CERTIFICATE OF SERVICE:

　　　　I hereby certify that a copy of the foregoing was electronically filed with the Clerk of the

Court by using the E-filing system and that a copy of the foregoing has been served by mailing a

true and accurate copy to the following:


Robert A. Morrin, Esq.
Morrin Law Office
214 West Main Street
Richmond, KY  40475
*Attorney for Plaintiff*

Gregg E. Thornton, Esq.
Ward, Hocker & Thornton, PLLC
333 West Vine Street, Suite 1100
Lexington, KY  40507
*Attorney for Defendant,*
*Progressive Casualty Insurance Company*

Mindy G. Barfield, Esq.
Dinsmore & Shohl, LLP
City Center
100 West Main Street, Suite 900
Lexington, KY  40507
*Attorney for Defendants,*
*National Indemnity Group of Insurance*
*Companies or National Indemnity Company,*
*And Vince Kline*

all on this 12th day of September, 2022.


　　　　　 /s/Marcia Milby Ridings
　　　　　OF COUNSEL FOR ABOVE-NAMED
　　　　　DEFENDANTS

11