UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CASE NO. 5:22-cv-00238-KKC

CHARLES L. WALDEN,                                                                                    PLAINTIFF,

VS.

ENTERPRISE SERVICES GROUP, LLC,
CLARENCE M. HOWARD,
NATIONAL INDEMNITY GROUP OF INSURANCE
COMPANIES OR NATIONAL INDEMNITY COMPANY,
VINCE KLINE, AND
PROGRESSIVE CASUALTY INSURANCE COMPANY,                                       DEFENDANTS.

### MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DEFENDANTS' EXPERT DISCLOSURE DEADLINE

Come the Defendants, Enterprise Services Group, LLC and Clarence M. Howard, by counsel, and move the Court for a modification of pretrial discovery deadlines, specifically Defendants' deadline to file their Rule 26(a)(2) expert witness reports. In support of this Motion, the Defendants state as follows:

This action arises from a motor vehicle accident in Madison County, Kentucky. (D.E. 1-1 at ¶ 2). On or about August 10, 2020, Howard was driving a Freightliner truck (presumably while in the scope of his employment with Enterprise), which collided with Plaintiff's vehicle, allegedly causing Plaintiff bodily injuries, including a broken hip, and physical and mental pain and anguish. (*Id.* at ¶¶ 2, 15). Plaintiff filed a state court action against Defendants on or about August 10, 2022. (D.E. 1-1). However, in September 2022, National Indemnity Company removed the matter to federal court based on diversity jurisdiction. (D.E. 1).

1

On October 18, 2022, this Court entered its Scheduling Order imposing a number of pretrial deadlines, which included that Rule 26(a)(2) reports from expert trial witnesses were due from Plaintiff by October 1, 2023 and from Defendants by December 1, 2023. (D.E. 13 at PgID# 104). It is also important to note that trial in this matter is not scheduled until December 9, 2024. (*Id.* at PgID# 105).

Plaintiff's deposition was taken on January 4, 2023. During his deposition, Plaintiff stated that he had not received any treatment for the injuries he sustained as a result of the accident since February 9, 2021. (*See* Exhibit A, Walden Deposition, at Page 64). However, later in his deposition, he added that he went to the emergency room in Berea, Kentucky approximately nine months prior to his deposition for injuries he thought he sustained as a result of the accident. (*Id.* at Page 66). In his deposition, Mr. Walden specifically testified that other than his hospital treatment, his physical therapy treatment after the accident, and one emergency room visit, he obtained no other treatment as a result of the accident. (*Id.* at 67). He further testified that he was not taking any medication for the injuries he sustained as a result of the accident. (*Id.*)

Further, Plaintiff testified that he had been disabled since 2012. (*Id.* at 17). He stated that if he found a way to document his lost wages that he had incurred since this accident, he would give that documentation to his attorney to forward to Defendants within sixty (60) days of January 4, 2023. (*Id.*) No such documentation has been provided.

The Plaintiff produced no other records after his original disclosure and in fact refused to provide Defendants with medical authorization. Despite Plaintiff's reluctancy, Defendants were able to obtain certain records via subpoena, which were produced to the Plaintiff's attorney upon receipt. Upon a thorough review of Plaintiff's records, there was no indication that any doctor provided an impairment rate with reference to this accident. Based upon the documentation

2

produced, as well as Plaintiff's deposition, the Defendants hired a neurosurgeon to perform a records review of the records which had been provided to the Defendants.

