UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CHARLES L. WALDEN              )
                               )
    Plaintiff              )
                               )
v.                             )        CIVIL ACTION NO. 5:22-CV-00238-KKC
                               )
ENTERPRISE SERVICES GROUP, LLC )
CLARENCE M. HOWARD, AND        )
NATIONAL INDEMNITY GROUP OF    )
INSURANCE COMPANIES OR         )
NATIONAL INDEMNITY COMPANY,    )
VINCE KLINE, AND PROGRESSIVE   )
CASUALTY INSURANCE COMPANY     )

    Defendants

**\*\*\*\*\*\*\*\*\*\***
**RESPONSE TO DEFENDANT'S MOTION TO MODIFY**
**SCHEDULING ORDER TO EXTEND DEFENDANTS'**
**EXPERT DISCLOSURE DEADLINE**
**\*\*\*\*\*\*\*\*\*\***

    Comes the Plaintiff, CHARLES L. WALDEN, and for his Response to Defendants', Enterprise Services Group and Clarence M. Howard, Motion to Modify Scheduling Order to Extend Defendants' Expert Disclosure Deadline, hereby states as follows:

    Defendants Enterprise Services Group and Howard (hereinafter, "Defendants") are seeking additional time to submit their Expert Disclosures pursuant to FRCP 26. Defendants state that their chosen expert (Dr. Timothy Kriss, a neurosurgeon in Lexington, Kentucky) is not available to conduct an "Independent Medical Examination" of the Plaintiff until April 12, 2024, thus their deadline to disclose their experts and reports under FRCP 26 should be extended for 102 days until May 15, 2024. Defendants indicate that because the Plaintiff "identified three new

1

doctors" in Plaintiff's Expert Disclosures[1], and because the Defendants did not file an objection to Plaintiff's Motion for Extension of Time [Doc 82], they should be granted an obscene extension to disclose their experts. It is Plaintiff's belief that the real reason for the Defendants' request for an extension—as well as the reason they did not object to Plaintiff's Motion for Extension of Time—is that Defendants' counsel cannot locate their client [see Reporter's Certification, deposition of Clarence M. Howard, attached hereto as Exhibit A].

### I. Defendants had Sufficient Knowledge of Plaintiff's Treatment

Plaintiff's deposition was taken almost a year ago, on January 4, 2023. During his deposition, he testified that he had continued pain in his hips and low back [Defendants' Motion Exhibit A, Deposition of Charles L. Walden, Doc 98-1, pages 5-6 (64-65 on deposition)].

Since that deposition, Plaintiff has been seeking treatment with Kentucky Orthopaedics and Spine, information to which these Defendants had full knowledge of, as not only did Plaintiff's Motion for Extension of Time [Doc 82] specifically identify that Plaintiff had recent appointments with Kentucky Orthopedics and Spine, but also Defendants requested and received Plaintiff's medical records from this facility in October of 2023, per Defendants' Notice of Cancellation of Deposition of Records Custodian for Kentucky Orthopedic and Spine [Doc 88]. The identification of an orthopedic physician (Dr. Timothy Wilson) as a testifying expert should simply not come as a surprise to the Defendants as they imply in their Motion.

The identification of a neurosurgeon (Dr. David Changaris) should also not come as a surprise to the Defendants, as not only did Plaintiff's Motion for Extension of Time [Doc 82] specifically identify that Plaintiff had scheduled an upcoming appointment with UK

---

[1] Of note, Plaintiff identified three new experts, one of whom it not a doctor but is a trained nurse who will testify regarding "the expected cost of future medical treatment for the Plaintiff." [Plaintiff's Expert Disclosures, Doc 97].

2

Neuroscience Institute, but also Defendants requested and received Plaintiff's medical records from this facility in October of 2023, per Defendants' Notice of Cancellation of Deposition of Records Custodian for UK Neuroscience Institute [Doc 91]. During the Plaintiff's deposition on January 4, 2023, Defendants' counsel and the Plaintiff repeatedly discussed his head injury and traumatic brain injuries in relation to the wreck that is the subject of this lawsuit [See attached, Exhibit B, excepts from Deposition of Charles L. Walden, pages 17-18, 49, 60, and 111].

Defendants Enterprise and Howard have been on notice of Plaintiff's claimed injuries for a significant amount of time, and with reasonable diligence should not have been surprised by their need for a neurosurgical expert with the filing of Plaintiff's Expert Disclosures. Plaintiff's formal, written demand and relevant medical records and billing statements were sent to Defendants Enterprise and Howard via counsel on January 13, 2023. Plaintiff also answered thorough discovery questions from these Defendants on November 11, 2022 [Doc 20] with a second set answered on September 11, 2023 [Doc 79]. Defendants' decision to wait this long to request that the Plaintiff submit to an IME by their selected neurosurgeon is their own choice, and Plaintiff will suffer prejudice by the extension of this deadline and the others that will have to be extended, as detailed below.

**II.    Defendants' Motion Impacts Multiple PreTrial Deadlines**

Plaintiff's Motion for Extension of Time affected exactly two (2) pretrial deadlines: Plaintiff's deadline to provide expert disclosures and Defendants' deadline to provide expert disclosures. All other deadlines remained in place.

