UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CASE NO. 5:22-cv-00238-KKC

CHARLES L. WALDEN,                                        PLAINTIFF,

VS.

ENTERPRISE SERVICES GROUP, LLC,
CLARENCE M. HOWARD,
NATIONAL INDEMNITY GROUP OF INSURANCE
COMPANIES OR NATIONAL INDEMNITY COMPANY,
VINCE KLINE, AND
PROGRESSIVE CASUALTY INSURANCE COMPANY,            DEFENDANTS.

**REPLY TO MOTION TO MODIFY SCHEDULING
ORDER TO EXTEND DEFENDANTS' EXPERT
DISCLOSURE DEADLINE**

Come the Defendants, Enterprise Services Group, LLC and Clarence M. Howard, by counsel, and hereby submits its Reply in further support of its Motion to Modify Scheduling Order to Extend Defendants' Expert Disclosure Deadline.

**INTRODUCTION**

Undersigned counsel was surprised at Plaintiff's objection to a routine motion to modify the scheduling order, which merely seeks to continue the expert disclosure deadline for reasons similar to Plaintiff's previous motion to extend expert disclosure deadlines. However, when Plaintiff filed his Motion to Extend Expert Disclosure Deadlines, he failed to communicate or notify Defendants' counsel regarding his request. Despite this lack of communication, Defendants did not object to his Motion in the spirit of cooperation and understanding. Plaintiff's bald claim that he would be prejudiced by permitting the extension is not a reason to deny this routine Motion.

1

Given the lack of prejudice to Plaintiff in light of the fact that subsequent deadlines can be adjusted to match the new disclosure deadline as the Court deems necessary, Defendants respectfully request that this Court extend Defendants' expert discovery deadline until May 15, 2024 to allow Defendants to provide the information required pursuant to Fed. R. Civ. P. 26.

## ARGUMENT

First, Plaintiff argues that Defendants' Motion should be denied because they have been on notice of Plaintiff's claimed injuries through Plaintiff's medical records from various providers, Plaintiff's discovery answers, and Plaintiff's deposition. (D.E. 99, at PgID## 563-64). However, Plaintiff's argument completely ignores Defendants' specific reasoning for requesting such an extension that is explained in more detail in Defendants' Motion. (*See* D.E. 98). Throughout the entirety of the discovery process that that has taken place thus far, there was no indication that Plaintiff was claiming permanent impairment due to the accident subject to this case until his expert disclosure was filed wherein his experts provided impairment rates with reference to this accident. (D.E. 97). In fact, Plaintiff testified that he had been on disability since 2012 due to another accident he was involved in. (D.E. 98-1, at PgID# 556). He also testified that other than his hospital treatment, one emergency room visit, and his physical therapy treatment after the accident, he was not undergoing any further treatment as a result of the accident. (*Id.* at PgID# 560). Furthermore, he was not taking any medication for the injuries he sustained as a result of the accident. (*Id.*)

Second, Plaintiff argues that his Motion for Extension of Time only affected the expert disclosure deadlines, but Defendants' requested extension will postpone multiple deadlines in the Court's Scheduling Order. (D.E. 99, at PgID## 564-65). Defendants never implied that other deadlines would not necessarily need to be adjusted as a consequence of a change of the disclosure

due date (nor did it imply that it would oppose such an adjustment). If Defendants' requested extension requires the Court to adjust other deadlines in the Court's Scheduling Order, Defendants do not have any objection to such adjustment.

Further, it is only logical that Defendants' extension affects other dates in the scheduling order because Plaintiff requested an extension of expert disclosure deadlines previously pushing those dates out further, which nevertheless resulted in the delay of Defendants being aware that Plaintiff was pursuing an impairment claim. If Plaintiff had not requested an extension or provided consistent claims, Defendants would have scheduled an IME at that earlier time. Thus, Defendants are in this position as a result of Plaintiff's delay, lack of cooperation, and failure to provide notice of his intent to pursue an impairment claim.

