UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CHARLES L. WALDEN )
)
    Plaintiff )
)
)
)
v. ) CIVIL ACTION NO. 5:22-CV-00238-KKC
)
ENTERPRISE SERVICES GROUP, LLC )
CLARENCE M. HOWARD, AND )
NATIONAL INDEMNITY GROUP OF )
INSURANCE COMPANIES OR )
NATIONAL INDEMNITY COMPANY, )
VINCE KLINE, AND PROGRESSIVE )
CASUALTY INSURANCE COMPANY )

    Defendants

\*\*\*\*\*\*\*\*\*\*
**MOTION TO STRIKE DEFENDANT HOWARD'S RESPONSES
TO THE PLAINTIFF'S REQUESTS FOR ADMISSIONS**
\*\*\*\*\*\*\*\*\*\*

Comes the Plaintiff, CHARLES L. WALDEN, by and through counsel, and for his Motion to Strike Defendant Howard's Responses to Plaintiff's Requests for Admissions, hereby states as follows:

Plaintiff served discovery, including Requests for Admissions, to Defendant, Clarence M. Howard, on October 12, 2023. On or about November 1, 2023, Plaintiff received Responses to his Requests for Admissions on behalf of Defendant Howard, signed by his counsel.[1] Plaintiff moves this Court to strike said Responses and deem the tendered Requests for Admissions as admitted.

---

[1] Attached hereto, Exhibit A

1

FRCP 26(g) requires an attorney signing discovery responses to make a "reasonable inquiry" into the responses. Upon Plaintiff's information and belief, based on repeated statements made by Defendant's counsel to Plaintiff's counsel, the Defendant has yet to confer at all with his counsel regarding the matters in this case and Defendant Howard's counsel has not yet been able to reach Mr. Howard. When Mr. Howard failed to appear at his scheduled deposition, counsel for the Defendant indicated in her introduction of herself: "I'm Marcia Ridings and I represent Clarence Howard. I did attempt to contact him, but I was unsuccessful."[2]

Defendant's counsel has signed discovery responses on behalf of Mr. Howard but the requisite "reasonable inquiry" into Mr. Howard's answers to these discovery questions could not have occurred without having had a conversation or any correspondence with him. Furthermore, upon Plaintiff's information and belief, counsel for Defendant has yet to make any contact with Defendant concerning the complaint in this matter which has been filed against him. As such, Defendant Howard's discovery responses signed by his counsel should be stricken from the record and the Requests for Admissions Defendant Howard failed to answer should be deemed admitted.

The purpose of FRCP 26(g) is clear: to provide "a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a response to interrogatories or requests to produce documents" (internal citations omitted).[3] While "attorneys are not required to review every piece of discovery with their clients,"[4] at least one conversation or correspondence is necessary to meet the requirement

---

[2] *See* Certification of Record, Deposition of Clarence Howard, page 2, lines 9-11
[3] *Connolly North America, LLC v. Plante Moran*, 376 B.R. 161, 32 (Bankr. E.D. Mich. 2007), citing Advisory Committee Notes to 1982 Amendment to Fed. Civ. P. 26(g).
[4] *United States v. Drake*, Criminal Action 5:18-097-DCR, at *4 (E.D. Ky. Nov. 8, 2021), citing *Strickland v. Washington*, 466 U.S. 688; *Gussner v. Gonzalez*, 2014 WL 2604632, at *13 (N.D. Cal. June 10, 2014).

of the "reasonable inquiry." Discussions between counsel and a client "concerning the preparation of responses is privileged, the responses themselves are not."[5]

Pursuant to FRCP 36(a)(3), a matter is admitted, unless within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. While responses were provided signed by Defendant's counsel, the aforementioned requisite "reasonable inquiry". Therefore, Defendant's responses to Plaintiff's Requests for Admissions should be deemed admitted.

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully requests this Court to strike Defendant Howard's Responses to Plaintiff's Requests for Admissions tendered to the Plaintiff on or about November 1, 2023 and to deem said tendered Requests for Admissions as admitted.

.

Respectfully Submitted,

MORRIN LAW OFFICE

*/s/ Robert A. Morrin*

Hon. Robert A. Morrin (KBA # 94368)
214 West Main Street
Richmond, KY 40475
(859) 358-0300
*Counsel for Plaintiff*

---

[5] *Martin Cty. Coal Corp. v. Universal Underwriters Ins. Servs., Inc.*, Civil Action No. 08-93-ART, at *11 (E.D. Ky. Nov. 8, 2010).

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2024, a true and correct copy of the foregoing was filed through the Court's eFiling system, which serves a copy on all counsel of record.

/s/ Robert A. Morrin
Hon. Robert A. Morrin (KBA # 94368)
MORRIN LAW OFFICE
*Counsel for Plaintiff*