UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

CENTRAL DIVISION

(at Lexington)

CIVIL ACTION NO. 5:22-CV-238-KKC

CHARLES L. WALDEN                                          PLAINTIFF

vs

ENTERPRISE SERVICES GROUP,

LLC, ET AL                                                 DEFENDANTS

REPORTER'S CERTIFICATION

    I, Wanda Brown, Notary Public, State of Kentucky at Large, do hereby certify that Hon. Robert Morrin, Hon. Marcia Ridings, Hon. Catie Joseph, and myself appeared for the deposition of CLARENCE M. HOWARD; said deposition commanding his appearance by Subpoena and Notice of Deposition, miscellaneous documents attached and marked as Exhibit No. 1, scheduled on Wednesday, October 11, 2023, at the hour of 10:00 a.m. at the Morrin Law Office, 214 West Main Street, Richmond, Kentucky.

WANDA BROWN

1320 TRAVIS DRIVE

RICHMOND, KY 40475

859-624-3631

Email: candlcourtreporting@hotmail.com

Page 1

```
 1            At 10:20 a.m. when CLARENCE M. HOWARD had not
 2   appeared, Mr. Morrin made the following record.
 3
 4                 MR. MORRIN:  We're on the record.  I
 5   just want to make a record of the fact that each party is here,
 6   and if we could have everybody kind of introduce themselves on
 7   the record.  My name is Rob Morrin.  I represent the Plaintiff
 8   in this matter, here for the deposition of Clarence Howard.
 9                 MS. RIDINGS:  I'm Marcia Ridings and I
10   represent Clarence Howard.  I did attempt to contact him, but I
11   was unsuccessful.  For the record though, I just do want to note
12   that I did advise the Plaintiff's attorney that I did not
13   anticipate that Mr. Howard would appear, and that I have agreed
14   to pay the costs of this deposition.
15                 MS. JOSEPH:  Catie Coldiron Joseph on
16   behalf of Progressive.
17                 MR. MORRIN:  And then if there's no
18   objection, I'd like to admit these into the record.  We have the
19   subpoenas, the notice of the deposition,--
20                 MS. RIDINGS:  Why do you need to--
21                 MR. MORRIN:  --there's the letter to
22   you.  Just so that we have that clear that we served those and
23   that we followed the proper procedure.
24                 MS. RIDINGS:  Sure.
25                 MR. MORRIN:  That's all.
```

