UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CHARLES L. WALDEN                         )
                                          )
      Plaintiff                        )
                                          )
v.                                        )          CIVIL ACTION NO. 5:22-CV-00238-KKC
                                          )
ENTERPRISE SERVICES GROUP, LLC            )
CLARENCE M. HOWARD, AND                   )
NATIONAL INDEMNITY GROUP OF               )
INSURANCE COMPANIES OR                    )
NATIONAL INDEMNITY COMPANY,               )
VINCE KLINE, AND PROGRESSIVE              )
CASUALTY INSURANCE COMPANY                )

      Defendants

**\*\*\*\*\*\*\*\*\*\***
**MOTION TO ALTER, AMEND, OR VACATE 01/08/2024 ORDER**
**\*\*\*\*\*\*\*\*\*\***

      Comes the Plaintiff, CHARLES L. WALDEN, by and through counsel, and pursuant to FRCP 59 (e) and FRCP 60 (b) (6), for his Motion to Alter, Amend, or Vacate the Court's amended Order entered 01/08/2024 [Doc 103], hereby states as follows:

      Defendants, Enterprise Services Group, LLC, and Clarence M. Howard, did not demonstrate good cause for extension of the Expert Disclosure deadline from the Scheduling Order. Furthermore, an extension of such deadlines is clearly prejudicial to the Plaintiff and prevents him from diligently prosecuting his case. Finally, if the Court is not willing to vacate its January 8, 2024 Order [Doc 103], then Plaintiff requests more specific findings.

## PROCEDURAL HISTORY

Defendants filed their Motion to Modify the Scheduling Order and extend their Expert Disclosure deadline [Doc 98] on December 11, 2023. Plaintiff filed a Response [Doc 99] on December 14, 2023, and Defendants filed a Reply [Doc 100] on December 21, 2023. The Court initially entered an Order granting Defendants' Motion [Doc 102] on January 5, 2024, then amended their Order [Doc 103] on January 8, 2024 to clarify that both a Response and Reply had been filed.

## ARGUMENT

### I.  Defendants Have Not Demonstrated Good Cause as They Have Not Demonstrated Diligence.

Defendants did not demonstrate good cause for their Extension, in either their Motion or their Reply. FRCP 16(b)(4) states "A schedule may be modified only for good cause" and the Sixth Circuit courts have been clear that the primary measure of the good cause standard is the moving party's diligence to meet the deadlines.[1] Furthermore, a modification of the Scheduling Order is only considered appropriate when the deadline "cannot reasonably be met despite the diligence of the party seeking the extension."[2] Defendants have claimed that they were only put on notice of Plaintiff's claims upon the filing of his expert disclosures. When Plaintiff addressed the numerous ways Defendants had notice of his claims prior to filing his Expert Disclosures, Defendants insisted that "throughout the entirety of the discovery process that has taken place thus far, there was no indication that Plaintiff was claiming permanent impairment due to the

---

[1] *Todd v. Hyster-Yale Grp., Inc.,* No. 5:18-cv-468-JMH-MAS, at *3 (E.D. Ky. May 1, 2019); *Inge v. Rock Financial Corp.,* 281 F.3d 613, 625 (6th Cir. 2002); *E.E.O.C. v. U-Haul Intern., Inc.,* 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (quoting Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003)).
[2] *Todd v. Hyster-Yale Grp., Inc.,* No. 5:18-cv-468-JMH-MAS, (E.D. Ky. May 1, 2019); E.E.O.C. v. U-Haul Intern., Inc., 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (quoting Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003)).

accident subject to this case until his expert disclosure was filed."[3] However, Plaintiff's Demand Letter, dated January 13, 2023, clearly indicates damages for *future* medical treatment, *future* loss of household services, and *future* pain and suffering. Defendants' significant delay since receiving Plaintiff's formal demand – from January 2023 to December 2023 – is what led to their inability to meet the Court's deadline. As stated in Plaintiff's Response, there are a plethora of qualified neurosurgeons in Kentucky from whom Defendants could have sought an IME, but they chose to wait. They have not adequately displayed diligence in seeking out relevant, appropriate experts to defend their claim, and now seek to prejudice the Plaintiff by further delaying his trial. Defendants have not met their burden of establishing good cause for their delays in seeking out an appropriate expert.

