UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CASE NO. 5:22-cv-00238-KKC

CHARLES L. WALDEN,                                                                                      PLAINTIFF,

VS.

ENTERPRISE SERVICES GROUP, LLC,
CLARENCE M. HOWARD,
NATIONAL INDEMNITY GROUP OF INSURANCE
COMPANIES OR NATIONAL INDEMNITY COMPANY,
VINCE KLINE, AND
PROGRESSIVE CASUALTY INSURANCE COMPANY,                              DEFENDANTS.

**RESPONSE TO MOTION TO STRIKE DEFENDANT HOWARD'S
RESPONSES TO THE PLAINTIFF'S REQUESTS
FOR ADMISSIONS**

Comes now undersigned counsel for the Defendants, Enterprise Services Group, LLC and Clarence M. Howard, and for their response to Plaintiff's Motion to Strike Defendant Howard's Responses to the Plaintiff's Requests for Admissions, states as follows:

**INTRODUCTION**

Plaintiff contends that Defendant Howard violated Federal Rules of Civil Procedure 26(g) because defense counsel signed responses to requests for admissions "on behalf of Mr. Howard" without the required "reasonable inquiry." (DE 105 at PgID# 591). Plaintiff's bald claims that defense counsel failed to make a reasonable inquiry before signing discovery responses due to not being able to contact her client (*id.*) is not a reason by itself to strike Defendant's responses. As confirmed by the inapplicable and wholly irrelevant authority relegated to footnotes in Plaintiff's Motion to Strike (*id.* at PgID## 591-92), the relief Plaintiff seeks to achieve represents the severest

1

of sanctions reserved for only the most blatant of discovery violations which are proven to be the product of a party's "willfulness, bad faith, of fault." If Plaintiff could point to some actual improper conduct or controlling authority, he would have done that in his Motion. Its absence is telling. Therefore, this Court should deny Plaintiff's Motion.

## ARGUMENT

Federal Rule of Civil Procedure 26(g) requires that "every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name or by the party personally, if unrepresented…." Fed. R. Civ. P. 26(g)(1). By signing a response to a discovery request, an attorney certifies that to the best of her "knowledge, information, and belief formed after a reasonable inquiry," the response is (1) consistent with the Federal Rules of Civil Procedure and justified under existing law; (2) not interposed for any improper purpose, such as to unnecessarily delay or needlessly increase the costs of litigation; and (3) reasonable given the importance of the issue and the circumstances of the case. *Id.*

Rule 26(g) also requires a party to make a "reasonable inquiry" with respect to a discovery response that it is complete and correct as of the time it is made. *Id.* This merely requires that the attorney make a "reasonable inquiry into the factual basis of his response, request, or objection." Fed. R. Civ. P. 26(g) Advisory Committee Notes. It does not "demand an exhaustive investigation," rather, "one that is reasonable under the circumstances, focusing on the facts that are alleged with particularity in the pleadings." *Id.*

Moreover, the certification requirement "obliges each attorney to stop and think about the legitimacy of the discovery request, a response thereto, or an objection." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) (quoting Fed. R. Civ. P. 26(g), advisory committee's note to 1983 Amendment). "Rule

26(g) does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request." *Kiobel v. Royal Dutch Petroleum Co.*, No. 02-Civ-7618 (KMW)(HBP), 2009 WL 1810104, at *2 (S.D.N.Y. 2009) (quotation omitted). Instead, under Rule 26(g), attorneys may rely on the representations of their clients, so long as they have made a reasonable inquiry to verify the information in the pleadings that the attorney has signed. Fed. R. Civ. P. 26(g)(1). "An attorney's inquiry . . . including her investigation and her resulting conclusions [satisfies Rule 26(g) if the inquiry] was objectively reasonable under the circumstances." *Id.* (citing Fed. R. Civ. P. 26(g) advisory committee's note); *see also Quinby v. WestLB AG*, No. 04-cv-7406 (WHP)(HBP), 2005 WL 3453908, at *4 (S.D.N.Y. Dec. 15, 2005) ("Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances.'").

Plaintiff has not identified any misrepresentations by Defendants in their discovery responses, much less one warranting sanctions under Federal Rule of Civil Procedure 26(g). Despite the Plaintiff's speculations, defense counsel did in fact conduct its own investigation before answering and signing the responses to admissions. Defense counsel has also discussed the case with experts and reviewed all relevant documentation in their possession.

