UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| CHARLES L. WALDEN ) | |
| ) | |
|    Plaintiff ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:22-CV-00238-KKC |
| ) | |
| ENTERPRISE SERVICES GROUP, LLC ) | |
| CLARENCE M. HOWARD, AND ) | |
| NATIONAL INDEMNITY GROUP OF ) | |
| INSURANCE COMPANIES OR ) | |
| NATIONAL INDEMNITY COMPANY, ) | |
| VINCE KLINE, AND PROGRESSIVE ) | |
| CASUALTY INSURANCE COMPANY ) | |
| | |
|    Defendants | |

\*\*\*\*\*\*\*\*\*\*

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT HOWARD'S RESPONSES TO REQUESTS FOR ADMISSIONS**
\*\*\*\*\*\*\*\*\*\*

Comes the Plaintiff, CHARLES L. WALDEN, by and through counsel, and for his Reply to Defendant Howard's Response to the Motion to Strike Defendant Howard's Responses to Plaintiff's Requests for Admissions, hereby states as follows:

Plaintiff filed his Motion to Strike Defendant Howard's Responses to his Requests for Admissions [Doc 105] on January 30, 2024. Defendant filed their Response [Doc 108] on February 16, 2024.

Defendant makes many bold statements in his Response, but fails to address the underlying issue for Plaintiff's Motion; that is, that Defendant's counsel cannot make a reasonable inquiry into the Requests for Admissions without having some kind of communication with the Defendant driver. There is not a single denial of the fact that Defendant

1

Howard has not had any communication with his counsel because that fact is undisputed. Furthermore, Defendant cites Rule 26(g) in his Response, stating: "Instead, under Rule 26(g), attorneys may rely on the ***representations of their clients***, so long as they have made a reasonable inquiry to verify the information in the pleadings that the attorney has signed. Fed. R. Civ. P. 26(g)(1)" (emphasis added). Defendant's counsel cannot rely on the representations of her clients because her clients have made no representations to her. Defendant's counsel has not denied that she has had no communication, contact, or representations from her clients; in fact, in the Certification of Record at Defendant Howard's Deposition, Defendant's counsel states "I did attempt to contact him, but I was unsuccessful." Thus, by the standard put forth by the Defendant himself, counsel has no basis for having made a reasonable inquiry.

    Instead of addressing the substance of Plaintiff's Motion, Defendant spends his time lobbying attacks on the styling of the Motion, implying because his cited authority is "relegated to footnotes," it must not be good law. This is a thinly veiled attempt to distract this Court from the fact that the Defendant, by and through counsel, is attempting to circumvent rules of civil procedure and act in her client's place. Defendant's counsel's response, as it cannot be considered a response by the Defendant driver, requests this court to ignore the plain language of Fed. R. Civ. P. 269(g)(1) and instead allow herself to act on behalf of the Defendant driver without having cited any legal authority whatsoever to permit Defendant's counsel to make discovery response decisions without consulting her client. The rules do not provide for such responses from a party's counsel. Plaintiff is entitled to responses from the Defendant driver. The Defendant's counsel is not permitted to be a witness in this matter and is not allowed to respond on the Defendant's behalf. If Defendant's counsel is permitted to answer discovery independently from any reasonable reliance on the Defendant, having no communications with the Defendant

2

since the commencement of this action, the Defendant's counsel must withdraw from representation as she is attempting to substitute her own discovery responses for that of the Defendant driver; counselors may not represent a party and serve as a witness in the same action. Even so, withdrawal from representation or not, the Defendant's counsel's responses must still be stricken from the record.

Respectfully Submitted,

MORRIN LAW OFFICE

_/s/Robert A. Morrin_____
Hon. Robert A. Morrin (KBA # 94368)
214 West Main Street
Richmond, KY 40475
(859) 358-0300
*Counsel for Plaintiff*

\* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2024, a true and correct copy of the foregoing was filed through the Court's eFiling system, which serves a copy on all counsel of record.

_/s/Robert A. Morrin_____
Hon. Robert A. Morrin (KBA # 94368)
MORRIN LAW OFFICE
*Counsel for Plaintiff*
