UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| CHARLES L. WALDEN ) | |
| ) | |
|    Plaintiff ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:22-CV-00238-KKC |
| ) | |
| ENTERPRISE SERVICES GROUP, LLC ) | |
| CLARENCE M. HOWARD, AND ) | |
| NATIONAL INDEMNITY GROUP OF ) | |
| INSURANCE COMPANIES OR ) | |
| NATIONAL INDEMNITY COMPANY, ) | |
| VINCE KLINE, AND PROGRESSIVE ) | |
| CASUALTY INSURANCE COMPANY ) | |
| | |
|    Defendants | |

\*\*\*\*\*\*\*\*\*\*
**MOTION FOR SANCTIONS**
\*\*\*\*\*\*\*\*\*\*

Comes now the Plaintiff, CHARLES L. WALDEN, by and through counsel, and for his Motion for Sanctions against defendant Clarence M. Howard, hereby states as follows:

**RELEVANT PROCEDURAL HISTORY**

Plaintiff filed this action in Madison Circuit Court on August 11, 2022. It was subsequently removed to the U.S. District Court, Eastern District at Lexington on September 19, 2022. Plaintiff has been attempting to take the deposition of Defendant, Clarence M. Howard, since he filed his Complaint, but has been prevented from doing so. On September 12, 2022, Plaintiff's counsel sent a letter to Defendant Howard's counsel regarding immediately scheduling his deposition. The depositions of Defendant Howard and the Plaintiff were

1

scheduled for November 4, 2022, then rescheduled by agreement of the parties for December 13, 2022. A few days before the scheduled December depositions, Plaintiff's counsel was contacted by Defendant Howard's counsel and advised that she had not been able to locate her client. The parties thus agreed to postpone all depositions under Mr. Howard could be located. The Plaintiff was deposed on January 4, 2023.

Defendant Howard was served with a copy of the Complaint via the Kentucky Secretary of State, pursuant to KRS 454.210, as to the best information and belief of the Plaintiff, Defendant Howard resides outside of the Commonwealth of Kentucky. The Secretary of State was provided two (2) addresses for Mr. Howard and two (2) copies of the Complaint for service. The Secretary of State signed for the copies of the Complaint from the Madison Circuit Clerk on August 19, 2022; thus pursuant to KRS 454.210, Defendant Howard was considered served on August 19, 2022.

In August of 2023, Plaintiff's counsel had still not received information that Defendant Howard had been in contact with his counsel. Plaintiff's counsel reached out again about scheduling Mr. Howard's deposition. Defendant Howard's counsel again advised that she had not been able to contact Mr. Howard.

Plaintiff scheduled Defendant Howard's deposition to take place on October 11, 2023, sending a subpoena and Notice of Deposition to Defendant Howard at his last known address, as well as copies to his counsel's office with a check for his estimated mileage expenses. On October 11th, counsel for Defendant Howard, counsel for Defendant Progressive, and counsel for the Plaintiff arrived for the scheduled deposition along with the Court Reporter, but Mr. Howard did not appear. At 10:20 a.m., counsel for the Plaintiff went on the record to document the parties present, as noted by the Court Reporter; See Exhibit A.

## ARGUMENT

Defendant Howard was properly served with notice of this lawsuit under KRS 454.210. The law is clearly established on this point. For example, this Court recites a plethora of authority on the matter in their March 6, 2017 Opinion and Order in *Polston v. Millennium Outdoors, LLC*, Civil Action N. 6:16-CV-16-KKC (E.D. Ky. March 6, 2017):

> In Kentucky, a "summons is deemed served upon return even without a signed return receipt." See *Ashford v. Bollman Hat Co.,* No. 10-cv-192, 2011 WL 127153 at *2 (E.D. Ky. Jan. 14, 2011) (citing *Haven Point Enters., Inc. v. United Ky. Bank, Inc.,* 690 S.W.2d 393, 395 (Ky. 1985) (holding that a signed, return receipt is not necessary from the addressee as part of the return by the Secretary of State)). See also *Davis v. Wilson,* 619 S.W.2d 709, 710-11 (Ky. Ct. App. 1980) (finding proper service pursuant to the long-arm statute even though the envelope containing the summon was returned to the Secretary of State marked "unclaimed") (citing *Cox v. Rueff Lighting Co.,* 589 S.W.3d 606, 607 (Ky. Ct. App. 1979)).

As Defendant Howard has been properly and sufficiently notified of this lawsuit, the next question becomes if he was properly notified of his scheduled deposition.

Defendant Howard's deposition was also properly noticed, via subpoena to his last known address, Notice of Deposition, and notification to his counsel. Plaintiff also complied with the Federal Rules of Civil Procedure in providing a check for the advancement of anticipated mileage expenses.

Rule 37 of the Federal Rules of Civil Procedure authorizes the court to issue sanctions to anyone failing to appear at a properly scheduled deposition. Such sanctions may include: treating factual disputes as established in the prevailing party's favor; prohibiting the party who failed to

appear from asserting claims or defenses, or from introducing evidence; strike pleadings in whole or in part; stay the case until the deposition is conducted; and order the party and/or the party's attorney, to pay the prevailing party's attorneys' fees and expenses caused by the failure to appear. In this instance, Defendant Howard's counsel already directed that the Court Reporter's fee for the October 11th deposition be directed to her office. It is Plaintiff's belief that the most appropriate sanctions in this matter include treating factual disputes as established in the Plaintiff's favor, prohibiting Defendant Howard from asserting defenses or claims, and prohibiting Defendant Howard from introducing evidence.

Rule 26 of the Federal Rules of Civil Procedure states that courts may, "for good cause," issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." At no point has Defendant Howard sought protection from the Court regarding his deposition.

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully requests this Court to submit the **attached Order** issuing sanctions (in the form of prohibiting Defendant Howard from raising defenses, asserting claims, or introducing evidence in this matter) against Defendant Howard for his failure to appear at his properly noticed Deposition on October 11, 2023 and to treat all factual disputes as established in the Plaintiff's favor.

Respectfully Submitted,

MORRIN LAW OFFICE

_/s/*Robert A. Morrin*_____
Hon. Robert A. Morrin (KBA # 94368)
214 West Main Street
Richmond, KY 40475
(859) 358-0300
Rob@MorrinLawOffice.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2024, a true and correct copy of the foregoing was filed through the Court's eFiling system, which serves a copy on all counsel of record.

    /s/*Robert A. Morrin*
Hon. Robert A. Morrin (KBA # 94368)
MORRIN LAW OFFICE
*Counsel for Plaintiff*