UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:22-CV-00238-KKC-EBA

CHARLES L. WALDEN,                                                                                        PLAINTIFFS,

V.                                                          **ORDER**

ENTERPRISE SERVICES GROUP, LLC, *et al.*,                                              DEFENDANTS.

*** *** **** ***

This matter is before the Court on Plaintiff Charles L. Walden's Motion to Strike Defendant Clarence M. Howard's Responses to the Plaintiff's Requests for Admissions. [R. 105]. Howard responded in opposition, [R. 108], and Walden filed a reply, [R. 110]. This matter is ripe for review.

Walden asserts that counsel for Howard (Defense Counsel) signed discovery responses on Howard's behalf despite not having had a conversation or any correspondence with Howard. [R. 105 at pg. 2]. According to Walden, on October 11, 2023, Defense Counsel stated to Walden's counsel, "I'm Marcia Ridings and I represent Clarence Howard. I did attempt to contact him, but I was unsuccessful." [*Id.*]. Walden argues that Howard's responses to Walden's requests for admission should be deemed admitted. [*Id.*]. In response, Defense Counsel argues that Plaintiff has not identified any misrepresentations made in the responses that would warrant the severe sanctions requested. [R. 108 at pg. 3].

By signing a response to a discovery request, an attorney certifies that to the best of her "knowledge, information, and belief formed after a reasonable inquiry," the answer is consistent with the Federal Rules of Civil Procedure, "not interposed for any improper purpose," and "neither unreasonable or unduly burdensome or expensive." Fed. R. Civ. P. 26(g)(1)(B). "An attorney has

made a 'reasonable inquiry' if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances… Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances." *Brown v. Tellermate Holdings, Ltd.*, 2014 WL 2987051, at *17 (S.D. Ohio July 1, 2014). The purpose of Rule 26(g) is to make sure that the parties act "consistent with the spirit and purpose of Rules 26 through 37." Fed. R. Civ. P. 26 (Advisory Committee Noes, 1983 Amendment, Subdivision (g)).

If a certification violates Rule 26(g), the court must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. Fed. R. Civ. P. 26(g)(3). "The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." *Id.* The standard for determining whether to impose sanctions under Rule 26(g)(3) is the same objective standard that applies to determination under Rule 11. *Allen v. Wyndham Worldwide Corp. Inc.,* 2019 WL 2130149, at *16 (E.D. Tenn. May 15, 2019). "Sanctions under Rule 26(g)(3) are not discretionary if the district court finds that a discovery filing was signed in violation of the rule." *McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 741 (6th Cir. 2002).

Walden asks the Court to deem the served requests for admission as admitted based on Defense Counsel's alleged failure to conduct a "reasonable inquiry" into Howard's answers. Defense Counsel represents Defendants Enterprise Services Group and Clarence Howard. Defense counsel argues that Walden failed to show any authority in support of the contention that "at least one conversation or correspondence is necessary to meet the requirement of the reasonable inquiry." [*Id.* at pg. 3]. Defense Counsel does not deny Walden's allegation that she has not communicated with her client, but rather, states that she conducted her own investigation before answering and signing the responses to admission. [R. 108 at pg. 4].

In making a "reasonable inquiry," the attorney "may rely on assertions by the client and on communications with other counsel in this case as long as that reliance is appropriate under the circumstances. Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances." Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 26(g). "Blind reliance on a client's representation is rarely a reasonable inquiry." *DR Distributors, LLC, v. 21 Century Smoking, Inc.,* 513 F. Supp. 3d 839, 953 (N.D. Ill. Jan. 19, 2021). In *DR Distributors*, the court held that defendants' discovery responses were made without reasonable inquiry where the responses relied solely on the client's representations. *Id*. Here, however, is the opposite situation. Counsel relied solely on information from other sources to answer the requests for admission on Howard's behalf.

Walden does not assert that Defense Counsel's responses to Walden's requests for admission were incorrect or misleading. Walden only asserts that because Defense Counsel has not spoken to Howard, counsel could not have conducted a reasonable inquiry into the responses to Walden's requests for admission. To conduct "reasonable inquiry," Defense Counsel conducted her own investigation, discussed the case with experts, and reviewed all relevant documentation in her possession, but she did not speak to her client. [R. 108 at pg. 4]. The Advisory Committee notes to Rule 26(g) state that counsel *may* rely on assertions by the client as long as that reliance is appropriate. Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 26(g). The rule does not state that counsel *must* rely on statements by the client. Defense Counsel used variety of other sources to answer Walden's request for admissions, and therefore, there is no reason to impose the harsh sanction of deeming admitted Walden's Requests for Admission. Having fully considered the matter,

IT IS ORDERED that Walden's Motion to Strike, [R. 105], is DENIED.

Signed March 14, 2024.

