UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:22-CV-00238-KKC-EBA

CHARLES L. WALDEN,                                                                    PLAINTIFF,

V.                                              **ORDER**

ENTERPRISE SERVICES GROUP, LLC, *et al.,*                              DEFENDANTS.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Defendants' motion, filed pursuant to Fed. R. Civ. P. 35, to compel plaintiff Charles L. Walden to submit to an independent medical examination (IME) conducted by Dr. Tomothy Kriss, a neurosurgeon. [R. 115]. To resolve the motion prior to April 12, 2024, the date the IME is currently scheduled to occur, the Court granted the Defendants' request for expedited briefing. [R. 117, 118]. Walden filed a timely response, and Defendants did not reply. For the following reasons, the Court will grant Defendants' motion to compel the medical examination.

I.      **Factual and Procedural History**

This negligence action arose from a motor vehicle accident involving Walden and Defendant Clarence Howard (an agent of Defendant Enterprise Services Group, LLC) in which Walden allegedly suffered various physical injuries and other damages. [R. 1]. On or about August 10, 2020, Walden, while traveling on the Northbound exit ramp of Exit 87 on I-75 in Richmond, Madison County, Kentucky, collided into the rear of Howard's box-truck which was parked on the exit ramp. [*Id.* at pg. 3]. Walden alleges that Howard did not properly park the vehicle nor take

necessary safety measures, and therefore, caused the collision. [*Id.* at pgs. 4-5]. Walden filed this suit against Defendants in Madison Circuit Court on August 10, 2022. [*Id.* at pg. 3]. Defendants removed the action to this court on September 19, 2022. [*Id.* at pg. 1]. Now, Defendants' move to compel Walden to submit to an IME conducted by Dr. Kriss on April 12, 2024, [R. 115], and Walden objects. [R. 119].

## II. Legal Standard

Federal Rule of Civil Procedure 35 provides that the Court "may order a party whose mental or physical condition… is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The moving party must show "good cause" for the examination and specify the time, place, manner, conditions, and scope of the examination, as well as the person who will perform it. Fed. R. Civ. P. 35(a)(2)(A) and (B). In *Schlagenhauf v. Holder*, the Supreme Court stated that the "in controversy" and "good cause" requirements, "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case…an affirmative showing [is required]." 379 U.S. 104, 118 (1964). "A plaintiff in a negligence action who asserts mental or physical injury…places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id*. at 119.

## III. Analysis

In their motion to compel, Defendants provide a thorough summary of Walden's medical records and disputes Walden's expert witnesses' opinions. [R. 115 at pgs. 2-14]. Defendants assert that Walden placed his mental and physical condition in controversy by alleging that he sustained serious and permanent mental and physical injuries as the result of the motor vehicle accident. [*Id.* at pgs. 17-20]. Thus, Defendants claim they have established "good cause" to proceed with the

requested IME to determine the existence and extent of Walden's alleged injuries, pursuant to Fed. R. Civ. P. 35 and *Schlagenhauf v. Holder*, 379 U.S. 104 (1964). [*Id.*]. Additionally, Defendants state, Walden's "efforts to recover millions in damages for alleged mental and physical damages," and retention of his own experts in the "same field as Dr. Kriss" demonstrate good cause. [R. 115 at pg. 18]. Defendants assert that they take issue with the opinions of Walden's non-treating expert witnesses, specifically the fact that his experts purport new damages "for the first and only time," and request the ability to perform many of the same tests with their own expert witness. [*Id.*].

Walden objects to Defendants' motion on multiple grounds. First, Walden claims that Defendants have not established exactly which of Walden's injuries are in controversy. [R. 119 at pg. 4]. However, as in *Schlagenhauf*, the nature of this action demonstrates that Walden has placed his mental and physical conditions in controversy because Walden's claims are mental and physical in nature. Walden seeks damages for temporary and permanent injuries including physical and mental pain and anguish, loss of enjoyment of life, loss of earning capacity, and medical expenses, and therefore, has placed his mental and physical condition in controversy. [R. 1].

Second, Walden argues that Defendants have not established "good cause" because Defendants have not shown "why the specific examinations requested are necessary" and did not include the "actual specifics of the examinations requested." [*Id.* at pg. 6]. However, Defendants did provide a detailed list of the examinations to be performed by the examining physician and identified the various topics that the examining physician will question Walden about. [R. 115-7].

Third, Walden asserts that of the list of tests provided by Defendants, many have already been conducted by Walden's treating physicians and extensively documented in medical records, written discovery, and deposition testimony. [*Id.* at pgs. 6-8]. However, as this court has repeatedly held, the defendants are not "precluded from conducting its own examination under Rule 35 simply

because they had 'deposed Plaintiff and [] received discovery material detailing […] history and medical status.'" *Gentry v. CF Ky. Owner LLC,* 2019 WL 13216323, at *1 (E.D. Ky. Jul. 30, 2019) (citing *May for Estate of May v. Ford Motor Co.,* 2010 WL 11565919, at *2 (E.D. Ky. Apr. 15, 2010)). "Deposition testimony and extensive document production are no substitute for an IME." *Id.* (citing *Daniels v. Jevic Transp., Inc.,* 2008 WL 489255, at *2 (E.D. Ky. Feb. 20, 2008)). Accordingly, overall, Defendants have shown good cause for compelling Walden to submit to a physical examination.

