UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| CHARLES L. WALDEN ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:22-CV-00238-KKC |
| ) | |
| ENTERPRISE SERVICES GROUP, LLC ) | |
| CLARENCE M. HOWARD, AND ) | |
| NATIONAL INDEMNITY GROUP OF ) | |
| INSURANCE COMPANIES OR ) | |
| NATIONAL INDEMNITY COMPANY, ) | |
| VINCE KLINE, AND PROGRESSIVE ) | |
| CASUALTY INSURANCE COMPANY ) | |

Defendants

\*\*\*\*\*\*\*\*\*\*
**EMERGENCY MOTION FOR RELIEF**
\*\*\*\*\*\*\*\*\*\*

Comes the Plaintiff, CHARLES L. WALDEN, by and through counsel, and for his Emergency Motion for Relief from the Order Compelling Plaintiff to attend a Rule 35 Exam with Dr. Kriss, entered April 11, 2024 [DE 122], hereby states as follows:

Defendants filed an "Emergency" Motion to Compel the Plaintiff to attend a Rule 35 Exam on March 19, 2024, requesting the Court Order the Plaintiff to attend an exam on April 12, 2024 with Dr. Timothy Kriss. The Defendants requested an expedited briefing schedule, alleging that Plaintiff had used "repeated delays and stall tactics," thus the Defendants should be given judicial leave to require the Plaintiff to respond to a twenty-one (21) page Motion in a matter of two business days. The Court granted that aspect of Defendants' request on Friday afternoon, March 22, 2024, entering an Order for the Plaintiff to file his Response by the close of business

1

on Monday. The Court later amended their Order to allow Plaintiff to file his Response by the close of business on Tuesday, March 26, 2024.

The time to respond to a Motion under the Local Rules has been long established. Defendants chose to wait to file their lengthy Motion until they could couch it as an "emergency." There was nothing about their Motion that demonstrated irreparable harm which was caused by Defendants' unilateral scheduling of an IME prior to obtaining leave, and Defendants make no mention of any attempts to reschedule the proposed exam to allow a full, regular briefing schedule and to allow the Court to fully consider its Motion and all Responses/Replies. Defendants did not establish good cause for the "emergency" nature of their Motion, yet the Court granted their Request for an expedited briefing schedule anyway.

The Court allowed the Plaintiff two business days with which to draft a Response to a twenty-one (21) page Motion. Despite the clerk submitting the Motion and Response to chambers the morning after Plaintiff filed his Response, the Court waited another week and a half to enter its Order granting the remainder of Defendants' Motion, giving the Plaintiff less than a week to make arrangements to attend a lengthy exam, the details of which he had repeatedly requested clarification on and been denied.

Unlike the Defendants' Emergency Motion to Compel, the Plaintiff now faces a real emergency, in that he has been Ordered to attend an exam by an adverse party with less than 24 hours actual notice to make arrangements and no method of transportation. Plaintiff is currently residing at Genesis Rehab Center in Grayson, Kentucky attempting to gain control over his Substance Use Disorder, a fact of which Defendants were more than aware. Genesis Rehab Center has transportation to medical appointments available for its residents upon their request and subject to their transportation team's availability. Genesis requires 72 hours' notice to

schedule transportation for its residents; as the Court did not Order the Plaintiff to attend this Exam until 3:52 p.m. on April 11, 2024, less than 24 hours' notice, and Plaintiff certainly did not agree to attend until details of the exam had been worked out, Plaintiff was not able to provide sufficient notice to Genesis. Immediately upon his notification of the Court's Order, Plaintiff's counsel contacted both Plaintiff's family and Genesis' transportation team to arrange transportation, but no one was available to make the all-day commitment at such short notice. Plaintiff is not allowed a vehicle while he lives at Genesis, thus he has no method of transportation to attend this Exam. At the time of this filing, a document from Genesis had not yet been received confirming that transportation was not available, but Plaintiff will supplement this Motion as soon as said documentation is received. Plaintiff expects to receive it on April 12, 2024.

Finally, Plaintiff established in his Response that the Defendants' proposed physician for this exam has a clear history of bias against Plaintiffs. Plaintiff was unable to fully brief the issue due to the time constraints of the "emergency" motion, but Plaintiff calls additional caselaw to this Court's attention.

In *Fairchild v. S.C. DOT*, 385 S.C. 344, 683 S.E.2d 818 (Ct. App. 2009), the Court held that if a doctor had previously viewed a plaintiff's medical records and was a retained expert witness by a defendant, he would be too biased to conduct an Independent Medical Exam on the plaintiff. Defendants have already told this Court that they chose Dr. Kriss for this Rule 35 Exam because he has spent a significant amount of time reviewing the Plaintiff's medical records. In Defendants' Response to Plaintiff's Motion to Alter, Amend, or Vacate the 01/08/2024 Order [DE 109], they state "Plaintiff continues his efforts to fault Defendant' decision to utilize the same neurosurgeon to conduct an EMI who has already expended an untold number of hours

3

reviewing the mountain of Plaintiff's prior medical records." Clearly, Dr. Kriss is not "independent," and should the Court Order the Plaintiff to submit to another Rule 35 Exam, it should be with a neurosurgeon not previously hired by any party to review records in this matter.

**WHEREFORE**, Plaintiff respectfully requests that the Court vacate its Order entered on April 11, 2024 [DE 122] compelling the Plaintiff to attend a Rule 35 Exam with Dr. Timothy Kriss on April 12, 2024 to **reschedule** this Exam for a day the Plaintiff is able to attend. Plaintiff additionally requests an expedited briefing schedule to allow him relief from this Order prior to the Exam on April 12, 2024. In the alternative, Plaintiff requests this Court vacate its Order entered on April 11, 2024 [DE 122] to allow a full briefing schedule on the issues regarding the Rule 35 Exam with Dr. Kriss.

<div style="margin-left: 50%;">

Respectfully Submitted,

MORRIN LAW OFFICE

 /s/*Robert A. Morrin*
Hon. Robert A. Morrin (KBA # 94368)
214 West Main Street
Richmond, KY 40475
(859) 358-0300
Rob@MorrinLawOffice.com
*Counsel for Plaintiff*

</div>

4

## CERTIFICATE OF SERVICE

  I hereby certify that on this 11th day of April, 2024, a true and correct copy of the foregoing was filed through the Court's eFiling system, which serves a copy on all counsel of record.

                 _/s/*Robert A. Morrin*_____
                 Hon. Robert A. Morrin (KBA # 94368)
                 MORRIN LAW OFFICE
                 *Counsel for Plaintiff*