**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**Lexington Division**

| | |
|---|---|
| CHARLES L. WALDEN )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ENTERPRISE SERVICES GROUP, LLC )<br>CLARENCE M. HOWARD, AND )<br>NATIONAL INDEMNITY GROUP OF )<br>INSURANCE COMPANIES OR )<br>NATIONAL INDEMNITY COMPANY, )<br>VINCE KLINE, AND PROGRESSIVE )<br>CASUALTY INSURANCE COMPANY )<br><br>Defendants. | Civil Action No. 5:22-CV-00238-KKC |

**MOTION NOT TO BE IDENTIFIED AT TRIAL**

Comes the Defendant, Progressive Casualty Insurance Company (hereinafter "Progressive), by and through counsel, and respectfully moves the Court for an Order stating it is not participating at trial and to not be identified at trial. In support thereof, the Defendant hereby states as follows:

This case concerns a motor vehicle accident that occurred on August 10, 2020. In short, Plaintiff has brought a personal injury suit against Defendants, Enterprise Services Group, LLC and Clarence Howard (hereinafter "Defendants"), as a result of the subject accident. Plaintiff alleges negligence, along with other allegations, on the part of Defendants for the collision. Plaintiff was operating a 2004 Chevy Colorado at the North Exit 87 off ramp of I-75, when Plaintiff collided with a 2012 Freightliner XCL Chassis parked on the edge of the ramp. Additionally, Plaintiff, has made a claim against Progressive seeking underinsured (UIM) benefits under a policy with Progressive at the time of the accident and to the extent she is not fully compensated for their claim by the tortfeasor.

Plaintiff has not reached a settlement agreement with any Defendant in this case. Consequently, there has been no substitution of settlement as provided for by C*oots v. Allstate Insurance Company,* 853 S.W.2d 895 (Ky. 1993). *See also Anderson v. Wheeler,* 2019 WL 9362641 (E.D. Ky. 2019) (attached hereto as **Exhibit 1**). Longstanding case law provides that the UIM carrier is not to be identified at trial when there has been no Coots substitution by the UIM carrier in place of the tortfeasor. *See Mattingly v. Stinson*, 281 S.W.3d 796 (Ky. 2009) (cited by *Chasteen v. Hastings Mut. Ins. Co.*, 6:14-CV-00204, 2015 U.S. Dist. LEXIS 159853 (E.D. Ky. 2015) (attached hereto as **Exhibit 2**)) ("the UIM carrier in this matter, Progressive, should not participate or be identified at trial").

It is acknowledged that counsel for Progressive has participated in discovery by propounding written discovery requests on Plaintiff and responding to Plaintiff's written discovery requests. This limited participation, however, has not waived any right of Progressive not to participate in trial. *See Akers v. Cross*, 2008-CA-0011100-MR, 2010 WL 1133083 (Ky. Ct. App. 2010) (attached hereto as **Exhibit 3**). In *Akers*, the Plaintiff argued that the attorney for the UIM carrier had asked a question during a video deposition of the Plaintiff's physician. The Court addressed the Plaintiff's argument as follows:

> "…neither a representative nor counsel for State Farm attended the trial. And, we do not construe a few questions by State Farm at one deposition as actively participating in the proceedings. Moreover, the Akers have failed to produce any authority demonstrating that this exception should encompass State Farm's very limited participation. Thus, we do not find the trial court committed error."

The concern with regard to UIM participation and non-participation at trial has been addressed. *See Coots v. Allstate Insurance Company*, 853 S.W.2d 895 (Ky. 1993); *Earle v. Cobb*, 156 S.W.3d 257 (Ky. 2004). *See also Motorists Mut. Ins Co. v. Hammond*, 355 F.3d 593, 599 (6th Cir. 2004). When a Coots substitution occurs and the UIM carrier is the only one with potential liability to the Plaintiff, it would create a "legal fiction" for the tortfeasor to be the only named Defendant at trial. Additionally,

the *Akers* Court opined that the UIM taking an active role at trial without being named left the jury to speculate as to the interest presented by that attorney." *See Akers*, 2010 WL 1133083 at *2.

WHEREFORE, Progressive Casualty Insurance Company respectfully requests that the Court enter an order allowing it to not participate at the upcoming trial, to not be identified at trial, prohibit the discussion of UIM carrier or coverage, excusing Progressive from complying with pre-trial deadlines and to be bound by the verdict at trial with respect to damages and apportionment of fault.

Respectfully submitted,

**WARD, HOCKER & THORNTON, PLLC**

333 West Vine Street, Suite 1100
Lexington, Kentucky  40507
Telephone: (859) 422-6000
Fax: (859) 422-6001

By: */s/ Jillian D. House*
GREGG E. THORNTON
JILLIAN D. HOUSE
CATIE COLDIRON JOSEPH
*Counsel for Progressive*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2024, a true and correct copy of the foregoing was filed electronically, using the ECF system, which will send electronic notification to:

Mindy G. Barfield
Dinsmore & Shohl, LLP
101 South Fifth Street
Suite 2500
Louisville, KY 40202
*Counsel for Vince Kline and National Indemnity Group of Insurance Companies*
mindy.barfield@dinsmore.com

Robert A. Morrin
Morrin Law Office
214 W. Main Street
Richmond, KY 40475
*Counsel for Plaintiff*
rob@morrinlawoffice.com

Marcia Milby Ridings
HAMM, MILBY & RIDINGS, PLLC
120 North Main Street
London, KY 40741
*Counsel for Clarence M Howard and
Enterprise Services Group*
marcia@hmrkylaw.com

                                                  */s/ Catie Coldiron Joseph*
                                                  GREGG E. THORNTON
                                                  JILLIAN D. HOUSE
                                                  CATIE COLDIRON JOSEPH