Exhibit 1

2019 WL 9362641
Only the Westlaw citation is currently available.
United States District Court, E.D. Kentucky,
Southern Division.
(at Pikeville).

Alice ANDERSON, Plaintiff,

v.

William WHEELER, et al., Defendants.

Civil Action No. 7:17-CV-185-CHB
|
Signed 08/08/2019

**Named Expert:** Edward R. Crum

**Attorneys and Law Firms**

Brittney N. Schaeffer, William R. Johnson, Johnson Law Firm, PSC, Pikeville, KY, for Plaintiff.

Charles Thomas Anderson, East Kentucky Law Group, P.S.C., Pikeville, KY, for Defendant William Wheeler.

Russell H. Davis, Jr., William J. Baird, IV, Baird & Baird, PSC, Pikeville, KY, for Defendant Erie Insurance Exchange.

**ORDER ON MOTIONS IN LIMINE**

CLARIA HORN BOOM, UNITED STATES DISTRICT COURT JUDGE

 **\*1** This matter is before the Court on Defendant Eric Insurance Exchange's Motion in Limine [R. 46] to exclude mention of Eric Insurance Exchange's involvement in the case along with related matters, as well as Defendant William Wheeler's Motion in Limine [R. 60] to exclude certain testimony of Eddie Crum, Plaintiff's retained expert. For the reasons below, the Court will grant Defendant Eric Insurance Exchange's motion and will grant in part while denying in part Defendant William Wheeler's motion.

**I**

**A. Defendant Erie Insurance Exchange's Motion in Limine**

Defendant Eric Insurance Exchange's Motion in Limine sees to exclude "[q]uestions, ... statements, comments or discussions concerning Eric Insurance Exchange's involvement in the case in the event that Eric Insurance Exchange elects to not participate in the Trial," and in the event that it does participate in the trial, seeks to exclude "statements, questions or comments by any party as to the amount or policy limits of the available coverage, the amount or policy limits of liability insurance coverage maintained by the Defendant, William Wheeler, or the amount of the [j]ury's verdict that would be necessary to entitle ... Plaintiff to underinsured motorist benefits." [R. 46 at pp. 1-2] It also seeks to exclude "statements or comments that would tend to prejudice the Defendant, Eric Insurance Exchange, as either a corporation or an insurance company suggesting that because of their corporate status they should be treated differently than an individual or any statements or arguments that emphasize the comparative wealth difference between the Plaintiff and the corporate Defendant." *Id.* at p. 3. Thus, if Erie Insurance Exchange does participate in trial, it does not want any party to discuss its involvement in the case aside from the fact that it issued a policy of automobile liability coverage to the Plaintiff which provides her underinsured motorist benefits, the extent of which will be determined by the jury's ultimate verdict. [R. 46-1 at p. 1]

Both Defendant Wheeler and Plaintiff responded to the Motion stating that they do not oppose it. Defendant Wheeler states that he agrees that Erie Insurance Exchange cannot be mentioned at trial if it does not participate in the trial. [R. 73 at p. 5] Wheeler also states that that if the Plaintiff later accepts Wheeler's settlement offer, Erie Insurance Exchange must be mentioned at trial under two cases (*Earle v. Cobb*, 156 S.W.3d 257 (Ky. 2004) and *Coots v. Allstate*, 853 S.W.2d 895 (Ky. 1993)). *Id.* However, Wheeler docs not explain further what he means by this. Plaintiff similarly responds that she has no objection to this motion, but requests that should Defendant Erie Insurance Exchange elect to participate in the trial, it notify the parties at or before the pretrial conference to allow the Plaintiff time to prepare additional *voir dire* questions and engage in other trial preparations, particularly regarding the issues of policy exclusions and damages. [R. 81 at p. 1]

 **\*2** As the parties do not indicate opposition to this motion in limine (with the possible exception of Wheeler's cryptic

statement regarding mentions of Erie Insurance Exchange under *Earle* and *Coots*, which he did not develop or explain so as to permit a determination as to whether there is any dispute or disagreement here), the Court will grant the motion, and will further require Defendant Erie Insurance Exchange to notify the parties regarding whether or not it will participate in the trial at or before the pretrial conference.

**B. Defendant William Wheeler's Motion in Limine**

Defendant William Wheeler's Motion in Limine seeks to exclude certain anticipated testimony of Plaintiff's expert Eddie Crum. [R. 60 at p. 1] Specifically, Wheeler seeks to exclude Crum's opinion that Wheeler's conduct was "reckless" and demonstrated flagrant disregard for the safety of others. *Id.* He argues that such opinions "are not scientific findings, but opinions of the expert that invade the province of the jury's determination to he made upon the evidence." *Id.* at pp. 1-2. Wheeler further seeks to exclude Crum from mentioning that "after impact Wheeler fled the scene, was apprehended and charged with DUI by the investigating officers." *Id.* at p. 2. He argues that these facts might be shown to be true at trial, but are not relevant to reconstructing the accident because even if Wheeler fled, he did so after the accident, meaning that those events are irrelevant to causation of the collision or scientific evaluation thereof. Wheeler states that Crum's "opinion" on this topic "is offered only to emphasize allegedly bad conduct" and for that reason should be disallowed." *Id.*

Only the Plaintiff responded to this motion in limine. [R. 81] To briefly summarize, she argues that Crum's testimony will not be complete without these facts; that evidence regarding fleeing a scene is admissible to wantonness and/or recklessness; that he must be allowed to defend his report and opinions (and the absence of an account of the collision from Wheeler in the evidence he considered in forming his opinions); that evidence of these facts will come in anyway and the Defendant will not be prejudiced by the inclusion of these facts in Crum's testimony as well; and that Crum's background as a law enforcement officer gives him the specialized knowledge and training under Federal Rules of Evidence 702 and 703 to testify to statutory and criminal violations. As to Crum's anticipated testimony that Wheeler's driving was "reckless," she argues that this does not invade the province of the jury, because "the ultimate issue is whether Defendant's conduct was so reprehensible that it warrants an award of punitive damages" and Crum has not opined on the propriety of punitive damages but has merely characterized Defendant's driving; and that Crum routinely cited motorists for "reckless" driving. Wheeler replied [R. 82], reiterating his arguments that Crum's opinions regarding recklessness and flagrant disregard for the safety of others amount to impermissible legal conclusions.

The Court agrees that Crum's opinions that Wheeler's conduct was reckless and demonstrated flagrant disregard for the safety of others improperly invade the province of the jury. While it is true that Fed. R. Evid. 704 does not automatically exclude an expert's opinion merely because it embraces an ultimate issue, Fed. R. Evid. 702 nevertheless requires that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." But the Court is not convinced that Crum's testimony as to his opinion on these issues would be truly based on his expert knowledge or that it would actually help the jury. Rather, the Court agrees that it impermissibly states a legal conclusion which is rightfully the province of the jury. In fact, the Plaintiff's own proposed jury instructions strongly support this conclusion, because they include instructions that the jury may in its discretion award punitive damages against Wheeler if the jury believes that he "acted in reckless disregard for the lives, safety, or property of others." [R. 61-1 at p. 10] Thus, expert testimony to the effect that Wheeler acted "recklessly" and "demonstrated flagrant disregard for the safety of others" or similar testimony carries, at a minimum, a high risk of merely telling the jury what conclusion to reach, rather than helping it to determine a fact in issue. Thus, the Court finds the testimony to be excludable under Fed. R. Evid. 403, because any small probative value to this specific testimony is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See Shahid v. City of Detroit,* 889 F.2d 1543 (6th Cir. 1989) (affirming exclusion of expert opinion testimony regarding corrections officers' alleged negligence, both because it would "prejudicially confuse the jury to hear an expert witness base his opinion of the ultimate issue on facts that were for the jury to determine" as well as because statements that "certain behavior by defendant officers amount[ed] to negligence under the law" amounted to a legal conclusion). Accordingly, the Court will grant this motion in limine as to these opinions.

**\*3** However, the Court disagrees that evidence regarding Wheeler's alleged flight and DUI charge arc necessarily irrelevant to accident reconstruction or causation. To the contrary, a charge of DUI (to which flight is relevant)

is potentially very relevant to causation and to Crum's opinions regarding causation. Particularly given the paucity of Wheeler's argument on this point, the Court will deny the motion in limine as to this evidence without prejudice. As always, counsel remain free to raise appropriate objections to specific evidence and testimony at trial.

II

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Defendant **Erie Insurance Exchange's Motion in Limine [R. 46]** is **GRANTED.** The parties shall not question, comment, make statements or engage in discussions concerning Erie Insurance Exchange being a party in this case in the event that Erie Insurance Exchange elects not to participate in the trial of this matter. In the event that Erie Insurance Exchange does elect to participate in the trial of this matter, no party shall question, make statements, comments or other discussions concerning Erie Insurance Exchange's involvement in the case other than the fact that Erie issued a policy of automobile liability coverage to the Plaintiff which provides her underinsured motorist benefits, the extent of which will be determined by the jury's ultimate verdict in this case. The parties shall not make statements or comments which would tend to prejudice the Defendant, Erie Insurance Exchange, as either a corporation or an insurance company, such as suggesting that because of its corporate status, it should be treated differently than an individual or statements or arguments which emphasize the comparative wealth difference between the Plaintiff and the corporate Defendant, Erie Insurance Exchange. Defendant Erie Insurance Exchange **SHALL** notify the parties whether it will be participating in the trial of this matter at or before the pretrial conference.

2. Defendant **Wheeler's Motion in Limine [R. 60]** is **GRANTED IN PART** and **DENIED IN PART**. At trial, Plaintiff's expert witness Eddie Crum shall not be allowed to testify that the conduct of Wheeler was reckless or in flagrant disregard of the safety of the travelling public. However, the Court denies without prejudice the motion in limine to exclude any testimony from Crum regarding Wheeler's flight from the scene and his subsequent arrest and DUI charge.

**All Citations**

Slip Copy, 2019 WL 9362641

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.