Exhibit 3

2010 WL 1133083
Only the Westlaw citation is currently available.

Unpublished opinion. See KY ST RCP Rule 76.28(4) before citing.

NOT TO BE PUBLISHED
Court of Appeals of Kentucky.

Jerry AKERS and Wanda Akers, Appellants

v.

Rose Mary Gensler Cross and State Farm Mutual
Automobile Insurance Company, Appellees.

No. 2008-CA-001110-MR.
|
March 26, 2010.

West KeySummary

1  Trial 🗝 Reference to Protection of Party by Insurance or Other Indemnity

Evidence identifying plaintiffs' underinsured motorist carrier as a defendant was properly excluded in an automobile negligence action, as underinsured motorist carrier was not present at trial. Insured was involved in an automobile accident in which the other motorist was insured by the same insurance company as insured. Claims for underinsured motorist and negligence were bifurcated. Although videotape evidence that included insurer's name at the end was introduced at trial, insurer took no part in the decision to introduce the evidence. Kentucky Rule of Evidence (KRE) 411.

Appeal from Jefferson Circuit Court, Action No. 04-CI-10382; Charles L. Cunningham, Judge.

**Attorneys and Law Firms**

Joseph H. Mattingly III, Lebanon, KY, for appellants.

Renee G. Hoskins, Louisville, KY, for appellee, Rose Mary Gensler Cross.

Curt L. Sitlinger, Kelly M. Rowan, Louisville, KY, for appellee, State Farm Mutual Automobile Insurance Company.

Before ACREE, MOORE, and WINE, Judges.

*OPINION*

MOORE, Judge.

**\*1**  Jerry and Wanda Akers appeal a judgment of the Jefferson Circuit Court dismissing their negligence claims. The sole issue to be decided in this case involves a question of law: did the trial court commit reversible error when it prohibited Appellants, Jerry and Wanda Akers, from informing the jury that they had named State Farm, their underinsured motorist carrier, as a defendant?[1] Because no error occurred, we affirm.

The underlying action arose out of an automobile accident that occurred on January 5, 2004, between vehicles operated by Jerry Akers and appellee, Rose Mary Gensler Cross. The Akers named Cross and State Farm (in its role as the Akers' underinsured carrier) as defendants, and both Cross and State Farm retained counsel and filed answers. Coincidentally, State Farm was also the general liability carrier for Cross.

Throughout the course of these proceedings, State Farm never chose to preserve its subrogation rights against Cross by offering to pay the Akers the liability limits of Cross's policy.[2] However, during the course of litigation, State Farm attended and elicited some testimony at the videotaped and stenographically-recorded deposition of one of the Akers' experts, Dr. Gregory D'Angelo.

Following the deposition, State Farm moved the trial court to bifurcate the Akers' UIM claim from its automobile negligence claim, in order to excuse it from participating at the trial and prohibit the Akers from identifying it as a party before the jury. The Akers opposed State Farm's motion, arguing that State Farm must be identified to the jury because it chose to participate in Dr. D'Angelo's deposition and, thus, actively participated in the proceedings. On February 20, 2006, the trial court granted State Farm's motion. The Akers moved the trial court to reconsider, and the trial court denied their motion on August 30, 2007.

The trial regarding the Akers' automobile negligence claim was held between May 7 and 8, 2008. There, the Akers elected to introduce the entirety of Dr. D'Angelo's videotaped deposition testimony, including State Farm's cross-examination, as evidence before the jury. Immediately thereafter, the Akers played the video of an unrelated deposition which State Farm did not attend. The following image appeared on the television screen before the jury:



In Reference to

Jefferson Circuit Court

Case No. 04-CI-10382

Jerry & Wanda Akers

VS

Rose Mary Gensler Cross &

State Farm Mutual Automobile

Insurance Company

This image, identifying State Farm as a party to the litigation, was displayed before the jury for a total of nine seconds and in contravention of the trial court's order.

On May 8, 2008, the parties agreed to accept an eight-to-four jury verdict.[3] The jury found in favor of Cross, and judgment was entered on that jury verdict on May 12, 2008. This appeal followed and, as noted above, the Akers' sole contention is that the trial court erred in prohibiting them from identifying State Farm to the jury as a defendant.

**\*2** In Kentucky, the general rule holds that evidence of liability insurance to show culpability is excluded. *See* Kentucky Rule of Evidence (KRE) 411. While there are several exceptions to this rule, only two are at issue in this case.

The first exception holds that where an uninsured or underinsured motorist carrier with a direct contractual obligation to the plaintiff elects to participate actively in the trial, it may not do so anonymously; rather, it must reveal its identity to the jury. *Wheeler v. Creekmore,* 469 S.W.2d 559, 563 (Ky.1971) (relating to uninsured motorist carriers); *see also, Coots v. Allstate Ins. Co.,* 853 S.W.2d 895, 903 (Ky.1993) (holding that uninsured motorist coverage and underinsured motorist coverage should be treated similarly as the purpose and intent of their coverages is similar). The rationale behind this rule, as the Supreme Court noted, is that "Otherwise the jury would be left to speculate as to the interest represented by an attorney participating in the trial who had no apparent connection with any of the parties." *Wheeler,* 469 S.W.2d at 563.

The second exception holds that, in the absence of "active participation" in defending the action, that same carrier must still reveal its identity to the jury if it chose to preserve its subrogation rights by means of a procedure set forth in *Coots, supra.* This result is mandated even if the carrier only participated in discovery and pretrial motions. *See Earle v. Cobb,* 156 S.W.3d 257, 262 (Ky.2005). The rationale behind this rule, as the Supreme Court noted, is that the tortfeasor's liability to the plaintiff is totally extinguished when the *Coots* procedure is undertaken and that substituting the name of the tortfeasor for the carrier, when the carrier alone is the real party in interest, creates an unnecessary legal fiction. *Id.* at 261.

The latter exception has no application to this case because there was no *Coots* settlement. *See Mattingly v. Stinson,* 281 S.W.3d 796, 799 (Ky.2009).[4] However, the former exception regarding active participation in defending the action warrants a bit more discussion. In *Wheeler, supra,* a carrier was deemed to have actively participated at trial because its counsel attended the trial and was an active part of those proceedings before a jury. As noted above, the basis of the Supreme Court's rationale for revealing the carrier's identity in that case was that the presence and participation, at trial, of an attorney who had no apparent connection with any of the parties left the jury to speculate as to the interest represented by that attorney. Following this rationale, we recently held in *Combs v. Stortz,* 276 S.W.3d 282, 293 (Ky.App.2009) that, in the absence of a *Coots* settlement, a trial court's refusal to reveal the identity of a UIM carrier was not erroneous where the UIM carrier was not present at trial.

Here, neither a representative nor counsel for State Farm attended the trial. And, we do not construe a few questions by State Farm at one deposition as actively participating in the proceedings. Moreover, the Akers have failed to produce any authority demonstrating that this exception should encompass State Farm's very limited participation. Thus, we do not find the trial court committed error.

**\*3** We likewise give no credence to the Akers' argument that State Farm should be deemed to have actively participated because the videotape of the deposition it attended was introduced into evidence at trial. The purpose of the active participation exception is to prevent the insurance carrier from causing the jury to speculate. Here, State Farm took no part in the decision to introduce the deposition into evidence at trial; if its introduction caused the jury to speculate, this speculation was not caused by State Farm. Rather, it was the Akers who chose to introduce the deposition into evidence; if juror speculation resulted, it was the Akers who invited it. Finally, the Akers arguably mooted their grounds for claiming error on this basis, as they violated the trial court's order prohibiting identification of State Farm and demonstrated its status as a party-defendant, before the jury, for a total of nine seconds.

For these reasons, the decision of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

**All Citations**

Not Reported in S.W.3d, 2010 WL 1133083

Footnotes

1   The Akers also argue that because State Farm was their underinsured motorist carrier and, at the same time, the liability carrier for Cross, this dual nature warranted revealing State Farm's identity to the jury. However, as the Akers did not include this argument in their prehearing statement, it will not be reviewed. *See* CR 76.03(8).

2   This option is known as a "*Coots* settlement," named after *Coots v. Allstate Ins. Co.,* 853 S.W.2d 895 (Ky.1993). In *True v. Raines,* 99 S.W.3d 439, 448 (Ky.2003), the Supreme Court explained that when an underinsured or uninsured carrier utilizes the *Coots* procedure, the tortfeasor is released from liability to the plaintiff. Although the tortfeasor remains liable for indemnity to the carrier, the carrier then becomes the only real party with potential liability to the plaintiff.

3   The agreement of at least three-fourths (3/4) of the jurors is required for a verdict in all civil trials by jury in Circuit Court. *See* Kentucky Revised Statute (KRS) 29A.280(3). However, the parties may stipulate that a verdict or a finding of a stated majority of the jurors shall be taken as the verdict or finding of the jury. *See* Civil Rule (CR) 48.

4   Justice Scott's concurrence in *Mattingly,* 281 S.W.3d at 799, states that the holding of that case appears susceptible of the interpretation that both active participation and a *Coots* settlement are prerequisites to requiring a carrier to reveal its identity to the jury at trial, rather than simply one or the other. However, we find both of these factors are lacking in this case.

**End of Document**   © 2021 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2021 Thomson Reuters. No claim to original U.S. Government Works.   4