# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# Lexington Division

| | |
|---|---|
| CHARLES L. WALDEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 5:22-CV-00238-KKC |
| ) | |
| ENTERPRISE SERVICES GROUP, LLC ) | |
| CLARENCE M. HOWARD, AND ) | |
| NATIONAL INDEMNITY GROUP OF ) | |
| INSURANCE COMPANIES OR ) | |
| NATIONAL INDEMNITY COMPANY, ) | |
| VINCE KLINE, AND PROGRESSIVE ) | |
| CASUALTY INSURANCE COMPANY ) | |
| | |
| Defendants. | |

## ORDER

This matter having come before the Court on behalf of Defendant, Progressive Casualty Insurance Company (hereinafter "Progressive"), by and through counsel, and the Court being otherwise sufficiently advised;

IT IS HEREBY ORDERED as follows:

1.  Progressive shall not actively participate in the trial of this case, but all parties shall be bound by the jury verdict, as to the apportionment of fault and the amount of damages, subject to all proper post-trial motions or appeals and to the extent of the terms, conditions and limits of Progressive's underinsured motorist coverage applicable herein.

2.  Progressive shall not be required to comply with any pre-trial deadlines imposed by the Court concerning the underlying claims.

4.  Defendant, Progressive, shall not be identified or mentioned to the jury as a Defendant in this case, and the parties actively participating in the trial are directed not to make

any mention to the jury of Progressive or the nature, extent or existence of any underinsured motorist coverage.

5.  No identification or disclosure shall be made in the presence of the jury by and party, witness or counsel as to the existence or identity of Defendant, Progressive, or any references made to the existence of underinsured motorist coverage or liability insurance coverage in any manner whatsoever.

6.  If at some point, there has been an offer of settlement by the other Defendant in this matter, and Progressive chooses to preserve its subrogation rights by means of the procedure set forth in *Coots v. Allstate Insurance Company*, Ky., 853 S.W. 2d 895 (1993), then Progressive shall be identified as a party and shall be allowed to actively participate at trial pursuant to *Earle v. Cobb*, 156 S.W. 3d 257 (Ky. 2004).

Entered this _____ day of _____, 2022.