2007 WL 2340840
Only the Westlaw citation is currently available.

Unpublished opinion. See KY ST RAP Rule 41 before citing.

Court of Appeals of Kentucky.

Link BELT, Appellant

v.

Gary Chad CAMPBELL; Hon. R. Scott Borders, Administrative Law Judge; and Workers' Compensation Board, Appellee.

No. 2006–CA–000427–WC.
|
Aug. 17, 2007.

Petition for Review of a Decision of the Workers' Compensation Board, Action No. WC–00–0058192.

**Attorneys and Law Firms**

Donald C. Walton, Lexington, KY, for appellant.

W. Kenneth Nevitt, Louisville, KY, for appellee.

Before THOMPSON and VANMETER, Judges; PAISLEY[1], Senior Judge.

OPINION

PAISLEY, Senior Judge.

 *1 Link Belt appeals from a decision of the Worker's Compensation Board affirming the finding of the Administrative Law Judge that awarded Gary Chad Campbell a 13 percent permanent disability resulting from a work-related injury.

Link Belt raises two issues on appeal. First, that an L–1 compression fracture was not a work related injury and is not compensable. Second, that no expert testimony related Campbell's injury to the L5–S 1 area of his back to a work-related injury. We disagree and affirm the decision of the Worker's Compensation Board.

Gary Chad Campbell began working for Link Belt in 1996. He is a high school graduate with prior work experience in farming, sales, laying cable, seasonal tree maintenance, carpet installation and contract utility work. His work for Link Belt included painting construction equipment that required him to regularly lift fifty pounds as a shot blast operator preparing and painting large equipment booms.

On December 7, 2000, Campbell was working when an overhead door was closing and struck him directly on the top of his head. This caused him to buckle as the force of the door pressed down upon him. He was treated in the emergency room by Dr. Mueller who referred him to Dr. Menke, an orthopaedic surgeon. Dr. Menke ordered an X-ray study and diagnosed injury at C3–4 and L1. Dr. Menke did not observe any changes in the L5–S 1 region. Campbell continued treatment for over two months with five different off-work orders from Dr. Menke during that time for neck and back injuries related to pain. Campbell grew dissatisfied with the treatment plan and sought the help of Dr. Harry Lockstadt in March 2001. Dr. Lockstadt noted the X-ray revealed a loss of disc space at C3, C4, C5, C6 and at L5–S1. He found Campbell to have an eight percent whole person impairment rating. Campbell wanted to return to his job with Link Belt but was physically unable to do so. In February 2002, he finally gained employment as a night watchman

In May 2002, Dr. Templin examined Campbell at the request of Link Belt. Dr. Templin opined that the compression fracture noted at L1 was not caused by the work-related incident but was a pre-existing condition. He did acknowledge, however, that the injury was "aroused into disability reality" due to the accident at work. In August 2003, Dr. Timothy Kriss examined Campbell. He agreed with Dr. Lockstadt regarding the whole person impairment but did not believe it was possible for the L 1 injury to have resulted from the work-related incident.

The Administrative Law Judge reviewed the conflicting opinions of the doctors and considering the evidence in its entirety was more persuaded by the evidence that favored Campbell. If a work related injury causes the arousal of a dormant degenerative condition, the work trauma is the proximate cause of the harmful change in condition. See Bright v. American Greetings Corp., 62 S.W.3d 381 (Ky.2001). The Administrative Law Judge has the sole discretion to determine the quality, character and substance of the evidence. KRS 342.285. Link Belt's burden on appeal to the Worker's Compensation Board was to demonstrate that

the evidence was so overwhelming that no reasonable person could have failed to have been persuaded by it. *Wolf Creek Collieries v. Crum,* 673 S.W.2d 735 (Ky.App.1984). The Board is limited on review to a determination of whether the finding of the Administrative Law Judge was so unreasonable under the evidence that it requires a reversal as a matter of law. *Ira A. Watson Dep't Store v. Hamilton,* 34 S .W.3d 48 (Ky.2000).

**\*2** Impairment is a medical question. *Kentucky River Enterprises, Inc. v. Elkins,* 107 S.W.3d 206 (Ky.2003). The medical opinions in this case were conflicting. The Administrative Law Judge fairly reviewed that evidence and his decision will not be disturbed on appeal if supported by substantial evidence. *Rogers v. Deposit Serv. Corp.,* 410 S.W.2d 621 (Ky.1967). The review by the Workers' Compensation Board did not disclose evidence sufficient to overturn the Administrative Law Judges' decision.

Before we could consider reversing the decision of the Board, we would be required to determine that that was no substantial evidence of a probative value to support that decision. *Special Fund v. Francis,* 708 S.W.2d 641 (Ky.1986). Our own review of the record demonstrates that the Administrative Law Judge relied on the report from Dr. Lockstadt that revealed an injury at the L5–S 1 area. The Administrative Law Judge found that evidence more credible than the opinions of other doctors who found the pain associated with the lower back was a pre-existing condition that was not at all related to the work injury. Our review is limited to determining whether the Workers' Compensation Board overlooked or misconstrued statutes or precedent or committed error in assessing the evidence that is so flagrant that a gross injustice resulted. *Western Baptist Hosp. v.. Kelly,* 827 S.W.2d 685 (Ky.1992). We do not find any error and affirm.

ALL CONCUR.

**All Citations**

Not Reported in S.W.3d, 2007 WL 2340840

## Footnotes

| | |
|---|---|
| 1 | Senior Judge Lewis G. Paisley, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580. |

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.