UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| CHARLES L. WALDEN | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:22-CV-00238-KKC |
| | ) | |
| ENTERPRISE SERVICES GROUP, LLC | ) | |
| CLARENCE M. HOWARD, AND | ) | |
| NATIONAL INDEMNITY GROUP OF | ) | |
| INSURANCE COMPANIES OR | ) | |
| NATIONAL INDEMNITY COMPANY, | ) | |
| VINCE KLINE, AND PROGRESSIVE | ) | |
| CASUALTY INSURANCE COMPANY | ) | |

    Defendants amended

**\*\*\*\*\*\*\*\*\*\***
**PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND MOTION TO MODIFY SCHEDULE ORDER TO EXTEND EXPERT DISCLOSURE DEADLINES**
**\*\*\*\*\*\*\*\*\*\***

    Comes the Plaintiff, CHARLES L. WALDEN, and for his Response to Defendants', Second Motion to Modify Scheduling Order to Extend Defendants' Expert Disclosure Deadline, hereby states as follows:

    Plaintiff disagrees with Defendants' presentation of the history of this case, namely in that Defendants attempt to place the blame on the Plaintiff for not making arrangements to attend an exam which he had not agreed to and had not been ordered by the Court until April 11, 2024. Plaintiff has thoroughly briefed this issue, thus with a mind toward judicial efficacy, will not recite his objections here again other than to state that if Defendants had petitioned the Court for a Rule 35 Exam prior to unilaterally scheduling it, then these scheduling issues would have never occurred.

1

Nonetheless, Plaintiff's and Defendants' counsel have discussed the need to adjust the deadline to complete fact and expert witness discovery, along with a number of other subsequent deadlines. In light of the fact that Defendant Howard has finally been located and the parties are working on scheduling his deposition at a mutually convenient time, Plaintiff has no objection to modifying the Scheduling Order and Amended Scheduling Order consistent with the proposed order tendered with Defendants' Motion [DE 128-1].

Regarding rescheduling the Trial of this matter, Plaintiff asserts that even with the changes in deadlines as proposed in Defendants' Motion, he does not believe there is a need to move the February 3, 2025 trial date. In the event the Court finds it necessary, Plaintiff's counsel does not have current conflicts that would prevent a new trial date in March of 2025.

**WHEREFORE**, Plaintiff respectfully requests this Court modify the Scheduling Order and any and all subsequent Scheduling Orders by extending the deadline for Defendants to identify experts to July 1, 2024, extending the deadline to complete fact and expert witness discovery to August 1, 2024, and extending the dispositive and *Daubert* motion deadline to September 3, 2024. Plaintiff further respectfully requests that the trial date remain at February 3, 2025 at this time.

Respectfully Submitted,

MORRIN LAW OFFICE

 /s/*Robert A. Morrin*
Hon. Robert A. Morrin (KBA # 94368)
214 West Main Street
Richmond, KY 40475
(859) 358-0300
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 25th day of April 2024, a true and correct copy of the foregoing was filed through the Court's eFiling system, which serves a copy on all counsel of record.

       /s/*Robert A. Morrin*
      Hon. Robert A. Morrin (KBA # 94368)
      MORRIN LAW OFFICE
      *Counsel for Plaintiff*