UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| CHARLES L. WALDEN | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO. 5: 22-CV-00238-KKC** |
| | ) | |
| VS. | ) | |
| | ) | **DEFENDANTS' EMERGENY** |
| | ) | **MOTION TO ALTER, AMEND,** |
| ENTERPRISE SERVICES GROUP, LLC, | ) | **OR VACATE ORDER (R. 135)** |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Enterprise Service Group, LLC ("ESG") and Clarence Howard, by counsel, respectfully move for an Order vacating the order entered this morning entitled "Defendants' Order Outlining Fed. R. Civ. P. 35(a)(2)(B) Conditions of Examination" (R. 135) (hereafter "Subject Order"). Additionally, Defendants respectfully request an expedited ruling because the CR 35 Examination to which the Order is directed is scheduled for this Friday, May 10, 2024, at 11:30 a.m. As grounds for this motion, Defendants state as follows:

On April 30, 2024, this Court directed the parties "submit an agreed order setting forth the information required by Fed. R. Civ. P. 35(a)(2)(B). If the parties are unable to agree on the contents, they may submit separate proposed orders." Order, R. 133 at p. 2. Today is the deadline for submitting the respective proposals. Id. Consistent with this Court's directive, the parties conferred on multiple occasions in an attempt reach an agreement regarding appropriate conditions for the upcoming CR 35 Examination. Indeed, the parties agreed as to all terms subject to one exception: Plaintiff's request that the CR 35 Examination be recorded by video. *See* **Exhibit A**, Email Chain between counsel. As a result, the parties agreed that they would each submit the same

order, except that Plaintiff's proposed order would additionally include a provision permitting the exam to be recorded by video. *Id.*

Yesterday, at 4:25 PM, Plaintiff tendered a proposed order improperly designated in the ECF system as a "Proposed **Agreed** Order." (R. 134) (emphasis added). The title of Plaintiff's submission further gives the impression that it reflects Defendants' proposal: "Defendants' Order Outlining Fed. R. Civ. P. 35(a)(2)(B) Conditions of Examination."

Earlier this morning – before Defendants could submit their proposed order – this Court signed and entered the Subject Order, presumably believing that same reflected an agreement of the parties. Of course, Defendants did not agree to the condition included in Paragraph 10 that permits the CR 35 Examination to be video recorded.

Defendants respectfully submit that Plaintiff's request to record the video examination should be rejected for precisely the same reasons Judge Atkins denied Plaintiff's prior request for identical relief. *See* Order, R. 122 at p. 6. Specifically, Judge Atkins held:

> Walden has not shown good cause to [record the examination] and the balance of interests favors the Defendants. In *Stefan*, the court concluded: "[f]ederal courts have determined that third parties—whether human or electronic—cannot sit in on physical and mental examinations under Federal Civil Rule 35 unless special circumstances require it. These circumstances, however, must be balanced against the interests of the parties involved in the litigation. There is no bright-line rule…it remains to the court's sound discretion." *French v. Clarksville Stave and Lumber Co., Ltd.*, 2013 WL 12177008, at *3 (Jan. 22, 2013) (citing *Stefan v. Trinity Trucking, LLC*, 275 F.R.D. 248 (N.D. Ohio 2011)). Walden's interest in having the examination recorded is outweighed by the Defendants' interest in not having the examination disrupted by a recording device or observer.

R. 122 at p. 6. Plaintiff has not presented any new arguments or rationale since Judge Atkins' prior findings and this Court should affirm the prior ruling on this ground alone.

2

In addition to the disruptions noted by Judge Atkins, the additional steps required to accommodate a videographer would needlessly prolong the examination, which creates an especially unwarranted obstruction under the current circumstances of the exam. Following Plaintiff's last-minute cancelation of the originally scheduled examination, Dr. Kriss made accommodations to "work in" Plaintiff in order to prevent any further delays. With an already tight schedule, prolonging the examination to accommodate a videographer would have a snowballing effect on the remainder of Dr. Kriss' appointments.

Lest there be any doubt, this Court need look no further than the fact that Plaintiff's own non-treating, retained medical experts saw no need to record either of the examinations they conducted. Curiously enough, not even the video footage of the "Video Posturography" test conducted by Dr. Changaris was preserved. This is so notwithstanding the fact that the foundation of Dr. Changaris' diagnosis of a traumatic brain injury is seemingly based on the results of the **video** posturography test.

Ultimately, Defendants merely request that Dr. Kriss be given the same opportunity as was permitted Plaintiff's two retained, non-treating experts: to conduct an examination free of unwarranted distractions. Defendants request nothing more, and nothing less.

WHEREFORE, Defendants respectfully request an order vacating "Defendants' Order Outlining Fed. R. Civ. P. 35(a)(2)(B) Conditions of Examination" (R. 135) and directing that Dr. Kriss upcoming examination of Plaintiff be subject to only those conditions to which the parties both agreed.

    Respectfully submitted,

    HAMM, MILBY & RIDINGS, PLLC
    120 NORTH MAIN STREET
    LONDON, KY 40741
    PHONE: 606-864-4126

FAX: 606-878-8144
EMAIL: marcia@hmrkylaw.com
EMAIL: jridings@hmrkylaw.com
ATTORNEYS FOR DEFENDANTS,
ENTERPRISE SERVICES GROUP, LLC AND
CLARENCE M. HOWARD

By: \_\_\_\_/s/ Jay Ridings_____
     JAY MILBY RIDINGS