Wednesday, May 8, 2024 at 14:07:33 Eastern Daylight Time

| | |
|---|---|
| **Subject:** | Re: Walden v. Enterprise - Proposed Agreed Order re: CR 35 Exam |
| **Date:** | Tuesday, May 7, 2024 at 3:49:48 PM Eastern Daylight Time |
| **From:** | Robert Morrin |
| **To:** | Jay Milby Ridings |
| **CC:** | Rachel Gaines, Marcia Ridings |
| **Attachments:** | image001.png |

That sounds reasonable to me. Would you like us to send over our proposed order?

Thanks,
Rob



**Robert A. Morrin**

Morrin Law Office
214 West Main Street
Richmond, KY 40475
859-358-0300 p
859-972-0813 f
www.MorrinLawOffice.com

***Learn about us!***



**We 💙 Referrals!**



**Statement of Confidentiality**:
This communication contains information which is confidential. It is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s) please note that any form of distribution, copying, forwarding or use of this communication or the information therein is strictly prohibited and may be unlawful. If you have received this communication in error please notify the sender, delete the communication, and destroy any copies.

On Tue, May 7, 2024 at 1:32PM Jay Milby Ridings <jridings@hmrkylaw.com> wrote:

> Thanks for getting back to me.

**EXHIBIT A**

With respect to Paragraph 3, I have revised same such that it now provides as follows:

> Dr. Kriss shall be permitted to perform standard neurological examination, standard physical examination, and standard mental examination. Dr. Kriss shall attempt to stay within the confines of the testing described in Paragraph 4, ==unless in Dr. Kriss' professional opinion, the results of the aforementioned tests reveal necessary additional testing that is essential to determine the current mental or physical state of Plaintiff.==

Please advise if this is acceptable.

It does appear that we are at an impasse with respect to video recording. Notwithstanding, I think we have made good progress in compromising on the remaining issues. Subject to your position re: above revision to Paragraph 3, I propose submitting a Joint Notice of Filing explaining that parties are in agreement with respect to all aspects of the attached proposed order, except that Defendants respectfully decline Plaintiff's request that the examination be recorded by video. Along with the Joint Notice, attach the following:

1. Defendants' Proposed Order (designated as such)
2. Plaintiff's Proposed Order (identical to 1, with the exception of the inclusion of a provision stating that examination shall be video recorded by [what do you propose???]
3. Copy of our email communications documenting our good faith efforts to comply with Court's most recent order.

Thoughts?

Jay Milby Ridings

Hamm, Milby & Ridings PLLC

120 N Main St

London, KY 40741

Ph: (606) 864-4126

jridings@hmrkylaw.com

**EXHIBIT A**

**From:** Robert Morrin <morrinlaw@gmail.com>
**Sent:** Tuesday, May 7, 2024 11:45 AM
**To:** Jay Milby Ridings <jridings@hmrkylaw.com>
**Cc:** Rachel Gaines <rachel@morrinlawoffice.com>; Marcia Ridings <marcia@hmrkylaw.com>
**Subject:** Re: Walden v. Enterprise - Proposed Agreed Order re: CR 35 Exam

Hi Jay,

I'm in and out of a CLE today but wanted to send over a note to address Dr. Kriss's examination scope. Paragraph 3 just doesn't provide any real guidance. He will attempt to stay within the scope unless he determines he needs to go outside the scope. There's no real guidance there at all. It should say he "shall" stay within the scope unless the listed testing reveals necessary additional testing that is essential to determine the current mental or physical state of Mr. Walden.

It seems that issue can be ironed out but I don't think Mr. Walden can agree to an order that doesn't require a video recording of the examination. It's an adverse examination by a doctor hired by a Defendant to dispute what the Plaintiff is claiming. The Court may have ruled that Dr. Kriss can still conduct the examination but if he ignores a key piece of evidence or portion of Mr. Walden's medical record, as Dr. Kriss has done in other cases, then I need a record for impeachment purposes. If he acts as a doctor beholden to the defense, as he has in the past, then Mr. Walden should be able to show that to the jury. Mr. Walden needs to be able to impeach Dr. Kriss with an objective record. What complicates this is Mr. Walden's own memory issues. A video record will protect Dr. Kriss as well. I don't see how a videographer recording a room would substantially lengthen the examination. It's true that there was no video recording of the other examinations but there was also no indication that either of the other doctors would produce biased conclusions, again, where there is evidence and caselaw demonstrating just that issue with Dr. Kriss.

I don't have an issue with nobody attending with him. I just don't think Dr. Kriss is going to get very much from him based solely on his memory. No worries on that.

Getting the report within 10 days of receipt is fine with me.

I think the sticking point is the video recording. I feel like I need to at least attempt to get that term in the Order.

**EXHIBIT A**

Let me know your thoughts.

Thanks,

Rob



**Robert A. Morrin**

Morrin Law Office

214 West Main Street

Richmond, KY 40475

859-358-0300 p

859-972-0813 f

[www.MorrinLawOffice.com](www.MorrinLawOffice.com)

***Learn about us!***



We 💙 Referrals!

**EXHIBIT A**

**Statement of Confidentiality**:

**This communication contains information which is confidential. It is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s) please note that any form of distribution, copying, forwarding or use of this communication or the information therein is strictly prohibited and may be unlawful. If you have received this communication in error please notify the sender, delete the communication, and destroy any copies.**

On Tue, May 7, 2024 at 8:57 AM Jay Milby Ridings <jridings@hmrkylaw.com> wrote:

> Rob,
>
> I've revised the AO, attached, by adding the following conditions you requested:
>
>     9.    Defendants shall make Dr. Kriss available for discovery deposition at least ten days prior to conducting Dr. Kriss' evidentiary deposition.
>
>     10.    There shall be no reference in Dr. Kriss' testimony or subsequent proceedings indicating that Dr. Kriss conducted an "independent medical examination." These same conditions shall also apply to Plaintiff's retained experts, Dr. Timothy Wilson, Dr. David Changaris, and Rebecca Clay.
>
> With respect to 10, I did not make the condition applicable to CR 26 Report because such reports are not admissible and would therefore not be presented to the jury. Additionally, the reports of Dr. Wilson and Dr. Changaris expressly state "Independent Medical Exam." As the reports as not admissible, I thought it would be easier to simply limit this condition to what really matters: evidence that will go before the jury. In the event you disagree, I have no objection to revising this condition to make it applicable to CR 26 Reports so long as the relevant language is redacted from Plaintiff's expert reports.
>
> Jay
>
> Jay Milby Ridings

**EXHIBIT A**

Hamm, Milby & Ridings PLLC

120 N Main St

London, KY 40741

Ph: (606) 864-4126

jridings@hmrkylaw.com

---

**From:** Jay Milby Ridings
**Sent:** Monday, May 6, 2024 7:25 PM
**To:** Robert Morrin <morrinlaw@gmail.com>; Rachel Gaines <rachel@morrinlawoffice.com>
**Cc:** Marcia Ridings <marcia@hmrkylaw.com>
**Subject:** RE: Walden v. Enterprise - Proposed Agreed Order re: CR 35 Exam


Regretfully, I am unable to recall the details of any requests that were not included in Plaintiff's responses to the underlying motion to compel. Against that backdrop, I have only addressed the 10 requests contained in Plaintiff's most recent filing relating to the CR 35 exam (R. 129 at pp. 18-22). Please let me know if there are any additional conditions you are want us to consider. Our response to the 10 conditions in R. 129 are addressed below.


1. A date for the selected examiner's deposition shall be provided to Plaintiff at least ten (10) days before the date of the physician's trial testimony deposition

    a. Defendants **are agreeable** to including this term to the AO subject to Plaintiff's agreement to the terms of AO proposed by Defendants.
    b. I will add this condition and send a revised AO tomorrow morning.

        i. Please disregard highlighting. Its sole purpose is to serve as a reminder to me to be certain to make changes tomorrow morning (I am already in trouble with the wife for working this late 😉).


2. A date for the selected examination shall be provided to Plaintiff with seven (7) days notice.

    a. Defendants provided 24 days advance notice, see 4/16/24 email.
    b. Based on your response to my 4/16 email, I'm assuming this condition is now moot.

**EXHIBIT A**

       i. If not, **Defendants will agree** to adding this condition **so long as the AO also includes an acknowledgement that said notice was satisfied by way of my 4/16 email**. With that said, it seems kind of pointless to add a condition that has already been satisfied.

  c. **Let me know if Plaintiff still requests this condition**, and if so, if you are agreeable to the inclusion of the additional acknowledgment.


3. That Plaintiff, Charles L. Walden, may be accompanied to the proposed examination by a friend, family member, or other person of his choice (not including his lawyer or employees of his lawyer).

   a. Defendants are **not agreeable** to permitting an acquaintance to accompany Plaintiff to the exam and provide answers to Dr. Kriss' questions. Defendants object to this condition for a multitude of reasons, including, but not limited to:

      i. First and foremost is the specific proposal offered by Plaintiff:

         1. Allowing an acquaintance to attend for the specific purpose of providing information regarding Plaintiff's medical history.

            a. It would be patently improper for Dr. Kriss to rely on non-party hearsay statements made an unidentified individual
            b. It would be literally impossible for either Dr. Kriss or Defendants to determine the reliability of such statements.

         2. If Plaintiff is unable to recall the answer to a particular question (the scope of which Defendants' voluntarily agreed to limit), Plaintiff can certainly respond that he simply does not recall or does not remember.

      ii. Neither CR 26 Report by Plaintiff's retained experts indicate the presence of such a condition. If Plaintiff's alleged memory difficulties did not present any obstacles when examined by his own retained experts, there is no reason to believe they would suddenly create a problem with respect to Dr. Kriss' examination.

         1. The extent, if any, to which Plaintiff's experts did in fact rely on such hearsay statements is an issue for another day.
         2. Either way, Defendants simply cannot agree to a condition with the potential to negatively impact the reliability of his opinions.

      iii. Judge Atkins explicitly found Plaintiff had "not shown good cause to [require the presence of an acquaintance]

7 of 16

**EXHIBIT A**

and the balance of interests favors the Defendants." Order, R. 122 at p. 6. Plaintiff has not provided any new or additional arguments refuting the soundness of this finding.

      iv. As Judge Atkins further noted, "[f]ederal courts have determined that third parties—whether human or electronic—cannot sit in on physical and mental examinations under Federal Civil Rule 35 unless special circumstances require it." R. 122 at p. 6 (citation omitted). Especially considering the lack of any need for a third-party to assist with the examinations conducted by Plaintiff's experts, "Walden's interest in having the examination recorded is outweighed by the Defendants' interest in not having the examination disrupted by a recording device or observer." Id.

      v. Receiving conflicting answers from Plaintiff vs the unknown acquaintance would be terribly disruptive.

1. How could Dr Kriss know which version is correct?

4. Video recording of examination.

   a. Defendants are **not agreeable** to this condition for essentially the same reasons stated in relation to the third condition. In addition, I respectfully submit the following:

      i. In addition to being disruptive, the additional steps required to set up the recording needlessly prolong the examination. Dr. Kriss has already made accommodations by "working in" Plaintiff after the cancellation of the original exam. It would be terribly unfair to impose a condition that will lengthen the examination.

      ii. Plaintiff's retained experts apparently saw no need to record their respective examinations of Plaintiff.

1. Your prior representations indicate that not even the video of the "Video Posturography" test was retained by Dr. Changaris.
2. This is so notwithstanding the fact that Dr. Changaris diaganosis of TBI was seemingly based entirely on the results of this video posturagraphy test.

      iii. Defendants are merely requesting that Dr. Kriss be given the same opportunity as Plaintiff's two retained, non-treating experts. Nothing more, nothing less. If video recording was not necessary for Plaintiff's experts, I fail to understand how it would be necessary for Dr. Kriss.

8 of 16

**EXHIBIT A**

5. 10-Days Advanced copy of written questionnaire

    a. First, Defendants cannot agree to a 10-Day advanced copy as the examination is this week.
    b. Substantively, for the reasons noted above relating to the impropriety of an expert witness relying on hearsay statements from an unknown party, there are simply far too many reliability and foundational issues that would arise from anyone other than Plaintiff or qualified medical experts providing factual information regarding Plaintiff's medical history. For this reason, we are **not agreeable**
    c. Ultimately, this is likely a moot issue as I do not believe Dr. Kriss utilizes any such questionnaires.

6. Questioning during examination

    a. My proposal included specific limitations similar to those you requested.
    b. I made a good faith effort to limit permissible topics to only those subject matters that I believe are reasonably necessary.

        i. Do you object to any particular topic included in my proposal?

7. Reference to "Independent Medical Examination"

    a. I am **agreeable** to this condition **subject to Plaintiff agreeing to identical conditions with respect to his experts**.

        i. To the extent such a reference is already included in plaintiff's experts' reports, I propose that same be redacted.

    b. Note to Self: Revise

8. That the examining physician owes no Hippocratic duties to Mr. Walden since Mr. Walden is not his patient.

    a. This appears to be more of an assertion than a condition.
    b. Are you requesting that Dr. Kriss' literally include this statement in his report and subsequent testimony?

        i. If so, I am **not agreeable** to any conditions

9 of 16

**EXHIBIT A**

      requiring **Dr. Kriss include such a statement in his report**.

1. I don't believe it is appropriate for me to dictate that Dr. Kriss include any particular opinion or statement in his report.
2. Additionally, no such statement was included in any of Plaintiff's retained, non-treating expert reports.
3. Respectfully, I don't think this condition is appropriate to impose on either Plaintiff's or Defendants' experts.
4. The rationale included in Plaintiff's Amended Response would apply with equal force to his own experts.

  c. Near the end of the argument, Plaintiff appears to be requesting a jury instruction on this topic.

      i. We are **not agreeable** to adding a condition relating to **jury instruction**.

1. Same reasons noted in 8(b)(i)(2) – 8(b)(i)(4), above.

9. Production of Dr. Kriss Report

  a. My proposed AO required production within **10 days of receipt**.

      i. **Please advise if this provision is acceptable?**

  b. Production of Draft or Non-Final Reports

      i. Defendants are **not agreeable** to providing **non-final or draft reports**.

1. FRCP 26(b)(4) expressly shields from disclosure drafts of the testifying expert's reports and any communications between a party's attorney and the party's testifying expert, except communications concerning the expert's compensation or identify facts, data or assumptions the party's attorney provided that the expert considered in forming his opinion.
2. No such conditions were placed on Plaintiff's non-treating, retained experts.

10. Reasonable time constraints

  a. The proposal specifically addresses this request.
  b. **Please let me know if you approve**.

**EXHIBIT A**

Jay Milby Ridings

Hamm, Milby & Ridings PLLC

120 N Main St

London, KY 40741

Ph: (606) 864-4126

jridings@hmrkylaw.com

**From:** Jay Milby Ridings
**Sent:** Monday, May 6, 2024 6:05 PM
**To:** Robert Morrin <morrinlaw@gmail.com>; Rachel Gaines <rachel@morrinlawoffice.com>
**Cc:** Marcia Ridings <marcia@hmrkylaw.com>
**Subject:** RE: Walden v. Enterprise - Proposed Agreed Order re: CR 35 Exam
**Importance:** High

First, and foremost, let me apologize for sending you the wrong proposed AO – in my original email and in today's email. I was initially baffled by your suggestion that my proposal didn't include "ANY" of your requests as I was confident, but not certain, that it had. As it turns out, you were 100% correct as the proposal I sent you was virtually identical to the proposed order included with our original motion. I'm sure you were equally, if not more baffled when reviewing what I sent. Especially when seeing that it utilized the date of the original – and since passed – examination.

Let's give this one a shot. I've double and triple checked to ensure I attached the correct proposal this time.

In the meantime, I will review any requests that are not addressed in the order I meant to send – and provide a response to same.

Sincerest apologies for the confusion.

Jay Milby Ridings

Hamm, Milby & Ridings PLLC

120 N Main St

London, KY 40741

Ph: (606) 864-4126

jridings@hmrkylaw.com

---

**From:** Robert Morrin <morrinlaw@gmail.com>
**Sent:** Monday, May 6, 2024 4:33 PM
**To:** Jay Milby Ridings <jridings@hmrkylaw.com>
**Cc:** Rachel Gaines <rachel@morrinlawoffice.com>; Marcia Ridings <marcia@hmrkylaw.com>
**Subject:** Re: Walden v. Enterprise - Proposed Agreed Order re: CR 35 Exam

Hi Jay,

Thanks for following up. The proposed agreed order doesn't include ANY of the terms previously requested by my client. Do I understand your client will not agree to any of the terms previously proposed by the Plaintiff? If so, then we need to submit separate Orders. If you would like to come to an agreement then please send over a proposed order which includes the terms requested by Mr. Walden to which your client is agreeable.

I should be available on a limited basis to discuss tomorrow morning.

Thanks,

Rob

**EXHIBIT A**



**Robert A. Morrin**

Morrin Law Office

214 West Main Street

Richmond, KY 40475

859-358-0300 p

859-972-0813 f

www.MorrinLawOffice.com


*Learn about us!*



We 💙 Referrals!




**Statement of Confidentiality**:

**This communication contains information which is confidential. It is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s) please note that any form of distribution, copying, forwarding or use of this communication or the information therein is strictly prohibited and may be unlawful. If you have received this communication in error please notify the sender, delete the communication, and destroy any copies.**

**EXHIBIT A**

On Mon, May 6, 2024 at 1:40 PM Jay Milby Ridings <jridings@hmrkylaw.com> wrote:

Rob -- following up on my 5/1/24 email, below.

Our deadline to comply with Court's Order (R. 133) is fast approaching. I will be out of the office beginning early tomorrow afternoon (approx. 1:30 PM) and will be out the remainder of the week on account of KBA BOG obligations.

Against that backdrop, **I would very much appreciate if you could respond to my proposal by close of business today.** I've attached another copy of my proposed AO for your convenience.

Thanks in advance.

Jay

Jay Milby Ridings

Hamm, Milby & Ridings PLLC

120 N Main St

London, KY 40741

Ph: (606) 864-4126

jridings@hmrkylaw.com

**From:** Jay Milby Ridings
**Sent:** Wednesday, May 1, 2024 1:54 PM
**To:** Mr. Robert A. Morrin (morrinlaw@gmail.com) <morrinlaw@gmail.com>; Mr. Robert A. Morrin (Rob@MorrinLawOffice.com) <Rob@MorrinLawOffice.com>
**Cc:** Rachel Gaines <rachel@morrinlawoffice.com>; Marcia Ridings <marcia@hmrkylaw.com>
**Subject:** Walden v. Enterprise - Proposed Agreed Order re: CR 35 Exam

14 of 16

**EXHIBIT A**

Rob,

Per Judge Caldwell's latest Order (R. 133), I'm attaching our proposed agreed order outlining suggested time, place, manner, conditions, and scope of the examination. As a professional courtesy I have made every effort to address your prior objections by including far more detail in our proposed AO than I believe is required by FRCP 35. In my admittedly limited experience dealing with Rule 35 exams in federal court, I have found that the courts address CR 35's scope and condition requirements in general terms with respect to describing the exam ("During the IME Plaintiff's medical history will be documented. Further, Dr. X will perform a standard orthopedic examination with a review of systems and take radiographs if necessary," or "The exam will consist of Dr. X obtaining information pertaining to Plaintiff's past and present medical condition. Further, Dr. X will perform a standard physical examination of Plaintiff including a review of Plaintiff's systems and functional status."). To the extent detailed conditions are included, the conditions take the form of identifying/describing specific testing that the court has ruled will not be permitted. ("Dr. X is precluded from conducting any tests or procedures that involve cutting skin or other connective tissue, or inserting instruments into Plaintiff's X, Y, or Z. Further, no testing or examination shall require Plaintiff to disrobe in the presence of Dr. X."). But in the absence of prohibitions, my experience involves the entry of general and short orders. In the event our proposed order is entered, it will certainly hold the page record with respect to CR 35 orders my office has ever received. Of course, I have no objection to any aspect of our proposed order; I'm just not certain that is what Judge Caldwell is necessarily looking for.

In any event, please review our proposed AO and advise if it meets your approval. If so, please confirm that I have your permission to sign and tender to Court. (Note that I did include your signature simply so I wouldn't forget to add it. I would obviously never tender without your explicit permission to do so.)

If you do not approve, please provide an alternative AO that you propose.

Thanks,

Jay

**EXHIBIT A**

Hamm, Milby & Ridings PLLC

**Jay Milby Ridings**

Member | Hamm, Milby & Ridings PLLC

**Phone**:  606.864.4126

**Fax**: 606.878.8144

**Email**: jridings@hmrkylaw.com

120 N. Main Street

London, KY 40741

www.hmrkylaw.com

16 of 16

**EXHIBIT A**