UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| CHARLES L. WALDEN ) | |
| ) | |
| Plaintiff, ) | **CASE NO. 5: 22-CV-00238-KKC** |
| ) | |
| VS. ) | |
| ) | **ORDER VACATING AND** |
| ) | **OUTLINING FED. R. CIV. P. 35(a)(2)(B)** |
| ENTERPRISE SERVICES GROUP, LLC, ) | **CONDITIONS OF EXAMINATION** |
| *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter if befor the Court on Defendants' Emergency Motion to Alter, Amend, or Vacate this Court's prior order entitled "Defendants' Order Outlining Fed. R. Civ. P. 35(a)(2)(B) Conditions of Examination" (R. 135). The Court having reviewed the relevant filings, including all prior filings and Orders relevant to the upcoming Fed. R. Civ. P. 35 Examination of Plaintiff by Dr. Timothy Kriss, and being sufficiently advised, IT IS HEREBY ORDERED:

1. The Court's prior Order entitled "Defendants' Order Outlining Fed. R. Civ. P. 35(a)(2)(B) Conditions of Examination" (R. 135) is **VACATED** in its entirety and replaced with the instant Order.

2. The Fed. R. Civ. P. 35 Examination shall be conducted as follows:

   I. Plaintiff shall appear for, and participate in, an examination conducted by Dr. Timothy Kriss on **Friday, May 10, 2024, at 11:30 a.m.**

   II. The examination shall be conducted at Dr. Kriss' office located at:

   **100 Providence Way, 2nd Floor**
   **Nicholasville, Kentucky 40356**

III. Dr. Kriss shall be permitted to perform standard neurological examination, standard physical examination, and standard mental examination. Dr. Kriss shall attempt to stay within the confines of the testing described in Paragraph 4, unless in Dr. Kriss' professional opinion, the results of the aforementioned tests reveal necessary additional testing that is essential to determine the current mental or physical state of Plaintiff.

IV. Dr. Kriss shall be permitted, but not required, to conduct the following tests and examinations:

    A. Range of Motion testing
        1. Cervical
        2. Shoulders
        3. Lumbar
        4. Thoracic
    B. Long Tract Testing, e.g. Babinski, Hoffman's sign, clonus, etc.)
    C. Reflex testing
    D. Gait (observation and demonstration)
    E. Electronic inclinometer with automatic sensing
    F. Lehrmitte's sign
    G. Spurling test
    H. Romberg test
    I. Phalen's test
    J. Tinel's sign, a/k/a Hoffman-Tinel sign
    K. Straight leg raise (SLR) test
    L. Bilateral hip examination
    M. Patrick's test, a/k/a FABER test
    N. Greater trochanter examination
    O. Bilateral shoulder examination
    P. Neer's sign
    Q. Hawkins sign
    R. Nystagmus testing
    S. Facial sensation examination (bilateral)
    T. Air conduction testing

      U. Cervical neurological examination to test bilateral strength in deltoids, biceps, brachioradialis, wrist extensors/flexors, grip, and finger extensors
      V. Neurological examinations designed to evaluate mentation in terms of ideation and coherent thoughts
      W. Evaluation of whether words are clear and not pressured or labored
      X. Questioning designed to evaluate Plaintiff's grasp of recent current events; appropriateness for age.
      Y. Serial Sevens Testing
      Z. Short-term memory testing,
      AA. Cranial nerve testing
      BB. Visual field testing
      CC. Subjective taste and swallowing evaluation
      DD. Shoulder shrug evaluation
      EE. Hamilton Rating Scale for Depression
      FF. Montgomery and Asberg Depression Rating Scale (MADRS)

V. Dr. Kriss should limit oral questioning to the following subject matters:

    A. Plaintiff's current physical condition,
    B. Plaintiff's physical condition prior to the 2020 collision,
    C. Improvements or declines in Plaintiff's physical condition subsequent to the 2020 collision,
    D. Mechanism of injuries sustained in
        1. 2020 collision,
        2. 2022 fall event,
        3. 2012 collision,
        4. 2017 collision, and
        5. Other injury-related incidents occurring prior to the 2020 collision which are documented in Plaintiff's medical records,
    E. Plaintiff's current medical treatment,
    F. Medical treatment Plaintiff received between August 10, 2020 (date of subject collision) and May 10, 2024 (date of CR 35 Examination),
    G. Medical treatment Plaintiff received in relation to the injuries and incidents described in 5(D)(i) through 5(D)(v), above,
    H. Plaintiff's medication regimen (prescription and over the counter) prior to the 2020 collision through May 10, 2024, and
    I. Plaintiff's physical condition as related to occupational abilities and limitations prior to the 2020 collision and present date.

3

VI. The length of the examination should be no longer than is reasonably necessary for Dr. Kriss to formulate an informed and independent assessment of Plaintiff's medical condition and prognosis relating to the issues[1] in this case. Dr. Kriss shall use reasonable efforts to complete the actual examination within 1 hour and 30 minutes (which shall not include the "wait" time before the examination begins). In the event the length of the actual examination exceeds 1 hour and 30 minutes, Dr. Kriss shall document within his CR 26 Report the reasons for the extended examination.

VII. Dr. Kriss shall prepare a written report following the examination which shall "set out in detail [Dr. Kriss'] findings, including diagnoses, conclusions, and the results of any tests." Fed. R. Civ. P. 35(b)(2).

VIII. Defendants shall provide Plaintiff with a copy of Dr. Kriss' report within ten (10) days of defense counsel's receipt of same, or July 1, 2024, whichever occurs first.

IX. Defendants shall make Dr. Kriss available for discovery deposition at least ten days prior to conducting Dr. Kriss' evidentiary deposition.

X. There shall be no reference in Dr. Kriss' testimony or subsequent proceedings indicating that Dr. Kriss conducted an "independent medical examination." These same conditions shall also apply to Plaintiff's retained experts, Dr. Timothy Wilson, Dr. David Changaris, and Rebecca Clay.

This 8th day of May, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[1] Such issues include, but are not limited to, Plaintiff's current physical and mental condition, causation, reasonableness of medical treatment (past and future), rebuttal of opinions proffered by Plaintiff's experts, Plaintiff's prior physical and mental condition/injuries, etc.