UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:22-CV-00238-KKC-EBA

CHARLES L. WALDEN,                                                            PLAINTIFF,

V.                                  **ORDER**

ENTERPRISE SERVICES GROUP, LLC, *et al.*,                   DEFENDANTS.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Charles L. Walden's Motion for Sanctions against Defendant Clarence M. Howard for his failure to attend his scheduled deposition, [R. 112], and Motion to Compel Howard and Defendant Enterprise Services Group to respond to outstanding Requests for Interrogatories and Requests for Production, [R. 116]. Howard and Enterprises Services Group responded in opposition to both motions. [R. 120, R. 121].

This action arises out of a motor vehicle accident involving Walden and Defendant Clarence Howard in which Walden allegedly suffered various physical injuries and other damages. [R. 1]. Walden alleges that, at the time of the accident, Howard was negligently operating a 2012 Freightliner XCL Chassis on behalf of Enterprise Services Group. [R. 1-1 at pg. 3]. Howard is believed to be an agent of Defendant Enterprise Services Group. [*Id.*].

Walden argues that Howard was properly served with a copy of the complaint via the Kentucky Secretary of State, pursuant to Kentucky Revised Statute § 454.210, on August 19, 2022. [R. 112]. Defendants removed the action to this court on September 19, 2022. [R. 1 at pg. 1]. According to Walden, he scheduled Howard's deposition, by agreement of the parties, to occur on

December 13, 2022, but days before the deposition, counsel for Howard and Enterprise (Defense Counsel) advised that she had not been able to locate Howard. [R. 112 at pg. 2]. Around August 2023, Walden contacted Defense Counsel again to schedule Howard's deposition, but Defense Counsel advised that she still had not been able to contact Howard. [*Id.*]. Defense Counsel informed Walden's counsel, via email, that she has had "no communication with either [Howard] or my corporate representative. I don't believe Enterprise Service Group is still in business." [R. 120-5 at pg. 3].

Walden, then, scheduled Howard's deposition to take place on October 11, 2023. [R. 112 at pg. 2]. Walden asserts he notified Howard of the deposition by "sending a subpoena and Notice of Deposition to [] Howard at his last known address, as well as copies to his counsel's office with a check for his estimated milage expenses." [*Id.*]. On September 11, 2023, Defense Counsel stated via email to Counsel for Walden, "I got your notice to depose Clarence Howard at your office on 10/11/2023 and I certainly will be there. I want to remind you, however, that I have been unable to reach Mr. Howard from the outset of this case and do not expect him to appear." [*Id.* at pg. 6]. Howard did not appear. [*Id.*]. Defense Counsel requested that the Court Reporter's fee for the October 11, 2023, deposition be directed to her office for Howard's failure to appear. [R. 112 at pg. 4].

On or about October 12, 2023, Walden served his First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Howard and Enterprise. [R. 116 at pg. 1]. On November 1, 2023, Defense Counsel served responses to Walden's Requests for Admissions but did not respond to Walden's First Set of Interrogatories or Requests for Production. [*Id.*]. According to Defense Counsel, neither Howard nor Enterprise Services Group

has responded to the discovery requests because Defense Counsel is defending this case "without the benefit of having been able to discuss the matter with her clients." [R. 121].

Walden now moves for sanctions and argues that, because Howard has not appeared for deposition, the court should prohibit Howard from raising defenses, asserting claims, or introducing evidence in this matter, and order that all factual disputes are established in Walden's favor. [R. 112]. Walden also moves to compel Enterprise Services Group and Howard to respond to Walden's First Set of Interrogatories and Requests for Production. [R. 116]. For the reasons that follow, the Court will deny Walden's Motion for Sanctions, [R. 112], and grant Walden's motion to compel Enterprise and Howard to respond to Walden's First Set of Interrogatories and Requests for Production of Documents, [R. 116].

**MOTION FOR SANCTIONS**

Fed. R. Civ. P. 37(d) states that the court may order sanctions if a party fails, after being served with proper notice, to appear for that person's deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions *may* include directing facts be taken as established for purposes of the action; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; or rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make the award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

Defense counsel asserts that Walden seeks to "obtain default by technicality." [R. 120 at pg. 1]. "Despite exhaustive efforts" neither defense counsel nor Enterprise Services Group's liability carrier have been able locate or communicate with Howard. [*Id.* at pg. 2]. Defense Counsel argues that Howard has never been personally served in this action and, importantly, was not properly served with notice of the scheduled deposition. [*Id.*]. According to Defense Counsel, because Howard never received proper notice, and Walden knew that Defense Counsel had not been in contact with Howard, Walden was not prejudiced by Howard's failure to attend his October 2023 deposition. [*Id.* at pg. 6].

Kentucky law determines the validity of service in state court prior to the defendant's removal of the action to federal court. *Ashford v. Bollman Hat Co.,* 2011 WL 127153, at *2 (E.D. Ky. Jan 14, 2011) (citing 4A Carles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (3d ed. 2010); *Bates v. Harp,* 573 F.2d 930, 932–33 (6th Cir. 1978) (applying state service-of-process rules in a removal analysis)). The Kentucky long-arm statute, KRS § 454.210, provides that if personal jurisdiction is authorized, service of process against a nonresident may be made on the Secretary of State who, for this purpose, shall be deemed to be the statutory agent for this person. KRS 454.210(3)(a)(3). The Secretary of State shall, then, mail a copy of the summons and complaint to the defendant at the address given in the complaint. KRS 454.210(3)(c). Here, Walden directed the Kentucky Secretary of State to serve his complaint to two different Georgia addresses in which he believed Howard may reside. [R. 120-1 at pgs. 1–2]. The Kentucky Secretary of State returned the undelivered letters to the Madison Circuit Court. [*Id.*].

This court recently discussed undelivered service to the wrong address via the Kentucky long-arm statute in *Rodney Worley v. 500 Memorial Drive Ky., LLC*. 2024 WL 86857 (E.D. Ky.

Jan. 8, 2024). There, the court stated that "Kentucky's long-arm statute is silent in regard to the issue of service when the wrong address is provided to the Secretary of State, but this Court finds it unlikely that the Kentucky legislature meant for this extension of personal jurisdiction over non-Kentucky residents to do away with well-established rules regarding service of process under state law." *Id.* at *2. The court discussed *Begley v. Kilburn* in which the Kentucky Supreme Court held that Kentucky's non-resident motorist statute, which provides for service of summons similar to KRS 454.210, required that the nonresident's *correct* address be furnished to the secretary of state. *Id.* (citing *Begley,* 545 S.W.2d 926, 927 (Ky. 1979) (emphasis added). "Plaintiffs cannot provide the wrong address and then hide from its deficient service using KRS 454.210(3)." *Id.* Therefore, the Court finds that because Walden provided the wrong address for Howard's summons to the Secretary of State, Walden failed to meet the statutory requirements of KRS 454.210(3), and Howard was not properly served.

However, despite having not been properly served, counsel for Howard and Enterprise Services Group waived the defense of insufficiency of service of process pursuant to Kentucky Civil Rule 12.08. The defense of insufficient service of process is waived if it is "neither made by motion under Rule 12 nor included in a responsive pleading or an amendment thereof permitted by Rule 15.01 to be made as a matter of course. Ky. R. Civ. P. 12.08. Here, Defense Counsel filed a general answer on behalf of Howard and Enterprise Services Group, however the answer did not include a defense of insufficient service of process. [R. 1]. Defense Counsel states that Howard's failure to appear was due to his lack of notice, however because Counsel filed a general answer on Howard's behalf and did not assert insufficient service of process as a defense, Defense Counsel may not assert inefficient service of process as a defense for Howard's failure to appear for deposition.

Pursuant to Federal Rule 37(d), the Court is not required to impose sanctions for a parties' failure to appear for deposition, however the Court shall, pursuant to Federal Rule 37(d)(3), require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses caused by the failure, unless the failure was substantially justified, or other circumstances make the award of expenses unjust. Here, it is not just to award expenses to Walden because Defense Counsel told counsel for Walden on multiple occasions that she has not been able to contact Howard. Walden scheduled Howard's October 2023 deposition knowing that Howard was unlikely to attend because he had never spoken to Defense Counsel. Walden's unilateral decision to schedule the deposition, despite knowing that Howard was unlikely to attend, is a circumstance that makes the award of expenses unjust.

### MOTION TO COMPEL

Federal Rule of Civil Procedure 26(b)(1) provides that—unless otherwise limited—"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Court will consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id*. Whether discovery is relevant is broadly construed to include "any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The moving party bears the burden of proving the relevancy of the information sought. *Burton v. Zwicker & Assocs., PSC.*, 2021 U.S. Dist. LEXIS 195470, at *3 (E.D. Ky. Jan. 9, 2012).

When a party refuses to provide information requested by another party, which is thought by the requesting party to be within the scope of Rule 26(b), then the requesting party may move the court to compel disclosure of the requested information. Fed. R. Civ. P. 37(a)(3)(B). Motions to compel may be filed where a party has failed to (1) provide a mandatory disclosure; (2) answer or admit an interrogatory or request for admission; or (3) produce discoverable information, materials, or documents. Fed. R. Civ. P. 37. However, prior to moving to compel, a party must in good faith confer or attempt to confer with the opposing party "failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Here, Defendants admit that they have not responded to Walden's First Set of Interrogatories and Request for Production initially served in October 2023. [R. 121]. Defense Counsel states that "she is in the process of answering discovery based on counsel's independent investigations." [*Id.*]. While Walden has attempted to elicit responses to the discovery requests informally, neither Howard nor Enterprise has responded to Walden's discovery requests because Defense Counsel is not in communication with her clients. To the extent that Defendants have not answered Walden's discovery requests, Defendants shall be compelled to respond.

## Conclusion

The Court, having considered the issues and being otherwise sufficiently advised,

IT IS ORDERED as follows:

1. Plaintiff Charles Walden's Motion for Sanctions, [R. 112], is DENIED; and
2. Walden's Motion to Compel, [R. 116], is GRANTED. Defendants Howard and Enterprise Services Group must, to the extent they are able, respond to Walden's First Set of Interrogatories and Requests for Production no later than June 5, 2024.

Signed May 28, 2024.



Signed By:
**_Edward B. Atkins_**  *EBA*
**United States Magistrate Judge**