**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

CHARLES L. WALDEN )
       )
      Plaintiff )
       )
v. ) CIVIL ACTION NO. 5:22-CV-00238-KKC
       )
ENTERPRISE SERVICES GROUP, LLC )
CLARENCE M. HOWARD, AND )
NATIONAL INDEMNITY GROUP OF )
INSURANCE COMPANIES OR )
NATIONAL INDEMNITY COMPANY, )
VINCE KLINE, AND PROGRESSIVE )
CASUALTY INSURANCE COMPANY )
       )
      Defendants

***** ***** *****

**MOTION FOR LEAVE TO AMEND PLAINTIFF'S EXPERT DISCLOSURES**

***** ***** *****

Comes the Plaintiff, CHARLES L. WALDEN, by and through counsel, and for his

Motion for Leave to Amend his Expert Disclosures to include an accident reconstructionist,

human factors expert, commercial trucking industry expert, and vocational expert hereby states

as follows:

The Federal Rule of Civil Procedure 6(b)(1) allows the Court, for good cause, to grant an

extension of time "with or without motion or notice if the court acts, or if a request is made,

before the original time or its extension expires." The Rule does not prohibit the granting of

extensions except under particular circumstances. FRCP 6(b)(2) prohibits enlargements of time

for: motions for judgment as a matter of law after trial; motions for a new trial; motions for

amendments of findings or additional findings; and motions for relief from a judgment. As the

Rule does not specifically prohibit an enlargement of time for pre-trial compliance, the discretion

is left with the trial court.

1

Plaintiff Walden filed his Expert Disclosures [R. 97] on December 5, 2023 in compliance with the Court's Order granting Plaintiff's Motion for Extension of Time [R. 87], which was not opposed by Defendants by virtue of filing no Response.  The Court's Order [R. 87] also extended the Defendants' deadline to file expert disclosures to February 3, 2024.  On December 11, 2023, Defendants filed their own Motion for Extension of Time to file their expert disclosures [R. 98], requesting an extension until May 15, 2024 on the basis that the Plaintiff's expert disclosures provided an impairment rating which Defendants claimed they could not have been aware of. Plaintiff timely responded, opposing the motion [R. 99], and Defendants filed a Reply [R. 100]. The Court granted the Defendants' motion [R. 102 and R. 103], allowing until May 15, 2024 for the Defendants to file their expert disclosures. On April 18, 2024, Defendants filed a Second Motion for Extension of Time [R. 128], as the parties were litigating a dispute regarding the Defendants' requested CR 35 Examination of the Plaintiff. Plaintiff filed a Response [R. 131] that disagreed with the Defendants' case history, but agreed with the extension of deadlines. Defendants timely filed a Reply [R. 132] and this Court granted the Second Motion for Extension of Deadlines [R. 145], extending and clarifying a number of scheduling order deadlines, but of most importance here, setting the deadline for defendants to identify experts and file required disclosures until July 1, 2024.

Defendants filed their expert disclosures on May 28, 2024 [R. 149], which disclosed for the first time an accident reconstruction expert, namely Eddie Crum of Crum Investigations, LLC; of note, Defendants specifically indicated that they "anticipate supplementing the instant disclosure with photographs and measurements that Mr. Crum intends to obtain in June 2024 which will be utilized as evidence and demonstrative evidence summarizing and supporting the opinions set forth in Mr. Crum's Collision Analysis Report." Plaintiff asserts that in his expert

disclosures, filed on December 5, 2023, he reserved his right to supplement the disclosures for

rebuttal purposes. Specifically, Paragraph 6 of Plaintiff's Expert Disclosures states: "Any expert

necessary to evaluate and render opinions as to any subsequent information produced in

discovery." Plaintiff further reserved his right to supplement and/or amend this list in accordance

with any Orders of this Court.

As Defendants have disclosed an accident reconstructionist expert for the first time,

Plaintiff should be permitted to supplement his disclosures with an accident reconstructionist

expert for rebuttal purposes. Based on the opinions and conclusions offered in Mr. Crum's

report, it would be appropriate for the Plaintiff to also seek the opinions of experts in human

factors as well as a commercial trucking industry expert.

In his report, Dr. Kriss indicates that there's almost nothing wrong with Mr. Walden,

despite the medical evidence provided. Plaintiff intends to use a vocational expert to provide

rebuttal evidence in the form of expert opinion to corroborate the medical findings indicating that

the collision actually did cause a TBI and other issues that have permanent repercussions as to

Mr. Walden's basic functioning abilities.

Defendants will not be prejudiced by the addition of an accident reconstruction, human

factors expert, commercial trucking industry expert, or vocational expert to Plaintiff's expert

witness list, as these are rebuttal experts in direct response to an expert disclosed by the

Defendants.

The additional deadlines established by this Court [R. 103] would not need to be adjusted

to accommodate this request. Fact and Expert Discovery must be completed by August 1, 2024;

Dispositive and Daubert Motions must be filed by September 3, 2024; witness and exhibit lists

are due November 21, 2024, with objections to the same due November 28, 2024. The telephonic

Pre-Trial Conference is not scheduled until March 6, 2025, with trial set to begin March 31, 2025.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully moves this Court to allow the Plaintiff to amend his Expert Disclosures to include an accident reconstructionist, human factors expert, commercial trucking industry expert, and vocational expert by July 14, 2024 or thereafter as determined by the Court.

Respectfully Submitted,

MORRIN LAW OFFICE


_/s/ Robert A. Morrin_____
Hon. Robert A. Morrin (KBA # 94368)
214 West Main Street
Richmond, KY 40475
(859) 358-0300
*Counsel for Plaintiff*


* * * * * * * * *

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June, 2024, a true and correct copy of the foregoing was filed through the Court's eFiling system, which serves a copy on all counsel of record.

_/s/ Robert A. Morrin_____
Hon. Robert A. Morrin (KBA # 94368)
MORRIN LAW OFFICE
*Counsel for Plaintiff*