AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of Kentucky

|  |  |  |  |
|---|---|---|---|
| CHARLES L. WALDEN | ) | | |
| *Plaintiff* | ) | | |
| v. | ) | Civil Action No. | 5:22-CV-00238-KKC |
| ENTERRISE SERVICES GROUP, LLC, et al. | ) | | |
| *Defendant* | ) | | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: David Changaris, M.D.

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: After Accident Care, 801 Barrett Avenue, #103, Louisville, KY 40204 | Date and Time: 07/16/2024 4:00 pm |
|---|---|

The deposition will be recorded by this method:   Stenographic

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

All evidence described in Exhibit A-1, attached hereto.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/26/2024

| CLERK OF COURT | OR | |
|---|---|---|
| _____ *Signature of Clerk or Deputy Clerk* | | _____ *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Enterprise Services Group, LLC and Clarence M. Howard , who issues or requests this subpoena, are:

Jay Ridings; 120 N. Main Street, London, KY 40741; jridings@hmrkylaw.com; 606-864-4126

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

### EXHIBIT A

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CHARLES L. WALDEN                )
                                 )
     Plaintiff,            )    **CASE NO. 5:22-CV-00238-KKC**
                                 )
VS.                              )
                                 )
                                 )       **EXHIBIT A-1**
ENTERPRISE SERVICES GROUP, LLC,  )   **SUBPOENA DUCES TECUM**
*et al.*                         )
                                 )
     Defendants.           )
_____  )

<u>Subpoena Duces Tecum Issued To</u>:
    **David Changaris, MD**
    **801 Barrett Avenue, #103**
    **Louisville, KY 40204**

For the time period January 1, 2014 through the present, please provide any and all documents and records in your possession (or reasonably available to you), whether in hard-copy or electronic form, related to the following individual: **Charles L. Walden**.

The records covered by this Subpoena Duces Tecum shall include, but are not limited to:

1.   All records, test results and documents you reviewed, considered, or relied upon in relation to the November 17, 2023 "Consultation" report you authored in relation to Charles L. Walden.

2.   All posturography data, test results, reports, analysis, control measures, and control data relating to Charles L. Walden.

3.   All VNG data, test results, reports, analysis, control measures, and control data relating to Charles L. Walden.

4.   All video footage depicting all posturography tests relating to Charles L. Walden.

5.   All medical records provided to you relating to Charles L. Walden.

6.   All hand-written or typed notes prepared by you or your staff relating to Charles L. Walden.

**EXHIBIT A-1**

7. All questionnaires relating to Charles L. Walden.

8. All questionnaires completed by Charles L. Walden.

9. Complete data, results, reports, analysis, and responses provided by Charles L. Walden in relation to all of the following tests:
    a. Hamilton Rating Scale for Depression (HAM-D)
    b. Serial Sevens test
    c. Short-Term Memory test
    d. Cranial nerve testing
    e. Visual field testing
    f. MADRAS
    g. FallTrak Balance Video Posturography Test
    h. VNG Test
    i. Neurological tests conducted by Dr. Changaris.

10. All of the following posturography evidence relating to Charles L. Walden:
    a. Evidence or data demonstrating the **<u>exact</u>** manner in which "body tilt" was measured in Mr. Walden.
        i. Specifically, where was the anatomic "vertex" point, the starting point for both rays that formed each body tilt angle?
        ii. Be certain to produce evidence/data for **<u>all</u>** trials <u>and</u> tests conducted.
    b. Complete results of all trials and tests for each of the following components of posturogaphy testing:
        i. Posture trials on foam service (number of trials and complete results for same)
        ii. Posture trials on solid foam surface (number of trials and complete results for same)
        iii. Posture trials with eyes open (number of trials and complete results for same)
        iv. Posture trials with yes closed (number of trials and complete results for same)
        v. Posture trials with various combinations of 3(a) – 3(d), above (number of trials and complete results for same)
    c. For each of the tests and trials responsive to 10(b)(i) – 10(b)(v), above, produce all of the following:
        i. Charles L. Walden's objectively recorded corresponding body tilt angular measurements

2

1. Note: Responsive data should be provided in table or chart format, with each properly labeled trial reflecting the corresponding angular measurements

   ii. Evidence demonstrating the vertex point

   iii. Evidence demonstrating the terminal ray points

   iv. Evidence demonstrating how all three of these points (body tilt angular measurements, vertex point, and terminal ray points) measured for each respective trial and the corresponding angle.

   v. Evidence demonstrating how the angle was formed by the three measurement points.

11. All data and evidence of any neurological testing conducted simultaneously with posturography testing relating to Charles L. Walden.

12. All data and evidence compiled or utilized by Dr. Changaris in establishing "control measures" to which Mr. Walden was compared for purposes of analyzing posturogaphy testing.

13. All reports relating to posturogaphy testing performed with respect to Charles L. Walden (if posturography test results were analyzed by anyone other than Dr. Changaris).

14. All notes created by Dr. Changaris (or staff) during any posturography testing conducted in relation to Charles L. Walden.

15. Complete copies of all articles, studies, and reports referenced in Footnotes 1 and 2 of Dr. Changaris' November 17, 2023 "Consultation" Report, including, but not limited to, the following:

   a. E. Sander Connolly & Richard G. Ellenbogen, Editorial: A New Definition of Postconcussive Syndrome, 125 J. NEUROSURG. 1204 (2016);

   b. I. Emanuelson et al., Quality of Life and Post-Concussion Symptoms in Adults after Mild Traumatic Brain Injury: A Population-Based Study in Western Sweden, 108 ACTA NEUROL. SCAND. 332 (2003);

   c. David C. Perry et al., Association of Traumatic Brain Injury with Subsequent Neurological and Psychiatric Disease: A MetaAnalysis, 124 J. NEUROSURG. 511 (2016);

   d. Christopher A. Mutch, Jason F. Talbott & Alisa Gean, Imaging Evaluation of Acute Traumatic Brain Injury, 27 NEUROSURG. CLIN. N. AM. 409 (2016);

   e. Alberto A. Rasia-Filho et al., The Subcortical-Allocortical- Neocortical Continuum for the Emergence and Morphological Heterogeneity of Pyramidal Neurons in the Human Brain, 13 FRONT. SYNAPTIC NEUROSCI. 616607 (2021); and

**EXHIBIT A-1**

     f.   Arnold E. Eggers, Migraine White Matter Hyperintensities and Cerebral Microinfarcts Are Silent Cryptogenic Strokes and Relate to Dementia, 102 MED. HYPOTHESES 1 (2017).

16. Complete copies of all "Articles" authored by you which you reasonably anticipate citing or relying upon when offering testimony in the above-captioned litigation involving Charles L. Walden.

17. All records of communications including letters, notes, memoranda, facsimiles, emails, text messages, and recorded conversations involving Charles L. Walden, subject to the following EXCEPTION:

     a.   **Do <u>NOT</u> produce records of communications directly to, and directly from Attorney Robert Morrin**.