UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| CHARLES L. WALDEN | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:22-CV-00238-KKC |
| | ) | |
| ENTERPRISE SERVICES GROUP, LLC | ) | |
| CLARENCE M. HOWARD, AND | ) | |
| NATIONAL INDEMNITY GROUP OF | ) | |
| INSURANCE COMPANIES OR | ) | |
| NATIONAL INDEMNITY COMPANY, | ) | |
| VINCE KLINE, AND PROGRESSIVE | ) | |
| CASUALTY INSURANCE COMPANY | ) | |

Defendants

\* \* \* \* \* \* \* \* \* \* \* \*
### NOTICE OF VIDEO DEPOSITION OF DR. TIMOTHY C. KRISS, M.D.
\* \* \* \* \* \* \* \* \* \* \* \*

Comes the Plaintiff, CHARLES L. WALDEN, by counsel, hereby gives notice that the **video** deposition of Dr. Timothy C. Kriss, will take place on **Thursday, July 18, 2024,** beginning at the hour of **1:00 pm,** at Dinsmore & Shohl, 100 W Main Street, Suite 900, Lexington, KY 40507.

Said video deposition will be taken by a notary public or other official authorized by law to administer oaths, is being taken for purposes of discovery and for all other purposes allowed for by the Federal Rules of Civil Procedure, and shall continue from day to day until completed.

Attached to this Notice as Schedule A-1 is a designation of the materials to be produced upon the oral examination of Dr. Kriss, pursuant to a Subpoena Duces Tecum to be

Case: 5:22-cv-00238-KKC-EBA Doc #: 166 Filed: 07/05/24 Page: 2 of 6 - Page ID#: 1527

served upon counsel for Defendant, who retained said witness in accordance with Fed. R. Civ. P. 26(a)(2)(B), and upon Dr. Kriss individually be certified mail.

Respectfully submitted,

MORRIN LAW OFFICE

/s/ Robert A. Morrin
Hon. Robert A. Morrin (KBA# 94368)
214 West Main Street
Richmond, Kentucky 40475
859-358-0300
*Counsel for Plaintiff*

\* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2024, a true and correct copy of the foregoing was filed through the Court's eFiling system, which serves a copy on all counsel of record.

A true and correct copy of the foregoing was also served upon the following Court Reporter/Videographer:

Kentuckiana Court Reporters
schedule@kentuckianareporters.com

/s/ Robert A. Morrin
Hon. Robert A. Morrin (KBA# 94368)
MORRIN LAW OFFICE
*Counsel for Plaintiff*

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Kentucky

| CHARLES L. WALDEN | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:22-CV-00238-KKC |
| ENTERPRISE SERVICES GROUP, LLC, et al | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Dr. Timothy C. Kriss, M.D.

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Dinsmore & Shohl LLP<br>100 W Main St Suite 900, Lexington, KY 40507 | Date and Time:<br>07/18/2024 1:00 pm |
|---|---|

The deposition will be recorded by this method: Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
All evidence and documentation described in Schedule A-1, attached hereto.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7-5-2024

_____ OR _____
CLERK OF COURT
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Charles L. Walden _____, who issues or requests this subpoena, are:
Robert A. Morrin, 214 W. Main Street, Richmond, KY 40475; Rob@MorrinLawOffice.com; 859-358-0300

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A-1

**Dr. Timothy C. Kriss, M.D.,** is requested and expected to bring and make available to counsel for Charles L. Walden, no later than **July 18, 2024, at 1:00 PM** the following documents and materials:

1. Dr. Kriss's current curriculum vitae.

2. All medical records Dr. Kriss has reviewed in connection with this proceeding.

3. All materials Dr. Kriss has reviewed as well as any notes, memorandum or other written materials made by Dr. Kriss in connection with this proceeding.

4. Copies of all documents, literature, pamphlets, publications, texts or other information Dr. Kriss relied upon in forming the opinions set forth in Dr. Kriss's May 10, 2024, Report **and** his Supplemental Report (filed into the Court record on 06/17/2024, R. 159-1) detailing his examination of Charles Walden.

5. The number of CR 35.01 examinations conducted by Dr. Kriss for defense counsel generally and specifically for any attorney at the law firm of HAMM, MILBY & RIDINGS, PLLC in the past five (5) years.

6. The number of CR 35.01 examinations and evaluations performed by Dr. Kriss on behalf of employers, insurance companies, and other defendants in the previous twelve-month period; Dr. Kriss's charge for each such examination; and the charge for any deposition given by Dr. Kriss as a result of an examination.

7. Dr. Kriss's fee schedule as well as any invoices or documentation of time spent in this proceeding to date.

8. The percentage of Dr. Kriss's income attributable to performing medical examinations, medical records reviews, and other litigation-related services, as well

1

as the total amount of income derived by said expert from such litigation-related services, and the percentage of said expert's practice that involves such litigation related services for the defense compared to the percentage Dr. Kriss's practice that involves such litigation related services for the plaintiff.

9. Dr. Kriss's complete file relative to rendering his proposed expert opinion in this matter, including any correspondence, documents, notes, writings, papers, pleadings, text messages, direct messages on social media platforms, emails, depositions, articles or any other document Dr. Kriss prepared, reviewed, received, or relied upon in connection with Dr. Kriss's work as a proposed expert witness in this proceeding, including but not limited to preparations for rendering Dr. Kriss's opinions or other testimony Dr. Kriss has given or that Dr. Kriss expects to give in this proceeding.

10. All communications of Dr. Kriss or any of his associates with Plaintiff, Charles Walden.

**Note:** Communications between Dr. Kriss and attorneys Marcia Milby Ridings and Jay Milby Ridings are expressly excluded from this request.