UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CASE NO.: 5:22-cv-00238-KKC

CHARLES L. WALDEN                                                          PLAINTIFF,

VS.         **PLAINTIFF'S FIRST SET OF INTERROGATORIES,
REQUESTS FOR PRODUCTION OF DOCUMENTS,
AND REQUESTS FOR ADMISSIONS TO CLARENCE M. HOWARD**

ENTERPRISE SERVICES GROUP, LLC, ET AL                          DEFENDANTS

* * * * * * * * * * *

Plaintiff, Charles L Walden, pursuant to the Federal Rules of Civil Procedure 33 and 34, submits the following Interrogatories, Requests for Production of Documents, and Requests for Admissions to the defendant, CLARENCE M. HOWARD. Defendant, CLARENCE M. HOWARD, is to serve his sworn responses to these Interrogatories, Requests for Production of Documents, and Requests for Admissions within thirty (30) days from the date they were served upon counsel for Defendant. In answering these Interrogatories, Requests for Production of Documents, and Requests for Admissions, Defendant, CLARENCE M. HOWARD, is to divulge all information and produce all tangible items within the knowledge, possession, or control of him, his attorneys or his agents, or that may be reasonably obtained by CLARENCE M. HOWARD, or them. Defendant is requested to supplement his responses if Defendant ascertains or acquires any information or items that fall within the scope of these discovery requests or if events within the scope of these discovery requests occur after service of his responses.

## DEFINITIONS

1. The words "you" and "your" means Defendant, CLARENCE M. HOWARD, and all
   attorneys, officers, insurers and agents where appropriate in these discovery requests.

1

2. The terms "Accident," "Wreck," "Incident," and/or "Collision" refer to the motor vehicle accident of 8/10/2020, in Madison County, Kentucky described in the Complaint in this action.

3. The "Complaint" means the original Complaint in this action and any subsequent Amended Complaints.

4. An Interrogatory asking Defendant to "state in detail," "explain in detail," or "state specifically" seeks disclosure of each fact, circumstance, condition, and thing known to Defendant, its attorneys or agents about the subject of the Interrogatory containing the phrase, as of the date the Interrogatories were answered.

## INSTRUCTIONS

1. In answering each Interrogatory, the answers should identify each document which supports, refers to, or evidences the subject matter of the Interrogatory or which is relied upon to form a basis of the answer given, or which in any way corroborates the answer given or the substance of the answer given. Every document to be so identified may be produced for inspection in lieu of such identification. **Document(s)** mean(s), without limitation, all original documents and records and non-identical versions, copies or drafts, whether in paper or electronic form (including e-mail), statements of witnesses, accounts, accounting records, acknowledgements, affidavits, agreements, analyses, applications, appointment books, articles of incorporation, assignments, audio tapes, audit reports, balance sheets, bills, by-laws, calculations, calendars, charges, charts, checks, check registers, check stubs, communications, computer printouts, contracts, conveyances, corporate minutes and minute books, correspondence, court filings, deposition transcripts, diaries, drafts, electronic mail

2

communications, evaluations, files, financial statements, forms, income statements, indices, instructions, invoices, journals, ledgers, letters, lists, litigation files, log books, loose-leaf binders, memoranda, messages, microfiche, microfilm, minute notebooks, notes, notices, opinions, orders personnel records, pleadings, pocket calendars, profit and loss statements, receipts, records, records of meetings and conversations of any kind, reports, statements, statements of account, statements of assets and liabilities, studies, summaries, tape recordings, tax returns, telephone lists, telephone logs, telexes, trial transcripts, or any other transcripts and writings of any kind or nature whatsoever.

2. In the event that Defendant claims a privilege with regard to any information or document, or portion thereof, sought by these discovery requests:

   a. Identify each document containing the information that Defendant claims is privileged;

   b. Produce any non-privileged portions;

   c. State the facts, circumstances, and grounds that Defendant claims establish the privilege with sufficient specificity that a court may determine the validity of the claim, including the name of the sender; the name of the author;

   d. the name of each person to whom copies were sent; the date of the document; the job title of each sender, author, and recipient; a description of the nature and subject matter of the document; and specify the statute, rule, or decision that is claimed to give rise to the privilege; and

   e. Produce such information or portion of the document that is not covered by Defendant's claim of privilege.

3. Disposition of Documents. If you have any knowledge of any document called for by these discovery requests that was at one time, but is no longer, in Defendant's possession, custody or control, or has been destroyed, disposed of, altered, or redacted in whole or in part, identify each such document and state the circumstances by which Defendant no longer has possession, custody, or control of it, and the current location of each such document.

4. Duty to supplement. These discovery requests are continuing in character and require Defendant to file supplementary responses if further or different information is obtained subsequent to preparation of the original response. In such event, you are hereby requested to include in any supplementary response the date and manner in which the further or different information became known.

5. Electronic Documents. When a document in electronic form is responsive to these discovery requests, produce each such document and such other information about the format in which the document is stored and the program that created it such that the document may be meaningfully opened, read, and used.

6. Method of Compliance. Produce all documents requested for inspection and copying at 214 West Main Street, Richmond, KY 40475.


## INTERROGATORIES

**INTERROGATORY NO. 1**. Please provide the full name, home address, home phone number, office phone number, and place of employment for each and every person, firm, or entity who answered or assisted in answering these interrogatories.

**ANSWER:**

4

**INTERROGATORY NO. 2**. Does any primary and/or excess insurance agreement or bond exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?

    (a) If such an insurance agreement or bond does exist, what are the limits of liability contained in the terms of each such agreement?

    (b) If such an insurance agreement or bond does exist, what are the legal names of each and every party to each agreement itself and to any further or subordinate agreement which in any way relates to the terms of any such agreement?

    (c) What is the amount of any deductible or self-insured retention as to each such agreement?

**ANSWER:**


**INTERROGATORY NO. 3**. State the name, address, occupational title, and present whereabouts of each person whom you expect to call as an expert witness at the trial of this case, and with respect thereto, state the following:

    (a) The subject matter on which the expert is expected to testify;

    (b) The substance of the facts and opinions to which the expert is expected to testify;

    (c) A summary of the grounds for each opinion to which the expert is expected to testify; and

    (d) Whether any reports or other written materials or letters have been generated by such expert for this case.

**ANSWER:**

**INTERROGATORY NO.  4**. Only if you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state:

(a) Each and every fact upon which you rely in asserting such defense;

(b) Provide a complete description of all documents which you contend support the assertions of the said defense;

(c) The name and address of all persons having custody and control of the documents described in (b) above; and

(d) Please provide the full and complete legal addresses of this Defendant's registered office and agent.

**ANSWER:**


**INTERROGATORY NO. 5**. If you contend that any person, firm, or entity caused or contributed to the injuries to the Plaintiff, identify by name, address, job title, and employer all such persons, firms or entities and state the reasons for your contentions.

**ANSWER:**


**INTERROGATORY NO. 6**. Please state the name, address, home phone number, office phone number, and address of employment for each and every person, firm, or entity who:

(a) Witnessed the wreck described in the Complaint;

(b) Arrived at the scene of the wreck within two (2) hours after it occurred;

(c) Has or who claims to have knowledge of liability in this action.

(d) Has or who claims to have knowledge of damages in this action.

**ANSWER:**

**INTERROGATORY NO. 7**. Explain in detail the factual basis for each and every affirmative defense contained in the Answer to Plaintiff's Complaint.

**ANSWER:**

**INTERROGATORY NO. 8**. Please identify the owner and vehicle registration number of the motor vehicle operated by Clarence M. Howard, at the time of the wreck which is the subject matter of this litigation.

**ANSWER:**

**INTERROGATORY NO. 9**. Please identify each and every person whom you expect to call as a witness upon the trial of this matter. If such person is not identified in your preceding answers to interrogatories, please provide such witnesses' name, address and telephone number and a summary of the facts upon which you expect said witness to testify at trial.

**ANSWER:**

**INTERROGATORY NO. 10**. Please describe and state in detail how your vehicle became disabled and parked on the side of the exit ramp on 08/10/2020, including but not limited to at what point you became aware of an issue with your vehicle, how long your vehicle was disabled and parked on the roadway before you became aware of the collision, where you went after leaving your vehicle once it became disabled, and your communications with any persons

or entities from the time you became aware of the issues with your vehicle until you became aware of the collision.

**ANSWER:**


**INTERROGATORY NO. 11**. State whether the vehicle you were driving on 8/10/2020 sustained property damage as a result of the collision. If so, please state the following:

(a) The nature, location and extent of all such property damage;

(b) The total dollar amount of property damage;

(c) The current location and owner of the vehicle that sustained the property damage; and

(d) Whether pictures of the vehicle were taken, and, if so, please state the name, address and telephone number of the person who has custody thereof.

**ANSWER:**


**INTERROGATORY NO. 12**. State whether you have been involved in any other automobile collision in the five (5) years preceding the subject incident through the present, and, if so, please state for each:

(a) The date, time and place of the collision;

(b) The nature and extent of all resultant property damage and personal injury, including repair costs and medical expenses;

(c) The amounts of any claims and settlements; and

(d) The style, case number, court and ultimate result of any suit filed as a result.

**ANSWER:**

**INTERROGATORY NO. 13**. State whether you have ever been charged with a traffic violation or other criminal offense and, if so, please state for each:

a) The date and location of the traffic violation or other criminal offense;

b) The nature of the traffic violation or other criminal offense; and

c) The plea, verdict or other resolution as to the traffic violation or other criminal offense.

**ANSWER:**

**INTERROGATORY NO.  14**. State whether you have ever attended or taken any type of driver education course, and, if so, please state the name, location and dates of each such course.

**ANSWER:**

**INTERROGATORY NO. 15**. State whether you ingested any alcohol, prescription medication, nonprescription medication or other legal or illegal drugs within 24 hours prior to the collision on 8/10/2020, and, if so, please state for each:

(a) The type and name of the alcohol, prescription medication, non-prescription medication or other legal or illegal drugs you ingested;

(b) The quantity of the alcohol, prescription medication, non-prescription medication or other legal or illegal drugs you ingested; and

(c) The time and place you ingested the alcohol, prescription medication, non-prescription medication or other legal or illegal drugs.

**ANSWER:**

**INTERROGATORY NO. 16**. Please list, identify, and describe with particularity, each exhibit which you intend to introduce at trial, and any other documents or other tangible things you intend to exhibit to the jury.

**ANSWER:**

**INTERROGATORY NO. 17**. Please state whether any investigation or surveillance of the Plaintiff was conducted by you or on your behalf, and if so, please state the name, address, telephone number, of the person or entity who performed such investigation or surveillance, the dates of such investigation or surveillance, and whether you have any reports, photographs, or videotapes, or other depictions of the Plaintiff, or of the location of the wreck causing the Plaintiff's injuries, or any of the vehicles involved in such wreck.

**ANSWER:**

**INTERROGATORY NO. 18**. Please state whether you intend to move for a CR 35 examination of the Plaintiff, and, if so, please state the name, address, and professional qualifications of any such examining healthcare professional.

**ANSWER:**

**INTERROGATORY NO. 19**. Please provide the name of Clarence M. Howard's cellular telephone provider, as well as the number for the telephone he was carrying on 8/10/2020.

**ANSWER:**

**INTERROGATORY NO. 20:** Please list all vehicles for which you were listed as an owner on the certificate of title or otherwise having an ownership interest therein, on 8/10/2020 or up to thirty (30) days prior.

**ANSWER:**


**INTERROGATORY NO. 21**: For any health care professional you intend to disclose as an expert in this case, please state in detail the number of CR 35.01 examinations conducted by said expert for defense counsel generally and specifically for any attorney at the law firm of HAMM, MILBY & RIDINGS, PLLC in the past five (5) years, including the fees charged by said expert for performing such medical examinations, medical records reviews, and other litigation-related services.

**ANSWER:**


**INTERROGATORY NO. 22:** For any health care professional you intend to disclose as an expert in this case, please state in detail the percentage of said expert's income attributable to performing medical examinations, medical records reviews, and other litigation-related services, as well as the total amount of income derived by said expert from such litigation-related services, and the percentage of said expert's practice that involves such litigation related services for the defense compared to the percentage of the expert's practice that involves such litigation related services for the plaintiff, pursuant to *Primm v. Isaac*, 127 S.W.3d 630 (Ky. 2004).

**ANSWER:**

11

**INTERROGATORY NO. 23:** For any health care professional you intend to disclose as an expert in this case, please state in detail the amount charged by the physician for reviewing records relating to the litigant, for preparation of any report relating to such review, and for the expert's testimony relating to such review, pursuant to *Tuttle v. Perry*, 82 S.W.3d 920 (Ky. 2002).

**ANSWER:**


**INTERROGATORY NO. 24**. State whether a review was conducted by the Accident Review Board and if so, what determinations regarding preventability did they come to?

**ANSWER:**


**INTERROGATORY NO. 25**. Please describe and state in detail the Enterprise Services Group, LLC company policy and procedure for reporting if and when your vehicle becomes disabled while dispatched and what steps you took to comply with said policy or policies.

**ANSWER:**


**INTERROGATORY NO. 26**. Please identify if the vehicle operated by Clarence M. Howard, at the time of the wreck which is the subject matter of this litigation was equipped with a black box device or a video recorder.

**ANSWER:**

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Please produce copies of any incident or accident reports, prepared by any person or entity, pertaining to the wreck described in the Complaint.

**REQUEST NO. 2:** Please produce all documents referred to in your Answers to Interrogatories.

**REQUEST NO. 3:** Please produce repair estimates for damages to your vehicle which was involved in this wreck.

**REQUEST NO. 4:** A complete, legible, color copy of all of your driving licenses, including CDLs, in effect on the date of this wreck, front and back.

**REQUEST NO. 5:** A copy of ANY statement you filed with any insurance carrier to advise them of the wreck described in the Complaint, any claim for property damage, or for any other claims involved herein.

**REQUEST NO. 6:** A copy of the current curriculum vitae, reports and a copy of every document or tangible piece of material considered by any/all experts you intend or expect to call at the trial of this case.

**REQUEST NO. 7:** Copies of any photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence relevant to this wreck, including without limitation, pictures of the vehicles involved in the present collision and the area of the collision.

**REQUEST NO. 8:** Please produce a copy of any written or otherwise recorded statement taken by you or on your behalf of any person having information concerning the subject matter of this action.

**REQUEST NO. 9:** Please produce a copy of any release or other agreement executed in consideration of any settlement occurring as a result of the collision referred to in this Complaint.

**REQUEST NO. 10:** Please produce a copy of all demonstrative evidence and exhibits you and your attorney intend to introduce as evidence at trial or show the jury.

**REQUEST NO. 11:** Copies of the title and latest tag receipt for the vehicles involved in the present collision.

**REQUEST NO. 12:** Please produce a copy of any surveillance, movies, photographs, or similar depictions or images, taken of or depicting Plaintiff(s), by or on behalf of, or provided to, the Defendant at any time, or any photographs of the scene of the wreck in which Plaintiff was injured, or photographs of the vehicles involved in the wreck.

**REQUEST NO. 13:** Please produce a copy of any credit report or asset search report you have obtained regarding the Plaintiff.

**REQUEST NO. 14:** Please produce a copy of any document supporting any affirmative defenses alleged in your Answer.

**REQUEST NO. 15:** Please produce a certified copy of Clarence M. Howard's driver's history.

**REQUEST NO. 16:** Please produce a certified copy of Clarence M. Howard's cellular telephone records from one month before through one month after 8/10/2020.

**REQUEST NO. 17:** Copies of all documents, correspondence, and reports sent to or received from any federal, state, or local regulatory or law enforcement agency pertaining to this wreck, including but not limited to the Federal Motor Carrier Safety Administration.

**REQUEST NO. 18:** Copies of any documents or writings which you contend support any contention that this wreck was the fault of the Plaintiff or any other person or entity.

**REQUEST NO. 19:** Complete copies of each and every insuring agreement, bond or reinsurance agreement, along with all declaration's pages, amendments, endorsements, and changes to the policies identified in response to the foregoing interrogatories.

**REQUEST NO. 20:** For any physician you intend to disclose as an expert in this case, please provide the following information:

(a) The percentage of the physician's income attributable to performing medical examinations and other litigation related expenses, as well as the total amount of income derived by the physician from such litigation-related services, as required by *Primm v. Isaac*, 127 S.W.3d 630 (Ky., 2004).

(b) The amount charged by the physician for his examination of the litigant, for reviewing medical records relating to the litigant, for preparation of any report relating to his examination, and for his testimony relating to his report and examination of the litigant, as required by *Tuttle v. Perry*, 82 S.W.3d 920 (Ky., 2002).

(c) The number of examinations and evaluations performed by the physician on behalf of employers, insurance companies and other defendants in the previous twelve month period; the physician's charge for each such examination; and the charge for any deposition given by the physician as a result of an examination as required by *Metropolitan v. Overstreet*, 103 S.W.3d 31 (Ky., 2003).

(d) The number of examinations and evaluations performed by the physician on behalf of the attorney and/or firm requesting the examination in the previous twelve month period; the physician's charge for each such examination; and the charge for any deposition given by the physician as a result of an examination, as required by *Metropolitan v. Overstreet*, 103 S.W.3d 31 (Ky., 2003).

**REQUEST NO. 21:** Please provide a legible copy of the front and back of Clarence M Howard's driver's license, including his CDL.

**REQUEST NO. 22:** Please provide a legible copy of the defendant driver's logs for at least the eight (8) day period preceding the collision and for at least the eight (8) day period after the collision.

**REQUEST NO. 23:** Please provide a legible copy of the defendant driver's daily inspection reports for the three-month period preceding the collision.

**REQUEST NO. 24:** Please provide legible copies of the defendant driver's annual inspection reports, including reports covering the date of the collision.

**REQUEST NO. 25:** Please provide inspection, maintenance, and repair records for an appropriate period before and after the collision for your vehicle.

**REQUEST NO. 26:** Please produce all recorded information related to the vehicle accident on 8/10/2020 from any and all onboard devices including, but not limited to, black box information, GPS monitoring, or video recorder alongside printouts or data from any and all on-board recording devices.

**REQUEST NO. 27:** Please produce all downloadable data from the Engine Control Module (ECM) on your vehicle from at least eight(8) days prior to the subject collision through the date of the collision.

**REQUEST NO. 28:** Please provide copies of all documentation of Enterprise Services Group, LLC's company retention policies.

**REQUEST NO. 29:** Please provide legible copies of the Bills of Lading, weight tickets, and hotel receipts for the eight (8) day period preceding the collision.

**REQUEST NO. 30:** Please provide a legible copy of the Enterprise Services Group LLC's company policy and procedure manual and Driver's manual.

**REQUEST NO. 31:** Please provide all company records for safety meetings since 08/10/2015 through the date of the collision.

**REQUEST NO. 32:** Please provide a legible copy of the Enterprise Services Group, LLC's lease agreement for Clarence M. Howard.

**REQUEST NO. 33:** Please produce all Enterprise Services Group payroll records, dispatch records and fleet management records.

**REQUEST NO. 34:** Please produce a certified copy of Clarence M. Howard's driver/employment application to apply for employment with Enterprise Services Group, LLC.

**REQUEST NO. 35:** Please produce all load-related communications made by or to Clarence M. Howard regarding the load he was transporting on 08/10/2020.

**REQUEST NO. 36:** Please produce all Federal Motor Carrier Safety Regulation safety audits involving Clarence M. Howard from 08/10/2015 through 08/10/2020.

**REQUEST NO. 37:** Please produce Clarence M. Howard's full driver medical certificate as of 08/10/2020, Department of Transportation Medical Records, and Physical assessment Records.

**REQUESTS FOR ADMISSIONS TO DEFENDANT CLARENCE M. HOWARD**

Defendant, Clarence M. Howard, is hereby required to either admit or deny the following Requests for Admissions and Interrogatory under oath and in writing within the time period provided under the Kentucky Rules of Civil Procedure.

**DEFINITIONS**

Unless context requires otherwise, the terms "occurrence", "accident", or "incident" refers to the accident, casualty or event which is described in the Complaint in this action and which occurred on 8/10/2020.

**REQUESTS FOR ADMISSIONS**

**REQUEST NO. 1:** That Defendant, Clarence M. Howard, was the driver of a vehicle which was involved in a car wreck on 8/10/2020 while parked on the I-75 exit ramp in Richmond, Madison County, Kentucky.

**REQUEST NO. 2:** That on the date and at the time of such wreck, Plaintiff, Charles L. Walden, was the driver of a vehicle which was involved in a car wreck on 8/10/2020 while exiting I-75 northbound via the ramp in Richmond, Madison County, Kentucky.

**REQUEST NO. 3:** That on the date and time of the wreck, the vehicle operated and subsequently parked by Defendant, Clarence M. Howard, collided with the vehicle being driven by the Plaintiff, Charles L. Walden.

**REQUEST NO. 4:** That the acts and/or actions of the Defendant, Clarence M. Howard, were a substantial factor in causing of the motor vehicle collision with the vehicle driven by Plaintiff, Charles L. Walden.

**REQUEST NO. 5:** That Plaintiff, Charles L. Walden, suffered injuries as a result of the wreck.

18

**REQUEST NO. 6:** That the acts and/or actions of the Defendant, Clarence M. Howard, were the cause of the injuries suffered by Plaintiff.

**REQUEST NO. 7:** That Plaintiff, Charles L. Walden, committed no acts and/or actions that were a substantial factor in causing the crash.

**REQUEST NO. 8:** That Plaintiff, Charles L. Walden, committed no acts and/or actions which contributed to or caused his injuries.

**REQUEST NO. 9:** That at the time of the wreck, Defendant, Clarence M. Howard, was a permissive driver of the vehicle Defendant was operating.

**REQUEST NO. 10:** That the Plaintiff's medical bills were incurred for necessary treatment of his injuries and that the charges were reasonable.

**REQUEST NO. 11:** That the injuries and damages sustained by Plaintiff in this incident exceeded the liability policy limits of Clarence M. Howard.

**REQUEST NO. 12:** That, as a direct result of the subject incident, Plaintiff, Charles L. Walden, has incurred over one-thousand dollars ($1,000.00) in medical expenses and meets the requirements set forth in KRS 304.39-060(2)(b).

**REQUEST NO. 13:** That the Plaintiff's medical bills were incurred for necessary treatment of his injuries and that the charges were reasonable.

**REQUEST NO. 14:** That on 8/10/2020, you failed to abide by all Federal Motor Carrier Safety Regulations.

**REQUEST NO. 15:** That your conduct on 8/10/2020 was in reckless disregard of the rights and either safety or life of other drivers like the Plaintiff, Charles L. Walden.

## ADMISSION INTERROGATORY

If Defendant, Clarence M. Howard, denies in whole or in part any of the proceeding requests, please state:

a)  The factual basis for the denial;

b)  The name and address od any person having information to support the denial; AND

c)  Any exhibits which support the denial.

These Requests for Admissions and Interrogatory and continuing in nature so that if, subsequent to the initial answer information comes to Defendant or its counsel of a nature which renders the answers initially given to be inadequate incorrect or incomplete in any manner, Defendant shall be required to supplement said answers.

Respectfully Submitted,


_/s/ *Robert A. Morrin*_____
Hon. Robert A. Morrin (KBA # 94368)
Morrin Law Office
214 W. Main Street
Richmond, KY 40475
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served by U.S. mail upon the following parties on this the 12th day of October, 2023:

Hon. Marcia Milby Ridings
HAMM, MILBY & RIDINGS, PLLC
120 North Main Street
London, KY 40741
*Counsel for Clarence M Howard and Enterprise Services Group*

Hon. Mindy G. Barfield
Dinsmore & Shohl, LLP
100 West Main St
Suite 900
Lexington, KY 40507
*Counsel for National Indemnity Company Vince Kline*

Hon. Gregg E. Thornton
Hon. Jillian House
Hon. Catie Coldiron Joseph
WARD HOCKER & THORNTON, PLLC
Vine Center
333 W. Vine Street, Suite 1100
Lexington, KY 40507
*Counsel for Progressive Insurance Company*

  /s/ *Robert A. Morrin*
Hon. Robert A. Morrin (KBA # 94368)
Morrin Law Office
*Attorney for Plaintiff*