UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CASE NO. 5:22-cv-00238-KKC

CHARLES L. WALDEN,                                         PLAINTIFF,

VS.

ENTERPRISE SERVICES GROUP, LLC,
CLARENCE M. HOWARD,
NATIONAL INDEMNITY GROUP OF INSURANCE
COMPANIES OR NATIONAL INDEMNITY COMPANY,
VINCE KLINE, AND
PROGRESSIVE CASUALTY INSURANCE COMPANY,        DEFENDANTS.

---

**DEFENDANT, CLARENCE M. HOWARD'S, FIRST SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF**

---

Comes the Defendant, Clarence M. Howard, by counsel, and for his First Supplemental Responses to Requests for Production of Documents propounded by Plaintiff, Charles L. Walden, states as follows:

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

REQUEST NO. 1:   Please produce copies of any incident or accident reports, prepared by any person or entity, pertaining to the wreck described in the Complaint.

**SUPPLEMENTAL RESPONSE: Please refer to documents previously produced at Enterprise_Howard 000092 – 000095.** *Also see* R. 149-6, R. 149-7, R. 160-1.

REQUEST NO. 2:   Please produce all documents referred to in your Answers to Interrogatories.

**SUPPLEMENTAL RESPONSE:** See documents previously produced at Enterprise_Howard 000001-012138.

REQUEST NO. 3: Please produce repair estimates for damages to your vehicle which was involved in this wreck.

**SUPPLEMENTAL RESPONSE: Mr. Howard does not possess responsive evidence.**

REQUEST NO. 4: A complete, legible, color copy of all of your driving licenses, including CDLs, in effect on the date of this wreck, front and back.

**SUPPLEMENTAL RESPONSE: Mr. Howard does not possess responsive evidence. Notwithstanding, a copy of Mr. Howard's current license is enclosed herewith at Enterprise_Howard 012140-012141 enclosed herewith.**

REQUEST NO. 5: A copy of ANY statement you filed with any insurance carrier to advise them of the wreck described in the Complaint, any claim for property damage, or for any other claims involved herein.

**SUPPLEMENTAL RESPONSE: Mr. Howard does not possess responsive evidence.**

REQUEST NO. 6: A copy of the current curriculum vitae, reports and a copy of every document or tangible piece of material considered by any/all experts you intend or expect to call at the trial of this case.

**SUPPLEMENTAL RESPONSE: Please refer to documents previously produced at Enterprise_Howard 000001 – 000039. *Also see* R. 149, R. 159, and R. 160.**

REQUEST NO. 7: Copies of any photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence relevant to this wreck, including without limitation, pictures of the vehicles involved in the present collision and the area of the collision.

**SUPPLEMENTAL RESPONSE:** **Mr. Howard has not been able to locate the photographs he believes were taken at the scene on the phone of which Mr. Howard no longer has access.**

REQUEST NO. 8: Please produce a copy of any written or otherwise recorded statement taken by you or on your behalf of any person having information concerning the subject matter of this action.

**SUPPLEMENTAL RESPONSE:** **Mr. Howard does not possess responsive evidence.**

REQUEST NO. 9: Please produce a copy of any release or other agreement executed in consideration of any settlement occurring as a result of the collision referred to in this Complaint.

**SUPPLEMENTAL RESPONSE:** **Mr. Howard does not possess responsive evidence.**

REQUEST NO. 10: Please produce a copy of all demonstrative evidence and exhibits you and your attorney intend to introduce as evidence at trial or show the jury.

**SUPPLEMENTAL RESPONSE:** **Final decision has not been made regarding demonstrative evidence and exhibits that will ultimately be introduced at trial. Such evidence and exhibits will be identified as required by pretrial order. Out of an abundance of caution, Mr. Howard identifies the following relevant evidence, all of which was previously produced at Enterprise_Howard 000001 – 000095 and 000185 – 012137. Additionally, Defendant will rely on demonstrative exhibits included with R. 149, R. 159, and R. 160 (including video recordings referenced therein). Additionally, Defendant will rely on exhibits attached to discovery depositions of both Plaintiff's and Defendant's respective experts. Defendants will further rely on demonstrative evidence summarizing Plaintiff's medical treatment before and after the accident. Defendant will also rely on any evidence produced by Plaintiff and/or other parties in discovery. Defendant will also rely on any evidence and exhibits identified in**

3

**Plaintiff's Exhibit List. Defendants will rely on all articles referenced in CR 26 Reports produced by Plaintiff as well as CR 26 Reports produced by Defendants. Defendant will rely on Plaintiff's discovery answers. Defendants further reserve the right to supplement their Answer to this Interrogatory and supplement their Responses to Requests for Production of Documents.**

REQUEST NO. 11:  Copies of the title and latest tag receipt for the vehicles involved in the present collision.

**SUPPLEMENTAL RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 12:  Please produce a copy of any surveillance, movies, photographs, or similar depictions or images, taken of or depicting Plaintiff(s), by or on behalf of, or provided to, the Defendant at any time, or any photographs of the scene of the wreck in which Plaintiff was injured, or photographs of the vehicles involved in the wreck.

**SUPPLEMENTAL RESPONSE:   Please refer to documents previously produced at Enterprise_Howard 000040 – 000091 and 012112 – 012137. Please also refer to R. 149 and R. 160 (including video recordings referenced therein).**

REQUEST NO. 13:  Please produce a copy of any credit report or asset search report you have obtained regarding the Plaintiff.

**SUPPLEMENTAL RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 14:  Please produce a copy of any document supporting any affirmative defenses alleged in your Answer.

**SUPPLEMENTAL RESPONSE:  Counsel objects to Request No. 13 as being vague. Notwithstanding the foregoing objection, and subject to same, Mr. Howard identifies the following evidence previously produced at Enterprise_Howard 000040-000095 and 000185 –**

4

**012137. Please also refer to R. 149, R. 159, and R. 160 (including video recordings referenced therein).**

REQUEST NO. 15:   Please produce a certified copy of Clarence M. Howard's driver's history.

**SUPPLEMENTAL RESPONSE:**  *See* **Enterprise_Howard 012139. Mr. Howard does not possess a certified copy of his driver's history.**

REQUEST NO. 16:   Please produce a certified copy of Clarence M. Howard's cellular telephone records from one month before through one month after 8/10/2020.

**SUPPLEMENTAL RESPONSE:  Mr. Howard does not possess responsive evidence.**

REQUEST NO. 17:   Copies of all documents, correspondence, and reports sent to or received from any federal, state, or local regulatory or law enforcement agency pertaining to this wreck, including but not limited to the Federal Motor Carrier Safety Administration.

**SUPPLEMENTAL RESPONSE:  Please refer to documents previously produced at Enterprise_Howard 000092-000095 (previously produced).**

REQUEST NO. 18:   Copies of any documents or writings which you contend support any contention that this wreck was the fault of the Plaintiff or any other person or entity.

**SUPPLEMENTAL RESPONSE:   Refer to documents previously produced at Enterprise_Howard 000040-000095 and 000185 – 012137. Also refer to transcript of Plaintiff's deposition and R. 149, R. 159, and R. 160 (including video recordings referenced therein).**

REQUEST NO. 19:   Complete copies of each and every insuring agreement, bond or reinsurance agreement, along with all declaration's pages, amendments, endorsements, and changes to the policies identified in response to the foregoing interrogatories.

5

**SUPPLEMENTAL RESPONSE:** Refer to documents previously produced at Enterprise_Howard 000096 – 000182.

REQUEST NO. 20: For any physician you intend to disclose as an expert in this case, please provide the following information:

(a) The percentage of the physician's income attributable to performing medical examinations and other litigation related expenses, as well as the total amount of income derived by the physician from such litigation-related services, as required by *Primm v. Isaac*, 127 S.W.3d 630 (Ky., 2004).

**SUPPLEMENTAL RESPONSE:** **Mr. Howard does not possess responsive evidence.**

(b) The amount charged by the physician for his examination of the litigant, for reviewing medical records relating to the litigant, for preparation of any report relating to his examination, and for his testimony relating to his report and examination of the litigant, as required by *Tuttle v. Perry*, 82 S.W.3d 920 (Ky., 2002).

**SUPPLEMENTAL RESPONSE:** **Refer to documents previously produced at Enterprise_Howard 012138 and R. 149.**

(c) The number of examinations and evaluations performed by the physician on behalf of employers, insurance companies and other defendants in the previous twelve month period; the physician's charge for each such examination; and the charge for any deposition given by the physician as a result of an examination as required by *Metropolitan v. Overstreet*, 103 S.W.3d 31 (Ky., 2003).

**SUPPLEMENTAL RESPONSE:** **Mr. Howard does not possess responsive evidence.**

6

(d) The number of examinations and evaluations performed by the physician on behalf of the attorney and/or firm requesting the examination in the previous twelve month period; the physician's charge for each such examination; and the charge for any deposition given by the physician as a result of an examination, as required by *Metropolitan v. Overstreet*, 103 S.W.3d 31 (Ky., 2003).

**SUPPLEMENTAL RESPONSE:** **Refer to documents previously produced at Enterprise_Howard 000183 – 000184.**

REQUEST NO. 21: Please provide a legible copy of the front and back of Clarence M Howard's driver's license, including his CDL.

**SUPPLEMENTAL RESPONSE:** **Enterprise_Howard 012140-012141.**

REQUEST NO. 22: Please provide a legible copy of the defendant driver's logs for at least the eight (8) day period preceding the collision and for at least the eight (8) day period after the collision.

**SUPPLEMENTAL RESPONSE:** **Mr. Howard does not possess responsive evidence.**

REQUEST NO. 23: Please provide a legible copy of the defendant driver's daily inspection reports for the three-month period preceding the collision.

**SUPPLEMENTAL RESPONSE:** **Mr. Howard does not possess responsive evidence.**

REQUEST NO. 24: Please provide legible copies of the defendant driver's annual inspection reports, including reports covering the date of the collision.

**SUPPLEMENTAL RESPONSE:** **Mr. Howard does not possess responsive evidence.**

REQUEST NO. 25: Please provide inspection, maintenance, and repair records for an appropriate period before and after the collision for your vehicle.

**SUPPLEMENTAL RESPONSE:** **Mr. Howard does not possess responsive evidence.**

REQUEST NO. 26:   Please produce all recorded information related to the vehicle accident on 8/10/2020 from any and all onboard devices including, but not limited to, black box information, GPS monitoring, or video recorder alongside printouts or data from any and all on-board recording devices.

**SUPPLEMENTAL RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 27:   Please produce all downloadable data from the Engine Control Module (ECM) on your vehicle from at least eight (8) days prior to the subject collision through the date of the collision.

**SUPPLEMENTAL RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 28:   Please provide copies of all documentation of Enterprise Services Group, LLC's company retention policies.

**SUPPLEMENTAL RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 29:   Please provide legible copies of the Bills of Lading, weight tickets, and hotel receipts for the eight (8) day period preceding the collision.

**SUPPLEMENTAL RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 30:   Please provide a legible copy of the Enterprise Services Group LLC's company policy and procedure manual and Driver's manual.

**SUPPLEMENTAL RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 31:   Please provide all company records for safety meetings since 08/10/2015 through the date of the collision.

**SUPPLEMENTAL RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 32:   Please provide a legible copy of the Enterprise Services Group, LLC's lease agreement for Clarence M. Howard.

**SUPPLEMENTAL RESPONSE:** **Mr. Howard does not possess responsive evidence.**

REQUEST NO. 33: Please produce all Enterprise Services Group payroll records, dispatch records and fleet management records.

**SUPPLEMENTAL RESPONSE:** **Mr. Howard does not possess responsive evidence.**

REQUEST NO. 34: Please produce a certified copy of Clarence M. Howard's driver/employment application to apply for employment with Enterprise Services Group, LLC.

**SUPPLEMENTAL RESPONSE:** **Mr. Howard does not possess responsive evidence.**

REQUEST NO. 35: Please produce all load-related communications made by or to Clarence M. Howard regarding the load he was transporting on 08/10/2020.

**SUPPLEMENTAL RESPONSE:** **Mr. Howard is attempting to locate responsive evidence and agrees to produce same if and when same is located.**

REQUEST NO. 36: Please produce all Federal Motor Carrier Safety Regulation safety audits involving Clarence M. Howard from 08/10/2015 through 08/10/2020.

**SUPPLEMENTAL RESPONSE:** **Mr. Howard does not possess responsive evidence.**

REQUEST NO. 37: Please produce Clarence M. Howard's full driver medical certificate as of 08/10/2020, Department of Transportation Medical Records, and Physical assessment Records.

**SUPPLEMENTAL RESPONSE:** **Mr. Howard does not possess responsive evidence.**

HAMM, MILBY & RIDINGS, PLLC
120 NORTH MAIN STREET
LONDON, KY 40741
PHONE: 606-864-4126
FAX: 606-878-8144
EMAIL: jridings@hmrkylaw.com
ATTORNEYS FOR DEFENDANTS,
ENTERPRISE SERVICES GROUP, LLC AND
CLARENCE M. HOWARD

By: ______________________________
JAY MILBY RIDINGS

CERTIFICATE OF SERVICE:

I hereby certify that a copy of the foregoing was served by emailing a true and accurate copy to the following on this 26th day of June, 2024:

Robert A. Morrin, Esq.
Morrin Law Office
*Attorney for Plaintiff*
**rob@morrinlawoffice.com**

Mindy G. Barfield, Esq.
Shaye Page Johnson, Esq.
Dinsmore & Shohl, LLP
*Attorney for Defendants,*
*National Indemnity Group of Insurance Companies or National Indemnity Company, And Vince Kline*
**mindy.barfield@dinsmore.com**
**shaye.johnson@dinsmore.com**

Gregg E. Thornton, Esq.
Ward, Hocker & Thornton, PLLC
*Attorney for Defendant,*
*Progressive Casualty Insurance Company*
**gthornton@whtlaw.com**

______________________________
OF COUNSEL FOR ABOVE-NAMED DEFENDANTS