## Re: Walden vs. Enterprise Services Group et al - Discovery Follow Up

Robert Morrin <morrinlaw@gmail.com>
Thu 6/27/2024 1:53 PM
To:Jay Milby Ridings <jridings@hmrkylaw.com>
Cc:Rachel Gaines <rachel@morrinlawoffice.com>;Mr. Gregg E. Thornton (gthornton@whtlaw.com) <gthornton@whtlaw.com>; Mindy G. Barfield (mindy.barfield@dinsmore.com) <mindy.barfield@dinsmore.com>;shaye.johnson@dinsmore.com <shaye.johnson@dinsmore.com>;Marcia Ridings <marcia@hmrkylaw.com>

Hi Jay,

Thanks for the reply and clarification. I appreciate you providing the attachment.

Obviously, I wanted the discovery answers that were supposed to be delivered at the deposition, rather than supplemental response altered thereafter with facts learned from the deposition; although it certainly would have been appropriate to deliver the supplemented response as well. I think that serves to confuse the jury as to what has happened, not further clarify for them. Especially when the response 7 months earlier was not that there was a lack of information but that the requested information did not exist when it actually did exist. Thank you for mentioning the duty of candor, I think that duty should be taken more seriously in our profession. I think most juries trust practitioners and parties who take that duty very seriously.

As far as Enterprise Services Group's failure to meaningfully participate in discovery, I think the judge has the authority to issue a default judgment against them amongst other measures. From your response, I will need to file a motion. They've been served via long arm statute, they must participate in discovery or deal with whatever Order I can get entered. It would be pretty wild if a Defendant could just refuse to participate in discovery with no repercussions. I think allowing that kind of defense tactic could put defense counsel out of business.

Many of the responses to the RFPs submitted to Enterprise indicated that counsel doesn't have the responsive documents. If that's the answer that your client is satisfied with then I will need to bring each of those responses to the Magistrate Judge as it's not responsive to the request. If you want to supplement the responses to indicate that Enterprise has no responsive documents then that is more appropriate. If the only way forward is your client indicating it has no records regarding safety meetings, daily inspections, or anything at all then that's what your client needs to indicate. You've indicated the judge would have taken up the Enterprise discovery issues at the last discovery conference if there was something that could be done? This confuses me and I don't agree. I think specifically asking the Judge to address this is the only route forward if your client is not cooperating with you to meaningfully participate in discovery. Perhaps I've misunderstood your position on this.

We have a duty to attempt to resolve discovery disputes without bringing the matter before the court. This email and my previous email correspondence serve this purpose.

Thank you,
Rob



**Robert A. Morrin**

Morrin Law Office
214 West Main Street
Richmond, KY 40475
859-358-0300 p
859-972-0813 f
www.MorrinLawOffice.com

***Learn about us!***



      

**Statement of Confidentiality**:
This communication contains information which is confidential. It is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s) please note that any form of distribution, copying, forwarding or use of this communication or the information therein is strictly prohibited and may be unlawful. If you have received this communication in error please notify the sender, delete the communication, and destroy any copies.

On Thu, Jun 27, 2024 at 12:53 PM Jay Milby Ridings <jridings@hmrkylaw.com> wrote:

> Rob
>
> I believe you misinterpreted the issues presented and rulings issued by Judge Atkins. The only "signing" issue addressed in the conference call was expressly limited to Interrogatories. The ruling was not applicable to "all discovery responses," but only Interrogatories. This, of course, is consistent with the Rules. FRCP 36 does **not** require parties to sign or verify Responses to Requests for Admissions. FRCP 34 does **not** require parties to sign or verify Responses to RFP under FRCP 34. The only signature and verification requirements in the Rules are contained in FRCP 33 – which are expressly limited to Interrogatories. Judge Atkins' ruling did not require Plaintiff (or any other party) to "sign all discovery responses." Judge Atkins merely directed Plaintiff to comply with FRCP 33(b)(3) ("Answering Each Interrogatory. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.") and FRCP 33(b)(5) ("Signature. The person who makes the answers must sign them, and the attorney who objects must sign any objections."). To answer your question, nothing has changed; Judge Atkins' ruling was strictly limited to Interrogatories – the only type of discovery for which the Rules require a signature and verification.
>
> You are correct that Mr. Howard's Response to RFP 35 was changed subsequent to his deposition. But it was precisely because of Mr. Howard's discovery of possibly responsive emails **during** his deposition that led to the revision. As is documented on the record, these potentially responsive emails were first discovered during a break in Mr. Howard's deposition. As such, they were not addressed in the preliminary, unsigned discovery we emailed to you as a courtesy in advance of Mr. Howard's deposition. Had I finalized and signed the preliminary discovery without revision, it would have obviously contained stale information. I fail to appreciate what you find objectionable about my providing updated and more accurate information that accounts for developments occurring subsequent to the tender of the preliminary draft discovery. As I understand the Rules and this Court's Order, parties have not only an obligation of candor, but also a responsibility to supplement prior responses upon the receipt of responsive evidence. The specific intent of my revision was to satisfy these obligations, the underlying purpose of which is to benefit the Plaintiff. Is it your contention that I should have provided stale and incomplete responses? Is so, I respectfully disagree. As for timing, I  reiterate my apology contained in yesterday's email. As you know, I was out of the country last week for vacation. And as I candidly acknowledged in today's email, I simply forgot that we had only provided preliminary draft RFP Responses when producing the supplemental documents obtained from Mr. Howard. With respect to the emails referenced in Mr. Howard's deposition, same are attached hereto. The revised discovery Responses prompted me to request the emails from Mr. Howard. Mr. Howard produced same early this morning. I will prepare a formal supplemental Response to address this production of responsive evidence.
>
> Yes, I am able to produce the emails today. See attached. Respectfully, your suggestion that we somehow "conceal[ed] the identity of the dispatcher and part owner of Enterprise Services Group [and] mechanic" is both illogical and ludicrous. We have been candid about our inability to locate both Howard and Enterprise from the outset (neither of which have ever been served summons). You were notified immediately when Mr. Howard was ultimately located. We even kept you fully apprised of the brief stint of communication difficulties we experienced after locating Mr. Howard. And our original discovery answers, which were tendered before Clarence had been located, explicitly address the fact that information and evidence contained therein were based exclusively on counsels' independent investigation. I fail to grasp how we might have possibly obtained Mr. Howard's emails when we didn't even know who or where he was located. Until our investigator recently located Mr. Howard, we did not have his phone number, mailing address, residential address, or email address. And even if Clarence's email address had been known (it was not), please enlighten me as to how we

might have possibly obtained access to same. Are you suggesting that we had an obligation to hack a client's account not even known to exist? That would seemingly implicate an untold number of ethical and criminal issues. Ethical and criminal issues aside, I wouldn't even know how to begin to hack an email account, let alone one which I don't even know to exist. To the extent you have the capability of legally <u>and</u> ethically accessing emails from an account not known to exist, I would sincerely appreciate you sharing such wisdom. Had we had such information 7-months earlier, I assure you we would have welcomed with open arms the opportunity to obtain the email evidence you claim should have been produced. Whereas we didn't, we were obviously not in a position to identify, let alone produce, evidence we did not even know to exist. Hence our oft repeated Response: "*Counsel does not possess responsive evidence.*" *See, e.g.*, Howard's April 9, 2024, Responses to RFP Nos. 3-5, 8-9, 11, 15-16, 21-37 (emphasis added).

I, too, have a strong desire to obtain discovery answers from Enterprise which are based on direct, first-hand information obtained from Enterprise. Unfortunately, and absent advice on how to produce evidence we do not possess, it seems impossible for us to provide "actual discovery responses from Enterprise Services Group" over and above those prepared by counsel and served on April 9, 2024. With that said, I absolutely welcome your suggestions on "what we can do to resolve the Enterprise Services Group discovery issue." I cannot imagine the Court would have any insight on how to produce something that does not exist. Perhaps I am wrong, but if the Court any such suggestions I have to think it would have shared same when addressing quite literally the very same topic only 30 days earlier. *See* Order, R. 150 at p. 7 ("Walden's Motion to Compel, [R. 116], is GRANTED. Defendants Howard and Enterprise Services Group must, **to the extent they are able**, respond to Walden's First Set of Interrogatories and Requests for Production no later than June 5, 2024.") (emphasis added). Whereas Enterprise, *by counsel*, had already complied with this Order 49 days <u>prior to</u> its entry, I am not optimistic the Court will be able to assist with our mutual desire to obtain first-hand information from a party that has not and cannot be located. But if you believe otherwise, I encourage you to renew your request. Regretfully, I am unwilling to join in any such motion as I believe it would be entirely imprudent to trouble the Court with precisely the very same issue it fully considered and addressed less than one month earlier.

I trust this resolves the issues raised in your email. If not, feel free to call or email.

Jay

Jay Milby Ridings

[Hamm, Milby & Ridings PLLC](#)

120 N Main St

London, KY 40741

Ph: (606) 864-4126

[jridings@hmrkylaw.com](mailto:jridings@hmrkylaw.com)

---

**From:** Robert Morrin <[morrinlaw@gmail.com](mailto:morrinlaw@gmail.com)>
**Sent:** Wednesday, June 26, 2024 6:48 PM
**To:** Jay Milby Ridings <[jridings@hmrkylaw.com](mailto:jridings@hmrkylaw.com)>
**Cc:** Rachel Gaines <[rachel@morrinlawoffice.com](mailto:rachel@morrinlawoffice.com)>; Mr. Gregg E. Thornton <[gthornton@whtlaw.com](mailto:gthornton@whtlaw.com)> <[gthornton@whtlaw.com](mailto:gthornton@whtlaw.com)>; Mindy G. Barfield ([mindy.barfield@dinsmore.com](mailto:mindy.barfield@dinsmore.com)) <[mindy.barfield@dinsmore.com](mailto:mindy.barfield@dinsmore.com)>; [shaye.johnson@dinsmore.com](mailto:shaye.johnson@dinsmore.com); Marcia Ridings <[marcia@hmrkylaw.com](mailto:marcia@hmrkylaw.com)>
**Subject:** Re: Walden vs. Enterprise Services Group et al - Discovery Follow Up

Thank you for providing that, Jay. I had thought the Magistrate Judge instructed us, in our last discovery conference, to have the actual parties sign all discovery responses. Has something changed? Neither the response to the requests for production, nor the response to the requests for admissions have been signed by Mr. Howard.

I noticed there has been a change in his response to RFP 35 which was not present before his deposition. The previously provided version indicated he has no responsive documents to RFP 35. However, at his deposition, he indicated that he received all route information via email and that he had not deleted them. Now, in this response we are receiving new, contradictory answers to his previous response. When did this answer change as this is the first time I'm seeing that actually he's working on getting those documents. What has he done to work on that? Since he admitted he didn't delete those, it should be as simple as searching for it and forwarding the email to you. If I cannot get that email very soon then I will need to get a Gmail audit expert involved to pull the data on what has been changed in his email account including which messages have been deleted since the date of our deposition. This will need to be done pretty quickly which is why I'm asking for the immediate delivery of the email(s) associated with the route he was running at the time he left the vehicle partially parked on the public highway without calling law enforcement or any proper authority.

Are you able to produce those emails tomorrow? Mr. Howard has had ample time to get into his Gmail account and provide copies of those. In fact, the discovery response provided over seven (7) months ago denying the existence of such correspondences served to delay the timely prosecution of Mr. Waldens case by concealing the identity of the dispatcher and part owner of Enterprise Services Group. It also served to conceal the identity of the mechanic who worked on the truck and those repair records which are very relevant to the merits of this case. If the previously requested correspondences cannot be produced immediately then I will need to go ahead and file an Emergency Motion to Compel due to the possibility of the destruction of evidence. I'd rather not have to do that but I need those emails at this time.

I am also in need of the actual discovery responses from Enterprise Services Group. As you know, the vast majority of those discovery requests have not been answered substantially. Please let me know what we can do to resolve the Enterprise Services Group discovery issue or if we need to bring that matter to the court as well.

We may need to get on the phone tomorrow which is fine. My cell phone is 859-200-8144.

Thank you,

Rob



**Robert A. Morrin**

Morrin Law Office

214 West Main Street

Richmond, KY 40475

859-358-0300 p

859-972-0813 f

[www.MorrinLawOffice.com](www.MorrinLawOffice.com)

***[Learn about us!](Learn about us!)***



We 💙 Referrals!

     

**Statement of Confidentiality**:

**This communication contains information which is confidential. It is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s) please note that any form of distribution, copying, forwarding or use of this communication or the information therein is strictly prohibited and may be unlawful. If you have received this communication in error please notify the sender, delete the communication, and destroy any copies.**

On Wed, Jun 26, 2024 at 5:41 PM Jay Milby Ridings <jridings@hmrkylaw.com> wrote:

> Rob,
>
> See attached, along with supplemental production Enterprise_Howard 012139-012141 (previously produced to you, but not others). Thanks for the reminder and apologies for not providing sooner. I knew we had previously provided draft, unsigned version, but I completely forgot to finalize.
>
> Jay
>
> Jay Milby Ridings
>
> Hamm, Milby & Ridings PLLC
>
> 120 N Main St
>
> London, KY 40741
>
> Ph: (606) 864-4126
>
> jridings@hmrkylaw.com
>
> **From:** Robert Morrin <morrinlaw@gmail.com>
> **Sent:** Wednesday, June 26, 2024 3:14 PM
> **To:** Jay Milby Ridings <jridings@hmrkylaw.com>
> **Cc:** Rachel Gaines <rachel@morrinlawoffice.com>; Mr. Gregg E. Thornton (gthornton@whtlaw.com) <gthornton@whtlaw.com>; Mindy G. Barfield (mindy.barfield@dinsmore.com)

<mindy.barfield@dinsmore.com>; shaye.johnson@dinsmore.com; Mr. Robert A. Morrin (Rob@MorrinLawOffice.com) <Rob@morrinlawoffice.com>; Marcia Ridings <marcia@hmrkylaw.com>
**Subject:** Re: Walden vs. Enterprise Services Group et al - Discovery Follow Up

Hi Jay,

Thanks for getting those to us. Do you have a copy of the signed responses to our Requests for Production?

Thanks,

Rob

Sent from my iPhone.

> On Jun 24, 2024, at 1:53 PM, Jay Milby Ridings <jridings@hmrkylaw.com> wrote:
>
> Ms. Gaines and counsel,
>
> Attached please find:
>
> 1. Mr. Howard's Amended Answers to First Set of Interrogatories (Signed by Howard); and
> 2. Mr. Howard's Second Supplemental Responses to Requests for Admissions (Signed by Howard).
>
> Ms. Gaines – I promise I was not ignoring you; I was out of the country last week and today is my first day back. I would have otherwise responded much sooner. Apologies nevertheless.
>
> Jay
>
> Jay Milby Ridings
>
> Hamm, Milby & Ridings PLLC
>
> 120 N Main St
>
> London, KY 40741
>
> Ph: (606) 864-4126
>
> jridings@hmrkylaw.com
>
> **From:** Rachel Gaines <rachel@morrinlawoffice.com>
> **Sent:** Monday, June 24, 2024 12:24 PM

**To:** Jay Milby Ridings <jridings@hmrkylaw.com>
**Cc:** Rob Morrin <rob@morrinlawoffice.com>
**Subject:** Walden vs. Enterprise Services Group et al - Discovery Follow Up

Mr. Ridings,

I left a voicemail for you earlier today, but also wanted to follow up via email. Mr. Howard signed his discovery responses at his deposition on 6/14/24; could you please send us the signed version of his discovery answers, or advise when we can expect them?

Thank you,

**Rachel Gaines**

Paralegal

Morrin Law Office

214 West Main Street

Richmond, KY 40475

p: (859) 582-4915

f: (859) 972-0813

www.MorrinLawOffice.com

*Learn about us!*

## Statement of Confidentiality:

**This communication contains information which is confidential. It is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s) please note that any form of distribution, copying, forwarding or use of this communication or the information therein is strictly prohibited and may be unlawful. If you have received this communication in error please notify the sender, delete the communication, and destroy any copies.**

<2024.06.24 - Howard Amended Interrogatory Answers (Signed).pdf>

<2024.06.24 - Howard 2nd Supp Response to Admissions (Signed).FINAL.pdf>