**Jay Milby Ridings**

---

| | |
|---|---|
| **From:** | Jay Milby Ridings |
| **Sent:** | Friday, July 12, 2024 5:50 PM |
| **To:** | Mr. Robert A. Morrin (Rob@MorrinLawOffice.com); Rachel Gaines |
| **Cc:** | Marcia Ridings |
| **Subject:** | Walden v. Enterprise - Order (R. 169) - Request for Written Communication(s) with Court |

Rob,

Out of an abundance of caution, please provide copies of all written communications, if any, between you and the Court relating to Plaintiff's request for a telephonic conference to discuss discovery disputes. There may very well be no such written communication(s), but the references to specific Interrogatory and RFP Nos. in in Judge Atkins' Order (R. 169) indicates a written communication to the Court of which no other parties were copied.

Please advise is such written communication(s) exists, and if so, please produce copies of same to counsel of record.

Aside from, and in addition to, Defendants' right to be copied on such communications, my primary motive is to understand the purported dispute with the ultimate goal of attempting to resolve same extra-judicially. Regretfully, I still do not understand what discovery is in dispute. I have even gone back and [re-]reviewed our prior communications (R. 170-9) and I simply cannot determine what it is that you are seeking. We have quite literally provided you with everything that we have. We have not withheld any evidence under a claim of privilege or any other reason. Is there any particular evidence that you believe has been withheld (intentionally or inadvertently)? If so, please describe same and I will be more than happy to review my file for same. To the extent the "discovery dispute" reflects continued efforts to address documents potentially possessed by Enterprise ("ESG"), I fear that I am not capable of explaining this any more clearly than what was presented in my last email. Notwithstanding, I am happy to try: **I cannot produce what I do not possess**. Aside from that, I genuinely do not understand what you are seeking. To that end, I ask that you describe your position as to all of the following questions to help me understand the nature of the dispute, and specifically what I might do to help resolve same:

1. What specifically are you asking me to do?
2. Is there any specific evidence believed to be in my possession or control that is responsive to Plaintiff's discovery to Howard or ESG? Please describe.
3. Is there any specific evidence believed to be in Mr. Howard's possession or control that is responsive to Plaintiff's discovery to Howard or ESG? Please describe.
4. With respect to evidence believed to be in the possession or control of ESG, how might I obtain evidence from an entity's representatives with whom I have never communicated and do not know how to contact?
5. Are there any additional actions you contend should be undertaken to locate ESG? If so, please identify, in detail, any and all such actions. As an FYI, our efforts to date consist of, but are not limited to, all of the following:
    a. Multiple investigators have spent exhaustive hours and efforts attempting to locate ESG (from the beginning of this case).
    b. My office has repeatedly mailed correspondence to ESG to every mailing address known to us that *might* be associated with ESG.

1

**EXHIBIT A**

    c. The most recent private investigator – who successfully located Mr. Howard – literally affixed copies of our correspondence to the entry doors of those addresses potentially linked to ESG (based on his investigation and research).
    d. My office has emailed Ms. Dixon at the email address identified during Mr. Howard's deposition (which, again, was only discovered as the result of your fine questioning which served to jog Mr. Howard's memory).
    e. We have struck out at every at-bat.

6. Do you believe I am concealing ESG? If so, please explain the basis of this belief.
7. Do you believe that I am being untruthful with respect to my inability to locate ESG? Please explain.
8. Is there any evidence in my possession or available to me that you believe has not been provided?
9. Are there any other steps or actions you believe I should undertake that would resolve the "discovery dispute?" Please be specific.

I am fresh out of ideas for locating ESG. Notwithstanding, I reiterate my prior invitation to share any and all suggestions you might have. While I will leave it to your sound discretion the most appropriate manner in which to respond, I respectfully submit that the history of our earlier email communications conclusively demonstrates that identifying the specific evidence you are seeking has proven quite successful. In stark contrast to your initial emails, your latest communication was brimming with criticism while void of solutions. Your initial emails, on the other hand, which contained specific requests, resulted in real, concrete solutions. *See, e.g.*, Ms. Gaines' 6/24/24, 12:24 PM email reminder regarding discovery signed by Mr. Howard at deposition (resolved in under 90 minutes); Morrin 6/26/24, 3:14 PM email requesting supplemental responses to RFP's (resolved in less than 2 ½ hours; Morrin 6/26/24, 6:48 PM email requesting copies of emails discovered during deposition (resolved the following day at my first opportunity). Perhaps overlooked, my prior request for "your suggestions on 'what we can do to resolve the Enterprise Services Group discovery issue'" went unanswered. For the same reasons noted then and now, I reiterate that same invitation and thank you in advance for your anticipated consideration of same.

Finally, please also provide a copy of all written communications, if any, from your office to Judge Atkins in relation to the first discovery conference held on May 31, 2024. Judge Atkins' Order (R. 148) relating to the first discovery conference directed the parties to submit by email "short statements explaining the reason for the call." I made certain to cc: counsel of record when submitting the statement on behalf of Howard/ESG. However, I was not copied to any email submitted by your office nor did I receive a copy of any "statement" submitted by Plaintiff. Certain comments during the conference gave the impression that Plaintiff had submitted such a statement in advance of the conference. If such a statement was submitted, I respectfully request a copy of same. My apologies for not requesting this earlier; I had forgotten about it until today.

Thanks in advance. Have a great weekend.

Jay

Hamm, Milby & Ridings PLLC

**Jay Milby Ridings**
Member | Hamm, Milby & Ridings PLLC
**Phone**:  606.864.4126
**Fax**: 606.878.8144
**Email**: jridings@hmrkylaw.com
120 N. Main Street
London, KY 40741
www.hmrkylaw.com

2

**EXHIBIT A**