**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| CHARLES L. WALDEN ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:22-CV-00238-KKC |
| ) | |
| ENTERPRISE SERVICES GROUP, LLC ) | |
| CLARENCE M. HOWARD, AND ) | |
| NATIONAL INDEMNITY GROUP OF ) | |
| INSURANCE COMPANIES OR ) | |
| NATIONAL INDEMNITY COMPANY, ) | |
| VINCE KLINE, AND PROGRESSIVE ) | |
| CASUALTY INSURANCE COMPANY ) | |
| Defendants | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*
**PLAINTIFF'S EMERGENCY MOTION TO EXTEND ALL SCHEDULING ORDER DEADLINES, COMPEL DISCOVERY PARTICIPATION, AND RESCHEDULE TRIAL**
\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Comes the Plaintiff, CHARLES L. WALDEN, by and through counsel, and for his Emergency Motion to Extend all Scheduling Order Deadlines and Reschedule the Trial of this matter hereby states as follows:

**STANDARD OF LAW**

The Federal Rule of Civil Procedure 6(b)(1) allows the Court, for good cause, to grant an extension of time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." The Rule does not prohibit the granting of extensions except under particular circumstances. FRCP 6(b)(2) prohibits enlargements of time for: motions for judgment as a matter of law after trial; motions for a new trial; motions for amendments of findings or additional findings; and motions for relief from a judgment. As the Rule does not specifically prohibit an enlargement of time for pre-trial compliance, that discretion is left with the trial court.

1

## RELEVANT FACTUAL HISTORY

The factual history of this case has been recited repeatedly; thus, Plaintiff will remind the Court only of the most relevant filings and occurrences to this Motion. This lawsuit stems from a motor vehicle collision that occurred on August 10, 2020. Mr. Charles Walden filed his Complaint on August 11, 2022. Defendants Howard and Enterprise Services Group, the driver of the commercial motor vehicle and the company of ownership, respectively, disappeared sometime between the date of the collision and the date when Mr. Walden filed his Complaint. Plaintiff Walden initially served Interrogatories, Requests for Production of Documents, and Requests for Admissions on Defendants Howard and Enterprise on October 12, 2023. Over five (5) months later, after multiple attempts by Plaintiff's counsel to follow up[1], on March 22, 2024, Plaintiff filed a Motion to Compel [R. 116] Defendants Howard and Enterprise to submit responses to Plaintiff's Interrogatories and Requests for Production of Documents, which was granted by this Court on May 28, 2024 [R. 150]. Specifically, this Court ordered Defendants Howard and Enterprise Services Group to respond to Walden's First Set of Interrogatories and Requests for Production no later than June 5, 2024, to the extent they are able [R. 150].

On April 9, 2024, Defendants Howard and Enterprise submitted their answers to Plaintiff's First Set of Interrogatories and Requests for Production, noting they were answering to the best of counsel's ability with information available to them, as they had been unable to reach either a representative for Defendant Enterprise or Defendant Howard.

On April 23, 2024, counsel for Defendants Howard and Enterprise advised via letter (sent via email) that they were able to locate the defendant driver, Clarence Howard, and could move

---

[1] On November 1, 2023, Plaintiff received Responses to Requests for Admissions from Defendants Enterprise Services Group, LLC and Clarence M. Howard, based solely upon investigation of counsel.

2

forward with scheduling his deposition. See Exhibit A, attached. Counsel for the parties conferred on multiple occasions and scheduled Defendant Howard's deposition for June 14, 2024.

On May 31, 2024, Defendant Howard submitted his Amended Answers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, and his Second Amended Answers to Plaintiff's Requests for Admissions. While these Answers were not yet signed by Defendant Howard, his counsel advised they had prepared these based on conversations with Defendant Howard. See Exhibit B, attached.

On June 14, 2024, Plaintiff, by counsel, had his first opportunity to question Defendant Howard. He testified in his deposition of the name of a part-owner of Enterprise Services Group, Ms. Shanta Dixon, providing this information for the first time in this case and only after requiring a private conference with his counsel. After Howard's deposition, counsel for Howard provided yet another version of Howard's Response to Plaintiff's Interrogatories than were even shown at the deposition, which included answers that were different than any of the previous versions of Howard's responses, and which new responses Plaintiff's counsel had no opportunity to review prior to Defendant Howard's deposition.

On July 10, 2024, Plaintiff requested a discovery conference with Magistrate Judge Atkins via email, a copy of which is attached hereto as Exhibit C. The Court then entered an Order [R. 169] for the Plaintiff to file into the record a copy of the written discovery requests at issue and a copy of all email correspondence by July 12, 2024. Plaintiff filed the relevant documents [R. 170], and defendants also filed documents [R. 171], but no conference was ever scheduled for reasons unbeknownst to the Plaintiff.

3

Furthermore, Plaintiff has made a Motion to amend his disclosures, filed on June 13, 2024 [R. 157], in other to be allowed to include rebuttal experts as preserved in his initial disclosures. Defendants responded on July 5, 2024 [R. 165], but Plaintiff is still awaiting an order from the Court on said Motion.

## ARGUMENT

**Deceit and Perjury of Defendant Howard**

Defendant Howard, by and through untruthful discovery responses, concealed the identity of known representatives of Defendant Enterprise Services Group and essential witnesses until June 14, 2024. Request for Production 35, submitted to Defendant Howard's legal counsel on October 12, 2023, states "Please produce all load-related communications made by or to Clarence M. Howard regarding the load he was transporting on 08/10/2020." On April 9, 2024, Howard responded through counsel "Counsel does not possess responsive evidence." (See Exhibit D, attached). On May 31, 2024, after Defendant Howard had conferred with his counsel, Defendant Howard's counsel emailed unsigned responses that stated "Mr. Howard does not possess responsive evidence" (See Exhibit E, attached). However, Defendant Howard's subsequent testimony at his deposition indicates that he did have responsive evidence of which he was or should have been aware on April 9, 2024.

Defendant Howard testified in his deposition that all load communications were sent to him from Ms. Dixon via email. See Exhibit F, attached. Defendant Howard also initially testified that he could not recall Ms. Dixon's email address or even her last name – although he had known her for years and at multiple jobs (see Exhibit G, attached). However, after one of many counsel-requested off-the-record conferences, and even after defense counsel actually instructed

4

Defendant Howard not to answer a question about the correspondences at issue (although later redacting the baseless instruction to not answer), Defendant Howard was able to provide the dispatcher's full name and email address, indicating that he actively had access to those emails on June 14, 2024; see Exhibit H, attached. Defendant Howard failed to provide these load-related communications, indicating instead that neither he nor his counsel, depending on which version of the various versions of Defendants' discovery responses provided is being examined, possessed any such communications, knowing the opposite to be true; Defendant Howard caused significant delay and prejudicial delay in Mr. Walden's ability to timely prosecute this case.

    Furthermore, Defendant Howard had multiple opportunities to fully cooperate by providing Ms. Dixon's name and contact information in his responses, yet he blatantly ignored each opportunity, and chose to feign ignorance by providing multiple non-responsive answers, concealing her identity from the Plaintiff. Defendant Howard indicated in his Amended Answers dated May 31, 2024 (again, which were prepared after Defendant Howard had conferred with his counsel) that he had no knowledge of additional individuals who may have relevant information (see Answer to Interrogatory No. 6; R. 170-5); he did not list Ms. Dixon or her brother as potential witnesses (see Answer to Interrogatory No. 9; R. 170-5), despite his knowledge that Ms. Dixon would have clearly relevant information; he did not provide her name or any contact information, only referring to her as "his dispatcher" (see Answer to Interrogatory No. 10; R. 170-5); and he refused to provide her information as the owner of the vehicle (see Answer to Interrogatory No. 11; R. 170-5).

    Defendant Howard clearly has access to load-based communications via his email. Mr. Walden has already suffered extreme prejudice with this Defendant's delay, causing the need for this Emergency Motion. Plaintiff has been unable to obtain the identities of relevant individuals

who likely possess information which is essential to Mr. Walden's claims. Not only is this information well within the control of Defendant Howard, he can access said information with relative ease, yet has chosen not to do so. Mr. Walden has been attempting to prosecute his claim for nearly two years without the basic ability to depose or obtain information from Defendant Howard, and is still without the ability to depose or obtain information from a representative of Defendant Enterprise. Defendant Howard's misrepresentations about the information available to him is clearly prejudicial to the Plaintiff.

Defendant Howard perjured himself but such answers demonstrating the same were only shown to Plaintiff's counsel at Howard's deposition, kept by Defense counsel after it became apparent Defendant Howard perjured himself, and then yet another version of Interrogatory Responses, altered from the signed version shown at Defendant Howard's deposition, were delivered to Plaintiff's counsel a week after Defendant Howard's deposition.

This perjury by Defendant Howard has caused significant delay in obtaining the identity of relevant individuals who likely possess information which is essential to the claims of the Plaintiff, Charles Walden. This perjury has likely delayed defense counsel's ability to correspond and obtain cooperation from Defendant Enterprise Services Group, LLC. The initial discovery request was sent to the Defendants on October 12, 2023 and Plaintiff Walden should have had the identity of the dispatcher since November 12, 2023. At the very least, Defendant Howard should have provided accurate and truthful answers to this discovery on May 31, 2024, after counsel for the defense was finally able to reach him.

Plaintiff's email correspondence to the Defendant, all via counsel, on the same afternoon following Defendant Howard's deposition, requested Defendants' counsel agree to push back all discovery deadlines and related deadlines by seven (7) months (attached as Exhibit J). As noted

above, Plaintiff's counsel has received no written response to date, however, counsel for defendants has indicated orally in person to plaintiff's counsel that they would not agree to any extension despite the lengthy delay which Howard's dishonesty and the general elusiveness of both Defendants have caused in this litigation, preventing the Plaintiff from timely prosecuting his case. No reasonable explanation was provided by the Defendants for this refusal to agree to extend the deadlines; in an apparent eagerness to take postural advantage of Defendants' lack of cooperation and active deceit against this tribunal. Plaintiff has been significantly prejudiced by the withholding of this information, as multiple, repeated attempts have been made to try to locate a representative of Enterprise Services Group. Despite the advanced stage of discovery, Defendant Howard has only recently been deposed, by no fault of the Plaintiff and primarily due to his elusiveness to these proceedings. Furthermore, Defendant Howard's perjury casts doubt on all of his discovery responses and his willingness to be truthful. It would be proper for the Court to extend all discovery deadlines by at least seven (7) months to account for the Defendant's perjurious delay, and to re-open Defendant Howard's deposition so Plaintiff may have a fair opportunity to examine the witness with the benefit of having received what is presumably Defendant Howard's last set of his multitude of discovery responses; the latest version of Defendant Howard's interrogatory responses having only been received after his deposition.

"The production of new information after a deposition has concluded usually provides sufficient justification for amending the scheduling order and permitting additional depositions. *Babcock Power*, *Inc*. *v*. *Kapsalis*, 3:13-CV-717-CRS, 2015 WL 9257759, at *4 (W.D. Ky. Dec. 17, 2015) (good cause for subsequent deposition when documents later produced were unavailable at the time of the first deposition). *See also G & E Real Estate*, *Inc*. *v*. *Avison Young-Washington*, *D.C.*, *LLC*, 323 F.R.D. 67, 71 (D.D.C. 2017) ("Given

7

the indisputable fact that additional relevant materials have been produced by Plaintiff after the close of the discovery period, the Court finds good cause for reopening discovery in this case."); *In re Rail Freight Fuel Surcharge Litigation*, 281 F.R.D. 12, 14-15 (D.D.C. 2011) (good cause for additional deposition when documents produced on last day of discovery after first deposition had already occurred)."

*Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, CIVIL ACTION No. 3:13-CV-82-CRS, at *4 (W.D. Ky. Feb. 26, 2019)

**Lack of Meaningful Discovery Participation by Defendant Enterprise Services Group**

Defendant Enterprise Services Group has failed to participate in the discovery process in a meaningful way. When Mr. Walden filed his Complaint in this matter, he noted service for Enterprise Services Group to be made via the Kentucky Secretary of State pursuant to KRS 454.210. Plaintiff provided two (2) addresses by which the Kentucky Secretary of State could serve an agent for Enterprise Services Group, namely:

> C/O Jovir Jimenez
> 135 Nakomis Place,
> Alpharetta, GA, 30004

and

> 255 SW Walker Street
> Atlanta, GA 30313.

At the time that Mr. Walden filed his Complaint, Defendant Enterprise Services Group had registered with the Georgia Secretary of State with the registered agent Jovir Jimenez and a registered office address of 135 Nakomis Place, Alpharetta, GA, 30004. See attached, Exhibit K. The Kentucky Uniform Police Traffic Collision Report, completed by a Richmond Police Department Officer at the scene of the collision, listed Enterprise Service Group's address as 255

8

SW Walker Street, Atlanta, GA 30313. The Kentucky Secretary of State was successfully served by the Madison Circuit Court Clerk on 08/19/2022. See attached, Exhibit L. Pursuant to KRS 454.210, Defendant Enterprise Services Group was considered served as of that date.

The Kentucky Secretary of State filed documents with the Madison Circuit Court Clerk indicating that it was unable to serve Defendant Enterprise at the 255 SW Walker Street address, USPS indicating that it was not deliverable as addressed, but the Secretary of State appears to have successfully served Enterprise Services Group via their Registered Agent, Mr. Jovir Jimenez, as CourtNet indicates "return card received, no signature confirmation." See attached, Exhibit M.

A signed, returned receipt is not necessary from the addressee as part of the return by the Secretary of State. KRS 454.210(3)(b). The statute says in part that the Secretary shall attach to the return the registry receipt, *if any.* The words "if any" emphasize the fact that recovery of a signed, returned receipt is not vital to the completion of service pursuant to the long-arm statute. *Haven Point Ent. v. United Kentucky Bank*, 690 S.W.2d 393, 395 (Ky. 1985)

Despite service being perfected upon Defendant Enterprise Services Group, they have not meaningfully participated in discovery or in this litigation; having failed to provide substantial answers or to designate a representative and appear for deposition. Defendant's counsel has stated multiple times, in formal pleadings as well as email correspondence, that they have not been able to reach an agent for Enterprise Services Group. All of Enterprise Services Group's responses to discovery are based on the knowledge and independent investigation of counsel; all documents produced are those that counsel could independently obtain, without having consulted with their client. Mr. Walden has not been able to obtain and review highly relevant information that is in the exclusive control of Defendant Enterprise, as noted by its Answers to Plaintiff's

9

Interrogatories and Requests for Production dated April 9, 2024, previously filed into the record [R. 170-3 and R. 170-4], namely:

- Individuals with knowledge of liability and/or damages (see Interrogatory No. 6, Interrogatory No. 9, and Request for Production No. 7);
- Confirmation that Enterprise Services Group owned the subject vehicle (see Interrogatory No. 8 and Request for Production No. 10);
- Information regarding at what point an agent of Enterprise Services Group became aware of issues with their vehicle and what they did to remedy the situation (see Interrogatory No. 10);
- The damage to Enterprise's vehicle and the reasons it became disabled (see Interrogatory No. 11, and Request for Production Nos. 3, 4, 21, 23, 24, and 25);
- Driving histories of Enterprise's employees (see Interrogatory No. 12);
- Other vehicles owned by Enterprise at the time of the collision (see Interrogatory No. 17);
- Enterprise Services Group's company policies and procedures and safety records (see Interrogatory No. 22 and Request for Production Nos. 22, 26, 28, 29, 34, and 40);
- The equipment on the subject vehicle (see Interrogatory No. 23); and
- Their employee's driving logs, daily inspection reports, and other relevant employment documentation (see Request for Production Nos. 18, 19, 20, 27, 30, 31, 32, 33, 35, 36, 37, 38. 39, 41, and 42).

Finally, it came to Plaintiff's attention through his independent research that on or about February 8, 2024, Enterprise Services Group became an active corporation again with the Georgia Secretary of State. See attached, Exhibit N. Immediately upon Plaintiff's knowledge of this, he attempted to further assist procuring Enterprise's cooperation and even filed to have a new summons issued at Defendant Enterprise's new listed agent address, 7108 Jefferson Cir N, Chamblee, GA, 30341 via the DeKalb County, Georgia Sheriff's Office. On July 5, 2024, Plaintiff's counsel spoke to an agent at DeKalb County, Georgia's Civil Process Unit, who informed them that the address provided was an apartment building, not a commercial building, and that the agent listed – Mr. Jovir Jimenez – did not reside at this residence. Thus, the Sheriff's Office could not successfully serve Defendant Enterprise [R. 172].

The Official Code of Georgia Annotated ("O.C.G.A.") requires accurate filings from businesses. Specifically, O.C.G.A. § 14-11-209(a) (2022) requires that:

    a. Each limited liability company shall continuously maintain in this state:

        1. A registered office which may, but need not, be a place of its business in this state; and

        2. A registered agent for service of process on the limited liability company. The address of the business office of the registered agent shall be the same as the address of the registered office referred to in paragraph (1) of this subsection.

See attached, Exhibit O.

    Plaintiff has attempted service on Defendant Enterprise via a local sheriff's office at the address that Defendant Enterprise provided to their Secretary of State for service of process. Yet, Defendants can clearly not be served at this address, as it is a residence where their agent does not reside. Defendant Enterprise should not be permitted to file fraudulent documents with its home state of Georgia and then use the fruit of such fraud to avoid legal accountability. Our federal caselaw is abundantly clear that "A person guilty of fraud should not be permitted to use the law as his shield." *Bavelis v. Doukas (In re Bavelis)*, 571 B.R. 278 (Bankr. S.D. Ohio 2017). "Fraud is an intentional tort in which someone 'knowingly' presents false information to effectuate the fraud." *Stansbury v. Hopkins Hardwoods, Inc.,* No. 18-5379 (6th Cir. Apr. 17, 2019). Furthermore, individuals may not "avoid the consequences of their conduct by hiding behind the corporation." *Smith, Kline French Lab. v. Midwest Chem. Dev. Corp.,* 96 F. Supp. 797 (N.D. Ohio 1951).

    Although properly served by the Kentucky Long-Arm Statute, and having provided defense counsel with proper notice of Defendant Enterprise's deposition on May 29, 2024 [R.151], a designee for Enterprise failed to appear at the deposition scheduled and held in Atlanta, Georgia on June 14, 2024. To the best of Plaintiff's knowledge and belief, based on no

representative for Defendant Enterprise appearing at the June 14, 2024 deposition and Plaintiff's counsel receiving no notice of Defendant Enterprise's representative's identity, Defendant Enterprise failed to designate a representative under Fed. R. Civ. P. 30 (b)(6).

Defendant Enterprise Services Group has gone to great lengths to conceal themselves and refuse to participate in this litigation. They have seemingly filed fraudulent documents with government agencies for service of process at addresses where their agent of service cannot possibly be served. Defendant Enterprise appears to be using fraudulent means to avoid meaningfully participating in this litigation.

Mr. Walden would like this matter determined on the merits by a jury of his peers, which requires meaningful discovery participation and honest cooperation by the Defendants. Since the Defendants have not meaningfully responded to all discovery, or honestly participated in discovery in good faith, all pretrial deadlines and the trial itself should be extended by seven (7) months to allow for proper discovery, including the deposition of a corporate representative designated by Enterprise Services Group, LLC pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. However, should this Court choose to keep the pre-trial deadlines as currently scheduled, then this Court should issue a Default Judgment against the Defendants and grant any other appropriate remedy under Rule 37 of the Federal Rules of Civil Procedure. Mr. Walden is hopeful the threat of a Default Judgment against the Defendants for failure to honestly participate in discovery will cause a sudden, and much-needed, remedy for the apparent lack of communication between the Defendants and their defense counsel, especially from Enterprise Services Group, LLC. In addition to these remedies, the Court should also grant leave to Plaintiff to re-open the deposition of Defendant Howard so the Defendant may be examined by plaintiff's

counsel with the benefit of having reviewed his signed Responses to Interrogatories BEFORE the deposition.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully moves this Court to extend all discovery deadlines by at least seven (7) months or, in the alternative, to enter a Default Judgment against the Defendant Enterprise Services Group, LLC. Furthermore, Plaintiff respectfully requests that this Court Order Defendant Enterprise Services Group to provide substantive, meaningful answers to the discovery served on them, to re-open the deposition of Defendant Howard, to Order Defendant Enterprise to designate a corporate representative to appear for deposition at an agreed upon time, and for this Court to reschedule the Trial set in this matter so the Plaintiff has the proper opportunity to fully conduct discovery with Defendant Enterprise or otherwise get appropriate Orders from this Court. In the alternative, Plaintiff respectfully requests a Default Judgment against Enterprise Services Group on liability.

Respectfully Submitted,

MORRIN LAW OFFICE

 */s/ Robert A. Morrin*_____
Hon. Robert A. Morrin (KBA # 94368)
214 West Main Street
Richmond, KY 40475
(859) 358-0300
*Counsel for Plaintiff*

\* \* \* \* \* \* \* \* \*
## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2024, a true and correct copy of the foregoing was filed through the Court's eFiling system, which serves a copy on all counsel of record.

                                          */s/ Robert A. Morrin*
                                          Hon. Robert A. Morrin (KBA # 94368)
                                          MORRIN LAW OFFICE
                                          *Counsel for Plaintiff*