# Gmail

Rachel Gaines <rachel@morrinlawoffice.com>

## Walden v. Enterprise Services Group, LLC Discovery Dispute
1 message

**Robert Morrin** <morrinlaw@gmail.com>  Wed, Jul 10, 2024 at 1:30 PM
To: atkins_chambers@kyed.uscourts.gov
Cc: Rachel Gaines <rachel@morrinlawoffice.com>, charliewalden@morrinlawoffice.filevineapp.com

Judge Atkins,

The Plaintiff in the above-captioned case respectfully requests a phone conference with all parties to discuss a discovery dispute over the following:

- Deposition of the Corporate Designee for Defendant Enterprise Services Group - Defendant has been served, their counsel was provided with the subpoena for the corporate representative deposition, nobody appeared for the deposition.
- Enterprise Services Group Discovery "Responses": Defendant has been served via the Kentucky Secretary of State, yet has not meaningfully participated in discovery; rather Defendant's counsel attempting to respond on behalf of the party by indicating no such documents are in possession by Defendant's counsel. Enterprise has been served, if *Enterprise* has no actual documents to produce then the responses should reflect that. Enterprise's counsel was never asked about the documents in counsel's possession and indicating such is non-responsive to the discovery requests. The jury is entitled to know if a party defendant like Enterprise does anything at all to make sure they send only safe drivers on the road. The following matters regarding Enterprise's discovery responses are at issue:
- Individuals with knowledge of liability and/or damages (see Interrogatory No. 6, Interrogatory No. 9, and Request for Production No. 7);
- Confirmation that Enterprise Services Group owned the subject vehicle (see Interrogatory No. 8 and Request for Production No. 10);
- Information regarding at what point an agent of Enterprise Services Group became aware of issues with their vehicle and what they did to remedy the situation (see
Interrogatory No. 10);
- The damage to Enterprise's vehicle and the reasons it became disabled (see Interrogatory No. 11, and Request for Production Nos. 3, 4, 21, 23, 24, and 25);
- Driving histories of Enterprise's employees (see Interrogatory No. 12);
- Other vehicles owned by Enterprise at the time of the collision (see Interrogatory
No. 17);
- Enterprise Services Group's company policies and procedures and safety records (see Interrogatory No. 22 and Request for Production Nos. 22, 26, 28, 29, 34, and 40);
- The equipment on the subject vehicle (see Interrogatory No. 23); and
- Their employee's driving logs, daily inspection reports, and other relevant
employment documentation (see Request for Production Nos. 18, 19, 20, 27, 30, 31, 32,
33, 35, 36, 37, 38. 39, 41, and 42).
- Complete and accurate responses from Defendant Howard on Plaintiff's Requests for Production 22, 23, 24, 25, and 26.
- Defendant Howard's misleading initial responses to Request for Production 35 whereby he indicates he had no correspondences related to the route he was running relevant to this litigation, however, at his deposition it was revealed that he did in fact have those correspondences. This significantly delayed Plaintiff's ability to timely prosecute his case. Plaintiff's counsel would like to discuss equitably rescheduling the pretrial deadlines and trial due to the dishonesty of Defendant Howard which was not discovered until 7 months after the initial response that shielded the identity of his dispatcher and part owner of the company, Shanta Dixon.
- Defendant Howard's misleading response to Plaintiff's Interrogatory 6 where was asked to list individuals with knowledge about vehicle damage or liability and he failed to list anyone at Enterprise, including his dispatcher and part owner of the company, Shanta Dixon.

The parties have conferred via email and have attempted to resolve the matter without Court involvement. We now respectfully request the involvement of this Court.

Thank you,
Rob



**Robert A. Morrin**

Morrin Law Office
214 West Main Street
Richmond, KY 40475
859-358-0300 p
859-972-0813 f
www.MorrinLawOffice.com

*Learn about us!*



       

**Statement of Confidentiality**:

This communication contains information which is confidential. It is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s) please note that any form of distribution, copying, forwarding or use of this communication or the information therein is strictly prohibited and may be unlawful. If you have received this communication in error please notify the sender, delete the communication, and destroy any copies.