UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CASE NO. 5:22-cv-00238-KKC

CHARLES L. WALDEN,                                                    PLAINTIFF,

VS.

ENTERPRISE SERVICES GROUP, LLC,
CLARENCE M. HOWARD,
NATIONAL INDEMNITY GROUP OF INSURANCE
COMPANIES OR NATIONAL INDEMNITY COMPANY,
VINCE KLINE, AND
PROGRESSIVE CASUALTY INSURANCE COMPANY,                  DEFENDANTS.

---

## DEFENDANT, CLARENCE M. HOWARD'S, AMENDED ANSWERS TO FIRST SET OF INTERROGATORIES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF

---

Comes the Defendant, Clarence M. Howard, by counsel, and for his Amended Answers to First Set of Interrogatories and Responses to Requests for Production of Documents propounded by Plaintiff, Charles L. Walden, states as follows:

### INTERROGATORIES

INTERROGATORY NO. 1:    Please provide the full name, home address, home phone number, office phone number, and place of employment for each and every person, firm, or entity who answered or assisted in answering these interrogatories.

**ANSWER:    Clarence M. Howard in combination with independent investigation undertaken by undersigned counsel.**

Unsigned Answers Emailed to R. Morrin on 5/31/2024

INTERROGATORY NO. 2:      Does any primary and/or excess insurance agreement or bond exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?

   (a) If such an insurance agreement or bond does exist, what are the limits of liability contained in the terms of each such agreement?

   (b) If such an insurance agreement or bond does exist, what are the legal names of each and every party to each agreement itself and to any further or subordinate agreement which in any way relates to the terms of any such agreement?

   (c) What is the amount of any deductible or self-insured retention as to each such agreement?

**ANSWER:   Pursuant to FRCP 33(d), please refer to documents previously produced at Enterprise_Howard 000096-000182. Mr. Howard is not aware of any other coverage responsive to this Interrogatory.**

INTERROGATORY NO. 3. State the name, address, occupational title, and present whereabouts of each person whom you expect to call as an expert witness at the trial of this case, and with respect thereto, state the following:

   (a) The subject matter on which the expert is expected to testify;

   (b) The substance of the facts and opinions to which the expert is expected to testify;

   (c) A summary of the grounds for each opinion to which the expert is expected to testify; and

   (d) Whether any reports or other written materials or letters have been generated by such expert for this case.

Unsigned Answers Emailed to R. Morrin on 5/31/2024

**ANSWER:**   Expert witnesses will be identified as required by pretrial order. However, at this time, it is anticipated that the Defendant will call as an expert witness, Eddie Crum (an accident reconstruction expert), and Dr. Timothy Kriss (a neurosurgeon). Said experts are expected to testify consistently with the opinions outlined and contained in the forthcoming CR 26 Reports. For further reference, see documents previously produced at Enterprise_Howard 000001-000039.

INTERROGATORY NO. 4. Only if you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state:

(a) Each and every fact upon which you rely in asserting such defense;

(b) Provide a complete description of all documents which you contend support the assertions of the said defense;

(c) The name and address of all persons having custody and control of the documents described in (b) above; and

(d) Please provide the full and complete legal addresses of this Defendant's registered office and agent.

**ANSWER:**   Affirmative defenses contained in Defendants' Answer to Plaintiff's Complaint were drafted and raised by counsel. Counsel has based all such defenses on the police report, consultation with accident reconstruction expert, site inspection, medical records, deposition testimony, photographs, communications with witnesses, independent investigation, recent consultation with Mr. Howard, and all other evidence of record.

3

INTERROGATORY NO. 5. If you contend that any person, firm, or entity caused or contributed to the injuries to the Plaintiff, identify by name, address, job title, and employer all such persons, firms or entities and state the reasons for your contentions.

**ANSWER:   Upon information and belief, the accident was caused in whole or in part by the inattentiveness or fatigue of the Plaintiff. Defendant's attorney also believes that subsequent to the subject accident Plaintiff has had other injuries which contributed to his present condition. Additionally, Defendant's attorney believes that the Plaintiff's prior medical injuries and condition is responsible for a substantial portion of his present condition.**

INTERROGATORY NO. 6. Please state the name, address, home phone number, office phone number, and address of employment for each and every person, firm, or entity who:

(a) Witnessed the wreck described in the Complaint;

(b) Arrived at the scene of the wreck within two (2) hours after it occurred;

(c) Has or who claims to have knowledge of liability in this action.

(d) Has or who claims to have knowledge of damages in this action.

**ANSWER:   It is believed that police officer, Jason Curry, who investigated this accident has knowledge concerning the accident.  Medical providers of the Plaintiff would also have information of this accident.  Additionally, experts identified in Answer to Interrogatory No. 3 would be responsive to this Interrogatory.  For further reference, see documents previously produced at Enterprise_Howard 000001 – 000039, 000092 – 000095, and 000185 – 012111. Mr. Howard is unaware of anyone who witnessed the accident.  He believes the police officer was there within two (2) hours of the accident.  He has no other independent knowledge responsive to this Interrogatory.**

Unsigned Answers Emailed to R. Morrin on 5/31/2024

INTERROGATORY NO. 7. Explain in detail the factual basis for each and every affirmative defense contained in the Answer to Plaintiff's Complaint.

**ANSWER:** **Affirmative defenses contained in Defendants' Answer to Plaintiff's Complaint were drafted and raised by counsel. Counsel has based all such defenses on the police report, consultation with accident reconstruction expert, site inspection, medical records, deposition testimony, photographs, communications with witnesses, independent investigation, recent consultation with Mr. Howard, and all other evidence of record.**

INTERROGATORY NO. 8. Please identify the owner and vehicle registration number of the motor vehicle operated by Clarence M. Howard, at the time of the wreck which is the subject matter of this litigation.

**ANSWER:** **The collision report indicates that the vehicle was owned by Enterprise Services Group, LLC. For further reference, refer to documents previously produced at Enterprise_Howard 000092-000095.**

INTERROGATORY NO. 9. Please identify each and every person whom you expect to call as a witness upon the trial of this matter. If such person is not identified in your preceding answers to interrogatories, please provide such witnesses' name, address and telephone number and a summary of the facts upon which you expect said witness to testify at trial.

**ANSWER:** **Witnesses will be identified as required by pretrial order. However, it is anticipated that previously identified expert witnesses will be called upon to testify in this case. Also, it is anticipated that Officer Jason Curry will be called upon to testify, as well as medical providers of the Plaintiff both before and after the accident.**

**Expert witnesses Eddie Crum and Dr. Kriss are expected to testify consistently with the opinions outlined in their respective forthcoming CR 26 Reports.**

5

Officer Jason Curry is expected to testify about his investigation of the collision, his observations at the scene, his communications with the parties, and in accordance with the contemporaneous notes documented in the collision report. Please refer to refer to documents previously produced at Enterprise_Howard 000092-000095.

Plaintiff's medical providers are expected to testify consistently with the notations and other information contained within Plaintiff's medical records. Further answering, pursuant to FRCP 33(d), please refer to documents previously produced at Enterprise_Howard 000185-012111.

It is also anticipated that Mr. Howard will testify in connection with this case.

INTERROGATORY NO. 10. Please describe and state in detail how your vehicle became disabled and parked on the side of the exit ramp on 08/10/2020, including but not limited to at what point you became aware of an issue with your vehicle, how long your vehicle was disabled and parked on the roadway before you became aware of the collision, where you went after leaving your vehicle once it became disabled, and your communications with any persons or entities from the time you became aware of the issues with your vehicle until you became aware of the collision.

ANSWER:   Mr. Howard was traveling north on I-75 toward Ohio. The vehicle started mis-firing and not picking up acceleration. He decided to pull the vehicle off of the road at his first opportunity. He pulled off the ramp at Richmond, Kentucky in Madison County, Kentucky. As he was on the ramp, the vehicle died. He got over as far to the right as he could get. Mr. Howard put out warning triangles. He called his dispatcher and advised his dispatcher of the problem with the vehicle. Mr. Howard was of the understanding that the dispatcher was going to call a tow truck and appropriate authorities. He walked to a nearby hotel. He does not remember when the accident occurred, but he knows it was before

6

midnight, perhaps between 10:30 and 11:00 PM.  He went to sleep and was awakened by a knock on his door by the police.  He went with the police to the scene and cooperated at all times.

INTERROGATORY NO. 11. State whether the vehicle you were driving on 8/10/2020 sustained property damage as a result of the collision. If so, please state the following:

(a) The nature, location, and extent of all such property damage;

(b) The total dollar amount of property damage;

(c) The current location and owner of the vehicle that sustained the property damage; and

(d) Whether pictures of the vehicle were taken, and, if so, please state the name, address and telephone number of the person who has custody thereof.

**ANSWER:**   **Pursuant to FRCP 33(d), please refer to documents refer to documents previously produced at Enterprise_Howard 000040-000091.  Mr. Howard does not have any information as to the amount of vehicle damage sustained. The damage was repaired, and he did drive the vehicle to Ohio and back to Georgia.  He does not know the current location of the vehicle.  He may have taken photographs on his phone, but he does not have that phone anymore and has no idea where the photographs are.**

INTERROGATORY NO. 12. State whether you have been involved in any other automobile collision in the five (5) years preceding the subject incident through the present, and, if so, please state for each:

(a) The date, time, and place of the collision;

(b) The nature and extent of all resultant property damage and personal injury, including repair costs and medical expenses;

(c) The amounts of any claims and settlements; and

7

(d) The style, case number, court and ultimate result of any suit filed as a result.

**ANSWER:**   **Counsel objects to Interrogatory No. 12 as not being relevant to this action. Without waiving, it is believed that approximately two (2) years ago (after this accident), while in Georgia, Mr. Howard was in his girlfriend's vehicle which was rearended. Mr. Howard received chiropractic treatment and recalls receiving a settlement of approximately $7,000.00.  He does not believe suit was filed.**

INTERROGATORY NO. 13. State whether you have ever been charged with a traffic violation or other criminal offense and, if so, please state for each:

a) The date and location of the traffic violation or other criminal offense;

b) The nature of the traffic violation or other criminal offense; and

c) The plea, verdict, or other resolution as to the traffic violation or other criminal offense.

**ANSWER:**   **Counsel objects to Interrogatory No. 13 as not being relevant to this action. Without waiving, Mr. Howard has not received any speeding citations. Mr. Howard believes he may have had some traffic violations when he was eighteen (18) or nineteen (19) years old. Many years ago, he was charged with a misdemeanor surrounding a domestic dispute in Georgia for which he received one year probation.**

INTERROGATORY NO. 14. State whether you have ever attended or taken any type of driver education course, and, if so, please state the name, location and dates of each such course.

**ANSWER:**   **Mr. Howard took a driver's education course in Georgia many years ago when he was a teenager.**

INTERROGATORY NO. 15. State whether you ingested any alcohol, prescription medication, nonprescription medication or other legal or illegal drugs within 24 hours prior to the collision on 8/10/2020, and, if so, please state for each:

8

Unsigned Answers Emailed to R. Morrin on 5/31/2024

(a) The type and name of the alcohol, prescription medication, non-prescription medication or other legal or illegal drugs you ingested;

(b) The quantity of the alcohol, prescription medication, non-prescription medication or other legal or illegal drugs you ingested; and

(c) The time and place you ingested the alcohol, prescription medication, non-prescription medication or other legal or illegal drugs.

**ANSWER:  No.**

INTERROGATORY NO. 16. Please list, identify, and describe with particularity, each exhibit which you intend to introduce at trial, and any other documents or other tangible things you intend to exhibit to the jury.

**ANSWER:   Final decision has not been made regarding demonstrative evidence and exhibits that will ultimately be introduced at trial. Such evidence and exhibits will be identified as required by pretrial order. Out of an abundance of caution, Mr. Howard identifies the following relevant evidence previously produced at Enterprise_Howard 000001 – 000095 and 000185 – 012137. Additionally, Mr. Howard will rely on demonstrative exhibits included within CR 26 Reports of Eddie Crum and Dr. Kriss (to be supplemented). Additionally, Mr. Howard will rely on exhibits attached to discovery depositions of both Plaintiff's and Defendants' respective experts. Mr. Howard will further rely on demonstrative evidence summarizing Plaintiff's medical treatment before and after the accident. Mr. Howard will also rely on any evidence produced by Plaintiff and/or other parties in discovery. Mr. Howard will also rely on any evidence and exhibits identified in Plaintiff's Exhibit List. Defendants will rely on all articles referenced in CR 26 Reports produced by Plaintiff as well as CR 26 Reports produced by Defendants. Mr. Howard will**

9

Unsigned Answers Emailed to R. Morrin on 5/31/2024

rely on Plaintiff's discovery answers. Mr. Howard reserves the right to supplement his Answer to this Interrogatory and supplement his Responses to Requests for Production of Documents.

INTERROGATORY NO. 17. Please state whether any investigation or surveillance of the Plaintiff was conducted by you or on your behalf, and if so, please state the name, address, telephone number, of the person or entity who performed such investigation or surveillance, the dates of such investigation or surveillance, and whether you have any reports, photographs, or videotapes, or other depictions of the Plaintiff, or of the location of the wreck causing the Plaintiff's injuries, or any of the vehicles involved in such wreck.

ANSWER:   No

INTERROGATORY NO. 18. Please state whether you intend to move for a CR 35 examination of the Plaintiff, and, if so, please state the name, address, and professional qualifications of any such examining healthcare professional.

ANSWER:   Yes, Dr. Timothy Kriss. Further answering, pursuant to FRCP 33(d), please refer to documents previously produced at Enterprise_Howard 000031 – 000039 and R. 115, including exhibits attached thereto.

INTERROGATORY NO. 19. Please provide the name of Clarence M. Howard's cellular telephone provider, as well as the number for the telephone he was carrying on 8/10/2020.

ANSWER:  Mr. Howard believes (although he is not sure), that his telephone number at the time of the accident was 470-348-9564.  The carrier was Metro PCS.

INTERROGATORY NO. 20:   Please list all vehicles for which you were listed as an owner on the certificate of title or otherwise having an ownership interest therein, on 8/10/2020 or up to thirty (30) days prior.

Unsigned Answers Emailed to R. Morrin on 5/31/2024

**ANSWER:**   None.

INTERROGATORY NO. 21:   For any health care professional you intend to disclose as an expert in this case, please state in detail the number of CR 35.01 examinations conducted by said expert for defense counsel generally and specifically for any attorney at the law firm of HAMM, MILBY & RIDINGS, PLLC in the past five (5) years, including the fees charged by said expert for performing such medical examinations, medical records reviews, and other litigation-related services.

**ANSWER:**   **Pursuant to FRCP 33(d), please refer to documents previously produced at Enterprise_Howard 000183 – 000184.**

INTERROGATORY NO. 22:   For any health care professional you intend to disclose as an expert in this case, please state in detail the percentage of said expert's income attributable to performing medical examinations, medical records reviews, and other litigation-related services, as well as the total amount of income derived by said expert from such litigation-related services, and the percentage of said expert's practice that involves such litigation related services for the defense compared to the percentage of the expert's practice that involves such litigation related services for the plaintiff, pursuant to *Primm v. Isaac*, 127 S.W.3d 630 (Ky. 2004).

**ANSWER:**   **Unknown.**

INTERROGATORY NO. 23:   For any health care professional you intend to disclose as an expert in this case, please state in detail the amount charged by the physician for reviewing records relating to the litigant, for preparation of any report relating to such review, and for the expert's testimony relating to such review, pursuant to *Tuttle v. Perry*, 82 S.W.3d 920 (Ky. 2002).

**ANSWER:**   **Pursuant to FRCP 33(d), please refer to documents previously produced at Enterprise_Howard 012138.**

11

Unsigned Answers Emailed to R. Morrin on 5/31/2024

INTERROGATORY NO. 24. State whether a review was conducted by the Accident Review Board and if so, what determinations regarding preventability did they come to?

**ANSWER:   To the best of Mr. Howard's knowledge no such review was conducted.**

INTERROGATORY NO. 25. Please describe and state in detail the Enterprise Services Group, LLC company policy and procedure for reporting if and when your vehicle becomes disabled while dispatched and what steps you took to comply with said policy or policies.

**ANSWER:   Mr. Howard was advised to call dispatch who would get roadside assistance.**

INTERROGATORY NO. 26. Please identify if the vehicle operated by Clarence M. Howard, at the time of the wreck which is the subject matter of this litigation was equipped with a black box device or a video recorder.

**ANSWER:  Mr. Howard does not know if the vehicle he was operating was equipped with a black box or video. With that said, please refer to forthcoming CR 26 Report authored by Accident Reconstructionist Eddie Crum.**

Unsigned Answers Emailed to R. Morrin on 5/31/2024

## **VERIFICATION**

I, Clarence Howard, hereby certify that I have read the foregoing Answers to Interrogatories and the information contained herein is true and correct to the best of my knowledge and belief.

_____

CLARENCE HOWARD

STATE OF _____ )
                          )
COUNTY OF _____ )

The foregoing Verification was acknowledged, subscribed to and sworn to before me by Clarence Howard on this _____ day of _____, 2024.

_____

NOTARY PUBLIC/STATE AT LARGE

My Commission Expires: _____

Notary ID: _____

13

Unsigned Answers Emailed to R. Morrin on 5/31/2024

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:   Please produce copies of any incident or accident reports, prepared by any person or entity, pertaining to the wreck described in the Complaint.

**RESPONSE:   Please refer to documents previously produced at Enterprise_Howard 000092 – 000095. Also see forthcoming CR 26 Report of Accident Reconstructionist Eddie Crum.**

REQUEST NO. 2:   Please produce all documents referred to in your Answers to Interrogatories.

**RESPONSE:   See documents previously produced at Enterprise_Howard 000001-012138 (previously produced).**

REQUEST NO. 3:   Please produce repair estimates for damages to your vehicle which was involved in this wreck.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 4:   A complete, legible, color copy of all of your driving licenses, including CDLs, in effect on the date of this wreck, front and back.

**RESPONSE:   Will supplement if and when located. Mr. Howard agrees to produce a copy of his current license.**

REQUEST NO. 5: A copy of ANY statement you filed with any insurance carrier to advise them of the wreck described in the Complaint, any claim for property damage, or for any other claims involved herein.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 6:   A copy of the current curriculum vitae, reports and a copy of every document or tangible piece of material considered by any/all experts you intend or expect to call

14

at the trial of this case.

**RESPONSE:   Please refer to documents previously produced at Enterprise_Howard 000001 – 000039.**

REQUEST NO. 7:   Copies of any photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence relevant to this wreck, including without limitation, pictures of the vehicles involved in the present collision and the area of the collision.

**RESPONSE:   Mr. Howard has not been able to locate the photographs he believes were taken at the scene on the phone of which Mr. Howard no longer has access.**

REQUEST NO. 8:   Please produce a copy of any written or otherwise recorded statement taken by you or on your behalf of any person having information concerning the subject matter of this action.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 9:   Please produce a copy of any release or other agreement executed in consideration of any settlement occurring as a result of the collision referred to in this Complaint.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 10:   Please produce a copy of all demonstrative evidence and exhibits you and your attorney intend to introduce as evidence at trial or show the jury.

**RESPONSE:   Final decision has not been made regarding demonstrative evidence and exhibits that will ultimately be introduced at trial. Such evidence and exhibits will be identified as required by pretrial order. Out of an abundance of caution, Mr. Howard identifies the following relevant evidence, all of which was previously produced at Enterprise_Howard 000001 – 000095 and 000185 – 012137. Additionally, Defendant will rely**

15

on demonstrative exhibits included within CR 26 Reports of Eddie Crum and Dr. Kriss (to be supplemented). Additionally, Defendant will rely on exhibits attached to discovery depositions of both Plaintiff's and Defendant's respective experts. Defendants will further rely on demonstrative evidence summarizing Plaintiff's medical treatment before and after the accident. Defendant will also rely on any evidence produced by Plaintiff and/or other parties in discovery. Defendant will also rely on any evidence and exhibits identified in Plaintiff's Exhibit List. Defendants will rely on all articles referenced in CR 26 Reports produced by Plaintiff as well as CR 26 Reports produced by Defendants. Defendant will rely on Plaintiff's discovery answers. Defendants further reserve the right to supplement their Answer to this Interrogatory and supplement their Responses to Requests for Production of Documents.

REQUEST NO. 11: Copies of the title and latest tag receipt for the vehicles involved in the present collision.

**RESPONSE:  Mr. Howard does not possess responsive evidence.**

REQUEST NO. 12: Please produce a copy of any surveillance, movies, photographs, or similar depictions or images, taken of or depicting Plaintiff(s), by or on behalf of, or provided to, the Defendant at any time, or any photographs of the scene of the wreck in which Plaintiff was injured, or photographs of the vehicles involved in the wreck.

**RESPONSE:   Please refer to documents previously produced at Enterprise_Howard 000040 – 000091 and 012112 – 012137. Please also refer to forthcoming CR 26 Report of Eddie Crum.**

REQUEST NO. 13: Please produce a copy of any credit report or asset search report you have obtained regarding the Plaintiff.

Unsigned Answers Emailed to R. Morrin on 5/31/2024

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 14:   Please produce a copy of any document supporting any affirmative defenses alleged in your Answer.

**RESPONSE:  Counsel objects to Request No. 13 as being vague. Notwithstanding the foregoing objection, and subject to same, Mr. Howard identifies the following evidence previously produced at Enterprise_Howard 000040-000095 and 000185 – 012137.**

REQUEST NO. 15:   Please produce a certified copy of Clarence M. Howard's driver's history.

**RESPONSE:   Enterprise_Howard 012138-012139.**

REQUEST NO. 16:   Please produce a certified copy of Clarence M. Howard's cellular telephone records from one month before through one month after 8/10/2020.

**RESPONSE:  Mr. Howard does not possess responsive evidence.**

REQUEST NO. 17:   Copies of all documents, correspondence, and reports sent to or received from any federal, state, or local regulatory or law enforcement agency pertaining to this wreck, including but not limited to the Federal Motor Carrier Safety Administration.

**RESPONSE:  Please refer to documents previously produced at Enterprise_Howard 000092-000095 (previously produced).**

REQUEST NO. 18:  Copies of any documents or writings which you contend support any contention that this wreck was the fault of the Plaintiff or any other person or entity.

**RESPONSE:   Refer to documents previously produced at Enterprise_Howard 000040-000095 and 000185 – 012137. Also refer to transcript of Plaintiff's deposition and forthcoming CR 26 Reports of Defendant's experts.**

17

REQUEST NO. 19:   Complete copies of each and every insuring agreement, bond or reinsurance agreement, along with all declaration's pages, amendments, endorsements, and changes to the policies identified in response to the foregoing interrogatories.

**RESPONSE:   Refer to documents previously produced at Enterprise_Howard 000096 – 000182.**

REQUEST NO. 20:   For any physician you intend to disclose as an expert in this case, please provide the following information:

(a) The percentage of the physician's income attributable to performing medical examinations and other litigation related expenses, as well as the total amount of income derived by the physician from such litigation-related services, as required by *Primm v. Isaac*, 127 S.W.3d 630 (Ky., 2004).

   **RESPONSE:   Mr. Howard does not possess responsive evidence.**

(b) The amount charged by the physician for his examination of the litigant, for reviewing medical records relating to the litigant, for preparation of any report relating to his examination, and for his testimony relating to his report and examination of the litigant, as required by *Tuttle v. Perry*, 82 S.W.3d 920 (Ky., 2002).

   **RESPONSE:   Refer to documents previously produced at Enterprise_Howard 012138.**

(c) The number of examinations and evaluations performed by the physician on behalf of employers, insurance companies and other defendants in the previous twelve month period; the physician's charge for each such examination; and the charge for any deposition given by the physician as a result of an examination as required by *Metropolitan v. Overstreet*, 103 S.W.3d 31 (Ky., 2003).

18

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

(d) The number of examinations and evaluations performed by the physician on behalf of the attorney and/or firm requesting the examination in the previous twelve month period; the physician's charge for each such examination; and the charge for any deposition given by the physician as a result of an examination, as required by *Metropolitan v. Overstreet*, 103 S.W.3d 31 (Ky., 2003).

**RESPONSE:      Refer to documents previously produced at Enterprise_Howard 000183 – 000184.**

REQUEST NO. 21:   Please provide a legible copy of the front and back of Clarence M Howard's driver's license, including his CDL.

**RESPONSE:   Enterprise_Howard 012140-012141.**

REQUEST NO. 22:   Please provide a legible copy of the defendant driver's logs for at least the eight (8) day period preceding the collision and for at least the eight (8) day period after the collision.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 23:   Please provide a legible copy of the defendant driver's daily inspection reports for the three-month period preceding the collision.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 24:   Please provide legible copies of the defendant driver's annual inspection reports, including reports covering the date of the collision.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 25:   Please provide inspection, maintenance, and repair records for an appropriate period before and after the collision for your vehicle.

19

**RESPONSE:  Mr. Howard does not possess responsive evidence.**

REQUEST NO. 26:   Please produce all recorded information related to the vehicle accident on 8/10/2020 from any and all onboard devices including, but not limited to, black box information, GPS monitoring, or video recorder alongside printouts or data from any and all on-board recording devices.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 27:   Please produce all downloadable data from the Engine Control Module (ECM) on your vehicle from at least eight (8) days prior to the subject collision through the date of the collision.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 28:   Please provide copies of all documentation of Enterprise Services Group, LLC's company retention policies.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 29:   Please provide legible copies of the Bills of Lading, weight tickets, and hotel receipts for the eight (8) day period preceding the collision.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 30:   Please provide a legible copy of the Enterprise Services Group LLC's company policy and procedure manual and Driver's manual.

**RESPONSE:  Mr. Howard does not possess responsive evidence.**

REQUEST NO. 31:   Please provide all company records for safety meetings since 08/10/2015 through the date of the collision.

**RESPONSE:  Mr. Howard does not possess responsive evidence.**

20

REQUEST NO. 32:  Please provide a legible copy of the Enterprise Services Group, LLC's lease agreement for Clarence M. Howard.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 33:   Please produce all Enterprise Services Group payroll records, dispatch records and fleet management records.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 34:  Please produce a certified copy of Clarence M. Howard's driver/employment application to apply for employment with Enterprise Services Group, LLC.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 35:   Please produce all load-related communications made by or to Clarence M. Howard regarding the load he was transporting on 08/10/2020.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 36:   Please produce all Federal Motor Carrier Safety Regulation safety audits involving Clarence M. Howard from 08/10/2015 through 08/10/2020.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

REQUEST NO. 37: Please produce Clarence M. Howard's full driver medical certificate as of 08/10/2020, Department of Transportation Medical Records, and Physical assessment Records.

**RESPONSE:   Mr. Howard does not possess responsive evidence.**

HAMM, MILBY & RIDINGS, PLLC
120 NORTH MAIN STREET
LONDON, KY 40741
PHONE: 606-864-4126
FAX: 606-878-8144
EMAIL: marcia@hmrkylaw.com
ATTORNEYS FOR DEFENDANTS,

21

ENTERPRISE SERVICES GROUP, LLC AND
CLARENCE M. HOWARD

By: _____
          MARCIA MILBY RIDINGS

CERTIFICATE OF SERVICE:

    I hereby certify that a copy of the foregoing was served by emailing a true and accurate

copy to the following on this _____ day of _____, 2024:

Robert A. Morrin, Esq.
Morrin Law Office
*Attorney for Plaintiff*
**rob@morrinlawoffice.com**

Mindy G. Barfield, Esq.
Shaye Page Johnson, Esq.
Dinsmore & Shohl, LLP
*Attorney for Defendants,*
*National Indemnity Group of Insurance*
*Companies or National Indemnity Company,*
*And Vince Kline*
**mindy.barfield@dinsmore.com**
**shaye.johnson@dinsmore.com**

Gregg E. Thornton, Esq.
Ward, Hocker & Thornton, PLLC
*Attorney for Defendant,*
*Progressive Casualty Insurance Company*
**gthornton@whtlaw.com**

_____
OF COUNSEL FOR ABOVE-NAMED
DEFENDANTS

Unsigned Answers served upon R. Morrin via email on 5/31/2024.

22

Unsigned Answers Emailed to R. Morrin on 5/31/2024

Driver License Number: 067195431

Real ID: ★

Date of Birth: 07/07/1981

Address on the License: 320 FAIRBURN RD SW
APT B10 ATLANTA GA
30331-1911

Blood Type: N/A

Donor: N/A

Existing Fees        Points

$0             0

## License/ID Information

License Type:        Regular

Enterprise_Howard 012139

Unsigned Answers Emailed to R. Morrin on 5/31/2024



Enterprise_Howard 012140

Unsigned Answers Emailed to R. Morrin on 5/31/2024



Enterprise_Howard 012141

Unsigned Answers Emailed to R. Morrin on 5/31/2024