UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:22-CV-00238-KKC-EBA

CHARLES L. WALDEN,                                                  PLAINTIFF,

V.                                                  **ORDER**

ENTERPRISE SERVICES GROUP, LLC, *et al.*,                        DEFENDANTS.

*** *** *** ***

This matter is before the Court on Plaintiff Charles L. Walden's "Emergency Motion to Extend all Scheduling Order Deadlines, Compel Discovery Participation, and Reschedule Trial." [R. 177]. Due to the emergency nature of Mr. Walden's motion, the Court scheduled a hearing to occur on August 2, 2024, at 10:00 A.M., in Frankfort, which was cancelled after Plaintiff's counsel submitted notice of his unavailability. [R. 178; R. 179; R. 181]. Defendants filed a response to Walden's Emergency Motion. [R. 185]. For the reasons that follow, the undersigned will deny Walden's motion.

This action concerns a motor vehicle accident involving Walden and Defendant Clarence Howard, who was operating within the scope of his employment with Enterprise Services Group at the time of the collision. [R. 177 at pg. 2; R. 185 at pgs. 11–12]. Defense Counsel had been unable to contact Howard or a corporate representative of Enterprise and expressed that Defense Counsel had expended a great deal of time and money to find them, including hiring private investigators. [R. 185 at pg. 14]. Despite not having communicated with their clients, Defense Counsel filed answers on behalf of Howard and Enterprise. [R. 1]. On April 9, 2024, Defense Counsel submitted responses to Walden's First Set of Interrogatories and Requests for Production,

notifying Plaintiff's Counsel that these answers were produced to the best of their knowledge, and that they were still unable to contact either of their clients. [*Id.*]. However, around April 23, 2024, Defense Counsel advised that they located Mr. Howard and could schedule his deposition. [*Id.*]. Around May 31, 2024, after having the opportunity to finally speak with Howard, Defense Counsel submitted amended unsigned answers on his behalf to Walden's First Set of Interrogatories and Requests for Production of Documents and Walden's Requests for Admissions. [R. 185 at pg. 3]. Mr. Howard's deposition took place on June 14, 2024. [R. 147]. After the deposition, Defense Counsel served signed responses to Walden's First Set of Interrogatories on behalf of Mr. Howard. [*Id.*; R. 170-5; R. 170-6].

Defense Counsel has still never successfully contacted a corporate representative for Enterprise and counsel is of the impression that the company no longer exists. The discovery deadline in this action passed on August 1, 2024. [R. 145].

On July 10, 2024, Plaintiff's Counsel sent a lengthy email to the undersigned's chambers detailing various topics of disputed discovery. In the email, Plaintiff's Counsel asserted that Enterprise Services Group had failed to meaningfully participate in discovery and that Defense Counsel responded to discovery requests on its behalf. Plaintiff's Counsel then listed specific discovery requests that he demands that Defendants supplement. Specifically, Plaintiff's Counsel seeks information regarding: individuals with knowledge about liability or damages in this action; "confirmation" that Enterprise owned the vehicle driven by Howard; information about the time between the vehicle having issues and pulling over and the time of the collision; damages to Enterprise's vehicle and why it was pulled over at the time of the collision; Enterprise drivers' driving history; other vehicles owned by Enterprise; Enterprise policies, procedures, and safety records; and any equipment in the Enterprise vehicle.

Before the undersigned could review every discovery request allegedly at issue, Walden filed the pending Emergency Motion. [R. 177]. Walden moves to extend all discovery deadlines by seven months or, in the alternative, to enter default judgment against Enterprise Services Group for its failure to participate in this action. [R. 177 at pg. 13]. In support of the request, Walden alleges that: (1) Howard concealed the identity of known representatives of Enterprise Services Group and other witnesses until June 14, 2023, which caused significant delays in discovery; and (2) Enterprise Services Group has failed to participate in the discovery process in a meaningful way and is fraudulently avoiding participating in this litigation. [R. 177].

Pursuant to FED. R. CIV. P. 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." As the Sixth Circuit has held in the past, "[a] court asked to modify a scheduling order for good cause 'may do so only if [a deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'" *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)); *see also Inge v. Rock Fin. Grp.*, 281 F.3d 613 (6th Cir. 2002). Further, "[a]nother important measure under Rule 16's good-cause standard is whether modification of the scheduling order would prejudice the nonmoving party." *In re Onglyza (Saxagliptin) & Kombiglyze XR (Saxagliptin & Metformin) Prod. Liab. Litig.*, No. 5:18-MD-2809-KKC, 2022 WL 3050665, at *5 (E.D. Ky. Aug. 2, 2022), *aff'd sub nom. In re Onglyza (Saxagliptin) & Kombiglyze (Saxagliptin & Metformin) Prod. Liab. Litig.*, 93 F.4th 339 (6th Cir. 2024) (citation omitted).

Further, pursuant to FED. R. CIV. P. 37, the Court can issue sanctions against parties that fail to cooperate in discovery or comply with the Court's orders. One sanction that can be imposed against the offending party is rendering a default judgment against them. FED. R. CIV. P. 37(b)(2)(vi). "[T]he district court does not abuse its discretion in entering a default judgment where

a 'party has the ability to comply with a discovery order and does not[.]'" *Stooksbury v. Ross*, 528 F. App'x 547, 552 (6th Cir. 2013) (citations omitted). However, such a sanction is considered a last resort and should only be imposed if the party's failure to cooperate in the discovery process is because of willfulness, bad faith, or fault. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). The Sixth Circuit has established that the following four factors should be considered when determining if the entry of a default judgment is appropriate: "1) whether the party's failure to cooperate in discovery is due to wilful bad faith and not mere inability to cooperate, 2) whether the opposing party was prejudiced, 3) whether the offending party was warned that failure to cooperate could result in default judgment, and 4) whether less drastic sanctions were considered prior to an entry of default." *Ndabishuriye v. Albert Schweitzer Soc'y, USA, Inc.*, 136 F. App'x 795, 800 (6th Cir. 2005) (citing *Abbe*, 916 F.2d at 1073). "'Although no one factor is dispositive, dismissal [or default judgment] is proper if the record demonstrates delay or contumacious conduct.'" *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, No. CIV. 12-91-GFVT, 2014 WL 5107464, at *3 (E.D. Ky. Sept. 30, 2014) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). In other words, the opposing party's conduct "'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

First, Walden asserts that Defense Counsel and Mr. Howard intentionally withheld evidence of "load related communications" and that Mr. Howard lied about his possession of those communications. [R. 177 at pgs. 4–5]. Walden alleges that Defense Counsel withheld information in their April 9, 2024, responses to Walden's first discovery request, when responding "Counsel does not possess responsive evidence." [*Id.*]. However, Walden asserts that "Defendant Howard's

subsequent testimony at his deposition indicates that he did have responsive evidence of which he was or should have been aware on April 9, 2024." [R. 177 at pg. 4]. Despite Walden's claim, Defense Counsel and Mr. Howard did not withhold information. Defense Counsel answered on behalf of Mr. Howard and responded to Walden's first discovery request without having spoken to Mr. Howard on April 9, 2024. All the subsequent information that was later disclosed by Mr. Howard, in his deposition and in his supplemented discovery responses, were produced to both Plaintiff's Counsel and Defense Counsel for the first time. On April 9, 2024, Defense Counsel responded to Walden's discovery requests to the best of their ability, without having ever spoken to Howard. Some responses having later changed, as a result of having communicated with Howard for the first time, does not display bad faith on the part of Howard or Defense Counsel.

Similarly, Walden accuses Mr. Howard of committing perjury based on the May 31, 2024, discovery responses served on behalf of Mr. Howard after he was located. [R. 177 at pgs. 4–6]. According to Walden, Howard lied when he stated in the May 31, 2024, discovery responses that he did not possess responsive evidence as to "load related communications," because, when questioned on the subject at his June 14, 2024, deposition, he disclosed that all load communications were sent to him from Shanta Dixon via email, who had not been identified prior. [R. 177 at pg. 4]. Further, Walden asserts that Howard concealed the identity of Shanta Dixon because she was not listed in any discovery responses. [R. 177 at pg. 5]. As Defendants point out, however, it was because of Plaintiff Counsel's questioning that triggered Mr. Howard to recall that he received job assignments via email. [R. 185 at pg. 5]. It does not appear, based on the circumstances, that Mr. Howard "knowingly withheld" and denied possession of the email communication, but rather, remembered the communications and had the ability to more thoroughly respond to questioning during his deposition.

Walden further alleges that Howard's "perjury" has caused significant delay in obtaining the identity of relevant individuals who likely possess information which is essential to [Walden's] claims." [R. 177 at pg. 5]. Any delay, however, is only attributable to the time between Mr. Howard's May 31, 2024, supplemented discovery responses, and his June 14, 2024, deposition. Considering the fact that Defense Counsel supplied supplemental answers immediately upon reaching Howard for the first time, Defense Counsel did not have any information regarding load communication or potential witnesses. Therefore, any delay in Howard's incomplete responses to discovery were resolved on June 14, 2024, merely 14 days later.

Lastly, Walden takes issue with the fact that Enterprise has failed to participate in discovery in a meaningful way because Defense Counsel has not been able to communicate with a corporate representative for Enterprise regarding this action. [R. 177 at pg. 8]. Without having consulted with their client, Walden asserts, "Walden has not been able to obtain and review highly relevant information that is in the exclusive control of Defendant Enterprise." [R. 177 at pgs. 9–10]. Here, Defense Counsel filed a general answer on behalf of Enterprise Servies Group. Defense Counsel has been forthcoming throughout this action that they have not been in contact with any corporate representative of Enterprise Services Group and have conveyed throughout their filings in this action that they have dedicated extensive time, money, and effort by multiple private investigators to attempt to find and communicate with a corporate representative for Enterprise Services Group. [R. 185 at pg. 13]. Walden does not assert that Defense Counsel is withholding discoverable information, but rather, *if* they could find Enterprise, then they would have more information to disclose. Therefore, Defense Counsel has answered Walden's discovery requests to the best of their knowledge. Thus, Walden has failed to demonstrate good cause to amend the Scheduling Order at this time. Further, Walden has not provided proof that Defendants have acted in bad faith

during the discovery process or that Enterprise has otherwise engaged in contumacious conduct or delay. While continuing issues to have Enterprise meaningfully participate in the discovery process may prejudice Walden and Enterprise may need to be warned of the possible consequences should it fail to participate in this litigation, less drastic sanctions would need to be considered and proof of Enterprise's bad faith would need to be provided before the Court could contemplate issuing a default judgment against the Defendant. Accordingly,

**IT IS ORDERED** that Plaintiff Charles L. Walden's Emergency Motion to Extend all Scheduling Order Deadlines, Compel Discovery Participation, and Reschedule Trial, [R. 177], is DENIED.

Signed August 16, 2024.

