UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| CHARLES L. WALDEN | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO. 5:22-CV-00238-KKC** |
| | ) | |
| VS. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION FOR PARTIAL SUMMARY** |
| | ) | **JUDGMENT AS TO PLAINTIFF'S,** |
| ENTERPRISE SERVICES GROUP, LLC, | ) | **CLAIMS FOR PUNITIVE DAMAGES** |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Defendants Enterprise Services Group, LLC (hereinafter "Enterprise") and Clarence Howard (hereinafter "Howard") are entitled to judgment as a matter of law in their favor as to Plaintiff Charles Walden's claims for punitive damages. Plaintiff claims that while in the course and scope of his employment with Enterprise, Howard operated a box truck in a grossly negligent and reckless manner, alleging he caused the subject accident. However, even taking as true all of the Plaintiff's factual allegations regarding the accident, the evidence simply cannot satisfy the stringent requirements for punitive damages under Kentucky law. The facts and circumstances of this motor vehicle accident do not rise to the elevated level required to warrant punitive damages, especially here where Plaintiff bears at least some comparative fault. Accordingly, Plaintiff's claims for punitive damages against Enterprise and Howard must be dismissed.

## STATEMENT OF FACTS

This action arises from a motor vehicle accident in Madison County, Kentucky. (D.E. 1-1 at ¶ 2). Around midnight on August 10, 2020, Plaintiff, while traveling on the Northbound exit ramp of Exit 87 on I-75, smashed into the rear of Defendant Howard's disabled box-truck parked

on the right edge of the ramp. (D.E. 120-2, Collision Report; D.E. 120-3, Excerpts from Preliminary Collision Analysis Report, Eddie Cum, Crim Investigations, March 3, 2023). A portion (approximately three feet) of Howard's truck was situated partially across the fog line and in the traveled portion of the roadway. Stating that he was "tired and did not see Unit 2 [Walden] parked on the edge of the ramp," or the reflective warning triangles Walden placed behind the disabled truck, "Unit 1 [Plaintiff] struck the rear of Unit 2 [Walden]." (D.E. 120-2, at p. 2)

At all relevant times, Plaintiff had an unobstructed field of vision for the distance provided by his headlamps on dim. (D.E. 120-3, at p. 11). Weather conditions were not a factor as Plaintiff testified there was no rain or fog. (D.E. 120-4, Excerpts of Plaintiff Deposition, at p. 40). Accounting for the relevant widths and locations of the roadway and Howard's truck, Plaintiff had approximately eight (8) feet of maneuvering clearance to avoid the collision. (D.E. 120-3, at p. 10). Remarkably, Plaintiff did not even observe Howard's truck until he was only ten (10) feet away. (D.E. 120-4, at p. 40). This is so despite the presence of not only reflective warning triangles but also activated highway lamps providing lighting. (D.E. 120-2, at p. 1 ("Light Condition: 05 – Dark – Hwy Lighted/On")). And Plaintiff concedes, as he must, that he had more than sufficient space to avoid the collision. (D.E. 120-4, at pp. 38-39). Whether the result of fatigue, inattention, influence of illegal substances, or a combination of all three, this collision would not have occurred but for Plaintiff's failure to exercise reasonable care "by keep[ing] a lookout ahead for other . . . vehicles in front of him or so near his intended line of travel as to be in danger of collision[.]" Palmore and Cetrulo, Kentucky Instructions to Juries, Civil § 16.30, Instruction 1(a).

Instead, Plaintiff:

> failed to recognize the closing distance of his vehicle and the parked Enterprise Freightliner until approximately 10 feet prior to the impact event. This would be consistent with the reported statement of fatigue by the investigating officer or some type of inattention. If

[Plaintiff] had perceived and reacted to the Enterprise Freightliner in a time frame that would have allowed an avoidance maneuver prior to the impact event, [Plaintiff] would have had the lateral distance to avoid the collision. This is represented in the following demonstrative diagrams prepared from the site visit and the police photographs[:]



Demonstrative diagram of the collision event using the available evidence.



Demonstrative diagram of measurements and possible clearance path of the Walden Vehicle.

(D.E. 120-3, at pp. 12-13).

Plaintiff's negligence aside, there is literally not one iota of evidence that Mr. Howard's actions reflect wanton or reckless disregard for the lives, safety, or property of others.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Once a moving party has demonstrated that the issues asserted are legal issues particularly suited for this Court's determination and "there is an absence of evidence to support the nonmoving party's case," the burden shifts to the non-moving party, who must then come forward with specific facts showing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

To meet its burden of demonstrating a genuine issue of material fact, the nonmoving party must do more than merely present evidence on a disputed issue. "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50, (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586-87 (1986). The evidence must be more than merely the nonmovant's pleadings and own affidavits. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990). A mere denial of the facts alleged is insufficient to defeat a motion for summary judgment. *Anderson*, 477 US. at 256. If the nonmoving party cannot establish its case by competent and admissible evidence, summary judgment must be granted. Moreover, the Supreme Court reaffirmed that the nonmoving party must deduce more than a scintilla of evidence in its favor and cannot simply reassert factually unsupported allegations contained in its pleadings. *See id*. at 250-

4

51. Additionally, Fed. R. Civ. P. 54(b) authorizes the court to grant a judgment on less than all the claims in an action.

## ARGUMENT

### A. Plaintiff's claim for punitive damages against driver Howard fails.

Plaintiff seeks to hold Howard and Enterprise liable for punitive damages for Howard's actions. In support, Plaintiff's Complaint merely alleges that "Howard operated the said 2012 Freightliner XCL Chassis, and did so with gross negligence, causing tortious injury to the Plaintiff." (D.E. 1-1 at ¶7). Yet, the only purported acts or omissions Plaintiff alleges against Howard are that "Howard operated that vehicle in a negligent, careless, and reckless manner, causing a collision by having an improperly parked vehicle and not taking the appropriate and required safety measures, including but not limited to not putting out the correct number of reflective triangles." (*Id.* at ¶10). Even if these allegations were accepted as true, they are reflective of negligent conduct only, at worst. This legal theory is without merit and should be dismissed as a matter of law and with prejudice as there is no evidence of gross negligence in this case.

In the case at bar, the question presented is purely legal in nature - based upon the above facts, has the Plaintiff stated a cause of action against the individual Defendants that would allow for the imputation of punitive damages? However, Plaintiff cannot point to any record evidence that Howard or Enterprise acted in such a way as to justify an award of punitive damages. Furthermore, Kentucky courts have held that the assessment of punitive damages in car wreck cases is only warranted under certain factual scenarios, none of which are present in the facts of this case. *Kinney v. Butcher*, 131 S.W.3d 357, 359 (Ky. App. 2004).

To warrant an award for punitive damages under Kentucky law,[1] there must be a "finding of failure to exercise reasonable care, and then an additional finding that this negligence was accompanied by wanton or reckless disregard for the lives, safety or property of others." *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389-90 (Ky. 1985). KRS § 411.184(2) codifies the standard under which a claimant may recover punitive damages: "A plaintiff shall recover punitive damages only upon proving, by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice." "[T]he well established common law standard for awarding punitive damages was [and is] gross negligence." *Kinney*, 131 S.W.3d at 358-59 (citing *Williams v. Wilson*, 972 S.W.2d 260, 264 (Ky. 1998)). While the precise language has changed from time to time, "the prevailing understanding defines gross negligence as a 'wanton or reckless disregard for the safety of other person.'" *Id.* at 359 (quoting *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 52 (Ky. 2003)).

In the context of automobile collisions, the Kentucky Court of Appeals routinely holds that "[n]early all auto accidents are the result of negligent conduct, though few are sufficiently reckless as to amount to gross negligence, authorizing punitive damages." *Id.* Illustrative of the application of the above legal standards for the imposition of punitive damages are the following fact patterns of several Kentucky cases.

In *Kinney*, the defendant was "traveling at a possible speed of ten miles per hour in excess of the posted speed limit and fail[ed] to complete a pass before entering a no-passing zone." *Id.* The Court of Appeals held that this constituted "nothing more than ordinary negligence" and did not support a punitive damage award. *Id.* In *Shortridge v. Rice*, 929 S.W.2d 194, 198 (Ky. App.

---

[1] The substantive law of Kentucky is to be applied in this diversity action. *See Erie Railroad v. Tomkins*, 304 U.S. 64, 78 (1938).

2004), punitive damages were found to be proper, as the driver admitted to being intoxicated at the time of the collision and driving in excess of the speed limit without headlights. In *Gersh v. Bowman*, 239 S.W.3d 567, 572 (Ky. App. 2007), the court found that a punitive damage instruction was appropriate, wherein the defendant "was traveling twenty-four miles per hour over the posted speed limit for the road, and at least thirty-four miles per hour more than the speed limit for the curve, with two passengers in his vehicle." Additionally, there was testimony that at least one of his passengers advised him of a sharp curve ahead, indicating he should slow down, which the defendant acknowledged but ignored. *Id.*

Distinct from the representative cases above where the courts found punitive damages to be proper, Howard was not intoxicated in any way, was not driving in excess of the speed limit, was not using his cell phone at the time of the collision, and was not issued any type of citation or ticket as a result of the collision. In fact, the evidence as laid out in the facts, warrants a finding of a majority, if not all, of the fault on Plaintiff in causing the collision.

In addition, federal courts applying Kentucky law on punitive damages have likewise determined that simple negligence in an automobile accident does not amount to *gross* negligence warranting punitive damages.[2] In fact, in *M.T. v. Saum*, 3 F. Supp. 3d 617, 624 (W.D. Ky. 2014),

---

[2] *See Turner v. Werner Enter.*, 442 F. Supp. 2d 384, n. 2 (E.D. Ky. 2006) (disallowing punitive damages as a matter of law where truck driver was, at best, negligent for driving while sleepy); *Estate of Embry v. GEO Transp. of Ind., Inc.*, 478 F. Supp. 914, 921 (E.D. Ky. 2007) (punitive damages not appropriate where a tractor-trailer driver choked on coffee while driving and crossed into oncoming traffic); *Spaulding v. Tate*, No. 3:11-18-DCR, 2012 WL 3845411 (E.D. Ky. Sept. 5, 2005) (granting defendant's motion for partial summary judgment where defendant driver attempted an improper and ill-advised lane change while traveling in a construction zone); *Holman v. Beauchamp*, No. 08-384-KSF, 2009 WL 2589637 (E.D. Ky. Aug. 19, 2009) (granting defendant's partial summary judgment as to punitive damages where defendant drove onto street and into the path of an oncoming vehicle and caused a collision); *Oaks v. Wiley Sanders Truck Lines, Inc.*, No. 07-45-KSF, 2008 WL 2859021 (E.D. Ky. July 22, 2008) (granting defendant's partial summary judgment as to punitive damages where defendant "ran" a stop light and caused an accident); *Gordon v. Turner*, No. 13-136-DLB-CJS, 2016 WL 3636073, at *12 (E.D. Ky. June 29, 2016) (holding that "[t]here is simply no indication that [the defendant driver] did anything more than make poor driving choices that left him unable to avoid a collision.").

the court observed that "Kentucky courts have largely disallowed punitive damages as a matter of law in cases involving vehicle accidents."

During the course of discovery, Defendants propounded specific interrogatories asking Plaintiff to "state with specificity each and every action of the Defendant which the Plaintiff claims entitled him to punitive damages." Plaintiff indicated that the only conduct in support of punitive damages is that "Defendant Howard did not follow proper regulations including but not limited to 49 CFR § 392.22 and had an improperly parked vehicle and did not take the appropriate and required safety measures, including but not limited to not putting out the correct number of reflective triangles." Plaintiff has not supplemented his answer to this interrogatory even after further discovery and depositions have been taken.

Even if such allegations were true, the mere violation of a regulation is insufficient to warrant a punitive damages instruction. In general, the violation of a statute establishing rules of the road does not constitute gross negligence or willful or wanton conduct sufficient to support an award of punitive damages. *See, e.g. Horn v. Hancock*, 700 S.W.2d 419, 421 (Ky. App. 1985) (overruled on other grounds by *Cooper v. Fultz*, 812 S.W.2d 497 (Ky. 1991)). Unlike the operative rule in the case of simple negligence, the fact of a violation ordinarily does not constitute gross negligence or other aggravated misconduct, or even evidence of such misconduct. *Id.* In *Horn*, the Kentucky Court of Appeals held that failing to have a lead vehicle in front of a tractor-trailer carrying an oversized load as required by statute, did not, absent further evidence of reckless, wanton or willful misconduct, warrant an instruction on punitive damages. *Id.* In short, alleging traffic violations alone will not entitle a plaintiff to punitive damages.

Therefore, Plaintiff has not met his burden of proving by clear and convincing evidence that Howard acted with oppression, fraud, or malice toward him, as required by Kentucky law and

statute. Even viewing the facts in a light favorable to Plaintiff, there is simply no proof of intentional or wanton conduct or of gross negligence which would warrant presenting the issue of punitive damages to a jury. To allow this claim to remain is extremely prejudicial to Defendants, as it allows the introduction of otherwise inadmissible evidence under the guise of proving violations of regulations and a culture of noncompliance. The true purpose of such evidence would be to inflame the passions of the jurors. Such evidence would distract the attention of the jurors from the true issues in this case, and there is a great risk that the jury would misuse the evidence in determining fault and appropriate damages.

### B.  Plaintiff's claim for punitive damages against Enterprise fails.

Plaintiff also requests punitive damages against Enterprise for Howard's conduct. (D.E. 1-1, at p. 10). In his Complaint, Plaintiff bases such request upon the broad, unsupported allegation: "Defendant Howard, individually and/or whose actions are imputed to his employer under the doctrine of *respondeat superior*, operated the said vehicle in a grossly negligent, careless, and reckless manner, causing the collision." (*Id.* at ¶18). Plaintiff also alleges that Enterprise failed to "properly hire, train, and supervise the activities of its employees, including Howard, in the operation and maintenance of its commercial vehicles." (*Id.* at ¶19).

Under Kentucky law, punitive damages cannot be assessed against a principal or employer for the act of an agent or employee unless such principal or employer: (1) authorized the conduct; or (2) ratified the conduct; or (3) should have anticipated the conduct in question. *See* KRS § 411.184(3). Thus, in order for Plaintiff to be able to recover punitive damages against Enterprise, he must prove both: (1) that Howard was grossly negligent; and (2) that Enterprise authorized, ratified, or should have anticipated Howard's gross negligence. *See id.*; *McGonigle v. Whitehawk*, 481 F. Supp. 2d 835, 841 (W.D. Ky. 2007).

Under Kentucky law, it is very difficult to obtain punitive damages against an employer for the negligent acts of its employees. *See McGonigle*, 481 F. Supp. 2d at 842 ("Very few cases on record have recognized vicarious liability for punitive damages."); *Berrier v. Bizer*, 57 S.W.3d 271, 283 (Ky. 2001) ("Kentucky is the only state with a statute that so broadly limits vicarious liability for punitive damages."). The Kentucky Supreme Court has only allowed vicarious liability for punitive damages "when the employer was aware that the employee had previously engaged in similar unacceptable behavior or when the employer condoned the wrongful action taken by the employee." *Estate of Presley v. CCS of Conway*, No. 3:03-CV-117-H, 2004 WL 1179448, at *4 (W.D. Ky. May 18, 2004).

Even assuming arguendo that Plaintiff could establish the second element (ratification), his punitive damages claim nevertheless fails for the same reason it fails with Howard. Under no circumstances has Plaintiff articulated any conduct on behalf of Defendants that would amount to gross negligence. However, even if Plaintiff presented sufficient proof to warrant punitive damages against Howard, he would be unable to recover punitive damages against Enterprise as a result of Howard's conduct. Plaintiff has not introduced any facts or evidence to prove that Enterprise condoned unsafe driving or that Enterprise should have anticipated the accident. Rather, Plaintiff has merely set out bald statements with no supporting factual basis. "Stating that [Enterprise] 'authorized' the purported grossly negligent driving simply by authorizing [Howard] to drive tractor-trailers is not enough for purposes of liability under KRS § 411.184(3). *Jones v. Blankenship*, No. 6:06-109, 2007 WL 3400115, at *3 (E.D. Ky. Nov. 13, 2007). "Such a conclusion would automatically impute liability to an employer in every action for punitive damages, a completely illogical result under state law that purports to strongly limit vicarious liability for punitive damages." *Id.* (citing *Berrier*, 57 S.W.3d at 283).

In sum, there is no basis for Plaintiff's contention that Enterprise either authorized or should have anticipated Howard's conduct, even were the Court to assume that his conduct amounted to gross negligence. Thus, Plaintiff cannot maintain his claim for punitive damages against Enterprise.

## CONCLUSION

Plaintiff fails to meet the clear and convincing standard required to impute punitive damages to either Howard or Enterprise. As such, Defendants are entitled to the entry of partial summary judgment in their favor

<div style="margin-left:40%;">

Respectfully submitted,

HAMM, MILBY & RIDINGS, PLLC
120 NORTH MAIN STREET
LONDON, KY 40741
PHONE: 606-864-4126
FAX: 606-878-8144
EMAIL:  marcia@hmrkylaw.com
EMAIL:  jridings@hmrkylaw.com
ATTORNEYS FOR DEFENDANTS,
ENTERPRISE SERVICES GROUP, LLC AND
CLARENCE M. HOWARD


By:  /s/ Jay Ridings                                    
      JAY MILBY RIDINGS

</div>

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

<div style="margin-left:40%;">

  /s/ Jay Ridings                                    

</div>

COUNSEL FOR DEFENDANTS, ENTERPRISE SERVICES GROUP, LLC and CLARENCE M. HOWARD