UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| CHARLES L. WALDEN | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 5:22-CV-00238-KKC |
| | ) |
| ENTERPRISE SERVICES GROUP, LLC | ) |
| CLARENCE M. HOWARD, AND | ) |
| NATIONAL INDEMNITY GROUP OF | ) |
| INSURANCE COMPANIES OR | ) |
| NATIONAL INDEMNITY COMPANY, | ) |
| VINCE KLINE, AND PROGRESSIVE | ) |
| CASUALTY INSURANCE COMPANY | ) |
| | |
|    Defendants | |

\*\*\*\*\*\*\*\*\*\*

**MOTION TO ALTER, AMEND, OR VACATE 08/16/2024 ORDER**

\*\*\*\*\*\*\*\*\*\*

Comes the Plaintiff, CHARLES L. WALDEN, by and through counsel, and pursuant to FRCP 59 (e) and FRCP 60 (b) (6), for his Motion to Alter, Amend, or Vacate the Court's Order entered 08/16/2024 [Doc 186], hereby states as follows:

**STANDARD**

There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify

1

relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law. *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005)

Plaintiff proposed relief in his original Emergency Motion that is less severe than a Default Judgment but none-the-less such relief was not addressed by the Court in its Order denying the Motion because the Court determined that despite the significant delays caused by the Defendants elusiveness, dishonesty, and fraud, "good cause" to amend the scheduling order had not been demonstrated, although there is no mention in the Order as to how the Plaintiff could have been more diligent or made any indication as to what the Court expected the Plaintiff to do to help the Defendants meet their most basic duties in this matter. Generally, Defendants are required to participate in discovery and the discovery rules are required to be used to effect their purpose of adequately informing the litigants in civil trials. "The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Schlagenhauf v. Holder*, 379 U.S. 104, 114–115, 85 S.Ct. 234, 241, 13 L.Ed.2d 152 (1964); *Hickman v. Taylor*, 329 U.S. 495, 501, 507, 67 S.Ct. 385, 388, 391, 91 L.Ed. 451 (1947); *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635, 1649, 60 L. Ed. 2d 115 (1979). This is all that has been requested by Mr. Walden. Mr. Walden would like the opportunity to obtain the full benefit of discovery as the rules were intended to provide.

The Court indicated that one of the relief options requested by the Plaintiff—Default Judgment—was too severe, that "less drastic sanctions would need to be considered," yet denied the less drastic, and primary remedy, requested by the Plaintiff to "extend all discovery deadlines by at least seven (7) months" (emphasis added); apparently, because the Court thought Mr. Walden was alleging "good cause" to do so exists because defense counsel should have

2

communicated with the elusive Defendant Enterprise Services Group, LLC[1]. "Good cause" to extend the discovery deadline exists because Defendant Howard, the driver, was not located until six (6) months after discovery was sent and over one (1) year, eight (8) months after Mr. Walden filed his Complaint. Mr. Walden could not timely prosecute his claim in that time and without actual responses from Defendant Howard, not meaningless responses reflecting knowledge of Defense Counsel, since discovery responses regarding a counsel's knowledge and not the knowledge of the party to whom the discovery is submitted must be considered "non-responsive," especially if there is a lack of reasonable inquiry. The Court notes that Defendant Howard must have just remembered the identity of his dispatcher he knew for years when he was questioned by Plaintiff's Counsel at deposition, repeating Defense Counsel's argument. Had a reasonable inquiry into the Howard discovery responses been conducted once Howard was located, then he wouldn't have been suddenly triggered into remembering the name of his dispatcher friend's name at the deposition. Hopefully, this matter makes it to a jury so they can see how laughable of an explanation this all is. The idea that a completely self-serving memory is somehow occurring by accident will be laughed out of the courthouse, and it should have been laughed out of the Judge's Chambers already.

    The Court's current Order is unduly prejudicial to the Plaintiff in that it rewards Defendant Howard's elusiveness and self-serving memory, what most would call "dishonesty," and even worse the Court's Order rewards the fraud Defendant Enterprise Services Group, LLC committed against Georgia to avoid legal liability by providing a false address for its agent of service. There is no greater diligence by the Plaintiff that could have prevented this elusiveness

---

[1] "Walden does not assert that Defense Counsel is withholding discoverable information, but rather, if they could find Enterprise, then they would have more information to disclose. Therefore, Defense Counsel has answered Walden's discovery requests to the best of their knowledge. Thus, Walden has failed to demonstrate good cause to amend the Scheduling Order at this time." [R.186 at *6]

and dishonesty and this is reason enough to find "good cause" to extend the discovery deadlines. Discovery is supposed to mean something. Our Federal Courts are supposed to make sure that it does and that the matters before them are determined on the merits. The fact that Defendant Enterprise Services Group filed objectively fraudulent documents with the Georgia Secretary of State—documents that were both filed in 2024 and which indicate they are an **active** corporation with a registered agent, but yet said agent cannot be located at the provided address by local law enforcement—is certainly "good cause" to amend the Scheduling Order. There is nothing Mr. Walden could have done more diligently to cause Mr. Howard to be located sooner, or to trigger his memory any sooner than when the discovery was submitted and presumably reviewed with him six (6) months later, or to prevent Defendant Enterprise Services Group, LLC from committing fraud against the State of Georgia to avoid having their agent of service serviced for purposes of legal accountability. Mr. Walden has been trying to prosecute his claim diligently but he cannot enforce the duties the Defendants have to participate in this matter without an Order from the Court upholding the purpose of discovery.

      The Court appears to have denied Mr. Walden's Motion primarily on its belief Default Judgment to be too severe of a remedy and that "good cause" to amend the Scheduling Order was not found because Defense Counsel didn't intentionally withhold information and no proof of bad faith was provided. However, that is not the standard for granting a default judgment for lack of participation in discovery since "willfulness, bad faith, or **fault** (emphasis added)" are reason enough to impose a default judgment. *Bank One of Cleveland,* N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990). Defendant Enterprise Services Group, LLC was properly served under the Kentucky Long Arm Statute. It is plainly their responsibility to participate in discovery or to suffer the consequences. The fault belongs to Defendant Enterprise. They have been absent

4

throughout this matter and have displayed "reckless disregard" of the effect of their conduct on these proceedings. *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

      Although the Defendants have acted in reckless disregard, the Court's Order provides no remedy, no justice for Mr. Walden, for the elusiveness of the Defendants, and the clear fraud of Defendant Enterprise Services Group, LLC; to the obvious benefit of the non-cooperating Defendants and to the unduly prejudicial effect against the Plaintiff. The Court acknowledged a need for some kind of remedy or sanction to move discovery along and then refused to take action necessary to allow Plaintiff to conduct discovery as intended by the rules. Rather than taking either requested action, the Court indicated there are other sanctions available that may be more appropriate, then refused to exercise its discretion to allow proper discovery in this matter.

      "But the Court can impose alternative sanctions in its discretion. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 783–84 (6th Cir.2003)" *Ellis v. Arrowood Indem. Co.*, 115 F. Supp. 3d 869, 871 (E.D. Ky. 2015).

      There is literally nothing else the Plaintiff could have done to be more diligent and the discovery deadlines should be extended to allow Plaintiff to properly prosecute his case. The Court's current standing Order enables the Defendants' refusal to properly participate in this litigation and it forces the Plaintiff to blindly prosecute his claim without the benefit of discovery every other federal Plaintiff enjoys. Along with several other arguments properly filed by the Plaintiff, the Order doesn't even mention or address Plaintiff's request to re-open Defendant Howard's deposition due to the new discovery answers provided by his counsel AFTER his deposition. Instead, the Order misstates the timeline of the multiple varying discovery answers provided by Defendant Howard's counsel.

5

## ARGUMENT

"Good cause" to modify a scheduling order is established when the moving party has been diligent in attempting to meet the order's requirements. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *see also*, *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Plaintiff has attempted to prosecute his claim against absent defendants to the best of his ability. Prior to locating Defendant Howard, Mr. Walden answered ***multiple*** sets of discovery from defendants' counsel, gave his deposition, and complied with the Court's scheduling orders to the best of his ability, including providing expert disclosures. However, the fact remains and is undisputed that Defendant Howard remained hidden and unavailable until April of 2024. Upon locating Defendant Howard, his deposition was immediately scheduled in order to **begin** discovery with him. Furthermore, Defendant Enterprise **IS** an active corporation with the Georgia Secretary of State, yet has not offered a single syllable of participation in this litigation. Defense Counsel alleges the Defendant Enterprise is inactive, and the Court seems persuaded by such a statement, although it is very obviously an active entity as evidence by "Exhibit N" filed herein as Document 177-13 which shows Defendant Enterprise received a Certificate of Reinstatement in Georgia as of February 16, 2024. Counsel of record received an Alias Summons from the clerks on 05/17/2024 and should have known the entity was active from that date forward. Defense Counsel made statements to Plaintiff's Counsel that he had been trying to reach Defendant Enterprise at the address on the Alias Summons. Defense Counsel has not been able to do so because Defendant Enterprise committed fraud by providing a bogus address for their agent of service. Defendant Enterprise should not be alleviated or otherwise excused from its fundamental duties simply because it committed fraud on the Georgia State Government. This

is yet another example as to why this Court is called upon to enforce the discovery responsibilities of the Defendants. All of the diligence in the world from Mr. Walden cannot overcome the absence of these Defendants, the fraud of Defendant Enterprise, and the refusal of Defendant Howard to make himself available for this matter until April of 2024.

### I. Significant Delay Locating Defendant Driver.

It is not in dispute that the Defendant driver was not located and in contact with his counsel until approximately April of 2024. He was not located and able to provide information to his counsel regarding the facts and circumstances of this matter until six (6) months after discovery was sent and over one (1) year, eight (8) months after Mr. Walden filed his Complaint. That delay is a significant amount of time, and is readily distinguishable from the purported "delay" that the Defendants attempt to assert that Mr. Walden himself had in waiting until the end of his statutorily allowed time to file his Complaint. The delay in locating Defendant Howard in order to allow Mr. Walden to conduct basic discovery is sufficient justification for extending the scheduling order deadlines in an amount comparable to the delay that Mr. Walden experienced by the disappearance of Defendant Howard. There is no greater diligence Mr. Walden could have performed to prevent this significant delay.

### II. New Information Provided at Howard's Deposition.

There was not sufficient time between the Defendant finally identifying relevant individuals and the discovery deadline, especially in light of the number of expert witness depositions that also had to be scheduled. The initial discovery request was sent to the Defendants on October 12, 2023, and Plaintiff Walden should have had the identity of the

dispatcher since November 12, 2023. But, Plaintiff had to file a Motion compelling Defendants to provide any response to discovery [R.116] (the vast majority of which were that Counsel does not have responsive information), had to wait until Defense counsel could locate the driver in order to provide supplemental responses (which claimed that the Defendant himself did not have any responsive documents), and then still had to wait to take the Defendant's deposition in order to parse out that he did in fact have information and documentation that is highly relevant to the matters at hand.

Mr. Walden provided relevant legal authority in his Motion for extending the scheduling order deadlines, namely that regardless of whether Mr. Howard **concealed** information or (as his counsel asserts) suddenly **remembered** new information, Kentucky courts have held that new information after a deposition has concluded is sufficient justification to amend a scheduling order, especially to allow for additional depositions:

> The production of new information after a deposition has concluded usually provides sufficient justification for amending the scheduling order and permitting additional depositions. *Babcock Power, Inc. v. Kapsalis*, 3:13-CV-717-CRS, 2015 WL 9257759, at *4 (W.D. Ky. Dec. 17, 2015) (good cause for subsequent deposition when documents later produced were unavailable at the time of the first deposition). See also *G & E Real Estate, Inc. v. Avison Young-Washington, D.C., LLC*, 323 F.R.D. 67, 71 (D.D.C. 2017) ("Given the indisputable fact that additional relevant materials have been produced by Plaintiff after the close of the discovery period, the Court finds good cause for reopening discovery in this case."); *In re Rail Freight Fuel Surcharge Litigation*, 281 F.R.D. 12, 14-15 (D.D.C. 2011) (good cause for additional deposition when documents produced on last day of discovery after first deposition had already occurred).

*Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, CIVIL ACTION No. 3:13-CV-82-CRS, at *4 (W.D. Ky. Feb. 26, 2019).

While the Court may believe that the concealment or sudden remembrance of this information does not justify an immediate Default Judgment, our caselaw is clear that it is sufficient to extend scheduling order deadlines in order to allow the parties to fully conduct

discovery. The Court has a duty to protect the sanctity of the discovery process and the justice the discovery rules are meant to disburse. All parties must be allowed sufficient time to depose new individuals with highly relevant information.

### III. Objectively False Company Documents Filed by Enterprise Services Group with the Georgia Secretary of State.

The Court did not appear to address in its Order that service has been perfected upon Defendant Enterprise Services Group, and that Defendant Enterprise Services Group **IS** an active corporation with the Georgia Secretary of State, instead, choosing to defer to Defendant's counsel's "impression that the company no longer exists." However, it is an indisputable fact that an agent for Enterprise Services Group filed documents with the Georgia Secretary of State in February of 2024. These documents requested that this business be reinstated as an active entity (a request which was granted by the Georgia Secretary of State, making Enterprise Services Group currently an active company), and required that the agent for the entity provide a valid name and address at which the entity can be located.

The Court stated in its Order that "Walden has not provided proof that Defendants have acted in bad faith during the discovery process or that Enterprise has otherwise engaged in contumacious conduct or delay" and that "proof of Enterprise's bad faith would need to be provided". While "bad faith" is not required, Mr. Walden clearly provided proof of "fault" in his initial Motion, as service was attempted on this entity at its new address by local law enforcement but the agent of service was determined to not reside or work at the residential location. Defendant Enterprise Services Group cannot be located by law enforcement at the address it provided to the Georgia Secretary of State because Defendant Enterprise provided an

9

ineffective address for their agent of service. Defendant Enterprise Services Group filed an application for reinstatement with the Georgia Secretary of State that contains objectively false information. These documents indicate that a representative for ESG can be reached at a certain address, which is clearly false and fraudulent, as evidenced by the actions and official documentation of the DeKalb Co. Sheriff's Department. As this Defendant has continued to conceal their location from this Court, it is reasonable for this Court to extend the scheduling order deadlines so that at least some highly relevant information can be obtained by the Plaintiff through the deposition of an agent of Defendant Enterprise Services Group (Ms. Shanta Dixon).

## CONCLUSION

The Plaintiff has done what he can do in this matter to prosecute his claim. If the Defendants are permitted to skirt the discovery rules then Plaintiff cannot obtain the fundamental justice he is entitled to; justice this Court is required to protect. This Court should vacate its Order denying Plaintiff's Motion because the Order contains mistakes of fact as to Plaintiff's arguments put forth in his Motion as well as its belief, caused by statements of the Defendants through their counsel, that Defendant Enterprise is an inactive entity, does not address what Mr. Walden should have done to be more diligent in its discussion of "good cause," and improperly relies upon a standard of "bad faith" to deny Default Judgment, and to reach its determination that Mr. Walden isn't entitled to the fundamental rights of discovery to which every other Plaintiff is entitled. Mr. Walden asks this Court to grant his Motion to the extent it allows him the benefit of discovery to which he is entitled, and to have this matter determined fairly on the merits.

**WHEREFORE**, for the foregoing reasons, the Plaintiff requests the Court's Order dated August 16, 2024 [Doc 186] be altered, amended, or vacated to extend the scheduling order deadlines so fact discovery may be reasonably completed, and alternatively, for any proper relief this Court is willing to provide to Mr. Walden so he may properly prosecute his claim and obtain his day of justice in court; whether that's compelling discovery and a deposition by Enterprise Services Group, fines, awarding attorney fees, or finding Defendant Enterprise in contempt of court.

Respectfully Submitted,

MORRIN LAW OFFICE

 /s/*Robert A. Morrin*  
Hon. Robert A. Morrin (KBA # 94368)  
214 West Main Street  
Richmond, KY 40475  
(859) 358-0300  
*Counsel for Plaintiff*

\* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2024, a true and correct copy of the foregoing was filed through the Court's eFiling system, which serves a copy on all counsel of record.

 /s/*Robert A. Morrin*  
Hon. Robert A. Morrin (KBA # 94368)  
MORRIN LAW OFFICE  
*Counsel for Plaintiff*