UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| CHARLES L. WALDEN | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 5:22-CV-00238-KKC |
| | ) |
| ENTERPRISE SERVICES GROUP, LLC | ) |
| CLARENCE M. HOWARD, AND | ) |
| NATIONAL INDEMNITY GROUP OF | ) |
| INSURANCE COMPANIES OR | ) |
| NATIONAL INDEMNITY COMPANY, | ) |
| VINCE KLINE, AND PROGRESSIVE | ) |
| CASUALTY INSURANCE COMPANY | ) |

   Defendants amended

\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORTS (R. 187)**

\*\*\*\*\*\*\*\*\*\*

Comes the Plaintiff, CHARLES L. WALDEN, and for his Response to Defendants' Motion to Strike Plaintiff's Supplemental Expert Reports (R. 187), hereby states as follows:

## INTRODUCTION

Plaintiff filed his initial Expert Disclosures on 12/5/2023 in accordance with this Court's order. Plaintiff submitted supplemental reports from Dr. Wilson and Rebecca Clay on 7/30/2024 [R.176 and R. 180, respectively], and from Dr. Changaris on 7/31/2024 [R.182]. Defendants have filed a Motion to Strike these supplemental reports. However, the Court should accept these supplemental reports in the spirit of the Federal Rules of Civil Procedure (Rules 1, 26, and 37)

1

because these reports are in fact, supplemental, not putting forth any new theories of liability, and the error in delay to produce the supplemental reports is substantially justified and harmless.

## LEGAL STANDARDS

Under Federal Rules of Civil Procedure 26(a)(2)(B), parties must disclose experts and further requires these expert disclosures to be accompanied by a written report. *Rowe v. Case Equip. Corp.*, 105 F.3d 659 (6th Cir. 1997). Rule 26(a)(2)(b)(i) provides further instruction for expert reports, requiring "a complete statement of all opinions the witness will express and the basis and reasons for them[.]" *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262 (6th Cir. 2010). However, Rule 26(e)(2) allows parties to supplement expert disclosures "in a timely manner if [they] learn that the disclosure is incomplete or incorrect, and the additional information has not been made known to the other party during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2).

Rule 37(c)(1) details that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially *justified* or is *harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added). Courts have held that Rule 26(e)(2) "provides three circumstances for allowing an expert to supplement [their opinion]: . . . (1) to correct an error or inaccuracy; (2) to respond to an opposing expert pointing out gaps in the supplementing expert's chain of reasoning; or (3) to reflect an expert's changed opinion." *Hoskins Oil Co., LLC v. Equilon Enterprises, LLC*, No. 3:16-CV-417-JRG-DCP, 2019 WL 691394 (E.D. Tenn. Feb. 19, 2019) (citing *Eiben v. Gorilla Ladder Co.*, No. 11-CV-10928, 2013 WL 1721677, at *6 (E.D. Mich. Apr. 22, 2013).

**ARGUMENT**

Rule 1 of the Federal Rules of Civil Procedure provides that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding," and enumerates a "preference for determination of cases on the merits." To determine whether a failure to provide information under FRCP 37 is substantially justified and harmless, the Court looks to five factors set forth in *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). The five factors are: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. Plaintiff bears the burden of showing whether the failures were substantially justified. *Silitonga v. Kentucky State Univ.*, 2018 WL 3969951, at *2 (E.D. Ky. Aug. 20, 2018). See also *MV Louisville, LLC v. Frankenmuth Mut. Ins. Co.*, No. 3:20-CV-506-RGJ, 2022 WL 3362280, at *8 (W.D. Ky. Aug. 15, 2022).

**I. Plaintiff's Supplemental Reports Are in Fact, Supplemental**

In *Bently v. Highlands Hosp. Corp.*, Civil NO. 15-97-ART-EBA, 2016 WL 58674962016, U.S. Dist. LEXIS 139414 (E.D. Ky. Oct. 6, 2016), the plaintiff provided five additional expert reports after her fact discovery was due, indicating they were "supplemental," "amended," or "rebuttal." Defendants filed a Motion to Strike these additional reports. The court overruled the Motion for one report, finding that it "merely expounded upon allegations in [the expert's] initial opinion" (*Bentley* at *4) then granted the defendant's Motion regarding the other

3

remaining reports. On appeal, the Court of Appeals for the 6th Circuit upheld Judge Atkins' rulings.

There are a number of material distinctions between Bentley and the present matter. First, in this matter there is a pending Motion to Amend Plaintiff's Expert Disclosures [R.157] that was filed on 6/13/2024 and to which Defendants responded on 7/5/2024 [R.165]. Mr. Walden requested the Court's permission to supplement his expert disclosures in light of new information provided by the Defendants. Second, in *Bentley,* the court had granted three (3) motions to extend discovery deadlines, allowing the parties time to conduct proper discovery so the jury may reach the truth on the merits of the matter instead of some procedural technicality. This Court has certainly granted motions to extend discovery deadlines, however, when the Plaintiff petitioned the Court to extend the discovery deadlines after finally being allowed to depose one of two defendants, nearly two (2) years after the filing of this matter (one year and 308 days, to be exact), in order to depose individuals who had highly relevant information and whom Defendant Howard disclosed **for the first time** during his deposition, the Court declined to extend the discovery deadlines again. Finally, the rejected "supplemental" expert reports in *Bentley* are readily distinguishable from those provided by Mr. Walden's experts. In *Bentley*, the "court struck the second report because 'distinct theories of liability' resting on 'distinct fact patterns and judgments' are not supplemental under Rule 26(e)." *MV Louisville, LLC v. Frankenmuth Mut. Ins. Co.*, No. 3:20-CV-506-RGJ, 2022 WL 3362280, at *4 (W.D. Ky. Aug. 15, 2022). Mr. Walden's experts' supplemental reports clearly meet the first criteria under Rule 26(e)(2), to correct an error or inaccuracy. The supplemental reports provided by Dr. Wilson, Dr. Changaris, and Rebecca Clay do not promulgate new, distinct theories of liability; rather, they

4

correct and update their findings, making them **more** accurate in an attempt to get to the truth of the matter.

Mr. Walden's supplemental reports are far more alike those provided in *MV Louisville, LLC v. Frankenmuth Mut. Ins. Co.*, No. 3:20-CV-506-RGJ, 2022 WL 3362280 (W.D. Ky. Aug. 15, 2022). In *MV Louisville*, the court held that the plaintiff's expert's second report was indeed supplement, stating it was not "not a brand-new opinion or theory of liability, rather, it fills in a gap left by the first report." Like in *MV Louisville*, the supplemental disclosure is harmless because it's not a new theory of liability, not new opinions, just more accurate opinions.

## II. The Error in Delay to Produce the Supplemental Reports Is Substantially Justified and Harmless

As stated, *supra,* to determine whether a failure to provide information under FRCP 37 is substantially justified and harmless, the Court looks to five factors set forth in *Howe v. City of Akron*. The five factors are: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. When considering all five factors together, the error in delay is substantially justified and harmless.

(A) The Surprise To The Party Against Whom The Evidence Would Be Offered

The supplemental reports provided by Dr. Wilson, Dr. Changaris, and Rebecca Clay were provided after they reviewed prior records of Mr. Walden—records which the Defendants have long had possession of and which their experts had already reviewed. "This is not a case where a party disregarded an initial duty to disclose and sought to 'evade the resulting consequences by asserting supplementation of reasoning that was never there to begin with.'" *Ullman v. Auto-*

*Owners Mut. Ins. Co.*, No. 2:05-cv-1000, 2007 WL 1057397, at *5 (S.D. Ohio Apr. 5, 2007). Nor is it an instance of "seeking to transform a conclusory report and its unexplained opinion via supplementation" or "'lying in wait' to express new opinions at the last minute." *Id.* (quoting *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005)).

Again, similar to the *MV Louisville* matter, *supra*, the court held that the defendant could not claim surprise regarding the second supplemental report, as the expert's initial report and disclosures indicated "part of his testimony would be about when the loss occurred." *MV Louisville, LLC v. Frankenmuth Mut. Ins. Co.*, at *4–5.

(B) The Ability Of That Party To Cure The Surprise

Defendants' experts have already indicated that they reviewed Mr. Walden's prior records when writing their reports. Thus, despite the Defendants' assertions that they will incur a significant amount of expense for their experts to review these records and supplemental reports, there is not new information contained in them. Rather, the supplemental reports are clarifying the experts' previously stated opinions in light of these medical records.

(C) The Extent To Which Allowing The Evidence Would Disrupt The Trial

The trial of this matter is currently set for March 31, 2025. Even though Plaintiff has a Motion to Amend Plaintiff's Expert Disclosures [R.157] pending before this Court, the trial is not scheduled until over six (6) months from the date of this filing. The introduction of this evidence would not disrupt the trial of this matter.

(D) The Importance Of The Evidence

Counsel for defendants, although claiming he's one of the few attorneys who knows he's not a doctor, repeatedly tried to play one in each deposition; constantly implying that if a records was not viewed yet that it must contain something that would drastically alter the expert's

6

opinion. Defense counsel isn't trained medically but eas eager to make self-serving assumptions, yet again. When those assumptions were, once again, proven to be clearly and objectively false, counsel for Defendants feigned harm to prevent the matter from being determined on its merits. Counsel constantly implied the initial reports are inaccurate; the supplemental reports easily put those self-serving assumptions to bed.

(E) The Nondisclosing Party's Explanation For Its Failure To Disclose The Evidence

The supplemental reports from Dr. Wilson and Rebecca Clay were submitted on 7/30/2024 [R.176 and R. 180, respectively], and the supplemental report from Dr. Changaris was submitted on 7/31/2024 [R.182] all due to clerical error and miscommunication with the experts' offices. Plaintiff's counsel had instructed a staff member to submit all prior records to each expert for review. Upon attempts to confirm that Dr. Changaris' office had every record they needed, they seemed to confirm, which was later discovered to be a miscommunication and misunderstanding. Plaintiff by counsel only learned his experts had not had the benefit of reviewing the medical records from eight (8) years prior to the subject collision upon Dr. Changaris' deposition testimony. At that time, those records were sent out and supplemental reports were requested for accuracy.

In *Petrone v. Werner Enterprises, Inc.*, the court opted not to exclude new information despite the late submission of an expert report, emphasizing the Federal Rules of Civil Procedure's goal to secure a "just, speedy, and inexpensive determination of every action and proceeding." *Petrone v. Werner Enterprises, Inc.*, 105 F.4th 1043 (2024).

Furthermore, each expert after Changaris was provided with the previous records ahead of their deposition, which corroborates the truth of the delayed prior records being caused by clerical error and miscommunication.

## CONCLUSION

Mr. Walden, his counsel, and his experts have proceeded with this litigation in pursuit of justice and truth. Despite the knowledge of the Defendants, through their counsel, that those prior records having not been delivered was discovered by Plaintiff only during Dr. Changaris' deposition, Defendants have, as recently of the filing of this Motion to Strike, continued their pursuit to mislead this Court into believing the Plaintiff intentionally withheld this information. The Defendant has no evidence of such libelous accusations and has attempted to mislead this Court by making self-serving assumptions in the face of actual knowledge to the contrary. The Defendants' Motion to Strike prays for a severe cure to feigned harm, after having already objected to the less severe cure of extending the discovery deadlines.

Plaintiff's experts' supplemental reports were provided as soon as reasonably possible, after harmless mistake and miscommunication. Furthermore, the medical records upon which these supplemental reports were based had long been in the possession of the Defendants and their experts, thus there was little surprise, if any in fact.

**WHEREFORE**, Plaintiff respectfully requests this Court DENY Defendants's Motion to Strike Plaintiff's Supplemental Expert Reports, and any other relief to which Plaintiff may appear entitled.

Respectfully Submitted,

MORRIN LAW OFFICE

  /s/*Robert A. Morrin*
Hon. Robert A. Morrin (KBA # 94368)
214 West Main Street
Richmond, KY 40475
(859) 358-0300
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September, 2024, a true and correct copy of the foregoing was filed through the Court's eFiling system, which serves a copy on all counsel of record.

    /s/*Robert A. Morrin*
Hon. Robert A. Morrin (KBA # 94368)
MORRIN LAW OFFICE
*Counsel for Plaintiff*