UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CASE NO. 5:22-CV-00238-KKC

CHARLES L. WALDEN,                                                                 PLAINTIFF,

VS.

ENTERPRISE SERVICES GROUP, LLC,
CLARENCE M. HOWARD,
NATIONAL INDEMNITY GROUP OF INSURANCE
COMPANIES OR NATIONAL INDEMNITY COMPANY,
VINCE KLINE, AND
PROGRESSIVE CASUALTY INSURANCE COMPANY,         DEFENDANTS.

**RESPONSE TO MOTION TO ALTER, AMEND OR
VACATE 8/16/2024 ORDER**

      Defendants Clarence M. Howard ("Howard") and Enterprise Services Group, LLC ("Enterprise), submit this response to Plaintiff's Motion to Alter, Amend, or Vacate 8/16/2024 Order [R. 190] ("Motion").

**I. INTRODUCTION**

      The instant Motion represents Plaintiff's sixth attempt[1] to relitigate what are essentially the very same issues which have now been fully considered and soundly rejected by this Court on no less than three occasions.[2] Absent from the Motion is a single legal basis to justify this Court deviating from its prior Orders. Purely an amalgamation of Plaintiff's prior motion anthology, it

---

[1] *See* R. 105 (Motion to Strike), R. 112 (Motion for Sanctions), R. 116 (Motion to Compel), R. 157 (Motion to Modify, R. 177-3 (Exhibit C, 7/10/24 Email to Judge Atkins), R. 177 (Emergency Motion to Extend Scheduling Deadlines).

[2] *See* R. 114 (Order denying Motion to Strike [R. 105]), R. 150 (Order denying Motion for Sanctions [R. 112], and granting in part and denying in part Motion to Compel [R. 116]), and R. 186 (Order denying Emergency Motion to Extend Scheduling Deadlines [R. 177] and implicitly denying Motion to Modify [R. 157]).

comes as no surprise that the essence of the Motion is quite simply Plaintiff's continued disagreement with this Court's discretionary rulings. Continuously rehashing the same arguments with a slightly nuanced spin is a colossal waste of judicial resources and most certainly does not satisfy the stringent standards required to obtain relief under Fed. R. Civ. P. 59. For these reasons, Plaintiff's Motion must be overruled.

## II. ARGUMENT

### A.  RULE 59 FORBIDS PLAINTIFF'S ATTEMPTS TO RE-LITIGATE PRIOR MOTIONS

Plaintiff's Motion is an improper attempt to relitigate the same issues repeatedly presented in Plaintiff's prior filings. Plaintiff's subjective disagreement with this Court's rulings is not a valid basis for this Court to even reconsider its Order, let alone alter its well-reasoned and purely discretionary rulings contained therein. For this reason alone this Court should deny the Motion.

There is no explicit mechanism in the Federal Rules of Civil Procedure for motions to reconsider interlocutory orders. *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007). Notwithstanding, such motions are typically evaluated under the same standard as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *Erickson v. Renfro*, 2015 WL 5475988, at *1 (E.D. Ky. Sept. 10, 2015) (Caldwell, J.); *Bailey v. United States*, 2017 WL 6813675, at *1 (E.D. Ky. Sept. 26, 2017). "To succeed, the movant must show one of the following: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Erickson*, 2015 WL 5475988, at *1 (internal quotations omitted).

Such motions "are extraordinary and sparingly granted." *Marshall*, *supra* at *2. As this Court has previously noted, a motion under Rule 59(e) "is not an opportunity to re-argue a case."

2

*Travelers Property Cas. Co. of America v. B&W Resources, Inc.*, 2006 WL 3792582, at *1 (E.D. Ky. Dec. 21, 2006) (Caldwell, J.). *See also Bailey*, *supra* at *1 (E.D. Ky. Sept. 26, 2017).

"A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not. The Plaintiffs may disagree with the Court's decision, but that is an issue for appeal, not reconsideration." *Ellington v. Federal Home Loan Mortgage Corporation*, 2014 WL 12726505, at *1 (W.D. Ky. Aug. 7, 2014) (internal citations omitted).

While the instant Motion accurately identifies the requirements for prevailing under Fed. R. Civ. P. 59, it does nothing in the way of attempting to satisfy them. It does not allege, let alone substantiate, any clear error of law by this Court. It does not identify any intervening change in the controlling law. It does not present newly discovered evidence, or otherwise argue that the Court should amend its Order to prevent manifest injustice. Instead, it does nothing more than loudly profess with rather visceral language[3] that Plaintiff's interpretation of the subjective evidence was correct and this Court's interpretation was wrong. In support of these assertions Plaintiff relies on precisely the same evidence and arguments advanced in his prior filings. *Cf.* R. 177 at p. 4 ("Deceit and Perjury of Howard"), p. 6 (alleging prejudice from delay in locating Howard), and p. 12 ("[Enterprise] has seemingly filed fraudulent documents with government agencies[.]) *with* R. 190 at p. 8 ("Mr. Howard **concealed** information or (as his counsel asserts) suddenly **remembered** new information[.]") and p. 7 ("I. Significant Delay Locating Defendant Driver [Howard]") and p. 9 ("III. Objectively False Company Documents Filed by Enterprise [ ] with the Georgia Secretary of State.").

---

[3] See, e.g., Motion at p. 3 ("Hopefully, this matter makes it to a jury so they can see how laughable of an explanation this all is. The idea that a completely self-serving memory is somehow occurring by accident will be laughed out of the courthouse, and it should have been laughed out of the Judge's Chambers already.")

3

Save a single citation to the four demonstrations for which Rule 59 relief is authorized, the Motion is silent with respect to identifying which factor Plaintiff contends is applicable. The Motion is similarly void of a single precedent supporting any of the rehashed arguments previously advanced. The Motion does, however, reference for the first time no less than eleven citations[4] which were not included in Plaintiff's prior filings. Given the absence of justification for Plaintiff's failure to present such authority in his earlier motions, this Court need not and should not give any consideration to same. But even if it did, Plaintiff would fair no better. First, not even one of the newly cited authorities address Rule 59. Second, the general principles for which these new authorities are purportedly cited are simply inapposite to the facts of this case and findings of this Court. Other than quoting broad excerpts from these authorities, the Motion fails to discuss these citations further or demonstrate how said authority entitles Plaintiff to relief under Rule 59.

For these reasons alone, this Court should summarily deny Plaintiff's Motion.

**B.   PLAINTIFF FAILS TO IDENTIFY ACTUAL PREJUDICE**

Despite repeated non-descript assertions of prejudice, Plaintiff has not identified a single instance of actual prejudice that would arise absent a modification of the Scheduling Order. He is likewise unable to explain how the requested continuance might cure this undefined prejudice. One of the explanations for these omissions could not be more evident: Plaintiff has not, and will not, be prejudiced by maintaining the current schedule and deadlines that have been in place since May. *See* R. 145, Order Granting Second Motion to Modify Scheduling Order. But it is the second,

---

[4] Plaintiff's Motion represents the first, and only, occasion Plaintiff has cited the following cases: *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990); *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013); *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *Ellis v. Arrowood Indem. Co.*, 115 F. Supp. 3d 869, 871 (E.D. Ky. 2015); *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 783-84 (6th Cir. 2003); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003); *Schlagenhauf v. Holder*, 379 U.S. 104, 114-115, 85 S.Ct. 234, 241, 13 L.Ed.2d 152 (1964); *Hickman v. Taylor*, 329 U.S. 495, 501, 507, 67 S.Ct. 385, 388, 391, 91 L.Ed. 451 (1947); *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635, 1649, 60 L. Ed. 2d 115 (1979); and *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005).

less apparent explanation which is *the* driving force behind the barrage of Plaintiff's motions: the true reason for the continuance it to backdoor the otherwise untimely disclosure of four additional and entirely new expert witnesses. To be sure, Plaintiff effectively conceded as much vis-à-vis the first motion in the latest series of requests to modify the scheduling order. *See* R. 157 at 1, Motion for Leave to Amend Plaintiff's Expert Disclosures (requesting leave to untimely disclose "an accident reconstructionist, human factors expert, commercial trucking industry expert, and vocational expert).

Putting the cart before the horse, Plaintiff identifies two grounds for the requested continuance. First, to allow Plaintiff to depose Mr. Howard about two emails produced after his original deposition. Second is the parties' inability to locate Enterprise. Both rationales are unfounded. The emails in question consist of only seven total pages, inclusive of attachments. *See* **Exhibit A.** While it is theoretically possible that one could, if pressed, craft a handful of questions related to the subject emails. Plaintiff, of course, has not identified any such topics of interest. But even if he did, any responsive evidence could only be marginally relevant, at best. There does not appear to be any dispute with the notion that the odds of locating Enterprise are exceedingly slim. Despite exhaustive efforts from the outset, including the retention of a private investigator, neither the undersigned counsel nor Enterprise's liability carrier have been able to locate or communicate with Enterprise. Plaintiff own efforts have met the same fate.

The core of this case remains a straightforward motor vehicle collision with an abundance of objective physical evidence demonstrating that the overwhelming majority, if not all, liability rests with Plaintiff.[5] Neither the emails nor Enterprise's participation are remotely relevant to resolving the respective fault, if any, of Plaintiff and Mr. Howard.

---

[5] For further reference, *see* R. 120 at pp. 3-5 (Response to Motion for Sanctions) and R. 149-5 (Exhibit F, Collision Analysis Report by Eddie Crum, Crum Investigations, LLC).

### C. ANY CONTINUANCE SHOULD NOT EXTEND EXPERT DISCLOSURE DEADLINES

Should the Court grant a continuance, it should be strictly limited to addressing the two grounds for which it was sought: deposing Mr. Howard regarding the emails and locating Enterprise. Extending expert disclosure deadlines, however, is neither justified nor appropriate. First, such relief was not requested in the instant Motion or the underlying Emergency Motion and is not before this Court. Second, unlike here, extending the expert disclosure deadlines would result in actual prejudice to Defendants (and this Court) for the reasons demonstrated in Defendants' prior filings. *See, e.g.*, R.'s 165, 185, 187, and 188.

\* \* \* \* \*

More relevant now than when presented three months earlier, Defendants reiterate their summation submitted in opposition to the genesis of the instant Motion.

> ~~In less than 40 days~~ [T]his action [has now] been pending for [more than] two years. And despite any other differences of opinion, there is one topic on which the parties could not agree more: The time has come to bring this matter to a final conclusion once and for all and without further delay.[6] The relief sought in Plaintiff's Motion is antithetical to the crucial objective of achieving finality; [the] interests of this Court, Defendants, and Plaintiff.
>
> For these reasons, Defendants respectfully request that Plaintiff's Motion be denied.

R. 165 at 7, Response to Plaintiff's Motion for Leave to Amend Expert Disclosure.

                                              Respectfully submitted,

                                              HAMM, MILBY & RIDINGS, PLLC
                                              120 NORTH MAIN STREET
                                              LONDON, KY 40741
                                              PHONE: 606-864-4126
                                              FAX: 606-878-8144

---

[6] See R. 107 at p. 4 ("Plaintiff is ready and anxious to move this matter toward trial so that he may present his case before the jury and seek justice."); id. at p. 3 (arguing, in February 2024, that Plaintiff will suffer prejudice by "further delaying this trial.").

        EMAIL:  jridings@hmrkylaw.com
        ATTORNEYS FOR DEFENDANTS,
        ENTERPRISE SERVICES GROUP, LLC AND
        CLARENCE M. HOWARD


        By:  /s/ Jay Ridings
            JAY MILBY RIDINGS

CERTIFICATE OF SERVICE

    I hereby certify that on the 2nd day of October, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.


        /s/ Jay Ridings
        COUNSEL FOR DEFENDANTS, ENTERPRISE
        SERVICES GROUP, LLC and CLARENCE M.
        HOWARD