UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| CHARLES L. WALDEN | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO. 5:22-CV-00238-KKC** |
| | ) | |
| VS. | ) | **REPLY IN SUPPORT OF** |
| | ) | **MOTION FOR PARTIAL SUMMARY** |
| | ) | **JUDGMENT AS TO PLAINTIFF'S,** |
| ENTERPRISE SERVICES GROUP, LLC, | ) | **CLAIMS FOR PUNITIVE DAMAGES** |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Enterprise Services Group, LLC ("Enterprise") and Clarence Howard ("Howard"), by counsel, respectfully submit this Reply to Plaintiff's Response (R. 191) to Defendants' Motion for Partial Summary Judgment (R. 189).

In support of his claim for punitive damages against Mr. Howard, Plaintiff identifies a grand total of five (5) theoretical actions Howard potentially could have taken that "might have made the situation safer[:]"

1. Looking for an area to pull over upon the first signs of mechanical problems with his vehicle;
2. Moving the truck further over and out of the road;
3. Notifying police and contacting a wrecker and waiting with the disabled vehicle until they arrive;
4. Pulling the vehicle over at an earlier spot on the ramp with more space;
5. Activating the hazard lights; and
6. Alternative placement of reflective warning placards than the distancing utilized by Howard.

R. 191 at 8. Assuming for purposes of this Motion only that Plaintiff can demonstrate all the above hypothetical acts were not only available for Howard to undertake, but that Howard also neglected to perform same, Plaintiff's evidence will remain insufficient to warrant punitive damages under

Kentucky law. These hypothetical allegations, even if true, represent nothing more than simple negligence, at best.

As previously noted in Defendants' Motion – and conceded in Plaintiff's Response – to obtain punitive damages there must be a "finding of failure to exercise reasonable care, and then an additional finding that this negligence was accompanied by wanton or reckless disregard for the lives, safety or property of others." *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389-90 (Ky. 1985). "A plaintiff shall recover punitive damages only upon proving, by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice." KRS § 411.184(2). "[T]he well established common law standard for awarding punitive damages was [and is] gross negligence." *Kinney*, 131 S.W.3d at 358-59 (citing *Williams v. Wilson*, 972 S.W.2d 260, 264 (Ky. 1998)). Establishing gross negligence requires a showing of a "wanton or reckless disregard for the safety of other person." *Id.* at 359 (quoting *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 52 (Ky. 2003)). Plaintiff's theoretical scenarios, even if true, do not come remotely close to satisfying these standards.

Unsurprisingly, Plaintiff's Response fails to cite a single authority or precedent that might conceivably support his punitive damages claim. Instead, he continues to rely principally on his criticism of the unknown spacing distances between the placards employed by Mr. Howard, which Plaintiff contends, without evidence, was in violation of 49 CFR § 392.22. Regardless, the violation of a statute establishing rules of the road does not constitute gross negligence or willful or wanton conduct sufficient to support an award of punitive damages. *See, e.g.*, *Horn v. Hancock*, 700 S.W.2d 419, 421 (Ky. App. 1985) (overruled on other grounds by *Cooper v. Fultz*, 812 S.W.2d 497 (Ky. 1991)). Defendants demonstrated this long-established precedent in their underlying Motion. Far from refuting this notion, Plaintiff's Response literally concedes it. Plaintiff then

2

attempts to distinguish the facts in *Horn* from the allegations herein. But any such factual distinctions do not in any way alter Horn's fundamental *legal* principle that the violation of a statute or regulation does not meet the high standard required to obtain punitive damages.

Plaintiff further concedes that his claim for punitive damages against Enterprise is contingent on, among other perquisites, establishing a viable claim for punitive damages against Mr. Howard. Inasmuch as Plaintiff's Response fails to overcome Defendants' Motion regarding Mr. Howard, it necessarily follows that his claim for punitive damages against Enterprise suffers the same fate.

\* \* \* \* \*

Simply citing long-established and straight-forward precedents, Defendants' Motion demonstrated Plaintiff's inability to satisfy the minimum standards required to obtain punitive damages under the benign facts and circumstances of this case. Absent from Plaintiff's Response was a single factual allegation remotely close to demonstrating with clear and convincing evidence that Howard's actions reflected a wanton or reckless disregard for the safety of Plaintiff. For these reasons, Defendants are entitled to the entry of partial summary judgment in their favor with respect to Plaintiff's claims for punitive damages.

                                                  Respectfully submitted,

                                                  HAMM, MILBY & RIDINGS, PLLC
                                                  120 North Main Street
                                                  London, KY 40741
                                                  Ph: 606-864-4126
                                                  Email: jridings@hmrkylaw.com
                                                  Attorneys for Defendants,
                                                  Enterprise Services Group, LLC and
                                                  Clarence M. Howard

                                                  By:  /s/ Jay Ridings                              
                                                        JAY MILBY RIDINGS

<u>CERTIFICATE OF SERVICE</u>

I certify that on the 8th day of October, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

  /s/ Jay Ridings
Counsel for Defendants,
Enterprise Services Group, LLC and
Clarence M. Howard