UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| CHARLES L. WALDEN, <br><br>    Plaintiff, <br><br> V. <br><br> ENTERPRISE SERVICES GROUP, LLC *et al.*. <br><br>    Defendants. | CIVIL NO. 5:22-238-KKC-EBA <br><br><br> **ORDER** |

\*\*\* \*\*\* \*\*\*

The matter is before the Court on the plaintiff Charles Walden's motion to alter, amend, or vacate (DE 190) the order denying his motion to extend all scheduling order deadlines. (DE 186.) Walden's precursory motion requested the Court to order extension of all scheduling order deadlines, to compel discovery participation, and to reschedule trial. (DE 186 at Page ID# 1783.) Walden's current motion requests the Court to alter, amend, or vacate its previous order and extend all scheduling deadlines for the completion of fact and expert discovery. (DE 190 at Page ID# 2007.)

As the defendants highlight, there is no explicit mechanism in the Federal Rules of Civil Procedure for motions to reconsider interlocutory orders. Nonetheless, the Court will review Walden's motion under the same standard used for a motion filed pursuant to Federal Rule of Civil Procedure 59(e). *Howard v. Magoffin Co. Bd. of Educ.*, 830 F.Supp.2d 308, 319 (E.D. Ky. 2012) (citing *Keith v. Bobby*, 618 F.3d 594, 597–98 (6th Cir. 2010)).

Under Rule 59(e), the movant must show one of the following to succeed: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*,

616 F.3d 612, 615 (6th Cir. 2010). However, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault. Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). In his motion, Walden does not point to any intervening change in the law or a clear error of law. Rather, Walden argues the order should be altered to prevent injustice and because new evidence has been disclosed. (DE 190 at 7, 9-10.)

As to Walden's injustice arguments, the Court finds the arguments to be duplicative of those Walden already made to the Court through his precursory motion. For example, Walden argues in each motion that defendant Howard's "significant delay" has caused him severe prejudice. (DE 177 at 5) (DE190 at 7.) And though Walden may disagree with the Court's prior adjudication of his injustice arguments, a Rule 59(e) motion is not to be used to re-argue one's case. *See Sault. Ste. Marie Tribe*, 146 F.3d at 374. As such, Walden is not entitled to his requested relief "to prevent manifest injustice."

As to Walden's new evidence argument, the Court finds the new evidence cited by Walden to be irrelevant to a Rule 59(e) motion. New evidence arguments under Rule 59(e) only succeed when a court is presented with evidence that was unavailable prior to the challenged judgment or order. *Leisure Caviar*, 616 F.3d at 617. The new evidence Walden cites to in support of his motion is the disclosure of novel information after defendant Howard's deposition. (DE 190 at 7-9.) This information, however, was disclosed to Walden before the order was entered that he now challenges. In fact, Walden discussed this very evidence in his precursory motion. (DE 177 at 6) (amended interrogatory responses "were delivered to Plaintiff's counsel a week after Defendant Howard's deposition."). Thus, the Court finds the disclosure of the post-deposition information to provide no basis for altering, amending, or vacating the challenged order here.

Based on the foregoing, it is hereby ORDERED that Walden's motion (DE 190) is DENIED.

This 11th day of October, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY