UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| CHARLES L. WALDEN,<br><br>    Plaintiff,<br><br>V.<br><br>ENTERPRISE SERVICES GROUP, LLC *et al.*.<br><br>    Defendants. | CIVIL NO. 5:22-238-KKC-EBA<br><br><br>**ORDER** |

*** *** ***

The matter is before the Court on plaintiff Charles Walden's motion for leave to amend his expert disclosures. (DE 157.) For the following reasons, Walden's motion is denied.

Walden's motion, filed on June 13, 2024, requests permission to add four experts to rebut the defendants' experts. Walden's deadline to disclose experts passed on December 5, 2023. (DE 87.) As the basis for his request, Walden claims the defendants' expert disclosures, filed on May 28th[1], entitle him to rebuttal experts of his own. (DE 157 at 2.)

As an initial matter, the parties dispute which standard applies to Walden's motion. Walden argues that his motion falls under Federal Rule of Civil Procedure 6(b)(1). The defendants argue that Walden's motion falls under Federal Rule of Civil Procedure 16(b)(4). Neither party, however, addresses the correct rule or standard. In substance, Walden's motion requests permission to disclose new experts to rebut the experts identified in the defendants' expert disclosures. Such a request is initially governed by the timing requirements set forth in Federal Rule of Civil Procedure 26(a)(2)(D).

---

[1] The defendants' expert-disclosure deadline was July 1, 2024. (DE 145.)

1

Here, the amended scheduling order does not provide a deadline for the disclosure of rebuttal expert testimony. (DE 145.) In such a scenario, Rule 26(a)(2)(D)(ii) provides the default timing rule. That provision provides that in the absence of a court order setting the deadline for rebuttal expert disclosures, "the disclosures must be made . . . **within 30 days after the other party's disclosure**." FED. R. CIV. P. 26(a)(2)(D)(ii) (emphasis added).

In this case, the defendants filed the relevant expert disclosures on May 28, 2024. (DE 149.) Applying Rule 26(a)(2)(D)(ii), Walden had until June 27, 2024, to file his rebuttal expert disclosures. Walden never filed any such disclosures. Rather, Walden filed the motion presently being addressed. And while true that Walden's motion was filed during the period in which he was permitted to file rebuttal expert disclosures, his motion's fatal flaw is in never disclosing the particular experts which he proposes to use to rebut the defendants' disclosed experts. Instead, Walden's motion merely explains his intention to retain an accident reconstruction expert, a human factors expert, a commercial trucking expert, and a vocational expert. (DE 157 at 3.) Rule 26(a)(2)(D)(ii) does not contemplate allowing a party to request permission to disclose rebuttal experts at an unascertained time in the future. Rather, Rule 26(a)(2)(D)(ii) contemplates permitting disclosure of identified rebuttal experts, and their corresponding reports, within the allotted 30-day window. Thus, Walden's requested relief is unavailable because he altogether failed to disclose rebuttal experts within the period set by Rule 26(a)(2)(D)(ii).

Alternatively, Walden is still prohibited from adding four rebuttal witnesses even if the Court were to construe his motion as a request to extend his time to file rebuttal expert disclosures. This is because Walden's motion, if granted, would require the Court to modify the scheduling order to extend the deadline for disclosures and for the completion of expert discovery. The availability of such a modification is governed by Rule 16(b)(4). That rule

2

explicitly applies to scheduling order modifications and requires a showing of "good cause" to justify any modification. Fed. R. Civ. P. 16(b)(4).

For Walden to show good cause, he must "demonstrate that he [] diligently attempted to meet the original deadline." *Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 520 (6th Cir. 2017). Walden has presented no facts to the Court which suggest that he diligently attempted to meet the original deadline. In fact, Walden's motion appears to have prematurely asked the Court to extend a deadline that had not yet passed. Recall that Walden's motion was filed on June 13th but his deadline to file rebuttal expert disclosures was not until June 27th. The Court has been presented with no facts which explain why Walden could not have complied with this deadline. Thus, Walden fails to demonstrate "good cause" exists for modifying the scheduling order.

Based on the foregoing, it is hereby ORDERED that Walden's motion for leave to amend his expert disclosures (DE 157) is DENIED.

This 15th day of November, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY