UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| CHARLES L. WALDEN, <br><br> Plaintiff, <br><br> V. <br><br> ENTERPRISE SERVICES GROUP, LLC *et al.*. <br><br> Defendants. | CIVIL NO. 5:22-238-KKC-EBA <br><br><br> **ORDER** |

*** *** ***

The matter is before the Court on various motions by the defendants, Clarence Howard and Enterprise Services Group, LLC. (DEs 187, 188, 189.)

This case arises from a motor vehicle accident involving the plaintiff, Charles Walden ("Walden"), and defendant Clarence Howard ("Howard"). Walden alleges that at the time of the accident, the vehicle Howard was operating was owned by defendant Enterprise Services Group, LLC ("Enterprise") and that Enterprise employed Howard.

Pursuant to the Court's most recent scheduling order, discovery closed on August 1, 2024; dispositive and *Daubert* motions were due on September 3, 2024; and trial is set for March 31, 2025. (DE 145.) Even though this case is now at an advanced stage of litigation, counsel for both Howard and Enterprise ("Defense Counsel") represents that Enterprise has not participated in the litigation. (DE 186.) In fact, Defense Counsel represents there has been zero contact with any representative from Enterprise, despite counsel's best efforts, and that the prevailing belief is that Enterprise may no longer exist as a business. (*Id*.)

Despite having not communicated with Enterprise, Defense Counsel has filed various papers with the Court on behalf of Enterprise. These filings include an answer, discovery

1

responses, required disclosures, and now, dispositive and *Daubert* motions. Nevertheless, Defense Counsel has been forthcoming regarding the inability to communicate with Enterprise. Defense Counsel has caveated most of its filings with a disclaimer that the filings were produced to the best of Defense Counsel's ability and without Enterprise's assistance.

Before proceeding, the Court finds it necessary to address Enterprise's absence. Enterprise's continued absence evokes a multitude of concerns. For example, Defense Counsel's repeated practice of filing papers on behalf of Enterprise without Enterprise's assistance implicates the "nondelegable duty," of an attorney "to file factually and legally responsible court papers," pursuant to Federal Rule of Civil Procedure 11. *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 962 (6th Cir. 1990). Moreover, a 2012 opinion from the Kentucky Ethics Committee opines that continued representation of a client who cannot be located presents several ethical issues. 2012 KY Legal Ethics Ops., E-433, LEXIS at *1. Namely, such continued representation implicates ethics rules concerning client autonomy and having a sufficient basis in law and fact for defending a proceeding. *Id.* (citing SCR 3.130(1.4); SCR 3.130(1.2(a)); and SCR 3.130(3.1)). To be clear, the Court is not suggesting at this stage that Defense Counsel has run afoul any of these rules. Rather, the Court seeks to resolve the issue of Enterprise's absence in order to facilitate a more efficient resolution of this matter.

For these reasons, the Court hereby ORDERS that a hearing SHALL BE set for **Thursday, December 19, 2024, at 2:00 p.m**. at Lexington, Kentucky. The parties SHALL be prepared to discuss the appropriateness of Defense Counsel's continued representation of Enterprise as well as how such continued representation would affect further proceedings. While the hearing will be conducted with both parties present, Defense Counsel will be given the opportunity to speak with the Court *ex parte* should issues involving attorney-client privilege present themselves.

This 11th day of December, 2024.

          KAREN K. CALDWELL
          UNITED STATES DISTRICT JUDGE
          EASTERN DISTRICT OF KENTUCKY