**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | | |
|---|---|---|
| CHARLES L. WALDEN | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:22-cv-00238-KKC |
| | ) | |
| ENTERPRISE SERVICES GROUP, LLC, | ) | |
| CLARENCE M. HOWARD, and | ) | |
| NATIONAL INDEMNITY GROUP OF | ) | |
| INSURANCE COMPANIES OR | ) | |
| NATIONAL INDEMNITY COMPANY | ) | |
| | ) | |
| Defendants | | |

---

**JOINT REPORT OF PARTIES' PLANNING MEETING**
*Electronically Filed*

---

The following persons participated in a Rule 26(f) planning conference on April 29, 2025 as to the remaining bad faith claim(s) asserted against Defendant National Indemnity Company:

Robert A. Morrin, Esq.
MORRIN LAW OFFICE
214 West Main Street
Richmond, KY  40475
*Counsel for Plaintiff*

Mindy G. Barfield
DINSMORE & SHOHL LLP
100 West Main Street, Suite 900
Lexington, Kentucky  40507
*Counsel for Defendant, National Indemnity Company and Vince Kline*

1.    Initial Disclosures.  The Parties shall exchange their Initial Disclosures as required by Rule 26(a)(1) on or before **June 30, 2025**.  They shall supplement these initial disclosures in accordance with the Federal Rules of Civil Procedure.

2.    Discovery Plan.  The Parties propose the following discovery plan:

a.    Discovery will be necessary on all matters relevant to the Plaintiff's remaining bad faith claim(s) and any defenses to it.

b.      Plaintiff shall have until **July 30, 2025**, to amend his pleadings and/or to join additional parties.  No party, however, waives any defenses, including, but not limited to, statute-of-limitations defenses, to any attempt by Plaintiff to join new parties.

c.      Defendant shall have until **August 29, 2025** to amend its pleadings and/or to join additional parties.  No party, however, waives any defenses, including, but not limited to, statute-of-limitations defenses, to any attempt by Defendant to join new parties.

d.      Fact discovery will be completed by **January 30, 2026**.

e.      Plaintiff shall serve Defendant with his reports of expert witnesses on or before **March 27, 2026**; Defendants will serve Plaintiff with their reports of expert witnesses on or before **May 29, 2026.**

f.      Expert discovery will be completed by **July 30, 2026**.

g.      Dispositive motions and *Daubert* motions will be filed on or before **August 31, 2026.**  All response memoranda and reply memoranda will be filed in accordance with the deadlines set by Local Rule 7.1(c).

h.      All written discovery requests, including interrogatories, requests for production, and requests for admission, will be governed by the applicable Federal Rules of Civil Procedure.  Interrogatories and requests for admission propounded by a Party shall not exceed thirty (30) in number.

i.      All depositions, absent agreement among the Parties or Court approval otherwise, will be limited to a maximum of seven hours.  At this time, the Parties are unable to anticipate how many depositions may be taken.

3.    Other Items.

a.      The remaining claim in this action is fir insurance bad faith and/or a

violation of the Kentucky Unfair Claim Settlement Practices Act.

          b.       Disclosure of electronically-stored information will be handled as provided in the Federal Rules of Civil Procedure.

          c.       The Parties do not foresee the need to meet with the Court prior to the issuance of a scheduling order.  The Parties, however, will make themselves available to meet and confer with the Court at its request both before and after the entry of a scheduling order.

          d.       The Parties request a Pre-Trial Conference be scheduled at the Court's convenience after the close of all discovery and/or submission of dispositive and *Daubert* motions and/or that any pretrial deadlines be set at that time or thereafter.

          e.       If a jury trial is required to resolve this action, the Parties anticipate that such a trial would take three to five (3-5) days.

          f.       The Parties do not consent to this matter being referred to a United States Magistrate Judge for all purposes including entry of Judgment pursuant to 28 U.S.C. § 636.  The Parties, however, stipulate that they may consent to mediation before a United States Magistrate Judge or a private mediator no later than 60 days before a scheduled trial date.

          Respectfully submitted,

          */s Robert A. Morrin (w/permission)*
          Robert A. Morrin, Esq.
          MORRIN LAW OFFICE
          214 West Main Street
          Richmond, KY  40475
          *Counsel for Plaintiff*

/s Mindy G. Barfield
Mindy G. Barfield, Esq.
Kyle R. Bunnell, Esq.
DINSMORE & SHOHL LLP
100 West Main Street, Suite 900
Lexington, KY  40507
*Counsel for Defendant, National Indemnity Company and Vince Kline*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of May, 2025, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system and/or electronics mail.  Parties may access this filing through the Court's system.

/s/ Mindy G. Barfield
Mindy G. Barfield, Esq.
Kyle R. Bunnell, Esq.
DINSMORE & SHOHL LLP
100 West Main Street, Suite 900
Lexington, KY  40507
*Counsel for Defendant, National Indemnity Company and Vince Kline*

61084966.1