UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| CHARLES L. WALDEN,<br><br>    **Plaintiff,**<br><br>V.<br><br>NATIONAL INDEMNITY GROUP OF INSURANCE COMPANIES, aka National Indemnity Company, et al.,<br><br>    **Defendants.** | CIVIL NO. 5:22-CV-238-KKC-EBA<br><br><br>**MODIFIED SCHEDULING ORDER** |

**\*\*\* \*\*\* \*\*\***

Pursuant to the Joint Report of the parties [DE 211], the Court hereby

**ORDERS**:

1. The following deadlines shall be observed in this action:

    (a) Counsel for the parties shall exchange information required by Rule 26(a)(1) by **June 30, 2025.** These disclosures need not be filed in the Court record.

    (b) Counsel for the plaintiff shall have TO AND INCLUDING **July 30,2025** by which to file any motions to join additional parties or amend pleadings. Counsel for the defendants shall have TO AND INCLUDING **August 29, 2025** by which to file any motions to join additional parties or amend pleadings

    (c) Supplementation of disclosures and responses as required by Rule 26(e). Supplemental disclosures and responses need not be filed in the Court record;

1

    (d) Rule 26(a)(2) reports from expert trial witnesses are due:

        (i)  From Plaintiff by **March 27, 2026;**

        (ii) From Defendants by **May 29, 2026;**

    (e) Discovery:  All fact discovery shall be completed by **January 30, 2026.**  All expert discovery shall be completed by **July 30, 2026.**  The parties shall complete all discovery with requests served in a manner calculated for response compliant with the deadline;  and

    (f) All dispositive and any *Daubert* motions shall be filed no later than **August 31, 2026, with response and reply time as per Local Rule 7.1(c)(1) and (2)**.  No extensions of time may be granted by the United States Magistrate Judge or by agreement of the parties.  Applications for extensions of time will be granted by the trial judge only upon good cause shown.

2. No motions to compel, nor any other motions relating to a discovery dispute, shall be filed unless all counsel involved in such dispute have first conferred as directed by Fed.R.Civ.P. 37(a)(2)(A).

3. By virtue of the December 1, 2000 amendment of Fed.R.Civ.P. 5(d), the parties shall observe the following directives regarding the filing of discovery materials in this case unless the court otherwise specifically so orders:

    (a) Rule 26(a)(I) Initial Disclosures, Interrogatories and Answers or other responses thereto, Requests for Production of Documents and Answers or other responses thereto, Requests for Admission and Answers thereto, and any documents or tangible things produced pursuant to such discovery requests, as well as any discovery depositions not subject to part (b) below, **shall <u>not</u> be filed**; and

    (b) The portions of any discovery depositions cited in any motion, including motions for summary judgment, **or which may be used at trial** for impeachment or other purposes, and any other discovery materials necessary to the decision of any motion filed herein <u>**shall**</u> **be filed** of record in this case.

4. **No extensions of the deadlines set in this order, or those contained in the separate pretrial conference order also entered this date shall be granted unless an appropriate motion is filed prior to expiration of the deadline in question, and upon a showing of good cause beyond the control of counsel in the exercise of due diligence**.

5. This matter is assigned for a TELEPHONIC PRETRIAL CONFERENCE before the trial judge on <u>**February 11, 2027 at 1:00 p.m. Lexington, Kentucky.**</u> The Court will enter an Order with call information prior to the proceeding.

6. This action is hereby set for TRIAL BY JURY on <u>**March 8, 2027 at 9:00 a.m**</u>. Counsel should be present by 8:30 a.m. The anticipated length of the trial is five (5) days.

7. All provisions of the Court's Pretrial Order, filed October 18, 2022 (DE #15), remain in effect.

    Pursuant to 28 U.S.C. §636(b)(1)(A), this matter is referred to Magistrate Judge Edward B. Atkins for purposes of managing all discovery and pretrial scheduling issues, including resolving all discovery disputes and revising any dates and deadlines established in the Court's Scheduling Order, **except for the dispositive motion deadline**.

With regard to discovery disputes, the parties shall first attempt to resolve the dispute among themselves. If the parties are unable to resolve the dispute among themselves, they shall attempt to resolve the dispute with the magistrate judge by telephone.

If after the telephone conference with the magistrate judge the dispute is not resolved, i.e., the party seeking discovery is still unsatisfied with the magistrate judge's oral or written ruling from the telephone conference, that party may file a written motion to compel containing appropriate factual and legal arguments <u>directed to the magistrate judge</u>. Likewise, if after the telephone conference, the party resisting discovery is unsatisfied with the magistrate judge's oral or written ruling, then that party may require the other party to file a formal motion to compel containing appropriate factual and legal arguments <u>directed to the magistrate judge</u>. The time period for filing the motion to compel and the response and any reply shall be set by the magistrate judge in his discretion.

Any party wishing to object to the magistrate judge's ruling must file objections with the court within fourteen (14) days of the magistrate judge's ruling pursuant to Fed.R.Civ.P. 72(a). Only after all the above steps have been completed will the court entertain a motion to review the magistrate judge's final decision to determine whether it is clearly erroneous or contrary to law.

Dated May 2, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY