**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | | |
|---|---|---|
| CHARLES L. WALDEN | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:22-cv-00238-KKC |
| | ) | |
| ENTERPRISE SERVICES GROUP, LLC, | ) | |
| CLARENCE M. HOWARD, and | ) | |
| NATIONAL INDEMNITY GROUP OF | ) | |
| INSURANCE COMPANIES OR | ) | |
| NATIONAL INDEMNITY COMPANY | ) | |
| | ) | |
| Defendants | | |

---

**NATIONAL INDEMNITY COMPANY'S**
**FED. R. CIV. P. 26(a)(1) INITIAL DISCLOSURES**

---

Pursuant to Fed. R. Civ. P. 26(a)(1), and the Court's Scheduling Order, Defendant, National Indemnity Company ("NICO"), hereby submits and serves its initial disclosures upon the Plaintiff, Charles L. Walden.

**1.    The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Fed. R. Civ. P. 26(a)(1)(A)).**

Based on the information currently known and available to NICO, the following individuals are believed to have discoverable information that NICO may use to support its defenses in this matter:

a.    Plaintiff, Charles L. Walden, c/o Robert Morrin;

b.    Clarence M. Howard; and

c.    Officer Jason Curry.

These individuals have knowledge about the August 10, 2020 accident that was the subject of the underlying liability case. Additionally, Plaintiff has knowledge of the accident, as well as his claimed damages in the underlying case as well as the instant bad faith case.

      d.      Defendant, Vince Kline;

      e.      Kim Hodgins; and

      f.      Robert Morrin.

These persons may have discoverable information concerning the underlying action and the settlement of the claims.  Mr. Kline and Ms. Hodgins should only be contacted through the undersigned counsel.

      g.      Plaintiff's treatment providers; and

      h.      Any experts disclosed by Plaintiff's or defendants in the underlying case.

These persons may have knowledge concerning Plaintiff's pre-accident and post-accident medical history and condition and the injuries caused by the accident and their treatment of these injuries.

      h.      Any individual identified in Plaintiff's Initial Disclosures, identified on any witness list submitted in this action, or otherwise identified through the course of discovery to support its claims and defenses in this action.

      i.      NICO will supplement its Rule 26(a)(1) disclosures in the event it subsequently identifies additional persons who must be identified pursuant to the provisions of Fed. R. Civ. P. 26(a)(1)(A).

2.     **A copy of, or a description by category and location of all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment (Fed. R. Civ. P. 26(a)(1)(B)).**

    a.     Enterprise Systems Group LLC's NICO Policy;

    b.     The non-privileged contents of the Claim File;

    c.     All documents produced by NICO in response to Plaintiff's discovery requests.

NICO reserves the right to make use of any document or tangible thing produced and/or referenced in the course of discovery in support of its defenses in this action.

3.     **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered (Fed. R. Civ. P. 26(a)(1)(C)).**

Not applicable.

4.     **For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.  (Fed. R. Civ. P. 26(a)(1)(D)).**

No such policy exists.

NICO will supplement these disclosures as necessary in accordance with Fed. R. Civ. P. 26(e).

Respectfully submitted,

*/s/ Kyle R. Bunnell*
Mindy G. Barfield
Kyle R. Bunnell
DINSMORE & SHOHL LLP
100 W. Main Street, Suite 900
Lexington, Kentucky 40507
Telephone: (859) 425-1000
mindy.barfield@dinsmore.com
kyle.bunnell@dinsmore.com
*Counsel for Defendants,*
*National Indemnity Company and Vince Kline*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2025, a true and correct copy of the foregoing was served via electronic mail and first-class mail, postage prepaid, on:

Robert A. Morrin, Esq.
MORRIN LAW OFFICE
214 West Main Street
Richmond, KY  40475
*Counsel for Plaintiff*

*/s/ Kyle R. Bunnell*
*Counsel for Defendants,*
*National Indemnity Company and Vince Kline*

61465899.1

4