**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| CHARLES L. WALDEN )<br>)<br>   Plaintiff )<br>)<br>v. )<br>)<br>ENTERPRISE SERVICES GROUP, LLC, )<br>CLARENCE M. HOWARD, and )<br>NATIONAL INDEMNITY GROUP OF )<br>INSURANCE COMPANIES OR )<br>NATIONAL INDEMNITY COMPANY )<br>)<br>   Defendants | Civil Action No. 5:22-cv-00238-KKC |

---

**DEFENDANT, VINCE KLINE'S, MOTION FOR JUDGMENT ON THE PLEADINGS**
[Filed Electronically]

---

For his Motion for Judgment on the Pleadings, Defendant, Vince Kline ("Kline"), hereby states and alleges as follows:

**INTRODUCTION**

In this third-party bad faith action, Plaintiff, Charles L. Walden ("Plaintiff") alleges that Defendants, National Indemnity Company ("NICO")[1] and its claims adjuster, Kline, violated Kentucky's Unfair Claims Settlement Practices Act ("KUCSPA") in the course of handling and ultimately settling his auto liability claim against NICO's insured. While Kentucky generally recognizes a third party bad faith claim against an insurer for violations of the KUSCPA, recent

---

[1] NICO issued the relevant policy to Defendant, Enterprise Services Group, LLC. As such, NICO the only proper defendant to the current action. "National Indemnity Group of Companies" is also named as a Defendant herein. While that term may have used in correspondence to describe various related underwriting companies, there is no legal entity named "National Indemnity Group of Companies."

case law makes clear that individual claim adjusters, like Kline, cannot be held personally liable for violations of the KUCSPA (or under other statutory or common law bad faith theories). Within the last year, the Kentucky Court of Appeals in a published decision has made clear that "adjusters employed by the insurer are not liable for UCSPA or common law bad faith claims." *See Breedlove v. State Farm Fire & Cas. Co.*, 690 S.W.3d 904, 915 (Ky. App. 2024). Since then, Kentucky federal courts have cited approvingly to *Breedlove* and relied upon it for the same proposition as offered in the instant case – that an insurance adjuster is not liable for KUCSPA and/or common law bad faith. *See*, *e.g.*, *Sullivan v. Progressive Direct Ins. Co.*, 2024 LEXIS 83380, *6 (E.D. Ky. May 8, 2024) (denying plaintiff's motion to remand because defendant adjuster was fraudulently joined, citing *Breedlove*); *5419 New Cut Rd., LLC v. Shelter Gen. Ins. Co.*, 2024 U.S. Dist. LEXIS 180917, *7 (W.D. Ky. Oct. 2, 2024) (granting motion for summary judgment dismissing statutory/common law bad faith claims against insurance adjuster).

As such, this Court should grant Kline's Motion for Judgment on the Pleadings as there is no viable claim against him for violation of the KUCSPA and/or any bad faith claims against him.

## **FACTUAL BACKGROUND**

While the details surrounding the accident and the handling of the Plaintiff's underlying claims are largely irrelevant to consideration of the legal issue raised in the instant motion, the following facts and allegations pertinent to this motion are laid out briefly below.

On August 10, 2020, Plaintiff was injured when his vehicle struck a 2012 Freightliner XCL Chassis semi-truck. (D.N. 1-1, PageID #10). On or about August 10, 2022, Plaintiff filed an action in the Madison Circuit Court against several parties seeking damages on account of this accident, including the driver of the semi-truck Clarence Howard ("Howard"); the company engaging Howard, Enterprise Services Group ("Enterprise"); Progressive Insurance (Howard's insurer);

2

NICO (Enterprise's insurer); and Kline (a NICO claim adjuster). Specifically as to Kline, Plaintiff alleged in his Complaint that "Defendants, National Indemnity Company and their agent, Vince Kline, compelled Plaintiff to institute litigation to recover amounts due under an insurance policy by not making a reasonable offer in light of Plaintiff's damages." (*Id*. at Page ID # 17). Plaintiff further alleged that NICO "and their agent, Kline, failed to promptly provide a reasonable explanation for the basis of the offer extended to Plaintiff." (*Id*.). As a result, Plaintiff contends that NICO and Kline violated "KRS 304.12-230, including but not limited to subsections (3), (4), (6), (7), and (14)… [and] KRS 304.12-010[2]." (*Id*.). Plaintiff further seeks compensatory and punitive damages for these violations. (*Id*. at Page ID # 18).

The lawsuit was timely removed to this Court on September 19, 2022. (D.N. 1). On October 18, 2022, this Court ordered the bad faith claims bifurcated from the underlying claims and discovery on the bad faith claims stayed pending resolution of the underlying claims. (D.N. 12). Now that the underlying claims has been resolved, Plaintiff intends to pursue his bad faith claims against Kline and NICO. But as set forth herein, the claims against Kline are not viable as a matter of law, and judgment on the pleadings in his favor should be entered.

---

[2] In truth, there is no valid cause of action for alleged violations of KRS 304.12-010. After all, KRS 304.12-010 is simply the introductory section for Chapter 12 of the Kentucky Insurance Code. It only sets forth the broad policy goals behind the more specific provisions within Chapter 12. While Kentucky courts have utilized KRS 446.070 to create a private right of action for violation of Chapter 12's specific provisions (KRS 304.12-230, for example), it has never recognized a private right of action for violation of KRS 304.12-010. In fact, Kentucky courts have only sanctioned the use of KRS 446.070 to create a private right of action for statutes that regulate conduct through a specific standard of care. *See, e.g., K.F. v. Jefferson Cnty. Sch. Dist*., 2007 U.S. Dist. LEXIS 30707 (W.D. Ky. April 25, 2007); *Sims v. Atrium Med. Corp*., 349 F.Supp. 3d 628 (W.D. Ky. 2018); *Readnour v. Gibson,* 452 S.W.3d 617, 621, (Ky. App. 2014). KRS 304.12-010 does not itself regulate conduct and it lays out no "standard of care." As such, there is neither a private right of action nor any viable claim for violation of KRS 304.12-010 and it should be dismissed and/or a judgment on the pleadings should be entered in favor of Kline (and NICO) on that claim.

**STANDARD OF REVIEW**

Similar to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief should be granted, a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings tests the legal sufficiency of a complaint. For a motion for judgment on the pleadings to be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Arnold v. Liberty Mut. Ins. Co.*, 392 F. Supp. 3d 747, 763 (E.D. Ky. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When deciding whether a motion for judgment on the pleadings should be granted the Court must first determine "whether the plaintiff has set forth a "plausible" claim, the court must accept 'all well-pleaded material allegations of the [Plaintiffs'] pleadings' as true, 'and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Arnold*, 392 F. Supp. 3d at 763 (citing *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (internal citations omitted)). While allegations of fact must be taken as true, inaccurate allegations of law and unwarranted inferences of fact may be ignored by the Court. *In re Kindred Healthcare, Inc.* Sec. Litig., 299 F.Supp. 2d 724, 730 (W.D. Ky. 2004). Here, even taking as true all allegations made in Plaintiff's Complaint, Kline is entitled to judgment on the pleadings because there is no plausible claims against him cognizable under Kentucky law. Simply put, an insurance adjuster is not liable for violations of the KUCSPA and/or bad faith under well-established Kentucky law.

**ARGUMENT**

The KUCSPA "is intended to protect the public from unfair trade practices and fraud and imposes what is generally known as a duty of good faith and fair dealing owed by and insurer to an insured." *5419 New Cut Rd., LLC*, 2024 U.S. Dist. LEXIS 180917, at *5 (internal citations and

4

quotations omitted).  To state a claim under the USCPA, a plaintiff "must meet a high threshold standard that requires evidence of intentional misconduct or reckless disregard of the rights of an insured or a claimant by the insurance company that would support an award of punitive damages." *Phelps v. State Farm Mut. Auto Ins.*, 680 F.3d 725, 731 (6th Cir. 2012) (quoting *Wittmer v. Jones*, 864 S.W.2d 864, 890 (Ky. 1993)) (internal quotations omitted).  Kentucky courts have made clear that, absent a contractual obligation, there is no bad faith as a matter of law.  *See*, *e.g.*, *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000); *Walker v. Nw. Mut. Life Ins. Co.*, 2015 U.S. Dist. LEXIS 91064, *9 (E.D. Ky. July 14, 2015).  In other words, the proper defendant in a bad faith action is the party who has a contractual obligation to pay the claim. That required contractual obligation is absent here when it comes to Kline, and Plaintiff's bad faith claim against Kline must therefore be dismissed as a matter of law.

Kentucky federal courts routinely dismiss and/or grant summary judgment disposing of KUCSPA and/or common law bad faith claims against insurance adjusters because of the absence of the required contractual obligation to pay.  *See*, *e.g.*, *Little v. Butler*, 2020 U.S. Dist. LEXIS 93278, *9-10 (E.D. Ky. May 28, 2020) (granting Fed. R. Civ. P. 12 motion to dismiss adjuster) (collecting cases and noting "[f]ederal courts in Kentucky have generally interpreted *Davidson* to mean that no UCSPA claim may lie against claims representatives, who are not themselves insurers and have no contractual obligation to pay."); *5419 New Cut Rd., LLC*, 2024 U.S. Dist. LEXIS 180917, at *7 (granting Fed. R. Civ. P. 56 motion for summary judgment in favor of insurance adjuster on bad faith claim).

In *Little*, Judge Wier's string citation makes clear the prevailing view of Kentucky federal courts – that Kentucky statutory and common law bad faith claims against adjusters fail as a matter of law because there is no required contractual obligation: *Couch v. Ind. Ins. Co.*, 2014 U.S. Dist.

5

LEXIS 200127, *10 (E.D. Ky. Mar. 13, 2014) (granting motion to dismiss and holding that "[a]s an individual adjuster, Bilinksi is not in the business of entering into contracts of insurance as he is not contractually obligated to pay any claim. Accordingly, the KUCSPA claims against him must be dismissed"); *Neace v. Safe Auto Ins. Co.*, 2008 U.S. Dist. LEXIS 40733, at *7-9 (E.D. Ky. May 21, 2008) (same); *Lisk v. Larocque*, 2008 U.S. Dist. LEXIS 40303, *4 (W.D. Ky. May 19, 2008) ("under *Davidson* a claims adjuster with no contractual obligation to pay claims cannot be sued in Kentucky for bad faith."); *Malone v. Cook*, 2005 U.S. Dist. LEXIS 24962, *2 (W.D. Ky. Oct. 25, 2005) ("an insurance adjuster cannot be liable for common-law or statutory bad faith").[3]

More importantly, to the extent there was previously any question about controlling Kentucky state law regarding an adjuster's individual liability for bad faith claims, those questions have been resolved as a result of separate Kentucky Courts of Appeals decisions rendered in the past year – both of which make it crystal clear that statutory and/or bad faith claims against adjusters fail because of the absence of a contractual obligation to pay. In a published decision, the *Breedlove* Court adopted the Kentucky federal courts' general position, expressly holding that "adjusters employed by the insurer are not liable for UCSPA or common law bad faith claims." *Breedlove*, 690 S.W.3d at 915.[4] Additionally, although it is an unpublished opinion, another panel

---

[3] But this list is not exhaustive –Kentucky federal district courts have time and again held insurance adjusters cannot be liable for statutory and/or common law bad faith and dismissed claims against them. *See also Wolfe v. State Farm Fire & Cas. Co.*, 2010 U.S. Dist. LEXIS 126215, *7 (W.D. Ky. Nov. 29, 2010) (dismissing adjuster Scaff from the action and holding "[i]f any bad faith occurred, this Court concludes it is unreasonable to conclude Kentucky law would hold Scaff individually liable.").

[4] As Judge Reeves noted in *Sullivan*, "the deadline for filing a petition for rehearing in *Breedlove* has expired and the opinion is set to be published." *Sullivan*, 2024 LEXIS 83380 at *7. Judge Reeves also noted that "[i]n the absence of authority from the Supreme Court of Kentucky, courts applying Kentucky law will apply a published decision of the Court of Appeals of Kentucky." *Id.* at *7 (citing *Treadway, et al. v. United States*, 2005 U.S. Dist. LEXIS 20862, *3-4 (E.D. Ky. Sep. 21. 2005)).

of the Kentucky Court of Appeals, a mere month after *Breedlove* was rendered, affirmed a trial court's summary judgment in favor of a claim adjuster – holding that the claims adjuster, Campo, could not have breached a non-existent contract he had with Crace, [and, as such] Campo may not be a proper bad faith defendant." *Crace v. Campo*, 2024 Ky. App. Unpub. LEXIS 155, *10 (Ky. App. March 15, 2024) (emphasis in original).

Importantly, additional discovery would not bolster Plaintiff's bad faith claims against Kline. It is undisputed that Kline is/was an individual claims adjuster, not an insurance company. Further, there is no dispute that Plaintiff's bad faith claims against Kline arise from his conduct when he was employed by NICO and for his handling of Plaintiff's liability claim against NICO's insured Enterprise. There is no dispute that Kline, himself, had no contract to insure Enterprise or pay claims against it or its employee/independent contractor drivers. Absent such a contract, Kline was never himself contractually obligated to pay claims made against Enterprise and thus he is an improper defendant to Plaintiff's bad faith claims.

In light of the recent opinion in *Breedlove*, and the prevailing position of Kentucky federal courts, Kline respectfully requests this Court grant his Motion for Judgment on the Pleadings and enter a judgment in his favor on the Plaintiff's claims alleged against him, with prejudice.

                Respectfully submitted,

                */s/ Kyle R. Bunnell*
                Mindy G. Barfield
                Kyle R. Bunnell
                DINSMORE & SHOHL LLP
                100 W. Main Street, Suite 900
                Lexington, Kentucky 40507
                Telephone: (859) 425-1000
                mindy.barfield@dinsmore.com
                kyle.bunnell@dinsmore.com
                *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on 11th day of July, 2025, a true and correct copy of the foregoing was served via electronic mail and first class mail, postage prepaid, on:

Robert A. Morrin, Esq.
MORRIN LAW OFFICE
214 West Main Street
Richmond, KY 40475
*Counsel for Plaintiff*

                                              */s/ Kyle R. Bunnell*
                                              *Counsel for Defendants*

61626081.1