UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
Civil Action No. 5:22-cv-00238-KKC

CHARLES L. WALDEN PLAINTIFF,

VS.

NATIONAL INDEMNITY GROUP OF
INSURANCE COMPANIES OR
NATIONAL INDEMNITY COMPANY DEFENDANT

* * * * * * * * * * * * *

**PLAINTIFF'S NOTICE OF EXPERT DEPOSITION OF CHRISTINE SULLIVAN**

* * * * * * * * * * * * *

Comes the Plaintiff, CHARLES L. WALDEN, by counsel, hereby gives notice that the deposition of Christine A. Sullivan, will take place **Tuesday, September 29, 2026,** beginning at the hour of **10:00 a.m.,** via remote deposition.

Said depositions will be taken by a notary public or other official authorized by law to administer oaths, is being taken for purposes of discovery and for all other purposes allowed for under Federal Rules of Civil Procedure 26(b)(4)(A) and 30, and shall continue from day to day until completed.

The deposition will be taken under oath before an officer authorized by Rule 28 and recorded stenographically and audiovisually, subject to Rule 30(d)(1). Any remote examination requires a written stipulation or order under Rule 30(b)(4).

Ms. Sullivan is noticed in her individual capacity as the claims-handling expert disclosed by National Indemnity Company on July 29, 2026. This is not a Rule 30(b)(6) deposition of National Indemnity Company or CAS Consulting, LLC, and does not purport to designate Ms. Sullivan as a corporate representative.

Examination will concern her disclosed opinions and their bases, qualifications,

methodology, facts and data considered, industry standards, compensation, and relevant retention relationships, including her July 27, 2026 report and analysis of Fisher's May 27, 2026 report and August 19, 2026 rebuttal. Rule 26, applicable privileges, and the Court's orders govern.

Exhibit A is the complete document subpoena, including Schedule A and Rule 45 provisions, for service on Ms. Sullivan. Production is set for **Friday, September 25, 2026**, at **4:00 p.m.** Eastern Standard Time, via secure electronic delivery to Plaintiff's counsel at Rob@MorrinLawOffice.com and Rachel@MorrinLawOffice.com. This notice and its attachment provide prior notice under Rules 30(b)(2) and 45(a)(4).

Plaintiff will pay the reasonable fee required by Rule 26(b)(4)(E) and tender the statutory attendance and mileage fees required for subpoena service. Counsel are requested to confer about logistics and billing.

Respectfully submitted,

MORRIN LAW OFFICE

*/s/ Robert A. Morrin*

Hon. Robert A. Morrin (KBA# 94368)
214 West Main Street
Richmond, Kentucky 40475
859-358-0300
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been served via electronic mail upon the following parties on this 9th day of September, 2026:

Mindy G. Barfield
Kyle R. Bunnell
DINSMORE & SHOHL LLP
mindy.barfield@dinsmore.com
kyle.bunnell@dinsmore.com
*Counsel for Defendant, National Indemnity Company*

Kentuckiana Reporters, a Veritext Company
https://www.kentuckianareporters.com/
*Court Reporter*

*/s/ Robert A. Morrin*
Hon. Robert A. Morrin (KBA# 94368)
MORRIN LAW OFFICE
*Counsel for Plaintiff*

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED BY CHRISTINE A. SULLIVAN**

Instructions and limitations

1. **Persons and scope.** "You" means Christine A. Sullivan individually, including responsive records within your actual possession, custody, or control maintained through CAS Consulting, LLC. CAS Consulting is not separately commanded to designate a witness. "This action" is the civil action identified in the caption; "claim" means Charles L. Walden's bodily-injury claim arising from the August 10, 2020 collision involving Clarence M. Howard and Enterprise Services Group, LLC. No other claim file is requested except the narrow retention and compensation records in Request 16.

2. **Existing records; consideration period.** Unless a request states otherwise, produce existing responsive materials through **Friday, September 25, 2026**, relating to this expert assignment, regardless of when the underlying source material was created. Requests 6-12 particularize Request 2 and do not impose a duty to obtain or consider materials you never considered. No new opinion, reconstruction, valuation, interrogatory answer, or document is required. The separate time periods in Requests 15-16 control those requests.

3. **Protected material.** These requests exclude drafts protected under Rule 26(b)(4)(B), attorney-expert communications protected under Rule 26(b)(4)(C) except the three specified exceptions, and any other privileged or protected matter. They do not presume waiver from the act of consulting an expert. Produce reasonably segregable nonprotected responsive portions. For otherwise responsive material withheld on a claim of privilege or protection, comply with Rule 45(e)(2)(A); any agreed or court-ordered logging procedure controls. This subpoena does not require a separate log entry for material expressly excluded from its scope.

**4. Duplicates and prior production.** Produce a responsive item only once. Instead of reproducing an unchanged item already produced to Plaintiff in this action, you may identify its exact Bates range or other unique identifier and confirm that it is the same version considered. A general reference to "the claim file" is insufficient to invoke this accommodation. Produce unique nonprotected annotations, attachments, versions, or source information not previously supplied. No new source index is otherwise required.

**5. Form and accessibility.** Produce documents as kept in the ordinary course or organize and label them by request. Electronic documents may be produced as searchable PDF files when reasonably available, preserving existing Bates numbers and legibility. Produce responsive spreadsheets in native form with formulas intact; preserve useful existing email headers and attachment relationships. No duplicate format, forensic device examination, recovery of deleted material, or restoration of inaccessible backup media is required. Rule 45(e)(1)(D) governs inaccessible information.

**6. Place; electronic-delivery accommodation.** The place and deadline stated in the subpoena govern. Secure electronic delivery to rob@morrinlawoffice.com, with a copy or equivalent secure access for NICO's counsel, is accepted instead of physical document delivery at that place. Contact issuing counsel for a secure transmission method for confidential or medical material. Do not send unprotected medical records by unsecured email. This accommodation does not relocate the commanded place of compliance or require travel to Kentucky.

**7. Objections and confidentiality.** The objection period, geographic limits, burden protections, and privilege procedures in Rule 45 remain unchanged. Any governing confidentiality or protective order remains effective. A timely production objection is addressed under Rule 45(d)(2)(B); compliance is not compelled over an objection without the

required order. Contact issuing counsel promptly to discuss reasonable narrowing, production logistics, or a claimed significant expense. No automatic waiver or consent to any court's jurisdiction is imposed by these instructions.

**REQUESTS FOR PRODUCTION**

The following requests are subject to every limitation above. References to disputed dates, figures, and source descriptions identify the requested material; they do not stipulate to the accuracy of either expert's account.

1. **Final opinions and exhibits.** Your July 27, 2026 report, all final or disclosed corrections, supplements, addenda, and exhibits to it, and any final or disclosed response to Frederick J. Fisher's May 27, 2026 report or August 19, 2026 rebuttal report. This request does not require a new report or disclosure of a protected draft.

2. **Facts and data considered.** The nonprotected facts and data you considered in forming the opinions you may express, whether relied upon, rejected, or viewed as contrary to an opinion, including the exact versions of claim records, policy documents, correspondence, medical records, deposition transcripts and exhibits, photographs, reconstruction materials, and factual summaries considered. This includes materials considered after July 27, 2026 through the production date.

3. **Materials supplied and completeness of the review set.** Existing inventories, document lists, receipt records, and nonprotected transmittal information identifying the materials supplied to or obtained by you for this assignment and when they were received. Include any such records identifying material outside the NICO 000004-006369 range listed in your report, including NICO 006525-006527 if supplied, and identifying which redacted or unredacted versions you considered. Protected portions of attorney communications are excluded.

**4. Analyses and working materials.** Your nonprotected notes, calculations, worksheets, spreadsheets, chronologies, source tables, annotations, and other analyses concerning the opinions you may express. Include existing analyses distinguishing the date an event occurred, the date it was entered in a claim record, and the date NICO obtained the information. Draft reports or disclosures, including portions of working materials that qualify for that protection, are excluded.

**5. Industry standards and methodology.** The specific portions of claim-handling manuals, guidelines, professional publications, training materials, presentations, and statutory or regulatory texts that you considered as standards or methodological support for your opinions. Include the editions or versions actually considered concerning investigation, claim-file documentation, comparative-fault evaluation, reserving, negotiations, and communications with an insured or claimant. This does not request your entire professional library or materials never considered.

**6. Initial notice and the liability denial.** The factual source materials considered concerning the October-November 2020 notice history; the initial investigation; the insured vehicle's position; warning devices; and the date, wording, basis, and asserted preliminary nature of the 2021 liability denial. This includes, if considered, NICO 003757, NICO 003817, the photographs identified as NICO 003834-003853, the denial letter itself, and records supporting the January 19, 2021 or February 26, 2021 dates discussed in the expert reports.

**7. Driver search and coverage investigation.** The factual materials considered concerning efforts to locate or obtain cooperation from Enterprise Services Group, LLC and Clarence M. Howard; assignments to outside adjusters or investigators; escalation of the search; the March 2024 private-investigator assignment; and the driver contact reported in April 2024. Include the reservation-of-rights letters actually considered, their dates and

recipients, and nonprotected factual materials supporting your distinction between noncooperation as a coverage issue and the liability-merits investigation.

**8. Demand handling, interim evaluation, and insured communications.** The materials considered concerning the January 13, 2023 demand for $846,676.07; its receipt and contents; the February 2, February 21, and March 8, 2023 responses; and the evaluation of the available liability and damages information while further records were being sought. Include the materials considered concerning communication of that particular demand to the insured and your statement that such communication is not documented. Include existing analyses supporting your opinions about the adequacy of evaluation and communication during June 2021-March 2023.

**9. Reconstruction, visibility, and comparative fault.** The materials considered concerning Crum Investigations' work and communications in 2023 and 2024, the April 1, 2024 report, the nighttime site inspection described in the June 1, 2024 supplement, and the testimony of Edward R. Crum, Jason Taylor Curry, Clarence M. Howard, and Charles L. Walden. Include materials supporting your opinions about lane intrusion, available clearance or alternative parking, comparative fault, ambient roadway lighting, the truck's own lights, and original warning-device placement, together with any nonprotected analysis of the limits of post-collision photographs or later site observations.

**10. Medical evidence and timing.** The medical facts, records, opinions, and testimony considered as support for your claims-practice opinions concerning causation, prior conditions, recovery, and future treatment, together with existing analyses of when that information was available to NICO. Include materials considered concerning the February 22, 2024 evaluation, April 20, 2024 offer, and May 10, 2024 examination by Dr. Timothy Kriss. No new medical opinion or independent medical analysis is requested.

**11. Reserves, expected value, authority, and offers.** The materials considered concerning the June 2021 $150,000 reserve, the February 22, 2024 Claims Committee evaluation and settlement authority, the March 2024 settlement contact, and the April 20, 2024 $100,000 offer. Include any considered calculations, assumptions, ranges, comparative-fault adjustments, or negotiation analyses explaining those distinct figures and actions, and the source of the $234,269 figure in your report or the $234,249 figure quoted by Fisher. This request does not assume that a reserve or authority was an amount required to be offered.

**12. Settlement-outcome reasoning.** The nonprotected materials and existing analyses considered in concluding that the eventual $200,000 settlement supported the reasonableness of earlier handling or that the absence of documented communication of the January 2023 demand to the insured had no effect on the outcome. Protected mediation communications, mediator records, and attorney mental impressions or legal strategy are excluded.

**13. Permitted attorney-expert communications.** Communications between you and NICO's attorneys only to the extent they (a) relate to compensation for your study or testimony; (b) identify facts or data the attorneys provided and you considered in forming the opinions to be expressed; or (c) identify assumptions the attorneys provided and you relied on in forming those opinions. This request tracks Rule 26(b)(4)(C)(i)-(iii); it does not seek other protected attorney-expert communications.

**14. Case-specific compensation.** Existing retention or engagement agreements, fee schedules, billing records, invoices, time entries, expense statements, payment records, and compensation-related communications for your work or testimony in this action. Include any agreement concerning preparation, deposition, travel, cancellation, or minimum charges.

Protected substantive narratives may be redacted while leaving nonprotected compensation information visible.

**15. Qualifications and required disclosure information.** Your current curriculum vitae; existing records of relevant professional designations; a list of publications authored within the preceding ten years; and an updated list of cases in which you testified as an expert at trial or by deposition within the preceding four years, distinguishing actual testimony from report-only or consulting engagements. Produce existing responsive records; this subpoena does not independently require creation of a new publication or testimony list. NICO's separate disclosure and supplementation duties are unaffected.

**16. Repeat retention and financial relationship.** Existing records sufficient to identify your expert-witness engagements and compensation from National Indemnity Company or Dinsmore & Shohl LLP during the four years preceding the production date, including the February 2026 Wesley Boyd, et al. v. National Indemnity Company, et al. engagement identified in your curriculum vitae. This request is limited to existing engagement, invoice, or payment records showing the matter, retaining entity, nature of your role, and amounts charged or paid. It excludes tax returns, bank statements, unrelated client files, privileged merits narratives, and any obligation to create a new financial compilation.

**17. Substantive assistance.** Existing nonprotected records identifying persons other than attorneys who performed factual research, record analysis, calculations, or other substantive work actually incorporated into your opinions, the work they performed, and the nonprotected facts or data they supplied that you considered. This request does not seek protected consulting-expert opinions or other material protected under Rule 26(b)(4)(D).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).