UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO.: 5:22-cv-00238-KKC

CHARLES L. WALDEN PLAINTIFF,

VS.

NATIONAL INDEMNITY COMPANY DEFENDANTS

**********

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO LIMIT THE TESTIMONY OF DEFENSE EXPERT CHRISTINE SULLIVAN AND MEMORANDUM IN SUPPORT**

**********

Motion to Limit the Testimony of Defense Expert Christine Sullivan having been made by counsel for Plaintiff, CHARLES L. WALDEN, and the Court having been sufficiently advised, IT IS FURTHER ORDERED AND ADJUDGED Plaintiff's Motion is hereby GRANTED as follows:

Pursuant to *Davis v. Sig Sauer, Inc., 126 F.4th 1213, 1223 n.3 (6th Cir. 2025), and Berry v. City of Detroit, 25 F.3d 1342, 1351, 1353 to 1354 (6th Cir. 1994),* Ms. Sullivan's testimony is hereby limited and she is strictly barring her from offering any opinion or testimony:

1. Pronouncing that NICO is not "guilty," that Plaintiff's KUCSPA claims are "without merit," that NICO complied with or did not violate the KUCSPA (KRS 304.12-230) or 806 KAR 12:095, or that NICO acted "in good faith";
2. Opining that NICO's named insured or driver violated Policy No. 70 TRS 105576 (NICO 003674–003676) or that NICO had valid legal grounds to deny or forfeit coverage based on "lack of cooperation";

3. Regarding accident reconstruction, crash dynamics, sight distance, nighttime highway illumination, human visual perception or driver inattention/fatigue, roadway lane-obstruction geometry, post-impact movement of warning triangles, the materiality of FMCSR warning-triangle spacing, or clinical orthopedic/TBI medical causation and recovery;
4. Opining that NICO adopted, maintained, or implemented reasonable internal standards for the prompt investigation of claims under KRS 304.12-230(3) (having never reviewed NICO's manuals or guidelines);
5. Characterizing the February 26, 2021 denial letter (Dep. Ex. 3) as a "preliminary denial" or using post-February 26, 2021 events (such as the 2023 reconstruction or 2024 depositions/IMEs) to retroactively justify the February 26, 2021 denial;
6. Speculating on the subjective beliefs, motives, or intent of Vince Kline or any other NICO employee; and
7. Vouching for the unproduced methodology behind NICO's February 22, 2024 Claims Committee valuation ($234,269 / $234,249 / 250.0) or opining on the legal effect of NICO's failure to communicate the January 2023 demand to its insured.

This the __________ day of _________________________, 20____.

______________________________
Hon. Karen K. Caldwell

Prepared by:

_*/s/Robert A. Morrin*_____________
Hon. Robert A. Morrin
*Counsel for Plaintiff*

* * * * * * * * * * 

**CLERK'S CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been served on this the ______ day of ________________, 20_____, by mailing a true and accurate copy to the following:

Hon. Robert A. Morrin
MORRIN LAW OFFICE
214 West Main Street
Richmond, KY 40475
*Counsel for Plaintiff*

Hon. Mindy G. Barfield
Hon. Kyle R. Bunnell
DINSMORE & SHOHL LLP
100 W Main Street
Suite 900
Lexington, KY 40507
*Counsel for Defendants, National Indemnity Company and Vince Kline*

______________________________
US DISTRICT COURT CLERK
EASTERN DISTRICT OF KENTUCKY