**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | | |
|---|---|---|
| CHARLES L. WALDEN | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:22-cv-00238-KKC |
| | ) | |
| ENTERPRISE SERVICES GROUP, LLC, | ) | |
| CLARENCE M. HOWARD, and | ) | |
| NATIONAL INDEMNITY GROUP OF | ) | |
| INSURANCE COMPANIES OR | ) | |
| NATIONAL INDEMNITY COMPANY | ) | |
| | ) | |
| Defendants | | |

---

**NATIONAL INDEMNITY COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

For its Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (the "Requests"), the Defendant, National Indemnity Company ("NICO")[1], hereby objects and responds as follows:

## GENERAL OBJECTIONS

1. NICO objects to the Requests to the extent they seek information which is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

2. NICO objects to the Requests to the extent they are overly broad, unduly burdensome, vague, ambiguous, and/or unrestricted by any relevant date parameters.

[1] The responses herein are served by NICO, who issued the relevant policy and is the only proper defendant to the current action. "National Indemnity Group of Companies" is also named as a Defendant herein. While that term may have used in correspondence to describe various related underwriting companies, there is no legal entity named "National Indemnity Group of Companies."

seeks undefined documents for a 10 year period; and to the extent such undefined documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and/or is unduly burdensome. NICO further objects to the extent this Request seeks documents which are confidential, proprietary and/or constitute trade secrets. Further, NICO objects to this Request to the extent it seeks documents which are publicly available and/or as easily obtained by Plaintiff as NICO and seeks information that is protected by the attorney-client and/or work product privilege. Without waiving these objections, NICO states that market conduct examinations required by Kentucky statute are periodically conducted by the Kentucky Department of Insurance, and any existing reports are available on-line at the KDOI website.

**REQUEST NO. 17:** Any records or compilations, manuals, internal memorandum, documents or other communications which are maintained by you and relate to claims by insureds for unfair claim settlement practices.

**RESPONSE:** NICO objects to this Request to the extent it is vague and confusing as to what documents are sought. NICO also objects to the extent this Request is not limited to a relevant time period and is otherwise overly broad including, but not limited to, because this Request fails to include any geographic limitation and fails to identify the type of coverage at issue in this Request; seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; is unduly burdensome; and/or seeks information that is protected by the attorney-client privilege and/or work product doctrine. NICO further objects to the extent this Request seeks documents which are confidential, proprietary and/or constitute trade secrets.

**REQUEST NO. 18:** Any manuals, handbooks, internal publications or other instructional materials or statements of policy respecting claims handling procedures which were disseminated,

utilized, or produced by you, between January 2015 and December 2024 for any claims handling in the state of Kentucky.

**RESPONSE:** NICO objects to this Request to the extent it is overly broad; is not limited to a relevant time period, claim office/unit, claim adjuster, or type of coverage or claim handling; seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; seeks information that is protected by the attorney-client privilege and/or work product doctrine; and information which is unduly burdensome. NICO also objects on the grounds that it seeks information or documents which are confidential and proprietary. Without waiving these and its General Objections, there are no responsive documents for specific written claims handling materials in Kentucky.

**REQUEST NO. 19:** Documents pertaining to programs designed to control costs (including both indemnity and allocated/unallocated claim costs), including but not limited to the following:

(a) Medical costs containments;

(b) Medical Management;

(c) Peer Review;

(d) Bill Review; and

(e) Computations regarding average claim or indemnity payments. This is limited to claims involving property and casualty in the State of Kentucky for the six (6) years preceding the August 10, 2020 collision.

**RESPONSE:** NICO objects to this Request to the extent it vague and confusing as to what is meant by “programs designed to control costs.” NICO also objects to the extent this Request is vague and confusing as to what documents are being requested; is overly broad; seeks documents

Respectfully submitted,

Mindy G. Barfield
Kyle R. Bunnell
DINSMORE & SHOHL LLP
100 W. Main Street, Suite 900
Lexington, Kentucky 40507
Telephone: (859) 425-1000
mindy.barfield@dinsmore.com
kyle.bunnell@dinsmore.com
*Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on 5th day of June, 2025, a true and correct copy of the foregoing was served via electronic mail and First Class Mail, postage prepaid, on:

Robert A. Morrin, Esq.
MORRIN LAW OFFICE
214 West Main Street
Richmond, KY 40475
*Counsel for Plaintiff*

*Counsel for Defendants,*
*National Indemnity Company and Vince Kline*

**VERIFICATION**

I have reviewed the enclosed Answers to Interrogatories and verify and aver that those Answers are true and correct to the best of my knowledge and belief.

Kim Hodge

*Kim Hodgen, on behalf of National Indemnity Company*

Date: June 5, 2025

61174107.4

DINSMORE

**DINSMORE & SHOHL LLP**
City Center, 100 E. Main St., Suite 900
Lexington, KY 40507
www.dinsmore.com • Legal Counsel

Mindy G. Barfield
(859) 425-1025 (direct) · DirectFax (fax)
mindy.barfield@dinsmore.com

July 31, 2026

**VIA EMAIL: rob@morrinlawoffice.com**

Hon. Robert A. Morrin
Morrin Law Office
214 West Main Street
Richmond, KY 40475

Re: *Walden v. National Indemnity Group of Insurance Companies, et al.*
*Second Meet-and-Confer Letter re: Deficient Discovery Responses*

Dear Rob:

Thank you for your letter dated July 27, 2026. While we appreciate your willingness to narrow the requests, the fact of the matter is that, in most instances, my client NICO simply has no responsive documents to produce to you and/or the requests seek irrelevant materials, or their burdensomeness outweighs their relevance. We stand by NICO's original objections and responses to the discovery at issue, as well as my June 15, 2026, letter responding to your first meet-and-confer letter.

In further response, and as to Request Nos. 16 and 17, this case is in federal court and thus *Grange v. Trude* is not binding on the Court here. And as I mentioned to you earlier, *Grange v. Trude* did not address the scope and burden of such a request. We do appreciate your willingness to narrow the scope of this request to third party bad faith claims involving commercial auto or trucking liability coverage. This remains a time intensive, burdensome request, but we are investigating to confirm whether any such bad faith claims have been filed against NICO in Kentucky during the relevant time frame. I will let you know once I can confirm this.

As to Request No. 18, for claim manuals, I would like to clarify that NICO has no responsive documents – either involving handling of claims in Kentucky, regionally or nationwide.

As to Request No. 20, as I mentioned previously, again, NICO has no responsive documents.

Your Request No. 22 seeks only "all documents which provide definitions, methods of calculating, criteria and guidelines for the establishment of reserves." As you likely

know, the Kentucky appellate courts have clarified that, for purposes of a bad faith claim, a reserve is not evidence of liability or the extent of fault or damages. *Messer v. Universal Underwriters Inc. Co.*, 598 S.W.3d 578 (Ky. App. 2019). Nevertheless, NICO has fully responded to Request No. 22. It previously directed you to the claim file which contains the reserves set on this claim. It also relayed to you that there are no responsive written reserve guidelines to produce.

Your letter now seeks documents which are not in fact responsive to Request No. 22. Instead, you reference a claim evaluation worksheet (reflecting an evaluation of Mr. Walden's claim for settlement purposes of $234,249) produced to you as part of the claim file and ask for any related "worksheets, calculations, meeting notes" or other such related documents. First, and importantly, you seem to confuse a claim evaluation performed in an attempt to settle a claim with a claim reserve. There are significant differences between the two. The document you refer to reflects the former, not the latter. Second, NICO already produced the claim file to you, which contains the claims EV sheet and a supporting claim summary Ms. Hodgen prepared for presentation to the evaluation committee. NICO does not believe there are any other "worksheets, calculations, or meeting notes" to produce, but is investigating that inquiry and will confirm same in the near future.

As to Request No. 23, you now narrow the request to "quality control criteria, performance standards or unit audits" applicable to the Mr. Kline or Ms. Hodgen from November 2020 to January 2025. I previously confirmed for you that no audit had been conducted of the handling of Mr. Walden's claim. Any audits that may have been conducted of other claims handled by these claim professionals, or audits of the units they happen to belong to, are far outside the proper scope of proportional discovery in this particular case. I am confused as to the request for "quality control criteria" and "performance standards." Please describe what you mean by "quality control criteria" and "performance standards" and what kind of documents you believe would match that kind of description. Once I have that, I will relay it to my client for further consideration.

As to Request No. 29, again as I told you previously, there are no responsive documents.

Sincerely,

Mindy G. Barfield

MB/alb

cc: Kyle R. Bunnell, Esq.