**Exhibit 1**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | | |
|---|---|---|
| CHARLES L. WALDEN | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:22-cv-00238-KKC |
| | ) | |
| ENTERPRISE SERVICES GROUP, LLC, | ) | |
| CLARENCE M. HOWARD, and | ) | |
| NATIONAL INDEMNITY GROUP OF | ) | |
| INSURANCE COMPANIES OR | ) | |
| NATIONAL INDEMNITY COMPANY | ) | |
| | ) | |
| Defendants | | |

---

**NATIONAL INDEMNITY COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

For its Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (the "Requests"), the Defendant, National Indemnity Company ("NICO")[1], hereby objects and responds as follows:

## GENERAL OBJECTIONS

1. NICO objects to the Requests to the extent they seek information which is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

2. NICO objects to the Requests to the extent they are overly broad, unduly burdensome, vague, ambiguous, and/or unrestricted by any relevant date parameters.

[1] The responses herein are served by NICO, who issued the relevant policy and is the only proper defendant to the current action. "National Indemnity Group of Companies" is also named as a Defendant herein. While that term may have used in correspondence to describe various related underwriting companies, there is no legal entity named "National Indemnity Group of Companies."

seeks undefined documents for a 10 year period; and to the extent such undefined documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and/or is unduly burdensome. NICO further objects to the extent this Request seeks documents which are confidential, proprietary and/or constitute trade secrets. Further, NICO objects to this Request to the extent it seeks documents which are publicly available and/or as easily obtained by Plaintiff as NICO and seeks information that is protected by the attorney-client and/or work product privilege. Without waiving these objections, NICO states that market conduct examinations required by Kentucky statute are periodically conducted by the Kentucky Department of Insurance, and any existing reports are available on-line at the KDOI website.

**REQUEST NO. 17:** Any records or compilations, manuals, internal memorandum, documents or other communications which are maintained by you and relate to claims by insureds for unfair claim settlement practices.

**RESPONSE:** NICO objects to this Request to the extent it is vague and confusing as to what documents are sought. NICO also objects to the extent this Request is not limited to a relevant time period and is otherwise overly broad including, but not limited to, because this Request fails to include any geographic limitation and fails to identify the type of coverage at issue in this Request; seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; is unduly burdensome; and/or seeks information that is protected by the attorney-client privilege and/or work product doctrine. NICO further objects to the extent this Request seeks documents which are confidential, proprietary and/or constitute trade secrets.

**REQUEST NO. 18:** Any manuals, handbooks, internal publications or other instructional materials or statements of policy respecting claims handling procedures which were disseminated,

utilized, or produced by you, between January 2015 and December 2024 for any claims handling in the state of Kentucky.

**RESPONSE:** NICO objects to this Request to the extent it is overly broad; is not limited to a relevant time period, claim office/unit, claim adjuster, or type of coverage or claim handling; seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; seeks information that is protected by the attorney-client privilege and/or work product doctrine; and information which is unduly burdensome. NICO also objects on the grounds that it seeks information or documents which are confidential and proprietary. Without waiving these and its General Objections, there are no responsive documents for specific written claims handling materials in Kentucky.

**REQUEST NO. 19:** Documents pertaining to programs designed to control costs (including both indemnity and allocated/unallocated claim costs), including but not limited to the following:

(a) Medical costs containments;

(b) Medical Management;

(c) Peer Review;

(d) Bill Review; and

(e) Computations regarding average claim or indemnity payments. This is limited to claims involving property and casualty in the State of Kentucky for the six (6) years preceding the August 10, 2020 collision.

**RESPONSE:** NICO objects to this Request to the extent it vague and confusing as to what is meant by “programs designed to control costs.” NICO also objects to the extent this Request is vague and confusing as to what documents are being requested; is overly broad; seeks documents

Respectfully submitted,

Mindy G. Barfield
Kyle R. Bunnell
DINSMORE & SHOHL LLP
100 W. Main Street, Suite 900
Lexington, Kentucky 40507
Telephone: (859) 425-1000
mindy.barfield@dinsmore.com
kyle.bunnell@dinsmore.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on 5th day of June, 2025, a true and correct copy of the foregoing was served via electronic mail and First Class Mail, postage prepaid, on:

Robert A. Morrin, Esq.
MORRIN LAW OFFICE
214 West Main Street
Richmond, KY 40475
*Counsel for Plaintiff*

*Counsel for Defendants,*
*National Indemnity Company and Vince Kline*

**VERIFICATION**

I have reviewed the enclosed Answers to Interrogatories and verify and aver that those Answers are true and correct to the best of my knowledge and belief.

Kim Hodgen

*Kim Hodgen, on behalf of National Indemnity Company*

Date: June 5, 2025

61174107.4