In September 2023, Plaintiff filed a Motion for Extension of Time for compliance with Rule 26(a)(2) Report deadlines due to difficulty obtaining appointments and receiving opinions related to Rule 26 disclosures from his treating physicians. (D.E. 82 at PgID## 433-34). Defense counsel did not object to Plaintiff's Motion and thereby agreed to Plaintiff's request to extend his expert disclosure deadline to December 5, 2023. (D.E. 87 at PgID# 470). As a result, the Defendants' expert disclosure deadline was moved to February 3, 2024. (*Id.*)

On December 5, 2023, the Plaintiff produced its expert disclosure and identified three new doctors, two of which, for the first time, provided a permanent impairment rating for Mr. Walden. (D.E. 97). Upon learning of such new claim, the undersigned immediately contacted the doctor who had performed the records review and asked him to do an independent medical exam. Unfortunately, the doctor, Timothy Kriss, (a neurosurgeon in Lexington, Kentucky) advised counsel that the first date that he had available for an independent medical exam was April 12, 2024.

That same day, the undersigned contacted Plaintiff's attorney and requested an extension of the Defendants' expert disclosure deadline until May 15, 2024. The undersigned explained to Plaintiff's attorney that an independent medical examination of Plaintiff would be needed before the Defendants could complete their expert disclosure. Because Dr. Kriss is currently unavailable to perform an independent medical exam before February 3, 2024, the Defendants are simply unable to make their disclosure pursuant to this deadline. The undersigned also reminded Plaintiff's counsel that Defendants did not object to his Motion that asked for a similar accommodation. Despite Defendants' cooperation and diligent effort, on December 2, 2023, the

3

Plaintiff's attorney replied that he could not agree to Defendants' request for extension of time because he felt that he needed to protect his client's interest.

Pursuant to Fed. R. Civ. P. 16(b)(4), the Court may amend the Scheduling Order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In evaluating whether a party has shown "good cause," the primary consideration is "the moving party's diligence in attempting to meet the case management order's requirements." *Ingle v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)); *see also* Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendments ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

In the present case, Defendants seek modification of their expert disclosure deadline to give them additional time to obtain an independent medical exam of Plaintiff. Such relief is clearly within the Court's discretion and will not result in any prejudice to Plaintiff under the circumstances, as trial is not scheduled until December 2024. Based upon the facts asserted above, it is clear that Defendants have shown good cause for their request and have made diligent efforts to follow the Court's scheduling order. Defendants have also put Plaintiff on notice and made this Motion well in advance of the expert disclosure deadline. Therefore, Defendants request the Court grant the Defendants the same accommodation that was given to the Plaintiff.

WHEREFORE, Defendants respectfully request that the Court modify the Scheduling Order to allow Defendants until May 15, 2024 to file their Rule 26(a)(2) expert witness reports.

HAMM, MILBY & RIDINGS, PLLC
120 NORTH MAIN STREET
LONDON, KY 40741
PHONE: 606-864-4126
FAX: 606-878-8144

EMAIL: marcia@hmrkylaw.com
ATTORNEYS FOR DEFENDANTS,
ENTERPRISE SERVICES GROUP, LLC AND
CLARENCE M. HOWARD

By: /s/ Marcia Milby Ridings
MARCIA MILBY RIDINGS

CERTIFICATE OF SERVICE:

I hereby certify that on **December 11, 2023**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Robert A. Morrin, Esq.
Morrin Law Office
214 West Main Street
Richmond, KY  40475
*Attorney for Plaintiff*
**Email:** rob@morrinlawoffice.com

Gregg E. Thornton, Esq.
Ward, Hocker & Thornton, PLLC
333 West Vine Street, Suite 1100
Lexington, KY  40507
*Attorney for Defendant,*
*Progressive Casualty Insurance Company*
**Email:** gthornton@whtlaw.com

Mindy G. Barfield, Esq.
Shaye Page Johnson, Esq.
Dinsmore & Shohl, LLP
100 West Main Street, Suite 900
Lexington, KY  40507
*Attorney for Defendants,*
*National Indemnity Group of Insurance*
*Companies or National Indemnity Company,*
*And Vince Kline*
**Email:** mindy.barfield@dinsmore.com
**Email:** shaye.johnson@dinsmore.com

/s/Marcia Milby Ridings
OF COUNSEL FOR ABOVE-NAMED
DEFENDANTS

5