However, Defendants' proposed change will postpone multiple deadlines in the Court's Scheduling Order [Doc 13]. If Defendants' Expert Disclosure deadline is extended until May 15,

2024 (102 calendar days after their newly established disclosure deadline), then fact and expert discovery cannot be completed by the April 1, 2024 deadline [Scheduling Order, Doc 13, para. 1(e)], and dispositive motions and *Daubert* motions cannot be filed by the May 1, 2024 deadline [Scheduling Order, Doc 13, para. 1(f)]. The Court's Scheduling Order further specifies that the deadline for dispositive and *Daubert* motions cannot be extended by the Magistrate Judge or by agreement of the parties, and said extension will only be granted "upon good cause shown." Trial preparation will be significantly impacted by postponing this deadline.

     Furthermore, if Defendants' first choice of physician isn't available, there are a plethora of well-qualified physicians in the Commonwealth of Kentucky able and willing to perform IMEs. Defendants very well may not be able to find another neurosurgeon with the same consistent defendant-oriented conclusions despite the medical records, but as there are at least 113 neurosurgeons licensed in Kentucky[2], Defendants can surely find another neurosurgeon with more availability. Defendants have sufficient time to seek out an available physician to complete their pre-trial compliance.

     The Defendants have not shown good cause to extend this deadline and postpone multiple pretrial deadlines. Defendants have not diligently sought a qualified neurosurgeon to conduct an IME of the Plaintiff on their behalf. Defendants indicated that they attempted to contact one physician. Considering the list of 113 licensed neurosurgeons in Kentucky, Defendants have clearly not exhausted all available remedied before asking the Court to accommodate them. The Court's efficacy will be bolstered by requiring the Defendants to find another neurosurgeon.

---

[2] According to U.S. News and World Report, https://health.usnews.com/doctors/neurosurgeons/kentucky, accessed on 12/14/2023

### III. Defendants' Requested Extension Period is Unreasonable

If the Court believes it is reasonable and proper to grant the Defendants' Motion, Plaintiff requests in the alternative that Defendants are granted an extension of 60 days to obtain their experts' reports, instead of the 102-day extension they requested. To be clear, there is no good cause for any extension at this time, based in either law or fact. Plaintiff requested a 90-day enlargement of time and was granted an enlargement of 60 days. An extension of an additional 102 calendar days is clearly excessive and unreasonable at this stage of litigation A 60-day extension of Defendants' expert disclosure deadline would make the new deadline April 3, 2024. This will still require the fact and expert discovery deadline (currently set for April 1, 2024) to be extended as well, and may also require the dispositive and *Daubert* Motions deadline (currently set for May 1, 2024) to be extended at the discretion of the trial judge.

The extension that the Defendants are requesting clearly prejudices the Plaintiff. For the Court to blindly acquiesce to the Defendants' timeline is akin to the tail wagging the dog. Allowing the Defendants to dictate the timeline of already delayed justice for the Plaintiff is clearly for the Defendants' own strategic gain. If a delay of this magnitude without good cause doesn't prejudice the Plaintiff, what would rise to the level of requiring Court protection?

### IV. Defendants' "Agreement" to Extending Plaintiff's Expert Disclosure Deadline

Defendants Enterprise and Howard indicate that they agreed to extending Plaintiff's expert disclosure deadline by not filing any objection to the same. However, this information has no relevance here. Defendants' choice to not file a cursory objection to Plaintiff's reasonable request to extend a deadline does not then preclude the Court from evaluating and rejecting

5

Defendants' later request to extend a deadline to an unreasonable degree. Furthermore, Defendants' counsel is unable to locate Defendant Howard, thus any and all extensions of time in this matter are beneficial to these Defendants. Defendants did not raise an objection to the Plaintiff's Motion for Extension of Time because the delay would benefit their trial strategy and they had no reasonable basis to object to the Motion.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully moves this Court to DENY Defendant's Motion to Modify Scheduling Order to Extend Defendants' Expert Disclosure Deadline.

Respectfully Submitted,

MORRIN LAW OFFICE

 /s/ Robert A. Morrin
Hon. Robert A. Morrin (KBA # 94368)
214 West Main Street
Richmond, KY 40475
(859) 358-0300
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2023, a true and correct copy of the foregoing was served electronically via electronic mail and through the Court's eFiling system, to the following:

Hon. Marcia Milby Ridings
HAMM, MILBY & RIDINGS, PLLC
marcia@hmrkylaw.com
kcrawford@hmrkylaw.com
*Counsel for Clarence M Howard, Enterprise Services Group*

Hon. Mindy G. Barfield
Dinsmore & Shohl, LLP
mindy.barfield@dinsmore.com
patty.doyle@dinsmore.com
*Counsel for Vince Kline & National Indemnity Group of Insurance Companies*

Hon. Gregg E. Thornton
Hon. Catie Coldiron Joseph
Hon. Jillian D House
WARD HOCKER & THORNTON, PLLC
GThornton@whtlaw.com
catie.coldironjoseph@whtlaw.com
jillian.house@whtlaw.com
misty.harmon@whtlaw.com
*Counsel for Progressive Insurance Company*

                 _/s/ Robert A. Morrin_____
                 Hon. Robert A. Morrin (KBA # 94368)
                 MORRIN LAW OFFICE
                 *Counsel for Plaintiff*