Third, Plaintiff contends that Defendants' requested extension period is unreasonable despite the fact that Plaintiff requested a 90-day extension in their Motion for Extension of Time. (D.E. 99, at PgID# 566). And once again to reiterate, an extension not disputed or objected to by Defendants. Here, Defendants are asking for a 102-day extension, only twelve more days than Plaintiff requested due to uncontrollable and unforeseen circumstances. Plaintiff's opposition to the Motion repetitively states that he will be prejudiced by Defendants' requested extension, but he fails to state in any specific way how he would be prejudiced. (*Id.*) If Plaintiff could point to some actual prejudice, he would have put that in his response brief. Its absence is telling. Moreover, given Plaintiff's lack of cooperation and refusal to provide Defendants with medical authorizations, prolonging the discovery process and requesting extensions whenever it serves his purpose, one would be hard pressed to accept the claim that an extension requested by other litigants could be detrimental to Plaintiff.

3

Plaintiff's argument that there are "a plethora of well-qualified physicians in the Commonwealth of Kentucky able and willing to perform IMEs," (D.E. 99, at PgID# 565) is misinformed, or at best, this Court is almost certainly aware, it is no small task finding qualified physicians willing to perform IMEs. It is an even greater challenge to find local physicians meeting this criteria. Also, Defendants have already retained Dr. Kriss to complete a records review. Hiring a different physician to perform an IME would only delay the process even further and would be prejudicial to Defendants at this stage of litigation. Plaintiff's suggestion of dilatory tactics, rather than recognition of Defendants' attempt to preserve everyone's time and resources given less than full disclosure of information, is disingenuous.

The undersigned has demonstrated that she has made diligent efforts to comply with the requirements of Rule 26 and given everyone as much notice as possible in requesting an extension, which is well before the deadline and immediately after Defendants were informed that Plaintiff was making an impairment claim. Plaintiff's attempts to find fault with Defendants request must be rejected.

## CONCLUSION

Based on the foregoing, Defendants have demonstrated good cause in requesting an extension of time to disclose their expert witness reports. Therefore, Defendants respectfully request that this Honorable Court grant its motion by modifying the Scheduling Order to allow Defendants until May 15, 2024 to file their Rule 26(a)(2) expert witness reports.

    Respectfully submitted,

    HAMM, MILBY & RIDINGS, PLLC
    120 NORTH MAIN STREET
    LONDON, KY 40741
    PHONE: 606-864-4126
    FAX: 606-878-8144

...

EMAIL: marcia@hmrkylaw.com
ATTORNEYS FOR DEFENDANTS,
ENTERPRISE SERVICES GROUP, LLC AND
CLARENCE M. HOWARD

By: __/s/ Marcia Milby Ridings_____
       MARCIA MILBY RIDINGS

CERTIFICATE OF SERVICE:

I hereby certify that on **December 21, 2023**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Robert A. Morrin, Esq.
Morrin Law Office
214 West Main Street
Richmond, KY  40475
*Attorney for Plaintiff*
**Email:** rob@morrinlawoffice.com

Gregg E. Thornton, Esq.
Ward, Hocker & Thornton, PLLC
333 West Vine Street, Suite 1100
Lexington, KY  40507
*Attorney for Defendant,*
*Progressive Casualty Insurance Company*
**Email:** gthornton@whtlaw.com

Mindy G. Barfield, Esq.
Shaye Page Johnson, Esq.
Dinsmore & Shohl, LLP
100 West Main Street, Suite 900
Lexington, KY  40507
*Attorney for Defendants,*
*National Indemnity Group of Insurance*
*Companies or National Indemnity Company,*
*And Vince Kline*
**Email:** mindy.barfield@dinsmore.com
**Email:** shaye.johnson@dinsmore.com

__/s/Marcia Milby Ridings_____
OF COUNSEL FOR ABOVE-NAMED
DEFENDANTS