Page 2

```
 1                    MS. RIDINGS:  I don't question, for the
 2    record I don't question the procedure.
 3                    MR. MORRIN:  Yeah.  Thank you.
 4                         (PROCEEDING CONCLUDED)
 5              Dated this the 16th day of October, 2023.
 6              My Commission Expires:  October 19, 2025.
 7
 8
 9
10                                    _____
11                                    WANDA BROWN, NOTARY PUBLIC
12                                    STATE OF KENTUCKY AT LARGE
13                                    NOTARY ID 35944
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)
Civil Action No. 5:22-CV-238-KKC

CHARLES L. WALDEN                              PLAINTIFF,

VS.

ENTERPRISE SERVICES GROUP, LLC, ET AL           DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \*
**NOTICE OF DEPOSITION OF CLARENCE M. HOWARD**
\* \* \* \* \* \* \* \* \* \* \* \* \*

Comes the Plaintiff, Charles L. Walden, by counsel, hereby gives notice that the deposition of Clarence M. Howard will take place on **Wednesday, October 11, 2023,** beginning at the hour of **10:00 a.m.,** at Morrin Law Office, 214 West Main Street, Richmond, KY 40475.

Said depositions will be taken by a notary public or other official authorized by law to administer oaths, is being taken for purposes of discovery and for all other purposes allowed for by the Federal Rules of Civil Procedure, and shall continue from day to day until completed.

Respectfully submitted,

MORRIN LAW OFFICE

/s/*Robert A. Morrin*
Hon. Robert A. Morrin (KBA# 94368)
214 West Main Street
Richmond, Kentucky 40475
859-358-0300
*Counsel for Plaintiff*

1



EXHIBIT 1
10-11-2023

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served via first class mail and/or electronic mail upon the following parties on this the 11th day of September, 2023:

Hon. Marcia Milby Ridings
HAMM, MILBY & RIDINGS, PLLC
120 North Main Street
London, KY 40741
marcia@hmrkylaw.com
*Counsel for Clarence M. Howard and Enterprise Services Group*

Hon. Mindy G. Barfield
Dinsmore & Shohl, LLP
101 South Fifth Street
Suite 2500
Louisville, KY 40202
mindy.barfield@dinsmore.com
*Counsel for National Indemnity Company Vince Kline*

Hon. Gregg E. Thornton
WARD HOCKER & THORNTON, PLLC
Vine Center
333 W. Vine Street, Suite 1100
Lexington, KY 40507
gthornton@whtlaw.com
*Counsel for Progressive Insurance Company*

Wanda Brown
candlcourtreporting@hotmail.com
Court Reporter

                                                  /s/*Robert A. Morrin*
                                                  Hon. Robert A. Morrin (KBA# 94368)
                                                  MORRIN LAW OFFICE
                                                  *Counsel for Plaintiff*

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Kentucky

| | |
|---|---|
| Charles L. Walden <br> *Plaintiff* <br> v. <br> Enterprise Services Group, LLC, et al <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 5:22-cv-00238-KKC |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Clarence M. Howard
C/O Marcia Milby Ridings, Hamm, Milby & Ridings PLLC, 120 N Main St., London, KY 40741
*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
MVA of 08/10/2020 in Richmond, Kentucky

| Place: Morrin Law Office, 214 W Main Street, Richmond, KY 40475 | Date and Time: Oct 11, 2023 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method: Court Reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/7/2023

_____     OR     _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

CLERK OF COURT

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Charles Walden , who issues or requests this subpoena, are:
Robert A. Morrin, 214 W Main St., Richmond, KY 40475; P 859-358-0300; Rob@MorrinLawOffice.com or Rachel@MorrinLawOffice.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:22-cv-00238-KKC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __216.19__ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Kentucky

| | |
|---|---|
| Charles L. Walden<br>*Plaintiff*<br>v.<br>Enterprise Services Group, LLC, et al<br>*Defendant* | )<br>)<br>)  Civil Action No. 5:22-cv-00238-KKC<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Clarence M. Howard
2350 Cobb Pkwy SE, Apt 19K, Smyrna, GA 30080

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

MVA of 08/10/2020 in Richmond, Kentucky

| Place: Morrin Law Office, 214 W Main Street, Richmond, KY 40475 | Date and Time:<br>Oct 11, 2023 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method: Court Reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/7/2023

CLERK OF COURT

OR

_____       _____
Signature of Clerk or Deputy Clerk         Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Charles Walden
_____ , who issues or requests this subpoena, are:
Robert A. Morrin, 214 W Main St., Richmond, KY 40475; P 859-358-0300; Rob@MorrinLawOffice.com or Rachel@MorrinLawOffice.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:22-cv-00238-KKC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ 216.19 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



# MORRIN LAW OFFICE

Robert A. Morrin, Esq.
214 West Main Street
Richmond, KY 40475

Telephone: 859-358-0300
Fax: 859-972-0813
Rob@MorrinLawOffice.com

September 11, 2023

Marcia Milby Ridings
HAMM, MILBY & RIDINGS, PLLC
120 North Main Street,
London, KY 40741

Re:   *Charles Walden v. Enterprise Services Group, LLC, et al.*
      U.S. District Court for Eastern District, Case No. 5:22-cv-00238-KKC
      Deposition of Clarence Howard

Dear Marcia:

    I am writing now regarding the deposition of your client, Clarence Howard. My file indicates that it was one year ago that we discussed deposing Mr. Howard. My client has an obligation to prosecute his case, thus, I need to proceed with said deposition. Accordingly, you will find enclosed a copy of the subpoena sent to Mr. Howard via certified mail and the Notice of Deposition I have filed with the Court. I am also enclosing the mileage check for Mr. Howard herewith.

    Please let me know if you have any questions or concerns.

Sincerely,

/s/*Robert A. Morrin*
Robert A. Morrin
RAM/rng

Enclosures

**ROBERT A MORRIN**
**DBA MORRIN LAW OFFICE**
214 W MAIN ST.
RICHMOND, KY 40475-1791

73-17/421

2303

Date 9/7/2023

PAY TO THE ORDER OF Clarence Howard    $216.19

Two Hundred Sixteen + 19/100    Dollars

US bank.

Memo Mileage For Deposition

LOOK FOR FRAUD-DETERRING FEATURES INCLUDING THE SECURITY SQUARE AND HEAT-REACTIVE INK. DETAILS ON BACK.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clarence M. Howard
C/o Marcia Milby Ridings
Hamm, Milby + Ridings
120 N Main Street
London, KY 40741      re: Walden

9590 9402 8193 3030 3989 04

9589 0710 5270 0745 2340 71

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Karen Crawford   ☐ Agent  ☐ Addressee

B. Received by (Printed Name): Karen Crawford
C. Date of Delivery: 9-18-23

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053      Domestic Return Receipt

---

USPS TRACKING #

KNOXVILLE TN 377
18 SEP 2023 PM 2 L

9590 9402 8193 3030 3989 04

United States Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sender: Please print your name, address, and ZIP+4® in this box

Morrin Law Office
214 West Main Street
Richmond, KY 40475