## II.   Delaying Trial Is Prejudicial to the Plaintiff.

As explained in his Response to Defendant's Motion for Extension of Time [Doc 99], while Plaintiff requested a 90-day extension, the Court deemed it appropriate to grant a 60-day extension. Yet Defendant's requested extension is nearly twice that length at 102 days. This extension is pushing back numerous deadlines including the scheduled trial of this case; when Plaintiff requested an Extension of Time, it affected precisely two deadlines: Plaintiff's deadline to produce expert disclosures and Defendants' deadline to produce expert disclosures.

Plaintiff filed his Complaint on August 11, 2022. He has been attempting to take Defendant Howard's deposition since that time, but Mr. Howard has still not made himself available. Despite early assurances of an offer and quick resolution to his claim, Defendants Howard and Enterprise have refused to respond to the Plaintiff's Demand Letter, sent over a year

---

[3] Reply to Response to Defendants' Motion for Extension of Time [Doc 100].

ago, with any offer. While the Defendants are certainly not required to extend an offer of settlement to the Plaintiff, they did make multiple, repeated assurances to the Plaintiff that they wanted to quickly resolve this matter, while at the same time delaying and postponing events and deadlines at every opportunity. Plaintiff is ready and anxious to move this matter toward trial so that he may present his case before the jury and seek justice.

### III.    Plaintiff Requests More Specific Findings

If the Court is not willing to vacate its January 8, 2024 Order [Doc 103], then Plaintiff requests an Order with more specific findings. The Court's Order moved the Defendant's Expert Disclosure deadline, but did not discuss the Fact and Expert Discovery deadline due on April 1, 2024. It is Plaintiff's understanding that this deadline would also need to be adjusted as the Defendant's new Expert Disclosure deadline is set for May 15, 2024. If the Court is not willing to alter, amend, or vacate its Order, then Plaintiff is seeking clarification from the Court as to the Fact and Expert Discovery deadline.

In addition, Plaintiff requests more specific findings on the issues raised in Plaintiff's Response, specifically "good cause" and the lack of diligence of the Defendant.

### CONCLUSION

Despite the Defendants repeatedly referring to their Motion as "a routine motion," our courts have been clear on their purpose and the weight with which the deadlines established carry:  "The Court has reiterated that a scheduling order maintains orderly proceedings and is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril"

(internal quotations omitted).[4] Simply put, "Scheduling Order deadlines are important, and parties are obliged to follow them" (internal quotations omitted).[5]  Defendants' delays in almost a year to seek out appropriate experts causes prejudice to the Plaintiff by delaying his trial.

WHEREFORE, for the foregoing reasons, the Plaintiff requests the Court's amended Order dated January 8, 2024 [Doc 103] be altered, amended, or vacated in light of the Defendant's delay. In the alternative, Plaintiff requests an Order with more specific findings.

Respectfully Submitted,

MORRIN LAW OFFICE

_/s/Robert A. Morrin_____
Hon. Robert A. Morrin (KBA # 94368)
214 West Main Street
Richmond, KY 40475
(859) 358-0300
*Counsel for Plaintiff*

* * * * * * * * * *
## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2024, a true and correct copy of the foregoing was filed through the Court's eFiling system, which serves a copy on all counsel of record.

_/s/Robert A. Morrin_____
Hon. Robert A. Morrin (KBA # 94368)
MORRIN LAW OFFICE
*Counsel for Plaintiff*

---

[4] *Todd v. Hyster-Yale Grp., Inc.*, No. 5:18-cv-468-JMH-MAS, at *4 (E.D. Ky. May 1, 2019), citing *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240 (E.D. Ky. 2018) and *Birge v. Dollar Gen. Corp.*, No. 04-2531 B, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006)).
[5] *Todd v. Hyster-Yale Grp., Inc.*, No. 5:18-cv-468-JMH-MAS (E.D. Ky. May 1, 2019), citing *Adams v. Natures Expressions Landscaping, Inc.*, No. 5:16-cv-00098-JMH, 2018 WL 2452179, at *3 (E.D. Ky. May 31, 2018) and *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 239 (E.D. Ky. 2018).