Again, Plaintiff has failed to cite any authority whatsoever in support of his contention that "at least one conversation or correspondence is necessary to meet the requirement of the 'reasonable inquiry.'" (DE 105, PgID## 591-92). In fact, the cases Plaintiff cites are wholly inapplicable to the issue he presents in his Motion. There is no controlling precedent or authority that exists in support of Plaintiff's argument or that even comes close to mirroring such argument. Plaintiff cites *In re Connelly N. America*, *LLC*, 376 B.R. 161 (E.D. Mich. 2007), wherein the bankruptcy court dismissed a trustee's claim with prejudice for discovery violations, but this was

in conjunction with sanctions sought pursuant to Federal Rule of Civil Procedure 37. In *Connolly,* the trustee waited until the ninth day of trial to produce thirty-six boxes of relevant documents that the debtor had requested three years prior. *Id.* at 164. The court held that "a party's failure to comply with Rule 26(e)(2) may give rise to sanctions under Rule 37(e)(1)." *Id.* at 182. The court further noted that dismissal is a severe sanction and should be imposed with great caution, but that if the failure to cooperate is willful, in bad faith, and with fault, dismissal is warranted. *Id.* (citations omitted). *Connelly* is not even remotely analogous to our case, since the trustee's misconduct was egregious and clearly involved hiding evidence until the middle of trial. In addition, the debtor based the request for sanctions based upon repeated violations of Rule 37(e)(1).

Plaintiff also cites *Martin Cnty. Coal Corp. v. Universal Underwriters Ins. Services, Inc.*, No. 08-93-ART, 2010 WL 4629761 (E.D. Ky. Nov. 8, 2010), which is also irrelevant and easily distinguishable from this case. *Martin County Coal* discusses Rule 30(6)(b), which requires a corporate party to designate a person to "testify about information known or reasonably available to the organization." *Id.* at *3. The last case Plaintiff cites in an attempt to mask the reality that no authority exists in support of his argument is *United States v. Drake*, No. 5:18-097-DCR, 2021 WL 5238764 (E.D. Ky. 2021). *Drake* entails a pro se criminal defendant that filed a motion to set aside the court's judgment pursuant to Fed. R. Civ. P. 59(e) based on ineffective assistance of counsel. *Id.* at *1. The defendant argued that his attorneys' failure to review evidence with him resulted in manifest injustice. *Id.* The Court denied his motion because the defendant's "conclusory, out-of-context allegations" were insufficient to establish any claims for relief. *Id.* at **2-3.

Plaintiff requests this Court to sanction Defendants' alleged misconduct by striking Defendant's responses and deeming them admitted, which, in essence, would effectively result in default judgment, a sanction equivalent to dismissal when the violating party is the plaintiff. However, Plaintiff has offered nothing to support his contention that the undersigned committed sanctionable action period. The Plaintiff offers nothing other than the offensive bare-bone Motion at issue that fails to include any specific misrepresentation, improper conduct, or controlling authority. In essence, it is impossible for Plaintiff to demonstrate the necessary elements which could result in sanctions under Fed. R. Civ. P. 36(a)(3) because no violation exists.

## CONCLUSION

Based on the foregoing, Defendants have demonstrated that the undersigned counsel made the requisite "reasonable inquiry" in formulating their responses to Plaintiff's requests for admissions. Therefore, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Strike.

    Respectfully submitted,

    HAMM, MILBY & RIDINGS, PLLC
    120 NORTH MAIN STREET
    LONDON, KY 40741
    PHONE: 606-864-4126
    FAX: 606-878-8144
    EMAIL:  marcia@hmrkylaw.com
    ATTORNEYS FOR DEFENDANTS,
    ENTERPRISE SERVICES GROUP, LLC AND
    CLARENCE M. HOWARD


By: __/s/ Marcia Milby Ridings_____
      MARCIA MILBY RIDINGS

CERTIFICATE OF SERVICE:

I hereby certify that on **February 16, 2024**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Robert A. Morrin, Esq.
Morrin Law Office
214 West Main Street
Richmond, KY  40475
*Attorney for Plaintiff*
**Email:** rob@morrinlawoffice.com

Gregg E. Thornton, Esq.
Ward, Hocker & Thornton, PLLC
333 West Vine Street, Suite 1100
Lexington, KY  40507
*Attorney for Defendant,*
*Progressive Casualty Insurance Company*
**Email:** gthornton@whtlaw.com

Mindy G. Barfield, Esq.
Shaye Page Johnson, Esq.
Dinsmore & Shohl, LLP
100 West Main Street, Suite 900
Lexington, KY  40507
*Attorney for Defendants,*
*National Indemnity Group of Insurance*
*Companies or National Indemnity Company,*
*And Vince Kline*
**Email:** mindy.barfield@dinsmore.com
**Email:** shaye.johnson@dinsmore.com

    /s/Marcia Milby Ridings
    OF COUNSEL FOR ABOVE-NAMED
    DEFENDANTS