Additionally, Walden objects to Dr. Kriss as a Rule 35 medical examiner and argues that Dr. Kriss has demonstrated biases against claimants and plaintiffs with traumatic brain injuries. [R. 119 at pgs. 15-17]. Walden suggests that courts have routinely found Dr. Kriss' testimony to be invalid. [*Id.*]. Although Defendants do not have an absolute right to compel an examination by a particular physician of their choosing, absent a showing of bias or prejudice, the Court will not disturb the Defendants' choice of medical examiner. *Spencer v. Huron Cnty.,* 2016 U.S. Dist. LEXIS 118814, *4-5 (E.D. Mich. Sept. 2, 2016) (citing *McKitis v. Defazio,* 187 F.R.D. 225, 227 (D. Md. 1999); *Great W. Life Assur. Co. v. Levithan,* 153 F.R.D. 74, 76 (E.D. Pa. 1994); *Powell v. United States,* 149 F.R.D. 122, 124 (E.D. Va. 1993); *Liechty v. Terrill Trucking Co.,* 53 F.R.D. 590, 591 (E.D. Tenn. 1971)).

Walden has not shown that Dr. Kriss holds a bias or prejudice against him in this action. Walden cites three cases in which the courts discuss the expert testimony provided by Dr. Kriss. *See Taylor v. McCoy Elkhorn Coal Corp., et al.*, 2018 WL 3595313 (Ky. Ct. App. 2018); *Uninsured Employers' Fund v. Popular Brook Development, LLC,* 2016 WL 5247928 (Ky. 2016); *Burns v. Astrue,* 2009 WL 223866 (E.D. Ky. Jan. 29, 2009). In *Taylor* and *Burns*, the courts held that the Administrative Law Judges' (ALJ) determinations were not supported by substantial

evidence. *See Burns,* at *5 ("[T]he court concludes that reliance on the reports of Dr. Kriss…to overcome the opinion of Dr. Bielecki is not supported by substantial evidence."). Walden particularly relies on *Taylor* in which the Kentucky Court of Appeals held that the ALJ should not have relied on Dr. Kriss' report, however the Kentucky Supreme Court overturned this decision holding that the Court of Appeals improperly reweighed the evidence in the case. *McCoy Elkhorn Coal Corp. Insolvent Employer v. Taylor*, 2019 WL 2463032, at *8 (Ky. 2019) ("[t]he only medically relevant evidence Dr. Kriss is alleged to have failed to review is one [] IME…Failing to consider one IME, an IME containing a conclusory finding as to causation, is distinguishable from failing to consider a critical event in a patient's medical history…"). Additionally, the court in *Uninsured Employers' Fund* does not discuss any issues with Dr. Kriss' expert report. *Uninsured Employers' Fund,* at *2-3. One case where the court held that the ALJ's determination was not supported by substantial evidence when he relied on Dr. Kriss' expert testimony does not demonstrate that Dr. Kriss has biases against claimants and plaintiffs with traumatic brain injuries.

Finally, Walden argues, if the Defendants' motion to compel is successful, then the court should order the following conditions to be placed on the examination:

1. A date for the selected examiner's deposition shall be provided at least ten (10) days before the date of the physician's trial testimony deposition;
2. That [Walden] may be accompanied to the proposed examination by a friend, family member, or other person of his choice (not including his lawyer or employees of his lawyer);
3. That the examination shall be video recorded by the person chosen by [Walden] who accompanies him to the proposed examination, or in the alternative by a court-approved videographer;
4. That in the event the examiner desires for [Walden] to fill out any questionnaires or other written data request, any such questionnaire of written data request shall be submitted to his counsel no less than ten (10) days in advance of the scheduled examination, and he shall bring the documents with him to the examination;
5. That the examination shall be limited to a physical examination, and any questions to be asked by the physician must specifically pertain to the particulars of the physical examination and the assessment of related injuries,

      to include the dynamics of any motion that occurred within the vehicle and whether he struck anything within the vehicle compartment, in the collision, but otherwise may not include questions about witnesses, or any other matters not directly related to the physical examination itself;

6. That milage be paid to [Walden] for travel to and from his home to the physician's office;
7. That there is no reference in the report, the physician's testimony, or any of the subsequent proceedings in this matter that such examination is an "independent medical examination" or any other indicated than it is anything other than an examination by an adverse party in this matter;
8. That the examining physician owes no Hippocratic duties to [Walden] since [he] is not his patient;
9. A copy of the report generated as a result of the examination shall be forwarded to counsel for [Walden] immediately on receipt of same by defense counsel without any edits; and
10. Reasonable time constraints on the examination.

As for Walden's request to record the examination and/or have a third-party present, Walden has not shown good cause to do so and the balance of interests favors the Defendants. In *Stefan*, the court concluded: "[f]ederal courts have determined that third parties—whether human or electronic—cannot sit in on physical and mental examinations under Federal Civil Rule 35 unless special circumstances require it. These circumstances, however, must be balanced against the interests of the parties involved in the litigation. There is no bright-line rule…it remains to the court's sound discretion." *French v. Clarksville Stave and Lumber Co., Ltd.,* 2013 WL 12177008, at *3 (Jan. 22, 2013) (citing *Stefan v. Trinity Trucking, LLC,* 275 F.R.D. 248 (N.D. Ohio 2011)). Walden's interest in having the examination recorded is outweighed by the Defendants' interest in not having the examination disrupted by a recording device or observer. *See Id.* Walden has no right under Rule 35 or binding precedent to record the examination and the instant situation presents no special circumstances to warrant recording the examination.

      As for Walden's additional requests, he does not provide any argument or supporting case law for why the Court should adopt his requests. Accordingly,

IT IS ORDERED that Defendants' Motion to Compel Fed. R. Civ. P. 35 Examination, [R. 115], is GRANTED.

Signed April 11, 2024.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge